**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF NEW JERSEY**

|  |  |
|---|---|
| PORTSIDE URBAN RENEWAL LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF JERSEY CITY and THE JERSEY CITY RENT LEVELING BOARD, <br><br> Defendants. | No.: 2:23-cv-22291 <br><br> **[PROPOSED] ORDER GRANTING *PRO HAC VICE* ADMISSION OF TERRI L. MASCHERIN, ANDREW W. VAIL, AND DANIEL J. WEISS** |

**UPON CONSIDERATION** of Plaintiffs', Portside Urban Renewal LLC and Equity Residential Management, LLC ("Plaintiffs") application for admission to practice *pro hac vice*, and the submission of the Certifications of Derek D. Reed, Esq., Terri L. Mascherin, Esq., Andrew W. Vail, Esq., and Daniel J. Weiss, Esq. and upon consideration of Local Civil Rule 101.1(c), and the Court having considered the matter, and for good cause shown,

**IT IS** on this _____ day of _____, 2023,

**ORDERED** that Terri L. Mascherin, Esq., Andrew W. Vail, Esq., and Daniel J. Weiss, Esq., members of the Bar of the State of Illinois, are admitted *pro hac vice* for the purposes of appearing as counsel for Plaintiffs in the above-captioned matter, pursuant to Local Civil Rule 101.1(c); and it is further

**ORDERED** that Terri L. Mascherin, Esq., Andrew W. Vail, Esq., and Daniel J. Weiss, Esq. shall abide and be bound by the Rules of the United States District Court for the District of New Jersey, including L. Civ. R. 103.1 (Judicial Ethics and Professional Responsibility), L. Civ. R. 101.1(c) (Admission of Attorneys; Appearance Pro Hac Vice; Local Counsel), and L. Civ. R. 104.1 (Discipline of Attorneys); and it is further

**ORDERED** that Terri L. Mascherin, Esq., Andrew W. Vail, Esq., and Daniel J. Weiss,

Esq. shall immediately notify the Court of any matter affecting their standing at the Bar of any other court or jurisdiction; and it is further

**ORDERED** that Derek D. Reed, Esq. shall (a) be the attorney of record in this case in accordance with Local Civil Rule 101.1(c); (b) be served with all papers in this case, and such service shall be deemed sufficient service upon counsel; (c) sign all pleadings, briefs, and other papers submitted to this Court in this case; (d) appear at all proceedings unless previously excused from appearing by the Court; and (e) be responsible for the conduct of this case and of admitted counsel; and it is further

**ORDERED** that Terri L. Mascherin, Esq., Andrew W. Vail, Esq., and Daniel J. Weiss, Esq. shall each pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Order, and for each year thereafter in which counsel represents Plaintiffs in this matter; and it is further

**ORDERED** that Terri L. Mascherin, Esq., Andrew W. Vail, Esq., and Daniel J. Weiss, Esq. shall each make payment to the Clerk of the United States District Court for the District of New Jersey in accordance with L. Civ. R. 101.1(c)(3), as amended, within twenty (20) days from the date of the entry of this Order; and it is further

**ORDERED** that Terri L. Mascherin, Esq., Andrew W. Vail, Esq., and Daniel J. Weiss, Esq. shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:21-7, as amended.

_____

Hon.

2