**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PORTSIDE URBAN RENEWAL LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF JERSEY CITY, et al., <br><br> Defendants. | Civil Action No. <br><br> 23-22291 (MCA) (JRA) <br><br> **ORDER GRANTING ADMISSION OF COUNSEL *PRO HAC VICE*** |

THIS MATTER having come before the Court on the application of DEREK D. REED, ESQ. (Movant), counsel for PLAINTIFFS PORTSIDE URBAN RENEWAL LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC for the *pro hac vice* admission of TERRI L. MASCHERIN, ESQ., ANDREW W. VAIL, ESQ., and DANIEL J. WEISS, ESQ., pursuant to Local Civil Rule 101.1 (ECF No. 6); and the Court having considered the submissions in support of the application, which reflect that TERRI L. MASCHERIN, ESQ., ANDREW W. VAIL, ESQ., and DANIEL J. WEISS, ESQ. satisfy the requirements set forth in Local Civil Rule 101.1(c); and Defendants having not opposed the *pro hac vice* admission of TERRI L. MASCHERIN, ESQ., ANDREW W. VAIL, ESQ., and DANIEL J. WEISS, ESQ.; and for good cause shown,

**IT IS** on this   **21st** day of **November 2023, ORDERED** that:

1.     The application for the *pro hac vice* admission of TERRI L. MASCHERIN, ESQ., ANDREW W. VAIL, ESQ., and DANIEL J. WEISS, ESQ. (**ECF No. 6**) is **GRANTED**.

2.      TERRI L. MASCHERIN, ESQ., ANDREW W. VAIL, ESQ., and DANIEL J. WEISS, ESQ. (Counsel *Pro Hac Vice*) are permitted to appear *pro hac vice* in this case pursuant to Local Civil Rule 101.1(c).

3.      Counsel *Pro Hac Vice* shall comply with Local Civil Rule 101.1(c) and abide by all Rules of this Court, including all disciplinary rules, and shall notify the Court immediately of any matter affecting said attorney's standing at the bar of any court in any jurisdiction.

4.      Counsel *Pro Hac Vice* is deemed to consent to the appointment of the Clerk of the Court as the agent upon whom service of process may be made for all actions that may arise from said attorney's participation in this case.

5.      The Movant shall: (a) be counsel of record in this case in accordance with Local Civil Rule 101.1(c); (b) be served all papers in this case and such service shall be deemed sufficient service upon Counsel *Pro Hac Vice*; and (c) sign (or arrange for an attorney admitted to practice in the United States District Court for the District of New Jersey to sign) all pleadings, briefs, and other papers submitted to this Court.

6.      The Movant shall appear at all proceedings unless expressly excused by the Court.   The Movant shall be responsible for the conduct of the case and of Counsel *Pro Hac Vice* in this case.

7.      Counsel *Pro Hac Vice* shall make all required payments to the New Jersey Lawyers' Fund for Client Protection in accordance with Local Civil Rule

101.1(c)(2) and New Jersey Court Rule 1:28–2(a), and shall continue to make payment, or cause payment to be made, for each calendar year in which said attorney continues to represent any party named herein before this Court.

8.      If not already having done so in connection with this case, Counsel *Pro Hac Vice* shall pay $150.00 to the Clerk of the United States District Court for the District of New Jersey for admission *pro hac vice* in accordance with Local Civil Rule 101.1(c)(3) within **14 days** of the entry of this order.   Counsel *Pro Hac Vice* may participate in this litigation once payment has been made.

9.      Counsel *Pro Hac Vice* is deemed to have agreed to take no fee in any tort case in excess of New Jersey Court Rule 1:21-7 governing contingent fees.

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE