**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOSÉ R. ALMONTE**
UNITED STATES MAGISTRATE JUDGE

FRANK R. LAUTENBERG U.S. POST OFFICE
& COURTHOUSE BUILDING
2 FEDERAL SQUARE
NEWARK, NJ 07102
973-645-3110

January 5, 2024

**LETTER ORDER PURSUANT TO LOCAL CIVIL RULE 16.1**

RE:  THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, L.L.C. et al v. THE CITY OF JERSEY CITY et al,
**Civil Action No. 23-cv-22291-MCA-JRA**

Dear Counsel:

On **March 7, 2024, at 3:00 p.m.** you shall participate in an initial scheduling conference before U.S. Magistrate Judge José R. Almonte, pursuant to Fed. R. Civ. P. 16. The conference will be held telephonically.  To access the conference telephonically, counsel are to dial 973-437-5535 and enter Phone Conference ID: 636 106 450#.

Counsel are advised that the early disclosure requirements of Fed. R. Civ. P. 26 will be enforced.  Therefore, counsel shall immediately exchange the information set forth in Rule 26 without a formal discovery request.

At least **fourteen (14) days** prior to the conference scheduled herein, counsel shall personally meet and confer pursuant to Fed. R. Civ. P. 26(f) and shall jointly submit a discovery plan to the undersigned  not later than **five (5) business days** prior to the conference with the Court.  The parties shall submit a Joint Discovery Plan using the attached form available at:
https://www.njd.uscourts.gov/sites/njd/files/forms/R16DiscoveryPlan_1.pdf.

No formal discovery demands may be issued before the conference with the Court, other than as permitted by Fed. R. Civ. P. 26(d).

At the conference, the Court will address scheduling of proposed motions. No motions are to be filed without written permission from the Court, except for motions in lieu of Answer under Fed. R. Civ. P. 12 and motions seeking remand that must be filed within thirty (30) days of removal under 28 U.S.C. § 1447(c).  If any motions  already have been filed, the movant shall file a letter immediately explaining the nature and purpose of the motion.

Counsel may file unopposed  applications for *pro hac vice* admission.  Counsel should obtain the consent of adverse   parties prior to filing the application and shall advise, in both the cover letter and the proposed Order,  of such consent.  In addition, counsel shall follow the requirements of L. Civ. R. 101.1(c) with regard to the contents of the proposed form of Order and the supporting certifications of local counsel  and each proposed *pro hac vice* attorney.

At the conference, all parties who are not appearing *pro se* must be represented by counsel  who shall have full authority to bind their clients in all pretrial matters. Counsel shall also be  prepared to discuss the merits of the case and shall have settlement authority.  Clients or persons   with authority over the matter shall be available by telephone.  <u>See</u> L. Civ. R. 16.1(a).

Counsel for plaintiff(s) shall notify any party who hereafter enters an appearance of the above conference and forward to that party a copy of this Order.

The parties must advise this Court immediately if this action has been settled or terminated so that the above conference may be canceled.

Failure to comply with the terms of this Order may result in imposition of sanctions.

**SO ORDERED this 5th day of January, 2024.**

**JOSÉ R. ALMONTE**
**UNITED STATES MAGISTRATE JUDGE**

Orig:   Clerk
cc:      Counsel of Record

2

**ALTERNATIVE DISPUTE RESOLUTION IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Mediation is the Alternative Dispute Resolution (ADR) program in this Court. Mediation is governed by Local Civil Rule 301.1.  The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Leda Dunn Wettre) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation.  This may be done without the consent of the parties.  However, the Court encourages parties to confer among themselves and consent to mediation.  Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that <u>must</u> be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time.  However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial.  Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental.  The role of the mediator is to assist the parties in reaching a resolution of their dispute.  The parties may confer with the mediator on an <u>ex parte</u> basis.  Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent.  The mediator's hourly rate is $300.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site **www.njd.uscourts.gov** and appear as Appendix Q to the Local Civil Rules.  You may also make inquiries of the judicial officer responsible for supervision of the program.