**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| The Towers at Portside Urban Renewal Company, L.L.C. and Equity Residential Management, LLC : : : : | Civil Action No. 23-cv-22291-MCA-JRA |
| Plaintiff(s) : : | Hon. Jose R. Almonte |
| v. : : | **JOINT PROPOSED DISCOVERY PLAN** |
| The City of Jersey City and the City of Jersey City Rent Leveling Board : : : | |
| Defendant(s) : : : | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   On behalf of The Towers at Portside Urban Renewal Company, L.L.C. and Equity Residential Management, LLC: Derek Reed and Jeffrey Plaza of Ehrlich, Petriello, Gudin, Plaza, & Reed, 60 Park Place, Suite 1016, Newark, NJ 07102, 973-643-0040; Terri Mascherin, Andrew Vail, and Daniel Weiss of Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, 312-840-8688.

   On behalf of The City of Jersey City and the City of Jersey City Rent Leveling Board: Eric Bernstein of Eric M. Bernstein & Associates, LLC, 34 Mountain Boulevard, Building A, Warren, NJ 07059, 732-805-3360; Philip Adelman, City of Jersey City - Department of Law, 280 Grove Street, Jersey City, NJ 07302, 201-547-5230.

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   Plaintiffs brought this action to assert federal constitutional and state law challenges to a decision by the Jersey City Rent Leveling Board purporting to subject Plaintiffs' apartment buildings, Portside Towers, to a municipal rent control ordinance on a retroactive basis. Plaintiffs allege that the decision and the underlying rent control scheme violate federal and state constitutional protections (including the Takings, Contracts, and Due Process Clauses), are preempted by a state law exemption that applies to Portside Towers, and are otherwise arbitrary, capricious, and contrary to well-settled law. Plaintiffs further note that Portside Towers has been treated as exempt from the City's rent control ordinance for nearly 30 years, until the Rent Leveling Board's decision, which is one of the subjects of this litigation. Defendants do not agree that the Rent Leveling Board's

1

decision or the local rent control ordinance violates any federal or state law, and intend to defend the decision and the application of the ordinance in this case.

3. Settlement discussions have not yet taken place. There are no current monetary or non-monetary demands or offers to report.

4. The parties have met pursuant to Fed. R. Civ. P. 26(f).

5. The parties have not yet exchanged the information required by Fed. R. Civ. P. 26(a)(1); however, they intend to do so before the March 8, 2024 initial status conference.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). <u>None</u>.

7. The parties have not filed disclosures of third-party litigation funding. *See* Local Civil Rule 7.1.1.

8. The parties have not conducted discovery other than the above disclosures.

9. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:

   A significant amount of the evidence in this case is already in the pleadings and/or the public record. There should be limited additional discovery necessary in connection with the Plaintiffs' claims and the City's defenses to those claims including but not limited to, for example, the Defendants' deliberations and communications regarding Portside's exemption status and the economic impact of the Defendants' actions (unless reversed).

   (b) Discovery should not be conducted in phases or be limited to particular issues.

   (c) Proposed schedule:

   (1) Fed. R. Civ. P. 26 Disclosures <u>March 7, 2024</u>.

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) <u>March 21, 2024</u>.

   (3) Service of initial written discovery <u>April 1, 2024</u>.

   (4) Maximum of <u>25</u> Interrogatories by each party to each other party.

   (5) Maximum of <u>10</u> depositions to be taken by each party.

   (6) Motions to amend or to add parties to be filed by <u>May 1, 2024</u>.

   (7) Factual discovery to be completed by <u>October 15, 2024</u>.

   (8) Plaintiff's expert report due on <u>November 30, 2024</u>.

(9)    Defendant's expert report due on <u>January 30, 2025</u>.

(10)    Expert depositions to be completed by <u>March 31, 2025</u>.

(11)    Despositive motions to be served no later than <u>60 calendar</u> days after completion of discovery.

(d)    Set forth any special discovery mechanism or procedure requested.  <u>N/A</u>.

(e)    A pretrial conference may take place on:  <u>To be set after dispositive motions are either decided (if filed) or due (if none filed)</u>.

(f)    Trial date:  <u>To be set after final dispositive motions are either decided (if filed) or due (if none filed).  (_____ Jury Trial; _____ Non-Jury Trial)</u>.

10.    Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?  Yes _____ No <u>X</u> .

11.    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes ___No <u>X</u> .

If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc. <u>The parties will share responsive electronic discovery and have not otherwise reached any specific agreements regarding its production</u>.

12.    Do you anticipate entry of a Discovery Confidentiality Order?  <u>See</u> L.Civ.R. 5.3(b) and Appendix S?  Yes <u>X</u> No___.

13.    Do you anticipate any discovery problem(s) not listed above?  Describe.  Yes_____ No <u>X</u>.

14.    The parties are committed to discussing and exploring whether and when the case is appropriate for voluntary mediation.

15.    There is some possibility that certain matters in this case could be resolved sequentially and in a way that the resolution of those matters, *i.e.*, Plaintiffs' due process claim and state law preemption claim, may resolve the litigation entirely.

16.    An interim status/settlement conference with clients is premature at this time.

17.    The parties do not consent to the trial being conducted by a Magistrate Judge.

18.    Identify any other issues to address at the Rule 16 Scheduling Conference.  <u>N/A</u>.

<u>*/s/ Derek D. Reed*, March 4, 2024          </u>
Attorney(s) for Plaintiff(s) / Date

*/s/ Eric M. Bernstein*, March 4, 2024
Attorney(s) for Defendant(s) / Date