# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ERIC M. BERNSTEIN & ASSOCIATES, L.L.C.
Eric M. Bernstein, Esq. NJ Bar ID # 014001982
Dominic P. DiYanni, Esq. NJ Bar ID No. 041342004
34 Mountain Boulevard, Building A
P.O. Box 4922
Warren, New Jersey 07059-4922
(732) 805-3360; (732) 805-3346 (Facsimile)
Attorneys for Defendants, City of Jersey City and
the City of Jersey City Rent Leveling Board
Our File No. 3236-1001

|  |  |  |
|---|---|---|
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC AND EQUITY RESIDENTIAL MANAGEMENT, LLC, | : : : : | Civil Action No. 2:23-cv-22291-MCA-JRA |
| Plaintiffs,<br>v. | : : | |
| THE CITY OF JERSEY CITY AND THE CITY OF JERSEY CITY RENT LEVELING BOARD, | : : : | |
| Defendants. | : | |

---

## DEFENDANTS, CITY OF JERSEY CITY AND THE CITY OF JERSEY CITY RENT LEVELING BOARD'S BRIEF IN OPPOSITION TO THE INTERVENOR-APPLICANTS' MOTION TO INTERVENE AND STAY

---

Eric M. Bernstein, Esquire
ERIC M. BERNSTEIN & ASSOCIATES, L.L.C.
34 Mountain Boulevard, Building A
P.O. Box 4922
Warren, New Jersey 07059
(732) 805-3360; (732) 805-3346 Facsimile
Attorneys for Defendants, City of Jersey City and
City of Jersey City Rent Leveling Board

## **TABLE OF CONTENTS**

FACTUAL AND PROCEDURAL BACKGROUND ............................................. 1

LEGAL ARGUMENT ...........................................................................1

I.    THE TENANT ASSOCIATION INTERVENOR-APPLICANTS ARE NOT ENTILTED TO INTERVENE AS A RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)...................................1

     a. The Intervenor-Applicants have failed to Establish That They Have a Sufficient Interest in the Litigation…………………………………..2

     b. Assuming Arguendo That The Applicant For Intervention Has Established A Sufficient Legal Interest The Applicant Has Failed To Establish That The Interest Is Not Adequately Represented By An Existing Party In The Litigation…………………………………...…4

II.   THE INTERVENOR-APPLICANTS' MOTION FOR PERMISSIVE INTERVENTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b) MUST ALSO BE DENIED……………………….7

III.  THIS COURT DOES NOT HAVE SUPPLEMENTAL JURISDICTION OVER THE STATE COURT ACTION……………………………….9

CONCLUSION ...................................................................................11

i

## TABLE OF AUTHORITIES

**Cases**

AstraZeneca AB v. Dr. Reddy's Laboratories, Ltd.
2010 WL 4387519 (D.N.J. Oct. 29, 2010) ........................................... 3

Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.
701 F.3d 938 (3d Cir. 2012) ............................................................ 3

Brody v. Spang
957 F.2d 1108 (3d Cir. 1992) ....................................................... 2, 3, 7

Commonwealth of Pennsylvania v. President United States of Am.
888 F.3d 52 (3d Cir. 2018) ........................................................... 5

Harris v. Pernsley
820 F.2d 592 (3d Cir. 1987) ......................................................... 2, 3

Islamic Soc'y of Basking Ridge v. Twp. of Bernards
2016 WL 7332732 (D.N.J. Dec. 16, 2016) ........................................ 2, 3

King v. Governor of the State of N.J
767 F.3d 216 (3d Cir. 2014) ......................................................... 7

Kleissler v. U.S. Forest Serv.,
157 F.3d 964 (3d Cir. 1998) ........................................................ 3, 5

Liberty Mut. Ins. Co. v. Treesdale, Inc.
419 F.3d 216 (3d Cir. 2005) ......................................................... 4

Mt. Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.
72 F.3d 361 (3d Cir. 1995) ........................................................ 2, 3, 4, 5

Nicholas v. Saul Stone & Co. LLC
Civ. No. 97-860 (AET) (D.N.J. Oct. 11, 1997) ................................... 7

Trbovich v. United Mine Workers of Am.
404 U.S. 528 (1972) .................................................................... 5

United States v. Territory of the Virgin Islands
     748 F.3d 514 (3d Cir. 2014) ………………………………………….. 5

**Statutes/Rules**

28 U.S.C. §1367 …………….....…………………………………...…… 9, 10, 11

Fed. R. Civ. P. 24(a)………………………………………………….... 1, 2, 4, 7

Fed. R. Civ. P. 24(b)(1)(B) …………………………………………..… 7

Fed. R. Civ. P. 24(b)(3) ……………………………….…………….… 7

## FACTUAL AND PROCEDURAL BACKGROUND

For purposes of this motion only, the Defendants, City of Jersey City and the City of Jersey City Rent Leveling Board, do not dispute and/or oppose the factual and procedural background provided by the moving party and hereby incorporates same by reference for the purpose of this Motion.

