## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| The Towers at Portside Urban Renewal Company, L.L.C. and Equity Residential Management, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:23-cv-22291-MCA-JRA |
| v. | ) ) | |
| The City of Jersey City and the City of Jersey City Rent Leveling Board, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## MOTION TO INTERVENE AND STAY

Mollie Hartman Lustig, Esq.
McLaughlin & Stern, LLP
1 Elm Street, Suite 2
Westfield, New Jersey 07090
Tel: (212) 448–1100
mlustig@mclaughlinstern.com

Eric J. Nemeth, Esq.
Eric J. Nemeth, P.C.
55 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Tel: (973) 539–2122
enemeth@ejcounsel.com

*Attorneys for Portside Towers
East Tenant Association,
Portside Towers West Tenant
Association, Kevin Weller,
Jessica Brann, Joel Rothfus
and Michele Hirsch.*

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................... i

TABLE OF AUTHORITIES………………………………..…………..ii

PRELIMINARY STATEMENT ........................................................................1

LEGAL ARGUMENT.......................................................................................1

POINT ONE: Defendants Cannot Adequately Protect the  Intervenors' Interests in this Litigation.............................................................................................1

   (A)   The Defendants Have Previously Demonstrated a Lack of Interest in Protecting the Rights of the Intervenors...................................................2

   (B)   Defendants Continue to Inadequately Protect the Intervenors' Interests...3

   (C)   The Intervenors Have Sufficient Interests in the Litigation......................8

POINT TWO: In the Alternative Intervenors Are Entitled to  Permissive Intervention ...................................................................................................10

POINT THREE:   The Court Should Exercise Supplemental Jurisdiction Over Intervenors' Counterclaims and Crossclaims .....................................................11

POINT FOUR: The Intervenor Tenants Should Be Permitted to Intervene as Defendants, not Plaintiffs ................................................................................14

POINT 5: Intervenors Position on Portside's Suggestion to Permit the Filing of Motions Relative to Threshold Legal Issues .......................................................15

CONCLUSION................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

Acad. Hill, Inc. v. City of Lambertville,
  Civil Action No. 19-426 (BRM) (ZNQ), 2020 U.S. Dist. LEXIS 118036, 2020
  WL 3642694  (D.N.J. July 6, 2020) ............................................................. 13, 14

Bishop Prop. Mgmt. & Magnolia Mgmt. v. City of Jersey City Rent Leveling Bd.,
  2020 N.J. Super. Unpub. LEXIS 2141, *9-10, 2020 WL 6553789.......................2

Cellular Tel. Co. v. Zoning Bd. of Adjustment,
  90 F. Supp. 2d 557 (D.N.J. 2000) ................................................................. 13, 14

City of Chicago v. Int'l Coll. of Surgeons,
   522 U.S. 156 (1997)..................................................................................... 12, 13

Jackson Trails, LLC v. Twp. Of Jackson, Civil Action No. 20-1150 (MAS) (ZNQ),
  2020 U.S. Dist. LEXIS 189562 at *19 (D.N.J. Oct. 9. 2020) ....................... 12, 14

Kleissler v. United States Forest Serv.,
  157 F.3d 964 (3rd Cir. 1998) ...............................................................................6, 7

Mausolf v. Babbitt,
  85 F.3d 1295 (8th Cir. 1996) ....................................................................... 6, 7, 8

MCI Telecomms. Corp. v. Teleconcepts Inc.,
  71 F.3d 1086 (3d. Cir. 1995) ..............................................................................12

Mille Lacs Band of Chippewa Indians v. Minnesota,
  989 F.2d 994 (8th Cir. 1993) .................................................................................7

Mt. Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.,
  72 F.3d 361 (3d. Cir. 1995).....................................................................................9

United States v. Territory of the Virgin Islands,
   748 F.3d 514 (3rd Cir. 2014) ...............................................................5


United States v. Union Elec. Co.,
   64 F.3d 1152 (8th Cir. 1995) ...............................................................7

**Statutes**

N.J.S.A. 2a:16-50...................................................................................14