## LEGAL ARGUMENT

## POINT ONE

### THE TENANT ASSOCIATION INTERVENOR-APPLICANTS ARE NOT ENTILTED TO INTERVENE AS A RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)

According to the Intervenor-Applicants' moving papers, the Intervenor-Applicants argue that they have established that they are entitled to intervene in this herein action as a right, pursuant to Federal Rule of Civil Procedure 24(a). (Rule 24(a)")

Rule 24(a)(2) provides that "[o]n timely motion, the [C]ourt must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Third (3rd) Circuit Court of Appeal has interpreted Rule 24(a) to allow an applicant to intervene as of right upon satisfying four (4) criteria: (i) the application for

1

intervention is timely; (ii) the applicant has a sufficient interest in the litigation; (iii) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (iv) the interest is not adequately represented by an existing party in the litigation. *Mtn. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 *F.3d* 361, 366 (3d Cir. 1995); *Brody v. Spang*, 957 *F.2d* 1108, 1115 (3d Cir. 1992); *Harris v. Pernsley,* 820 *F.2d* 592, 596 (3d Cir. 1987). The applicant bears the burden of establishing the existence of all four (4) factors, and "failure to satisfy any one of the four factors justifies denial of the request." *Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, Civ. No. 16-1369 (MAS), 2016 *WL* 7332732, at \*1 (D.N.J. Dec. 16, 2016).

The Defendants, the City of Jersey City and the City of Jersey Rent Leveling Board, as argued more fully below, contend that the Intervenor-Applicants have failed to satisfy at least two (2) of the four (4) factors required for intervention as a right and, therefore, its motion for intervention as a right pursuant to Rule 24(a), should be denied.

### A). *The Intervenor-Applicants have failed to Establish That They Have a Sufficient Interest in the Litigation*

The Third (3rd) Circuit Court of Appeals has recognized that "given the multitude of situations in which intervention controversies can arise, what constitutes ... a [sufficient] interest 'defies a simple definition.'" *Harris*, 820 *F.2d* at 596 (citation omitted). In determining motions to intervene as of right, therefore,

2

courts must be flexible and address the specific circumstances of each case. *See Kleissler v. U.S. Forest Serv.*, 157 *F.3d* 964, 975-80 (3d Cir. 1998) (Becker, C.J., concurring). "[P]roposed intervenors need not possess an interest in each and every aspect of the litigation." Instead, "[t]hey are entitled to intervene as to specific issues so long as their interest in those issues is significantly protectable." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 *F.3d* 938, 951 (3d Cir. 2012) (quoting *Mtn. Top*, 72 *F.3d* at 368).

At the same time, Rule 24(a)(2) imposes real requirements that must be met. *Islamic Soc'y of Basking Ridge*, 2016 WL 7332732, [5] at *1. At minimum, "the legal interest asserted must be a cognizable legal interest, and not simply an interest 'of a general and indefinite character.'" *Brody*, 957 *F.2d* at 1116 (quoting *Harris*, 820 *F.2d* at 601) (internal quotations marks and citation omitted). "[T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote. Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated ...." *AstraZeneca AB v. Dr. Reddy's Laboratories, Ltd.*, Civ. No. 05-5553 (JAP), 2010 WL 4387519 (D.N.J. Oct. 29, 2010) (quoting *Kleisser, supra*, 157 F.3d at 972). Generally, an "economic interest in the outcome of litigation is insufficient to support a motion to intervene."

3

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 *F.3d* 216, 221 (3d Cir. 2005) (quoting *Mtn. Top*, 72 *F.3d* at 366). The Defendants contend that this is what we have exactly here with the proposed Intervenors; that is an economic interest in the outcome of this herein litigation couched as some sort of possessory interest. The tenant association intervenors do not have a fundamental possessory interest that is at stake; rather, it is the economic outcome that will affect their own personal situations concerning whether they remain tenants of the subject building(s). No matter which way you look at it, it is ultimately an economic concern/issue. That alone, unfortunately, is not enough for the Court to find that this prong of the four (4) part test/inquiry under *Mtn. Top*, <u>supra</u> to be satisfied. Therefore, since the tenant association intervenors cannot establish this necessary prong to have the Court find intervention in its favor as of a right pursuant to Rule 24(a)(2), their motion for intervention as a right must be denied.