**Rules**

28 U.S.C. § 1331 ...................................................................................14

28 U.S.C. § 2201 ...................................................................................14

28 U.S.C. §§ 1367 ....................................................................... 11, 12, 14

Fed. R. Civ. P. 24 ......................................................................... 7, 9, 10, 11

{N0709432.1}

## PRELIMINARY STATEMENT

Defendants City of Jersey City ("City") and City of Jersey Rent Leveling Board ("RLB") (jointly, "Defendants") opposition to Intervenors' Motion (Dkt. 29) is riddled with conclusory assertions and mischaracterizations. Defendants fail to refute Intervenors' core arguments: (1) inadequate representation of their interests, (2) significant stake in the outcome, and (3) propriety of supplemental jurisdiction over state law claims. For reasons herein, Intervenors respectfully request this Court reject Defendants' arguments and grant their Motion to Intervene, along with rejecting the argument that the intervenors should intervene as plaintiffs and that their interests are adequately represented by the City Defendants.

## LEGAL ARGUMENT
### POINT ONE: Defendants Cannot Adequately Protect the Intervenors' Interests in this Litigation

Defendants' claim of adequately representing Intervenors' interests is belied by their acts and omissions. The RLB Decision was achieved through Intervenors' own efforts, not Defendants'. Defendants' failure to enforce rent control and protect tenants' rights, necessitating Intervenors' legal actions, highlights the inadequacy of their representation. The Defendants' opposition to the tenants' intervention, despite the Plaintiffs' lack of objection, raises serious doubts about the alignment of the City's interests with those of the Intervenors. It is interesting, if somewhat confusing, that it is the Defendants who oppose the tenants' intervention in this matter, where

{N0709432.1}

the Plaintiffs do not.  Notably, the Defendants previously consented to a motion to intervene by tenants in another matter, also addressing rent increases,  <u>Bishop Prop. Mgmt. & Magnolia Mgmt. v. City of Jersey City Rent Leveling Bd.</u>, 2020 N.J. Super. Unpub. LEXIS 2141, *9-10, 2020 WL 6553789. Here, without substantiation, or explanation as to any harm that would result from the intervention, the Defendants oppose the motion. By attempting to freeze out and silence the Intervenors, Defendants, who had the opportunity to consent to the Tenants' participation in this matter, instead have chosen a path that causes the Tenants to suffer additional, unwarranted harm, as they seek to protect their homes and avoid eviction or financial ruin as a result of the Plaintiffs extortionate rent increases and additional "RUB" fees. *See* Dkt. 34.

**(A)    The Defendants Have Previously Demonstrated a Lack of Interest in Protecting the Rights of the Intervenors**

The City has a documented history of disregarding the Intervenors' rights. The City's contention that they adequately represent the Intervenors' interests rings hollow in light of their long-standing failure to enforce the ordinance. For almost three decades, the City allowed Plaintiffs to impose unlawful rent increases and fees on the Intervenors without consequence. It was only through the Intervenors' own efforts in bringing Illegal Rent Petitions and appealing the erroneous decision of the Rent Leveling Administrator that the RLB Decision was finally achieved. Defendants initially failed to ascertain that the Plaintiffs had no valid exemption

{N0709432.1}

2

from the Ordinance since the beginning of the occupancy of the units in 1995 and 1997. Further, but for the Intervenor tenants' requests starting in May 2022, for a legal rent determination to the Bureau, the retention of counsel and an appeal to the RLB, which resulted in the RLB Decision, the City would have continued to allow the Intervenors to be substantially overcharged as they had for the prior 30 years.

**(B)    Defendants Continue to Inadequately Protect the Intervenors' Interests**

At the outset, the Intervenors' NJ State Superior Court Prerogative Writ action (the "PW Action") against the Defendants challenging the six-year lookback period declared in the RLB Decision, is stark evidence of the divergence of the interests of Intervenors and Defendants.

In addition, Despite the Board's clear directive in the RLB Decision, the Defendants have failed to enforce the order and protect the tenants' rights. To date, they have not "adjust[ed] the rent for all units in each building to comply with the City's rent control regulations going back six years from the date of the first petition for each building … ."