**B).    <u>Assuming Arguendo That The Applicant For Intervention Has Established A Sufficient Legal Interest The Applicant Has Failed To Establish That The Interest Is Not Adequately Represented By An Existing Party In The Litigation</u>**

Assuming *arguendo* that this Court were to find that the Intervenor-Applicants have satisfied the second (2nd) prong/requirement to establish intervention as a right, they have failed to establish that the interest is not adequately represented by an existing party in the litigation. The Third (3rd) Circuit Court of Appeal has held that an applicant's interests are not adequately represented if they

4

diverge sufficiently from the interests of the existing party, such that "the existing party cannot devote proper attention to the applicant's interests." *United States v. Territory of the Virgin Islands*, 748 *F.3d* 514, 520 (3d Cir. 2014). This burden is generally "treated as minimal" and requires the applicant to show "that representation of his interest may be inadequate." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 *F.3d* 361, 368 (3d Cir. 1995) (quoting *Trbovich v. United Mine Workers of Am.*, 404 *U.S.* 528, 538 n.10, 92 *S.Ct.* 630, 30 *L.Ed.2d* 686 (1972)).

Notwithstanding that minimal burden, a rebuttable presumption of adequacy applies "if one party is a government entity charged by law with representing the interests of the applicant for intervention." *Virgin Islands*, 748 *F.3d* at 520 (citation omitted). But even when the government is a party, "[t]he burden of establishing inadequacy of representation ... varies with each case." *Kleissler*, 157 *F.3d* at 972. For that reason, the presumption is particularly strong when the governmental and private interests "closely parallel" one another, *id.*, or are "nearly identical," *Virgin Islands*, 748 *F.3d* at 525. In those cases, a proposed intervenor will overcome the presumption only with a "compelling showing." *Id.* at 520 (quoting *Mountain Top*, 72 *F.3d* at 369). *See Commonwealth of Pennsylvania v. President United States of Am.*, 888 *F.3d* 52, 60–61 (3d Cir. 2018).

5

In this matter, we have two (2) governmental entities (Defendants, City of Jersey City and the City of Jersey City Rent Leveling Board) essentially representing the interests of the Intervenor-Applicants with regards to the claims set forth in the subject litigation. Specifically, the Intervenor-Applicants and the Defendants interests are aligned in that they both seek to uphold the ruling of the City of Jersey Rent Leveling Board regarding the subject properties being subject to rent control and the impact/ implementation of Defendant's actions on both Plaintiffs and the proposed Intervenor-Appellants.

Therefore, a rebuttal presumption of adequacy most certainly applies under the facts and the pleadings filed in this matter and that the presumption is particularly strong since the interests of both the Defendants and the Intervenor-Applicants do "closely parallel" one another. Therefore, the Intervenor-Applicants are then required to demonstrate to this Court that there are compelling reasons to satisfy this specific required prong of the intervention by right test as set forth above. A review of the arguments set forth in the Intervenor-Applicants' brief (*See Intervenor-Applicants' brief, page 13*) do not provide such compelling evidence and/or reasons to overcome the rebuttable presumption of adequacy. As such, since the Intervenor-Applicants and the Defendants interests in the defense of the litigation and claims set forth by the Plaintiffs closely parallel one another, the presumption of adequacy

6

applies and the Intervenor-Applicants have failed to overcome that presumption of adequacy.

Therefore, the Intervenor-Applicants have also not satisfied this prong/ requirement of the intervention by right, pursuant to Federal Rule of Civil Procedure 24(a), and in the motion to intervene should be denied based upon same.

**POINT TWO**

**THE INTERVENOR-APPLICANTS' MOTION FOR PERMISSIVE INTERVENTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b) MUST ALSO BE DENIED**

In addition to moving for intervention as right, pursuant to Federal Rule of Civil Procedure Rule 24 the Intervenor-Applicants are also moving before this Court for permissive intervention under Federal Rule 24(b)("Rule 24(b)"),. That rule provides that "[o]n timely motion, the [C]ourt may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). It is important to note that the question whether to grant permissive intervention under Rule 24(b) is a "highly discretionary decision." *King v. Governor of the State of N.J.*, 767 *F.3d* 216, 246 (3d Cir. 2014) (quoting *Brody, supra*, 957 *F.2d* at 1115). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). *See also Nicholas v. Saul Stone & Co. LLC*, Civ. No. 97-860 (AET) (D.N.J. Oct. 11, 1997)

7

(explaining that "[p]ermissive intervention is addressed to the Court's discretion. The Court is not under any obligation to permit intervention simply because there are questions of law or fact in common.").