As a result of the Defendants inactions, disinterest or inability to protect the Intervenor's rights, Plaintiffs have imposed illegal rent increases and excess charges through lease renewals, disregarding the Board's decision. This has led to eviction proceedings against tenants, without objection from Defendants. Despite hundreds of tenants delivering public statements at City council meetings, highlighting

{N0709432.1}

Plaintiffs' non-compliance since November 9, 2022, Defendants have neglected to issue violation notices or address the unlawful rent increases, evictions, and harassment perpetrated by Plaintiffs. See Order to Show Cause Seeking a Temporary Restraining Order, and Certification of Counsel, Mollie Hartman Lustig, Esq. filed therewith for such examples. Dkt. 34.

The Defendant's delay in establishing the appropriate base rents and failure to stop plaintiffs from issuing any rent increases prior to the determination of the appropriate base rent for each unit, significantly increases the chances of improper evictions, which cannot be rectified by the Board, and require each affected tenant to defend same in Superior Court, on a case-by-case basis. Thus, not only are the Defendants' actions at odds with their obligation to enforce the statutes and ordinances enacted to protect tenant's rights, but their *inaction* is creating material, adverse consequences for Intervenors, for risks that are subsequently incapable of redress by Defendants.

Significantly, the Intervenor's interest will also be negatively impacted if the Defendants settle the litigation without Intervenors' input, or because of indifference, or other motivation, they fail to effectively prosecute the case.

Defendants argue that their interests are aligned with the Intervenors in seeking to uphold the ruling of the Rent Leveling Board regarding the subject properties being subject to rent control and the "impact/implementation of

{N0709432.1}

4

Defendant's actions on both Plaintiff's and the proposed Intervenor-Appellants." *See* Defendants' Brief at p. 5. Unfortunately, that is where mutuality of the Intervenors and Defendants interests begin and end. The City's silence on the Intervenors' lookback period challenge in the PW Action and its ongoing failure to act in the face of the Intervenors' repeated pleas for enforcement of the RLB Decision and rent ordinance betray its lack of commitment to vindicating tenant rights. The Defendants' inaction, despite clear evidence of the Plaintiffs' continued violations and the Intervenors' persistent advocacy, demonstrates a troubling disregard for the rights and well-being of the tenants they are obligated to protect. In light of the foregoing, the Intervenors cannot rely on Defendants to protect their rights in the instant lawsuit.

As proffered by Defendants, the courts generally presume adequate representation if one party is a governmental entity because it is "charged by law with representing the interests of the applicant for intervention." *See* United States v. Territory of the Virgin Islands, 748 F.3d 514, 520 (3rd Cir. 2014). This is particularly the case where the concerns of the proposed Intervenor "closely parallel those of the public agency." The presumption may be rebutted however, where the Intervenor's interests are in conflict with the government's interests. Id. at 521 ("intervention was therefore proper based on the conflict between the Intervenors' direct economic interests and the government's shifting public policy interests

(which included balancing at least in part, economic gain from timber harvesting with the need to preserve the environment)).” Here, the governmental entities’ lack of action in support of the Intervenor tenants, both historic and ongoing, demonstrates that they have not, and cannot adequately represent their interests.

In Kleissler v. United States Forest Serv., 157 F.3d 964, 972 (3rd Cir. 1998), the appellants (local governmental bodies) challenged the decision of the District Court which denied them the right to intervene in a suit brought against the defendant United States Forest Service to prevent logging activity. The local governmental bodies had an interest in the litigation because a halt in logging would cause them to lose funds which were passed to local municipalities and school districts, an economic interest. The court held that the defendant did not adequately protect the Intervenors’ interests because the government represented numerous conflicting interests, subject to changes in policy.