Although the federal and state actions focus on different legal issues and statutes, it is fair to acknowledge that there may be some factual overlap between the two (2) cases. However, these two (2) cases are separate and direct actions and the Intervenor-Applicants' interests are clearly being litigated and argued in the pending state court action, where the Intervenor-Applicants are the Plaintiffs in that matter. It is also a prerogative writ matter filed in the Superior Court of New Jersey, Hudson County, Docket No. HUD-L-4447-23, based upon clear State court jurisdiction which provides that the Intervenor-Applicants will be able to have their issues regarding their request for intervention in this matter appropriately addressed in their own State court litigation. There is no need to intervene in this matter where the Intervenor-Applicants' issues and/or concerns are already being prosecuted and litigated in the State court matter identified above.

Therefore, there is no need and/or compelling reason(s) provided to their Court which should permit the Court to exercise its discretion in granting permissive intervention in this matter. Intervenor-Applicants' interests are being appropriately represented and litigated already in another forum which is, the absolutely proper

8

forum for those specific issues, interests and/or concerns expressed. As such, the Court should deny the Intervenor-Applicants' motion for permissive intervention.

## POINT THREE

### THIS COURT DOES NOT HAVE SUPPLEMENTAL JURISDICTION OVER THE STATE COURT ACTION

In addition to the above requests for intervention, which should be denied by this Court, the Intervenor-Applicants are also seeking this Court to exercise supplemental jurisdiction with regard to its State court claims set forth in the pending prerogative writ action in the Superior Court of New Jersey, Hudson County, under Docket No. HUD-L-4447-23. For the reasons set forth below and above, this Court does not have supplemental jurisdiction as this matter should be deemed excluded pursuant to 28 *U.S.C.* §1367(c), and the Intervenor-Applicants' motion should, therefore, be denied.

Under 28 *U.S.C.* §1367, a district court has authority to exercise supplemental jurisdiction over non-federal claims arising from the same case or controversy as the Federal claim. Notwithstanding same, 28 *U.S.C.* §1367 does provide specific exceptions to supplemental jurisdiction. There is no supplemental jurisdiction where a federal statute expressly provides otherwise, either through direct preclusion or preemption of state-law claims. 28 *U.S.C.* § 1367(a). Further, there are also explicit circumstances under which a district court may decline to exercise supplemental

9

jurisdiction. 28 *U.S.C.* § 1367(c). Specifically, district courts may decline to exercise supplemental jurisdiction where:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 *U.S.C.* § 1367(c).

At issue is whether this case involves one of those circumstances. The Defendants argue that, minimally, the State court claim regarding the specific New Jersey statute at issue concerning whether the owners of the subject buildings in the City of Jersey City are subject to rent control or are exempt therefrom is a complex issue of State law under 28 *U.S.C.* § 1367(c)(1). Thus that state law claim, which is the subject matter of the Intervenor-Applicants' pending State court prerogative writ Complaint predominates over the claim(s) which this Court has original jurisdiction, pursuant to 28 *U.S.C.* § 1367(c)(2). This is clear from the Intervenor-Applicants' own argument set forth in Point IV of their brief, where they argue to stay the counts of this herein litigation concerning this Court's primary jurisdiction to allow for the predominant state court issues to be litigated and resolved first. This argument alone demonstrates that the state court issue is predominant and quite complex in that the Intervenor-Applicants argue its necessity to be litigated first. The Court clearly does not have to exercise supplemental jurisdiction in this matter as there are at least two

10

(2) reasons to decline same pursuant to 28 *U.S.C.* § 1367(c) (28 *U.S.C.* § 1367(c)(1 and 28 *U.S.C.* § 1367(c)(2)). As such, this Court should deny the Intervenor-Applicants' motion to exercise supplemental jurisdiction over the somewhat novel and complex state law issues already being litigated by the Intervenor-Applicants in Superior Court of New Jersey, Hudson County where this matter should rightfully remain.

## CONCLUSION

For all of the reasons set forth within this brief, the Defendants, City of Jersey City and the City of Jersey City Rent Leveling Board, respectfully request that the Intervenor-Applicants' motion for intervention, supplemental jurisdiction and bifurcation be denied in its entirety with prejudice.

_/s/ Eric M. Bernstein_

Eric M. Bernstein, Esquire
ERIC M. BERNSTEIN & ASSOCIATES, L.L.C.
34 Mountain Boulevard, Building A
P.O. Box 4922
Warren, New Jersey 07059
(732) 805-3360; (732) 805-3346 Facsimile
Attorneys for Defendants, City of Jersey City and
City of Jersey City Rent Leveling Board

11