> A government entity charged by law with representing a national policy is presumed adequate for the task, Brody, 957 F.2d at 1123, particularly when the concerns of the proposed intervenor, *e.g.*, a "public interest" group, closely parallel those of the public agency. In that circumstance, the "would-be intervenor [must make] a strong showing of inadequate representation." Mausolf, 85 F.3d at 1303. But the presumption notwithstanding, when an agency's views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it, the burden is comparatively light. Conservation Law Found., 966 F.2d at 44; *accord* Mausolf, 85 F.3d at 1303 ("when the proposed Intervenors ' concern is not a

matter of 'sovereign interest,' there is no reason to think the government will represent it") Id.at 973-974 .

In <u>Mausolf v. Babbitt</u>, 85 F.3d 1295, 1303 (8th Cir. 1996) (cited in Kleissler *supra*), a conservation association sought to intervene in a suit challenging snowmobiling restrictions in a national park, expressing concern that the government might not adequately defend the rules. The court found the association had overcome the presumption of adequate representation by showing the government's history of permitting unrestricted snowmobiling.

Usually, Rule 24(a)'s third criterion is easy to satisfy, and the would-be intervenor faces a "minimal burden" of showing that its interests are not adequately represented by the parties. <u>Mille Lacs Band of Chippewa Indians v. Minnesota</u>, 989 F.2d 994, 999 (8th Cir. 1993). But when one of the parties is an arm or agency of the government, and the case concerns a matter of "sovereign interest," the bar is raised, because *in such cases* the government is "presumed to represent the interests of all its citizens." *Id.* at 1000 (citation omitted); <u>United States v. Union Elec. Co.</u>, 64 F.3d 1152, 1168-69 (8th Cir. 1995). We emphasize that the *parens patriae* presumption applies "in such cases" because it does *not* necessarily apply in all cases to which the government is a party. After all, when the proposed Intervenors 'concern is not a matter of "sovereign interest," there is no reason to think the government will represent it. <u>Union Elec. Co.</u>, 64 F.3d at 1170 (holding that EPA

did not adequately represent proposed Intervenors' "parochial" interest in avoiding liability).

The Mausolf court concluded that the conservation association had rebutted the presumption of adequate representation by showing that the government had previously failed to enforce its regulations against snowmobile use. The court also agreed that the conservation association's "interests might suffer if the Government were to lose the case, or to settle it against the Association's interests. Mausolf, 85 F.3d at 1302-1303. Similarly, the Intervenors here have overcome the presumption by demonstrating the Defendants' long-standing failure to enforce the rent control ordinance and their ongoing inaction in the face of the Plaintiffs' violations, despite the Intervenors' persistent efforts to seek their protection.

The Intervenors have demonstrated that the historic and ongoing disregard of the Intervenors' interests, including but not limited to City's failure to enforce the Ordinance as to Plaintiffs; and the concomitant conflict of interest the City faces in supporting the interests of private developers, firmly establishes that the interests of the Intervenors are substantially divergent from the "sovereign interest" espoused by Defendants. It was the Intervenors whose complaints and persistence resulted in the November 3, 2023, ruling at issue in this matter, not the City.

**(C)    The Intervenors Have Sufficient Interests in the Litigation**

{N0709432.1}

8

The City mischaracterizes the Intervenors' core interests as mere economic concerns, disregarding the fundamental property rights and community stability at stake. See Dkt. 31 at 4 and urges this Court to deny Intervenors' request to intervene as of right. Id. However, the Intervenors seek to join this litigation so that they can protect their possessory interests in their homes. These interests are not purely economic. The loss of one's home threatens not only financial stability but also the fundamental human right to shelter and the fabric of entire communities. The City's reductive portrayal of these interests as purely financial is not only inaccurate but a troubling minimization of the human stakes of displacement and community upheaval. The threat of the loss of housing, in the face of a landlord demanding unlawful rents, establishes a "sufficient interest" in this ligation.

Under Fed. R. Civ. P. 24 (a)(2), Intervenors must establish a "significantly protectable" legal interest, not merely a general one, with a tangible threat to that interest. Mt. Top Condo Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d. Cir. 1995). Property interests, such as a **readily identifiable interest in land, are the most elementary type of right Rule 24(a) is designed to protect.** Id. at 367.

As explained in Intervenors' moving papers, tenants at the buildings have routinely been charged rents and issued rent increases in violation of the Ordinance. See Dkt. 29: Brief at 11–12. These charges, in turn, have subjected the tenants to

{N0709432.1}

9

economic hardships and, in a growing number of instances, the harsher reality of potentially losing their homes. Indeed, Plaintiffs have already commenced several eviction actions against several tenants based on these illegal rents. As such, the Intervenor Tenants' legal property interests (i.e., their possessory interest in their homes) have already been impaired and will continue to be impaired, especially if Plaintiffs succeed on their claims not because they are meritorious, but rather, because the Defendants do not adequately protect their interests. Because property interests are sufficient for purposes of Fed. R. Civ. P. 24 (a)(2), the Intervenors have established a sufficient interest in this litigation. Given the Plaintiffs' attempts to evict tenants from their homes based on unpaid illegal rents, which Defendants have been aware of for months now because of the vocalness of the tenants, Defendants' argument that the Intervenors have failed to establish a sufficient interest in this litigation should be rejected.

### POINT TWO: In the Alternative Intervenors Are Entitled to Permissive Intervention

Defendants mischaracterize the Intervenors' core interests as mere economic concerns, disregarding the fundamental property rights and community stability at stake and that because some of Intervenors' interests are being litigated in State Court, this Court should deny Intervenors' request for permissive intervention. See Dkt. 31 at 8–9. We disagree.

{N0709432.1}

10

Through *this* litigation, the Plaintiffs seek to invalidate the RLB Decision entirely - arguing, among other things, that their constitutional rights were violated. See generally, Dkt. No. 1. Should Plaintiffs succeed with their claims, the Intervenor Tenants' possessory interests in their homes will be negatively impacted. To protect these interests, the Intervenors seek to join this litigation, i.e., the only litigation where Plaintiffs' claims are being asserted. The state court action, therefore, is not an adequate substitute for participation in this case. It is beyond reason to suggest that Intervenors can protect their interests through the State Court proceedings, in which Plaintiffs are not even parties, and where the main issue in that case is the duration of the rent control Lookback period. Here, Defendants' arguments that Intervenors should not be granted leave to join this litigation pursuant to Fed. R. Civ. P. 24 are unpersuasive.

### POINT THREE:  The Court Should Exercise Supplemental Jurisdiction Over Intervenors' Counterclaims and Crossclaims

Defendants argue that this Court should not exercise supplemental jurisdiction over Intervenors' crossclaims. See Dkt. 31 at 9-11. More specifically, they argue that because Intervenors' claims involve complex issues of state law and predominate over Plaintiffs' claims, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367 (c)(1)-(2).  See Dkt. 31 at 10-11. These arguments miss the mark.

{N0709432.1}

11

As explained in Intervenors' moving papers, establishing supplemental jurisdiction over a state-law claim requires showing three elements: 1) the underlying federal claim has substance sufficient to confer subject matter jurisdiction on the court; 2) the state and federal claims derive from a common nucleus of operative fact; and 3) the state and federal claims would ordinarily be expected to be tried in one judicial proceeding. See Dkt. 29: Brief at 15 (quoting MCI Telecomms. Corp. v. Teleconcepts Inc., 71 F.3d 1086, 1102 (3d. Cir. 1995)). Pursuant to 28 U.S.C. § 1367 (c)(1)-(2), the Court may decline to exercise supplemental jurisdiction over a state-law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"In determining whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." Jackson Trails, LLC v. Twp. Of Jackson, Civil Action No. 20-1150 (MAS) (ZNQ), 2020 U.S. Dist. LEXIS 189562 at *19 (D.N.J. Oct. 9. 2020) (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)). As this Court has previously recognized, "actions in lieu of prerogative writ can be brought in federal court." Id. at *13.

Indeed, this Court has exercised supplemental jurisdiction over actions in lieu of prerogative writ on several occasions. See e.g. Id. at *14-*15 (exercising supplemental jurisdiction over plaintiff's state-law action in lieu of prerogative writ); Cellular Tel. Co. v. Zoning Bd. of Adjustment, 90 F. Supp. 2d 557, 560 (D.N.J. 2000); Acad. Hill, Inc. v. City of Lambertville, Civil Action No. 19-426 (BRM) (ZNQ), 2020 U.S. Dist. LEXIS 118036, 2020 WL 3642694, at *23 (D.N.J. July 6, 2020) (rejecting argument that plaintiffs claim alleging arbitrary and capricious municipal action must be brought in state court while noting that this Court "has previously exerted supplemental jurisdiction over state claims alleging that an ordinance is arbitrary, capricious, and unreasonable under the Municipal Land Use Law.").

Applying these principles, Defendants' arguments should be rejected. The Intervenors' PW Action, which challenges the RLB Decision and assert that Defendants' actions are arbitrary, capricious, unreasonable, and contrary to applicable law, are well within the scope of this Court's supplemental jurisdiction, as evidenced by numerous precedents. The Intervenors' crossclaims challenge the RLB Decision and Defendants' actions as arbitrary, capricious, and unreasonable and contrary to applicable law. Considering that this Court routinely exercises supplemental jurisdiction over prerogative writ claims, these claims are properly

before this Court[1] See Jackson Trails, 2020 U.S. Dist. LEXIS at *19; Cellular Tel. Co., 90 F. Supp. 2d at 560; Acad. Hill, 2020 U.S. Dist. LEXIS 118036 at *23, and Intervenors request that this Court exercise supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. §1367.

**POINT FOUR: <u>The Intervenor Tenants Should Be Permitted to Intervene as Defendants, not Plaintiffs</u>**

At the present time, and solely for purposes of the instant Motion, the Intervenors are not asserting affirmative claims against Plaintiff. The justification for Intervenors to join this action are set forth in detail *supra*, and in short are based upon the historic and ongoing pattern of Defendants' intentional or negligent failure to properly apply the Ordinance and RLB Decision, all to the substantial detriment of the tenant-Intervenors. With respect to Portside, the City is not representing their interests because they are not enforcing the Ordinance against them, despite repeated pleas from the Intervenors to do so, even in the face of evictions being filed against tenants who refuse to pay unlawful increases in rent. The Intervenors' unique perspectives and personal stakes as affected tenants will ensure a full airing of all relevant arguments. In short, Intervenors enter this action to fend off the efforts by

---

[1] Count IV of the Proposed Answer with crossclaims and counter-claims includes claims under the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq., this Court has jurisdiction over Count IV pursuant to 28 U.S.C. § 1331 Count IV's claims brought under the New Jersey Declaratory Judgments Act, <u>N.J.S.A.</u> 2a:16-50 et seq., are based on identical facts and, as such, the Court also has jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

{N0709432.1}

Plaintiff to reverse certain portions of the RLB Decision and to ensure that the tenants' rights are fully represented and enforced.

**POINT FIVE: <u>Intervenors Position on Portside's Suggestion to Permit the Filing of Motions Relative to Threshold Legal Issues</u>**

Notwithstanding the mischaracterizations by Defendants as to the events that preceded the tenants motion to intervene and stay and/or bifurcate, and the failure to include relevant historical facts (i.e. despite the tenants' attempts to obtain consent of the City to intervene, and to adjust the dates in the proposed Scheduling Order, prior to the Rule 16 hearing, none was granted), Intervenors do not oppose Portside's suggestion to permit the resolution of certain threshold issues by way of motion, pending the parties' agreement as to which issues are ripe for initial resolution and the Court's consent to a schedule for presentation of same.

## <u>CONCLUSION</u>

For the foregoing reasons, Intervenors respectfully request that this Court reject Defendants' arguments entirely and GRANT Intervenors' Motion to Intervene as defendants and for a Stay. The Intervenors have demonstrated (1) their interests are not adequately represented by the existing parties, (2) they have a substantial stake in the outcome of this litigation, and (3) their state law claims fall squarely within the scope of this Court's supplemental jurisdiction. Granting intervention is necessary to ensure a fair and comprehensive adjudication of all parties' rights and interests in this consequential dispute.

{N0709432.1}