# EXHIBIT G

**Side 1**



# New Jersey Judiciary
## Civil Practice Division

# Landlord Case Information Statement (LCIS)

| Caption<br>Equity Residential Management, L.L.C., as agent for the Owner vs. Anthony Thomas & Kelly Samuels Thomas | County of Venue<br>**HUDSON** | Docket Number |
|---|---|---|

| Name of Plaintiff/Landlord<br>**Equity Residential Management, L.L.C., as agent for the Owner** | | |
|---|---|---|
| Email Address | Home/Office Phone | Cell Phone |

| Attorney Name (if applicable)<br>**Derek D Reed, Esq.** | Firm Name (if applicable)<br>**Ehrlich, Petriello, Gudin, Plaza & Reed P.C.** | |
|---|---|---|
| Email Address<br>**courtnotice@epgprlaw.com** | Office Phone<br>**973-643-0040** | Cell Phone |

Attorney/Plaintiff Mailing Address

60 Park Place, 19th Floor, Newark, New Jersey  07102

| Name of Defendant(s)/Tenant(s)<br>**Anthony Thomas & Kelly Samuels Thomas** | | |
|---|---|---|
| Email Address (if known)<br>**adthomas3@verizon.net** | Daytime Phone<br>**(215) 221-2028** | Cell Phone |

| Rental Property Address<br>100 Warren Street, Unit 317, Jersey City, NJ  07302 | Municipal Code (*)<br>0906 | Rental Property Is Owner Occupied<br>No |
|---|---|---|

### The information provided on this form cannot be introduced into evidence

| Type of Tenancy (select only one)<br><br>**N** Commercial<br>**Y** Residential | Cause of Action (select all that apply)<br>**Y** Non-Payment<br>**N** Other (Holdover/For Cause) | Holdover Cause of Action (select from list on side 2) |
|---|---|---|

Select all that apply to the rental property:

**N** Subsidized Housing.

Type:     **N** Public Housing     **N** Section 8 Voucher     **N** Section 8 HAP Contract     **N** Other Subsidy Program

**N**   Notice(s) that are required for Holdover, Public Housing and/or Subsidized Housing are attached to the complaint.

**Y**   Rental property is not a covered property under the Federal CARES Act, 15 U.S.C. § 9057(f) or 9058(a).

**Y**   The tenancy is subject to a municipal rent control ordinance.

| The total number of months of unpaid rent is: | **3 Months** |
|---|---|
| The first month of unpaid rent was (please provide month and year): | **1/2024** |
| The amount due and owing by the tenant in this case is: | **4,736.70** |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

| Attorney/Plaintiff Signature<br>s/ *Derek D. Reed, Esq.* | Print Attorney/Plaintiff Name<br>**Derek D Reed, Esq.** | Date<br>**3/26/2024** |
|---|---|---|

Municipality Codes can be found at https://www.njcourts.gov/forms/11343_municodes.pdf

Promulgated by 07/30/2021 Notice to the Bar, CN 12770

## Side 2



# Landlord Case Information Statement (LCIS)

**Holdover Causes of Action** (Enter number(s) in appropriate space on side 1.)

### Residential Tenancy

| | |
|---|---|
| 1 Disorderly Tenant | N.J.S.A. 2A:18-61.1(b) |
| 2 Willful or Gross Negligent Damage to Premises | N.J.S.A. 2A:18-61.1(c) |
| 3 Violation of Rules and Regulations | N.J.S.A. 2A:18-61.1(d) |
| 4 Violation of the Lease Covenants | N.J.S.A. 2A:18-61.1(e) |
| 5 Violation of the Lease Covenants Under the Control of a Public Housing Authority or Redevelopment Agency | N.J.S.A. 2A:18-61.1(e) |
| 6 Failure to Pay Rent After Increase | N.J.S.A. 2A:18-61.1(f) |
| 7 Demolish/Board Up Premises | N.J.S.A. 2A:18-61.1(g) |
| 8 Permanently Retiring Residential Building/Mobile Home Park from Residential Use | N.J.S.A. 2A:18-61.1(h) |
| 9 Reasonable Changes to Lease at End of Lease Term that Tenant Refuses to Accept | N.J.S.A. 2A:18-61.1(i) |
| 10 Habitual Late Payment of Rent | N.J.S.A. 2A:18-61.1(j) |
| 11 Converting Property to Condominium or Cooperative Ownership | N.J.S.A. 2A:18-61.1(k) |
| 12 Personal Occupancy by Owner or Purchaser of Unit (property converted to condo/cooperative or fee 61.1(l)(1) simple ownership) | N.J.S.A. 2A:18- |
| 13 Personal Occupancy by Owner or Purchaser of Unit (owner of a building with 3 or fewer 61.1(l)(2) condo/cooperative units. | N.J.S.A. 2A:18- |
| 14 Personal Occupancy by Owner or Purchaser of Unit (building with 3 or fewer residential units) | N.J.S.A. 2A:18-61.1(l)(3) |
| 15 Rental is Conditioned on Tenant's Employment by Landlord | N.J.S.A. 2A:18-61.1(m) |
| 16 Convicted or Pleaded Guilty to Offenses under the 1987 Comprehensive Drug Reform Act, or Harbors such Person | N.J.S.A. 2A:18-61.1(n) |
| 17 Convicted or Pleaded Guilty to Assault/Threats against Landlord, Landlord's Family or Employee, or Harbors such Person | N.J.S.A. 2A:18-61.1(o) |
| 18 Tenant or Tenant Harbors such Person previously found Liable in a Civil Action for Certain Criminal Acts on the Rental Premises | N.J.S.A. 2A:18-61.1(p) |
| 19 Tenant or Tenant Harbors Such Person who pleaded or was convicted of theft of property from the Landlord, the Rental Premises, or Other Tenants | N.J.S.A. 2A:18-61.1(q) |
| 20 Tenant or Tenant Harbors such Person previously found Liable in a Civil Action for Human Trafficking on the Rental Premises | N.J.S.A. 2A:18-61.1(r) |
| 21 Residents at Residential Health Care Facilities (non-payment or holdover) | N.J.S.A. 30:11A-1 et. seq. |

### Commercial Tenancy; Owner-Occupied Premises with Two or Less Residential Units; Rental Unit Held in Trust on behalf of Immediate Family Member Who Permanently Occupies the Unit not Developmentally Disabled

| | |
|---|---|
| 22 Tenant Stays after Expiration of Lease Term | N.J.S.A. 2A:18-53 |
| 23 Tenant Disorderly as to Destroy Peace and Quiet | N.J.S.A. 2A:18-53 |
| 24 Tenant Willfully Destroys, Damages or Injures the Premises | N.J.S.A. 2A:18-53 |
| 25 Tenant Constantly Violates Landlord's Written Rules and Regulations | N.J.S.A. 2A:18-53 |
| 26 Tenant Breaches/Violates any Agreement in Lease that Provides for Right of Reentry | N.J.S.A. 2A:18-53 |
| 27 Violation of Alcoholic Beverages Laws by Commercial Tenant | N.J.S.A. 33:1-54 |

# ACCOUNT # 140514

### Ref No. 903200300

**ATTORNEY: DEREK D. REED, ESQ.**
**ATTORNEY ID# 038062003**
**EHRLICH, PETRIELLO, GUDIN, PLAZA, & REED**
A Professional Corporation
60 Park Place, 19ᵗʰ Floor
Newark, New Jersey  07102

(973) 643-0040 (973) 624-8850-Fax

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION – HUDSON COUNTY
SPECIAL CIVIL PART/TENANCY DEPT.
595 Newark Avenue
Jersey City, NJ  07306
(201) 795-6680

**EQUITY RESIDENTIAL MANAGEMENT, L.L.C., AS AGENT FOR THE OWNER**

Plaintiff(s)

vs.

**ANTHONY THOMAS & KELLY SAMUELS THOMAS**

Defendant(s)

Docket No. LT -

CIVIL ACTION
SUMMONS
LANDLORD/TENANT

(Y)      Non-Payment of Rent

(N)      Other - (Required Notices Attached)
(N)      Commercial      (Y)                Residential

**Address of Rental Premises:**
100 Warren Street, Unit 317
Jersey City, NJ  07302
adthomas3@verizon.net, (215) 221-2028

**NOTICE TO TENANT:** The purpose of the attached complaint is to permanently remove you and your belongings from the premises.  You will be notified when a court proceeding is scheduled. Please contact the Office of the Special Civil Part regarding your case. Please go to njcourts.gov for general information on landlord/tenant actions.

If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at (201) 487-2166.  If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at (201) 488-0044.

You may be eligible for housing assistance.  To determine your eligibility, you must immediately contact the welfare agency in your county at **257 Cornelison Avenue ,Jersey City, NJ  07302,** telephone number **(201) 420-3000.**

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

Si Ud. no tiene dinero para pagar a un abogado, es posible que pueda recibir consejos legales gratuitos si se comunica con Servicios Legales (Legal Services) al *(201) 487-2166*.  Si tiene dinero para pagar a un abogado pero no conoce ninguno puede llamar a Servicios de Recomendacion de Abogados del Colegio de Abogados de su condado local al *(201) 488-0044*.

Es posible que pueda recibir asistencia con la vivienda si se comunica con la agencia de asistencia publica de su condado al **257 Cornelison Avenue ,Jersey City, NJ  07302,** telephone number **(201) 420-3000.**

Si necesita a un interprete o alguna acomodacion para un impedimento fisico, tiene que notificarselo inmediatamente al tribunal.

Date: _____          _____
                                                                        **Clerk of the Special Civil Part**

---

**(COURT OFFICER'S RETURN OF SERVICE (FOR COURT USE ONLY)**
DOCKET NO._____          DATE: _____          TIME : _____
WM ____ WF ____ BM ____ OTHER ____WT_AGE ____ MUSTACHE _____ BEARD ____ GLASSES _____
NAME_____          RELATIONSHIP_____
EFFORTS MADE TO PERSONALLY SERVICE _____
DESCRIPTION OF PREMISES IF POSTED _____
I hereby certify the above to be true and accurate: _____
                                                                                            Special Civil Part Officer

9032-003

Appendix XI-X Verified Complaint

NOTICE: This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, which are your Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, or active credit card number.

| | |
|---|---|
| **ATTORNEY: DEREK D. REED, ESQ.**<br>**ATTORNEY ID# 038062003**<br>EHRLICH, PETRIELLO, GUDIN, PLAZA, & REED<br>A Professional Corporation<br>60 Park Place, 19th Floor<br>Newark, New Jersey   07102<br><br>(973) 643-0040 EXT   (973) 624-8850-Fax | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION – HUDSON COUNTY**<br>**SPECIAL CIVIL PART/TENANCY DEPT.**<br>**595 Newark Avenue**<br>Jersey City, NJ  07306(201) 795-6680 |

EQUITY RESIDENTIAL MANAGEMENT, L.L.C., AS AGENT FOR THE OWNER

Plaintiff(s)

vs.

ANTHONY THOMAS & KELLY SAMUELS THOMAS

Defendant(s)

Docket No. LT -

**CIVIL ACTION**
**VERIFIED COMPLAINT**
**LANDLORD/TENANT**
(Y)          Non-Payment of Rent

                        Other - (Required Notices Attached)
(N)
(N)          Commercial     (Y)          Residential

**Address of Rental Premises:**
100 Warren Street, Unit 317
Jersey City, NJ  07302
adthomas3@verizon.net, (215) 221-2028

1.  The owner of record is **Plaintiff**.
2.  Plaintiff is the owner or managing agent of the Rental Premises.
3.  The landlord did acquire ownership of the property from the tenant(s).  Yes or No **(No)**
4.  The landlord has given the tenant(s) an option to purchase the property. Yes or No **(No)**
5.  The tenant(s) now reside(s) in and has (have) been in possession of these premises under a written or oral agreement.
6.  The tenancy is subsidized pursuant to either a federal or state program or the rental unit is public housing. Yes or No **(N)**
7.  The landlord has registered the leasehold and notified tenant as required by N.J.S.A. 46:8-27.
8.  The amount that must be paid by the tenant(s) for these premises is **3,836.00**, payable on **the 1st day of each month.**
9A. There is due, unpaid and owing from tenant(s) to plaintiff/landlord rent of **4,736.70** as PER THE ATTACHED SCHEDULE.

The late charges, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal, state and local law (including rent control and rent leveling) and by the lease.

9B. The date that the next rent is due is . If this case is scheduled for trial before that date, the total amount you must pay to have this complaint dismissed is **4,736.70**. (Total from line 9A)

If this case is scheduled for trial on or after that date, the total amount you must pay to have this complaint dismissed is **8,572.70**. **Plaintiff reserves the right to amend this complaint on the court date for all additional rent due.**

These amounts do not include late fees or attorney fees for Section 8 and public housing tenants.  Payment may be made to the landlord or the clerk of the court at any time before the trial date, but on the trial date payment must be made by 4:30 p.m. to get the case dismissed.

**CHECK PARAGRAPHS 10 AND 11 IF THE COMPLAINT IS FOR OTHER THAN OR IN ADDITION TO NON-PAYMENT.**

10.   Landlord seeks a judgment for possession for the additional or alternative reason(s) stated in the notices attached to this complaint.   STATE REASONS:

11.   **N** The tenant(s) has (have) not surrendered possession of the premises and tenant(s) hold(s) over without consent of landlord.

**WHEREFORE,** plaintiff/landlord demands judgment for possession against the tenant(s) listed above, together with costs.

All personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b). NOTICE TO TENANT(S): THIS COMPLAINT ASKS THE COURT FOR YOUR EVICTION.  WHATEVER THE DECISION IS, THE LANDLORD HAS THE ADDITIONAL RIGHT TO SUE YOU FOR ANY MONEY THAT YOU OWE.

DATED:  March 26, 2024

_Derek D. Reed, ESQ_

DEREK D REED, ESQ.

## Portside Towers
## Resident Statement

| | | |
|---|---|---|
| Resident: | Thomas, Anthony  (R DH12954116) | |
| Resident Id: | 19094-001-317-7 | |
| From: | 01/2024 | |
| Through: | 03/2024 | |

| | | |
|---|---|---|
| Move In Date: | 7/15/2020 | |
| Current Lease: | 7/25/2023 | |
| Notice To Vacate: | | |
| Vacate Date: | | |

| | | |
|---|---|---|
| Deposits Required: | 4,156.00 | |
| Deposits Received: | 4,156.00 | |
| Current Balance: | 4,736.70 | |

\* The Balance shown may include next month's rent.  If you moved out prior to your lease end date, the rent for the remainder of your lease term may also be reflected in the amount shown. In the case of such early termination rent, each monthly portion of the rent amount shown will be due on the first day of each month until a new resident moves into your apartment.

| Date | Type | Description | Charges | Payments/Credits | Balance |
|---|---|---|---|---|---|
| 1/1/2024 | Balance | Balance Forward | | | 3,944.51 |
| 12/31/2023 | Check | #29173932955 | | 1,000.00 | 2,944.51 |
| 12/31/2023 | Check | #29173932966 | | 1,000.00 | 1,944.51 |
| 12/31/2023 | Check | #29173932977 | | 1,000.00 | 944.51 |
| 12/31/2023 | Check | #29173932988 | | 944.51 | 0.00 |
| 1/1/2024 | RUBS Billing Fee | ADMIN FEE | 4.33 | | 4.33 |
| 1/1/2024 | Monthly Apartment Rent | January Charge | 3,836.00 | | 3,840.33 |
| 1/1/2024 | Renters Ins Monthly Fee | January Charge | 10.75 | | 3,851.08 |
| 1/1/2024 | RUBS Sewer | SEWER | 42.66 | | 3,893.74 |
| 1/1/2024 | RUBS Trash | TRASH | 19.37 | | 3,913.11 |
| 1/1/2024 | RUBS Water | WATER | 32.93 | | 3,946.04 |
| 1/12/2024 | Late Fee | Auto Late Fee | 35.00 | | 3,981.04 |
| 2/1/2024 | RUBS Billing Fee | ADMIN FEE | 4.33 | | 3,985.37 |
| 2/1/2024 | Monthly Apartment Rent | February Charge | 3,836.00 | | 7,821.37 |
| 2/1/2024 | Renters Ins Monthly Fee | February Charge | 10.75 | | 7,832.12 |
| 2/1/2024 | RUBS Sewer | SEWER | 42.55 | | 7,874.67 |
| 2/1/2024 | RUBS Trash | TRASH | 19.37 | | 7,894.04 |
| 2/1/2024 | RUBS Water | WATER | 32.84 | | 7,926.88 |
| 2/2/2024 | Check | #15793511947 | | 1,991.00 | 5,935.88 |
| 2/2/2024 | Check | #28802854844 | | 1,000.00 | 4,935.88 |
| 2/2/2024 | Check | #28802854855 | | 990.52 | 3,945.36 |
| 2/12/2024 | Late Fee | Auto Late Fee | 35.00 | | 3,980.36 |
| 3/1/2024 | Check | #15847134647 | | 1,800.00 | 2,180.36 |

3/20/2024     3:52 PM

Page   1

# Portside Towers
## Resident Statement

| | | | | | |
|---|---|---|---|---|---|
| Resident: | Thomas, Anthony  (R DH12954116) | Move In Date: | 7/15/2020 | Deposits Required: | 4,156.00 |
| Resident Id: | 19094-001-317-7 | Current Lease: | 7/25/2023 | Deposits Received: | 4,156.00 |
| From: | 01/2024 | Notice To Vacate: | | Current Balance: | 4,736.70 |
| Through: | 03/2024 | Vacate Date: | | | |

\* The Balance shown may include next month's rent.  If you moved out prior to your lease end date, the rent for the remainder of your lease term may also be reflected in the amount shown. In the case of such early termination rent, each monthly portion of the rent amount shown will be due on the first day of each month until a new resident moves into your apartment.

| Date | Type | Description | Charges | Payments/Credits | Balance |
|---|---|---|---|---|---|
| 3/1/2024 | Check | #15847041247 | | 1,200.00 | 980.36 |
| 3/1/2024 | RUBS Billing Fee | ADMIN FEE | 4.33 | | 984.69 |
| 3/1/2024 | Monthly Apartment Rent | March Charge | 3,836.00 | | 4,820.69 |
| 3/1/2024 | Renters Ins Monthly Fee | March Charge | 10.75 | | 4,831.44 |
| 3/1/2024 | RUBS Sewer | SEWER | 28.51 | | 4,859.95 |
| 3/1/2024 | RUBS Trash | TRASH | 19.37 | | 4,879.32 |
| 3/1/2024 | RUBS Water | WATER | 22.38 | | 4,901.70 |
| 3/7/2024 | Check | #15883043947 | | 200.00 | 4,701.70 |
| 3/12/2024 | Late Fee | Auto Late Fee | 35.00 | | 4,736.70 |

## Recurring Charges

| Effective Dates | Description | Amount | Current? |
|---|---|---|---|
| 7/15/2020 - 7/19/2021 | Monthly Apartment Rent | $2,771.00 | N |
| 8/1/2020 - 7/24/2024 | Renters Ins Monthly Fee | $10.75 | Y |
| 7/20/2021 - 7/19/2022 | Monthly Apartment Rent | $2,980.00 | N |
| 7/20/2022 - 7/24/2023 | Monthly Apartment Rent | $3,699.00 | N |
| 7/25/2023 - 7/24/2024 | Monthly Apartment Rent | $3,836.00 | Y |

3/20/2024      3:52 PM

## EQUITY RESIDENTIAL MANAGEMENT, L.L.C., AS AGENT FOR

## THE OWNER VS. ANTHONY THOMAS & KELLY SAMUELS THOMAS

### LANDLORD VERIFICATION

1. I certify that I am the _____ landlord, _X_ landlord's agent, ___ general partner of the partnership, or ___ authorized officer of a corporation or limited liability company that owns the premises in which tenant(s) reside(s).

2. I have reviewed the amounts claimed due in the verified complaint and the information contained in it is true and based on my personal knowledge. The amount of rent owed for purposes of the dispossess action includes only the amount that the tenant(s) is/are required to pay by federal, state, or local law and the lease executed by the parties.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action except (list exceptions or indicate none): none.

4. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

5. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

At the trial plaintiff will require:

| | | |
|---|---|---|
| An interpreter | No | Indicate language _____ |
| An accommodation for a disability | No | Required accommodation _____ |

Date: _3/26/2024_

_____
(Signature of Landlord, Partner or Officer)

Sophia Sugarman, Community Manager
_____
(Printed Name of Landlord, Partner or Officer)

Note: Adopted as Appendix XI-X July 9, 2008 to be effective September 1, 2008. Revised effective September 1, 2009; amended August 1, 2016, to be effective September 1, 2016; amended July 14, 2020 to be effective immediately.

ATTORNEY ID# 038062003
EHRLICH, PETRIELLO, GUDIN, PLAZA, & REED
A Professional Corporation
60 Park Place, 19th Floor,
Newark, New Jersey 07102
(973) 643-0040 (973) 624-8850 – Fax

**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| EQUITY RESIDENTIAL MANAGEMENT, L.L.C., AS AGENT FOR THE OWNER<br>　　　　Plaintiff,<br><br>vs.<br><br>ANTHONY THOMAS & KELLY SAMUELS THOMAS<br>100 Warren Street, Unit 317<br>Jersey City, NJ 07302<br><br>　　　Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SPECIAL CIVIL PART<br>HUDSON COUNTY<br><br>LANDLORD/TENANT DIVISON<br><br>Docket No. LT-<br><br>**Certification of Lease and Registration Statement**<br><br>(N)  Commercial　　(Y)  Residential |

**DEREK D. REED,** (Esq.) of full age, being duly sworn according to law, certify and say (select one option for each of the following):

1. I am: ____ the plaintiff/landlord **X** an attorney at law duly licensed to practice in the state of New Jersey in the above-captioned landlord tenant action.

2. The lease that is the subject of this action is: attached in full or in pertinent part and the full lease document is in excess of 10 pages.

3. I have attached a copy of any registration statement for the residential rental property required by the Landlord Registration Act N.J.S.A. 46:8-28.5(b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment

Date: 3/26/2024

　　　　　　　　　　　　　　　　　　　　　　*Derek D. Reed, ESQ.*
　　　　　　　　　　　　　　　　　　　　　　**DEREK D. REED, ESQ**

personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, or active credit card number.

**YOU MUST COMPLETE THIS PART: Filing Attorney Information or Landlord:**

Name  Derek D. Reed, Esq.

NJ Attorney ID Number  038062003

Address   60 Park Place, 19th Floor
Newark, NJ 07102

Telephone Number 973-643-0040

*Superior Court of New Jersey Law Division, Special Civil Part*
_Hudson_ *County*
*Landlord-Tenant Division*
*Docket Number: LT* _____

Civil Action

Certification by Landlord

_Equity Residential Management, L.L.C., as agent for the Owner_
                                   *Plaintiff,*
                    v
_Anthony Thomas & Kelly Samuels Thomas_
                          *Defendant,*

*The landlord should complete Part A or Part B or both (if both apply). Cross out any paragraphs in those parts that do not apply in this case. Part C applies to all cases and must be completed.*

**A.** When the Eviction is Based on Unpaid Rent

1. The tenant has failed to pay rent now due and owing in the amount of $4,736.70. That amount consists of basic rent of $3,836.00, late charges of $__, legal fees *relating to this action for eviction* of $_____, filing fees and costs of $_____, and other (specify) _____.
2. All of the items listed above are included in the lease agreement as rent.
3. All of those items are permitted by applicable federal, state and local laws (including rent control or rent leveling, if applicable) to be charged as rent for purposes of this action.

**B.** When the Eviction is Based on Other Grounds
*Eviction is sought because:*

**C.** In All Cases

1. I have attached a copy of all notices that have been served on the tenant.
2. These notices were served on the tenant (select all that apply)
   ☐ *by ordinary mail,*          ☐ *by certified mail,*          ☐ *personally, on* _____.
3. All of the facts stated in the notices are true.
4. If I proceeded without an attorney, I certify that I own the property in my own name or in the name of a general partnership of which I am a partner.
5. I have complied with the registration requirements of *N.J.S.A.* 46:8-27 *et seq.*
6. The tenant did not transfer ownership to me and I have not given the tenant an option to buy the property.
7. The tenant is not in the military service of the United States nor any of its allies, nor is the premises used for dwelling purposes of the spouse, a child or other dependent of a person in the military service of the United States.

*I, the landlord, certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.*

Date: 3/26/2024

*Jacqueline Newton*
Landlord Signature
*Jacqueline Newton*
Print Name

Revised 9/1/2008, CN 10512-English (Appendix XI-T - Certification by Landlord)

**ATTORNEY: DEREK D. REED, ESQ**
**ATTORNEY ID# 038062003**
**EHRLICH, PETRIELLO, GUDIN, PLAZA, & REED**
A Professional Corporation
60 Park Place, 19th Floor,
Newark, New Jersey 07102
(973) 643-0040 (973) 624-8850 – Fax

**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| EQUITY RESIDENTIAL MANAGEMENT, L.L.C., AS AGENT FOR THE OWNER<br>      Plaintiff,<br><br>vs.<br><br>ANTHONY THOMAS & KELLY SAMUELS THOMAS<br>100 Warren Street, Unit 317<br>Jersey City, NJ  07302<br><br>      Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SPECIAL CIVIL PART<br>HUDSON COUNTY<br><br>LANDLORD/TENANT DIVISON<br><br>CERTIFICATION BY LANDLORD'S ATTORNEY<br><br>Docket No. LT- |

1. I am the attorney for the landlord in this matter and make this certification pursuant to rule 6:6-3(b) or Rule *6:6-4*.

2. The landlord has asserted that the tenant has failed to pay rent now due and owing in this matter.

3. I have reviewed the applicable federal, state and local law and the written lease between the parties if any, and in my opinion the charges and fees sought, other than the base rent, are permitted to be included in the rent for purposes of this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 3/26/2024

*Derek D. Reed, ESQ*
**DEREK D. REED, ESQ**

Revised effective 7/14/2020 by 7/14/2020 Order. CN 10822 (Appendix XI-B)



# State of New Jersey
## DEPARTMENT OF COMMUNITY AFFAIRS
CERTIFICATE OF REGISTRATION



## REGISTRATION NUMBER:      0906024276

| | | | |
|---|---|---|---|
| **BUILDINGS:** | 1 TO 2 | **BUILDING USE:** | Multiple Dwelling |
| **TOTAL NUMBER OF UNITS ON PROPERTY:** | 516 | **OWNERSHIP TYPE:** | General Partnership |
| **DATE OF TRANSFER OF OWNERSHIP:** | 6/11/1998 | **CERTIFICATE PRINTED ON:** | 7/9/2018 |
| **CERTIFICATE EXPIRATION DATE:** | 7/9/2024 | **ORIGINAL CERTIFICATE ISSUED ON:** | 7/9/2018 |
| **PROPERTY MAIN ADDRESS:** | 155 WASHINGTON ST JERSEY CITY, HUDSON COUNTY | | |

| PRIMARY PROPERTY OWNER | AUTHORIZED AGENT |
|---|---|
| TWRS AT PORTSIDE URBAN RENEWALCO LLC C/O Tony Santana 155 WASHINGTON ST Jersey City, NJ 07302 | TWRS AT PORTSIDE URBAN RENEWALCO LLC C/O Tony Santana 155 WASHINGTON ST Jersey City, NJ 07302 |

| EMERGENCY REPAIR EXPENDITURE AUTHORIZER / AUTORIZADOR DE REPARACIONES DE EMERGENCIA | MAINTENANCE SERVICE PROVIDER |
|---|---|
| JACQUELINE ANDREWS 155 WASHINGTON ST Jersey City, NJ 07302 2019380770 | Tony SANTANA 155 WASHINGTON ST Jersey City, NJ 07302 |
| **MANAGER / GERENTE** | **OFFICER OR GENERAL PARTNER** |
| JACQUELINE ANDREWS 155 WASHINGTON ST Jersey City, NJ 07302 | DAVID NEITHERCUT 2 N RIVERSIDE PLZ STE 400 CHICAGO, IL 60606 |
| **OFFICER OR GENERAL PARTNER** | **REGISTERED AGENT** |
| FREDERICK TUOMI 2 N RIVERSIDE PLZ STE 400 CHICAGO, IL 60606 | TWRS AT PORTSIDE URBAN RENEWALCO LLC C/O Tony Santana 155 WASHINGTON ST Jersey City, NJ 07302 |

THE LAW REQUIRES THAT THIS CERTIFICATE OF REGISTRATION BE POSTED IN A CONSPICUOUS LOCATION AT THE REGISTERED PREMISES. THIS CERTIFICATE IS NOT TRANSFERRABLE. IN THE CASE OF ANY TRANSFER OF TITLE, IT SHALL BE THE DUTY OF THE NEW OWNER(S) TO FILE WITH THE COMMISSIONER WITHIN 20 DAYS OF SUCH TRANSFER AN APPLICATION FOR A NEW CERTIFICATE OF REGISTRATION. IN THE CASE OF ANY CHANGE IN THIS INFOMATION IT SHALL BE THE DUTY OF THE OWNER TO NOTIFY THE DEPARTMENT OF COMMUNITY AFFAIRS WITHIN 30 DAYS OF SUCH CHANGE. THE LAW ALSO REQUIRES OWNERS TO RECERTIFY THIS INFORMATION ANNUALLY BEFORE THE CERTIFICATE EXPIRATION DATE.

REGISTRATIONS AND RECERTIFICATIONS MAY BE SUBMITTED ONLINE AT THE DIVISION OF CODES AND STANDARDS WEBSITE (www.nj.gov/dca/divisions/codes/) UNDER THE DCA SERVICE PORTAL LINK.   QUESTIONS MAY BE DIRECTED TO THE BUREAU OF HOUSING INSPECTION BY PHONE TO 609-633-6216 OR BY EMAIL TO BHIREGISTRATIONS@DCA.NJ.GOV.

FAILURE TO COMPLY WITH THESE REQUIREMENTS CONSTITUTES A VIOLATION OF P.L. 1967, C. 76 OF THE LAWS OF NEW JERSEY AND SUBJECTS THE PARTY SO VIOLATING TO THE PENALTIES THEREIN.



**New Jersey**

For social service assistance dial 2-1-1 or visit nj211.org
Para asistencia social marcar 2-1-1 o visitor nj211.org.

Lt. Governor Sheila Y. Oliver
Commissioner, Community Affairs By:

Bureau Chief
Carmine Giangeruso
Bureau of Housing Inspection

DocuSign Envelope ID: 173B5D41-FDE9-4E2B-BF8A-92C148676E97

# RESIDENTIAL LEASE – TERM SHEET

**Equity Residential**

**Lessor:** Equity Residential Management, L.L.C., as agent for the Owner

**Community:** Portside Towers

**Premises:** 001-317

**Address:** 155 Washington Street

Jersey City, NJ, 07302
(201) 938-0770

**Premises Address:** 100 Warren Street - 317
Jersey City, NJ, 07302

**Residents:** Anthony Thomas
Kelly Samuels Thomas

**Guarantor:**

**Occupants:**

**LEASE TERM**

| Commencement Date: 07/25/2023 | Expiration Date: 07/24/2024 | Renters' Liability Insurance Required: Yes |

Lease Term Expiration: You must provide us with a written notice of your intent to vacate at least 60 days prior to your move-out date. If you fail to give the required notice and move out anyway, you will be charged insufficient notice rent for the number of days your notice is short. The insufficient notice rent shall be charged at the per diem rental rate that is in effect on your move-out date.

**Total Deposits Required:** $4156.00

**Total Monthly Rent** : $3836.00
(includes all monthly recurring charges listed below)

| Charge Description | Amount | Charge Description | Amount | Charge Description | Amount |
|---|---|---|---|---|---|
| Monthly Apartment Rent | 3836.00 | | | | |

**Assigned Item Description**

**Concessions:** Monthly Recurring Concession: $0.00 /per month. Total Amount of One-Time/ Non-Recurring Concession: $0.00 . Total Amount of Other Recurring Concessions: $0.00 . The Total Monthly Rent shown above will be adjusted by these lease concession amounts. If this Lease is terminated early, you may be required to pay us a portion of your concession as set forth in the Lease Concession paragraph of the Terms and Conditions.

**Total Other Fees and Charges:** $750.00
(includes all charges listed below)

| Charge Description | Amount | Charge Description | Amount | Charge Description | Amount |
|---|---|---|---|---|---|
| Amenity Use Fee | 750.00 | | | | |

|  | Type | Breed | Weight | License/Tag |
|---|---|---|---|---|
| Approved Pets | | | | |

For additional information regarding our pet policy, please refer to the Resident Handbook and Community Policies.

**Resident Account Number:** 19094-001-317-7

© Equity Residential 2020. All Rights Reserved.     Page 1 of 2     National Lease Form (11/20)

DocuSign Envelope ID: 173B5D41-FDE9-4E2B-BF8A-92C148676E97

**LESSOR PAYS UNCHECKED UTILITIES / RESIDENT PAYS CHECKED UTILITIES**

☑ Electricity:      Direct billed by the provider. You pay the provider

☐ Gas/Heating Oil:

☑ Water:      Allocated based on square footage. You will receive a bill from our billing vendor.

☑ Sewer:      Allocated based on square footage. You will receive a bill from our billing vendor.

☐ Central Boiler:

☑ Cable:      Direct billed by the provider. You pay the provider

☑ Garbage Removal:      Allocated equally among all occupied apartments. You will receive a bill from our billing vendor.

☑ Internet:      Direct billed by the provider. You pay the provider

☐ Pest:

**Late Fees:** Your rent is due on the 1st of each month. If we do not receive your rent and other recurring charges, in person before the close of business, or electronically by 11:59 pm local time, on day 11 , you will be charged a late fee as follows:

$35 on the 12th

**Returned Item Fees:** If your payment fails to clear the bank for any reason, you will be charged a returned item fee of $ 35.00 per item.

| Additional Lease Addenda |
|---|
| Residential Lease - Terms and Conditions |
| Utilities Addendum |
| Fire Safety Plan |
| Temporary Partition Addendum |
| Construction and Rehab Addendum |
| Smoke-Free Lease Addendum |
| Parking Permit Zones Addendum |
| Truth in Renting Statement |
| Pet Animal Agreement |
| SmartHome Addendum |

By signing this Term Sheet, you acknowledge that each of the Additional Lease Addenda are attached to this term Sheet and are therefore made a part of the Lease. You further acknowledge that you have read and that you agree to all of the provisions set forth in this Term Sheet and the Additional Lease Addenda.

You also acknowledge that you have received, or will receive, (separate from this Lease) a copy of the Resident Handbook and Community Policies and a copy of the Condition of Premises Inspection Form. You acknowledge and agree that the provisions contained in these two documents are incorporated into this Lease and that you will abide by the policies and procedures set forth in these documents.

You specifically acknowledge that this Lease contains provisions extending the Lease Term if you stay beyond the Expiration Date set forth on the first page of this Term Sheet or if you fail to provide timely written notice of your intent to vacate the Premises at least 60 days prior to the Expiration Date.

## READ THIS TERM SHEET BEFORE SIGNING

**Residents (ALL Residents must sign and date):**

_Anthony Thomas_   7/12/2023 Date       _____ Date       _____ Date
Anthony Thomas

_Kelly Thomas_   7/13/2023 Date       _____ Date       _____ Date
Kelly Samuels Thomas

_____ Date       _____ Date       _____ Date

**Lessor:**    **Equity Residential Management, L.L.C.,**
        **as agent for the Owner**

By: _____       07/12/2023
It's: Authorized Representative       Date

**Resident Account Number:** 19094-001-317-7

© Equity Residential 2020. All Rights Reserved.       Page 2 of 2       National Lease Form (11/20)

ATTORNEY ID# 038062003
EHRLICH, PETRIELLO, GUDIN, PLAZA, & REED
A Professional Corporation
60 Park Place, 19th Floor,
Newark, New Jersey 07102
(973) 643-0040 (973) 624-8850 – Fax

**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| EQUITY RESIDENTIAL MANAGEMENT, L.L.C., AS AGENT FOR THE OWNER<br><br>     Plaintiff,<br><br>vs.<br><br>ANTHONY THOMAS & KELLY SAMUELS THOMAS<br>100 Warren Street, Unit 317<br>Jersey City, NJ  07302<br><br>     Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SPECIAL CIVIL PART<br>HUDSON COUNTY<br><br>LANDLORD/TENANT DIVISON<br><br>Docket No. LT-<br><br>     **Certification of Lease and Registration Statement**<br><br>**(N)  Commercial    (Y)  Residential** |

**DEREK D. REED**, (Esq.) of full age, being duly sworn according to law, certify and say (select one option for each of the following):

1. I am: ____ the plaintiff/landlord **X** an attorney at law duly licensed to practice in the state of New Jersey in the above-captioned landlord tenant action.

2. The lease that is the subject of this action is: attached in full or in pertinent part and the full lease document is in excess of 10 pages.

3. I have attached a copy of any registration statement for the residential rental property required by the Landlord Registration Act N.J.S.A. 46:8-28.5(b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment

Date: 3/26/2024

*Derek D. Reed, ESQ.*

**DEREK D. REED, ESQ**

NOTICE: This is a public document which may become... the permanent... personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, or active credit card number.

**YOU MUST COMPLETE THIS PART: Filing Attorney Information or Landlord:**

Name  Derek D. Reed, Esq.

NJ Attorney ID Number  038062003

Address  60 Park Place, 19th Floor

Newark, NJ 07102

Telephone Number 973-643-0040

*Superior Court of New Jersey Law Division, Special Civil Part*

*Hudson County*

*Landlord-Tenant Division*

Docket Number: LT _____

*Equity Residential Management, L.L.C., as agent for the Owner*

*Plaintiff,*

v

*Anthony Thomas & Kelly Samuels Thomas*

*Defendant,*

Civil Action

Certification by Landlord

*The landlord should complete Part A or Part B or both (if both apply). Cross out any paragraphs in those parts that do not apply in this case. Part C applies to all cases and must be completed.*

**A.** When the Eviction is Based on Unpaid Rent

1.  The tenant has failed to pay rent now due and owing in the amount of $4,736.70. That amount consists of basic rent of $3,836.00, late charges of $__, legal fees *relating to this action for eviction* of $_____, filing fees and costs of $_____, and other (specify) _____.

2.  All of the items listed above are included in the lease agreement as rent.

3.  All of those items are permitted by applicable federal, state and local laws (including rent control or rent leveling, if applicable) to be charged as rent for purposes of this action.

**B.** When the Eviction is Based on Other Grounds
*Eviction is sought because:*

**C.** In All Cases

1.  I have attached a copy of all notices that have been served on the tenant.

2.  These notices were served on the tenant (select all that apply)
    ☐ *by ordinary mail,*    ☐ *by certified mail,*    ☐ *personally, on _____.*

3.  All of the facts stated in the notices are true.

4.  If I proceeded without an attorney, I certify that I own the property in my own name or in the name of a general partnership of which I am a partner.

5.  I have complied with the registration requirements of *N.J.S.A.* 46:8-27 *et seq.*

6.  The tenant did not transfer ownership to me and I have not given the tenant an option to buy the property.

7.  The tenant is not in the military service of the United States nor any of its allies, nor is the premises used for dwelling purposes of the spouse, a child or other dependent of a person in the military service of the United States.

*I, the landlord, certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.*

Date:3/26/2024

*Jacqueline Newton*

Landlord Signature

*Jacqueline Newton*

Print Name

Promulgated by 07/30/2021 Notice to the Bar, CN 12770

8 of 9

Revised 9/1/2008, CN 10512-English (Appendix XI-T - Certification by Landlord)

**ATTORNEY: DEREK D. REED, ESQ**
**ATTORNEY ID# 038062003**
**EHRLICH, PETRIELLO, GUDIN, PLAZA, & REED**
A Professional Corporation
60 Park Place, 19th Floor,
Newark, New Jersey 07102
(973) 643-0040 (973) 624-8850 – Fax

**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| EQUITY RESIDENTIAL MANAGEMENT, L.L.C., AS AGENT FOR THE OWNER<br><br>    Plaintiff,<br><br>vs.<br><br>ANTHONY THOMAS & KELLY SAMUELS THOMAS<br>100 Warren Street, Unit 317<br>Jersey City, NJ 07302<br><br>    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SPECIAL CIVIL PART<br>HUDSON COUNTY<br><br>LANDLORD/TENANT DIVISON<br><br>CERTIFICATION BY LANDLORD'S ATTORNEY<br><br>Docket No. LT- |

1. I am the attorney for the landlord in this matter and make this certification pursuant to rule 6:6-3(b) or Rule *6:6-4*.

2. The landlord has asserted that the tenant has failed to pay rent now due and owing in this matter.

3. I have reviewed the applicable federal, state and local law and the written lease between the parties if any, and in my opinion the charges and fees sought, other than the base rent, are permitted to be included in the rent for purposes of this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 3/26/2024

*Derek D. Reed, ESQ*
**DEREK D. REED, ESQ**

Revised effective 7/14/2020 by 7/14/2020 Order. CN 10822 (Appendix XI-B)



# State of New Jersey
## DEPARTMENT OF COMMUNITY AFFAIRS
CERTIFICATE OF REGISTRATION



## REGISTRATION NUMBER:    0906024276

| | | | |
|---|---|---|---|
| **BUILDINGS:** | 1 TO 2 | **BUILDING USE:** | Multiple Dwelling |
| **TOTAL NUMBER OF UNITS ON PROPERTY:** | 516 | **OWNERSHIP TYPE:** | General Partnership |
| **DATE OF TRANSFER OF OWNERSHIP:** | 6/11/1998 | **CERTIFICATE PRINTED ON:** | 7/9/2018 |
| **CERTIFICATE EXPIRATION DATE:** | 7/9/2024 | **ORIGINAL CERTIFICATE ISSUED ON:** | 7/9/2018 |
| **PROPERTY MAIN ADDRESS:** | 155 WASHINGTON ST JERSEY CITY, HUDSON COUNTY | | |

**PRIMARY PROPERTY OWNER**
TWRS AT PORTSIDE URBAN RENEWALCO LLC C/O Tony Santana
155 WASHINGTON ST
Jersey City, NJ 07302

**AUTHORIZED AGENT**
TWRS AT PORTSIDE URBAN RENEWALCO LLC C/O Tony Santana
155 WASHINGTON ST
Jersey City, NJ 07302

**EMERGENCY REPAIR EXPENDITURE AUTHORIZER / AUTORIZADOR DE REPARACIONES DE EMERGENCIA**
JACQUELINE ANDREWS
155 WASHINGTON ST
Jersey City, NJ 07302
2019380770

**MAINTENANCE SERVICE PROVIDER**
Tony SANTANA
155 WASHINGTON ST
Jersey City, NJ 07302

**MANAGER / GERENTE**
JACQUELINE ANDREWS
155 WASHINGTON ST
Jersey City, NJ 07302

**OFFICER OR GENERAL PARTNER**
DAVID NEITHERCUT
2 N RIVERSIDE PLZ STE 400
CHICAGO, IL 60606

**OFFICER OR GENERAL PARTNER**
FREDERICK TUOMI
2 N RIVERSIDE PLZ STE 400
CHICAGO, IL 60606

**REGISTERED AGENT**
TWRS AT PORTSIDE URBAN RENEWALCO LLC C/O Tony Santana
155 WASHINGTON ST
Jersey City, NJ 07302

THE LAW REQUIRES THAT THIS CERTIFICATE OF REGISTRATION BE POSTED IN A CONSPICUOUS LOCATION AT THE REGISTERED PREMISES. THIS CERTIFICATE IS NOT TRANSFERRABLE. IN THE CASE OF ANY TRANSFER OF TITLE, IT SHALL BE THE DUTY OF THE NEW OWNER(S) TO FILE WITH THE COMMISSIONER WITHIN 20 DAYS OF SUCH TRANSFER AN APPLICATION FOR A NEW CERTIFICATE OF REGISTRATION. IN THE CASE OF ANY CHANGE IN THIS INFOMATION IT SHALL BE THE DUTY OF THE OWNER TO NOTIFY THE DEPARTMENT OF COMMUNITY AFFAIRS WITHIN 30 DAYS OF SUCH CHANGE. THE LAW ALSO REQUIRES OWNERS TO RECERTIFY THIS INFORMATION ANNUALLY BEFORE THE CERTIFICATE EXPIRATION DATE.

REGISTRATIONS AND RECERTIFICATIONS MAY BE SUBMITTED ONLINE AT THE DIVISION OF CODES AND STANDARDS WEBSITE (www.nj.gov/dca/divisions/codes/) UNDER THE DCA SERVICE PORTAL LINK.  QUESTIONS MAY BE DIRECTED TO THE BUREAU OF HOUSING INSPECTION BY PHONE TO 609-633-6216 OR BY EMAIL TO BHIREGISTRATIONS@DCA.NJ.GOV.

FAILURE TO COMPLY WITH THESE REQUIREMENTS CONSTITUTES A VIOLATION OF P.L. 1967, C. 76 OF THE LAWS OF NEW JERSEY AND SUBJECTS THE PARTY SO VIOLATING TO THE PENALTIES THEREIN.



New Jersey

For social service assistance dial 2-1-1 or visit nj211.org
Para asistencia social marcar 2-1-1 o visitor nj211.org.

Lt. Governor Sheila Y. Oliver
Commissioner, Community Affairs By:

Bureau Chief
Carmine Giangeruso
Bureau of Housing Inspection

DocuSign Envelope ID: 173B5D41-FDE9-4E2B-BF8A-92C148676E97

# RESIDENTIAL LEASE – TERM SHEET

**Equity** Residential

**Lessor:** Equity Residential Management, L.L.C.,
as agent for the Owner

**Community:** Portside Towers

**Premises:** 001-317

**Address:** 155 Washington Street

**Premises Address:** 100 Warren Street - 317
Jersey City, NJ, 07302

Jersey City, NJ, 07302
(201) 938-0770

**Residents:** Anthony Thomas
Kelly Samuels Thomas

**Guarantor:**

**Occupants:**

---

**LEASE TERM**
**Commencement Date:** 07/25/2023  **Expiration Date:** 07/24/2024  **Renters' Liability Insurance Required:** Yes

Lease Term Expiration: You must provide us with a written notice of your intent to vacate at least 60 days prior to your move-out date. If you fail to give the required notice and move out anyway, you will be charged insufficient notice rent for the number of days your notice is short. The insufficient notice rent shall be charged at the per diem rental rate that is in effect on your move-out date.

---

**Total Deposits Required:** $4156.00

---

**Total Monthly Rent** : $3836.00
**(includes all monthly recurring charges listed below)**

| Charge Description | Amount | Charge Description | Amount | Charge Description | Amount |
|---|---|---|---|---|---|
| Monthly Apartment Rent | 3836.00 | | | | |

**Assigned Item Description**

**Concessions:** Monthly Recurring Concession: $ 0.00  /per month. Total Amount of One-Time/ Non-Recurring Concession: $ 0.00 . Total Amount of Other Recurring Concessions: $0.00 . The Total Monthly Rent shown above will be adjusted by these lease concession amounts. If this Lease is terminated early, you may be required to pay us a portion of your concession as set forth in the Lease Concession paragraph of the Terms and Conditions.

---

**Total Other Fees and Charges:** $750.00
**(includes all charges listed below)**

| Charge Description | Amount | Charge Description | Amount | Charge Description | Amount |
|---|---|---|---|---|---|
| Amenity Use Fee | 750.00 | | | | |

| | Type | Breed | Weight | License/Tag |
|---|---|---|---|---|
| Approved Pets | | | | |

For additional information regarding our pet policy, please refer to the Resident Handbook and Community Policies.

**Resident Account Number:** 19094-001-317-7

DocuSign Envelope ID: 173B5D41-FDE9-4E2B-BF8A-92C148676E97

**LESSOR PAYS UNCHECKED UTILITIES / RESIDENT PAYS CHECKED UTILITIES**

☑ Electricity:   Direct billed by the provider.  You pay the provider

☐ Gas/Heating Oil:

☑ Water:   Allocated based on square footage.  You will receive a bill from our billing vendor.

☑ Sewer:   Allocated based on square footage.  You will receive a bill from our billing vendor.

☐ Central Boiler:

☑ Cable:   Direct billed by the provider.  You pay the provider

☑ Garbage Removal:   Allocated equally among all occupied apartments. You will receive a bill from our billing vendor.

☑ Internet:   Direct billed by the provider.  You pay the provider

☐ Pest:

**Late Fees:** Your rent is due on the 1st of each month. If we do not receive your rent and other recurring charges, in person before the close of business, or electronically by 11:59 pm local time, on day 11 , you will be charged a late fee as follows:

$35 on the 12th

**Returned Item Fees:** If your payment fails to clear the bank for any reason, you will be charged a returned item fee of $ 35.00 per item.

| Additional Lease Addenda |
|---|
| Residential Lease - Terms and Conditions |
| Utilities Addendum |
| Fire Safety Plan |
| Temporary Partition Addendum |
| Construction and Rehab Addendum |
| Smoke-Free Lease Addendum |
| Parking Permit Zones Addendum |
| Truth in Renting Statement |
| Pet Animal Agreement |
| SmartHome Addendum |

By signing this Term Sheet, you acknowledge that each of the Additional Lease Addenda are attached to this term Sheet and are therefore made a part of the Lease. You further acknowledge that you have read and that you agree to all of the provisions set forth in this Term Sheet and the Additional Lease Addenda.

You also acknowledge that you have received, or will receive, (separate from this Lease) a copy of the Resident Handbook and Community Policies and a copy of the Condition of Premises Inspection Form. You acknowledge and agree that the provisions contained in these two documents are incorporated into this Lease and that you will abide by the policies and procedures set forth in these documents.

You specifically acknowledge that this Lease contains provisions extending the Lease Term if you stay beyond the Expiration Date set forth on the first page of this Term Sheet or if you fail to provide timely written notice of your intent to vacate the Premises at least 60 days prior to the Expiration Date.

## READ THIS TERM SHEET BEFORE SIGNING

**Residents (ALL Residents must sign and date):**

*Anthony Thomas*   7/12/2023 Date _____ Date _____ Date
EB8781FF6A27416
Anthony Thomas

*Kelly Thomas*   7/13/2023 Date _____ Date _____ Date
B3FD80F061AB461
Kelly Samuels Thomas

_____ Date _____ Date _____ Date

**Lessor:**   **Equity Residential Management, L.L.C.,**
**as agent for the Owner**

By: _____   07/12/2023
It's: Authorized Representative   Date

**Resident Account Number:** 19094-001-317-7

© Equity Residential 2020.  All Rights Reserved.   Page 2 of 2   National Lease Form (11/20)

## Tenancy Summons and Return of Service (R. 6:2-1)

 **NOTICE:** This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status.

**Plaintiff or Filing Attorney Information:**

Name: DEREK D REED

NJ Attorney ID Number: 038062003

Address: 60 PARK PL

      STE 1016

      NEWARK, NJ 07102-0000

Telephone: 973-643-0040

**Superior Court of New Jersey**

**Law Division, Special Civil Part**

**HUDSON County**

**HUDSON County Courthouse**

**595 NEWARK AVENUE, ROOM 104**

**JERSEY CITY, NJ 07306-0000**

Equity Residential Management

                           **Plaintiff(s)**

**versus**

Anthony Thomas, Kelly Samuels Thomas

                    **Defendant (s)**

**Docket Number: HUD-LT-003075-24**

(to be provided by the court)

**Civil Action**
**SUMMONS**
**LANDLORD/TENANT**

**Defendant Information:**

Name: Anthony Thomas, Kelly Samuels Thomas

Address: 100 Warren Street

        Unit 317

        Jersey City, NJ 07302-0000

Phone: 2152212028

**NOTICE TO TENANT: The purpose of the attached complaint is to permanently remove you and your belongings from the premises. You will be notified when a court proceeding is scheduled. Please contact the Office of the Special Civil Part at 201-748-4400 ext.60028 regarding your case. Please go to njcourts.gov for general information on landlord/tenant actions.**

If you cannot afford to pay for a lawyer, contact Legal Services at 201-792-6363 to see if you qualify for free legal advice. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at 201-798-2727

You might be eligible for housing assistance. To determine your eligibility, you must immediately contact the welfare agency in your county at 257 CORNELISON AVENUE, JERSEY CITY, NJ, 07302-0000, telephone number 201-420-3000. If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

**NOTIFICACIÓN AL (A LA) INQUILINO(A) El objetivo de la denuncia adjunta es desalojarle a usted y sacar sus pertenencias permanentemente del sitio alquilado. Se le notificará la fecha cuando se haya programado el procedimiento judicial. Sírvase comunicarse sobre su caso con la Oficina de la Parte Civil Especial llamando al 201-748-4400 ext.60028. Para obtener información general sobre las acciones de propietarios/inquilinos, vaya a njcourts.gov.**

Si no puede pagar los servicios de un abogado, póngase en contacto con la oficina de Servicios Legales llamando al 201-792-6363 para averiguar si reúne las condiciones para recibir asesoramiento legal gratis. Si puede pagarle a un abogado, pero no conoce a ninguno, llame al Servicio de Referencia de Abogados del Colegio de Abogados local de su condado llamando al 201-798-2727.

Es posible que reúna los requisitos para recibir ayuda con la vivienda. Para que se haga esa determinación, tiene que ponerse en contacto inmediatamente con la agencia de bienestar social de su condado en 257 CORNELISON AVENUE, JERSEY CITY, NJ, 07302-0000, número de teléfono 201-420-3000. Si necesita un intérprete o un arreglo especial por una discapacidad, tiene que notificárselo al tribunal de inmediato. acomodación para un impedimento físico, tiene que notificárselo inmediatamente al tribunal.

**Date: 04/09/2024**

                                      /s/ Michelle M. Smith

                               CLERK OF THE SUPERIOR COURT

# Court Officer's Return of Service (For Court Use Only)

Docket Number: _____   Date _____   Time _____

WM _____   WF _____   BM _____   Other _____   Ht _____   Wt _____   Age _____   Mustache _____   Beard _____   Glasses _____

Name: _____   Relationship _____

Efforts Made to Personally Serve   _____

_____

Description of Premises if Posted   _____

_____

I hereby certify the above to be true and accurate:   _____

Special Civil Part Officer

Docket Number: LT- _____

# Landlord Case Information Statement

Case Details: HUDSON - Special Civil Part Docket# HUD-LT-003075-24
**Caption:** Equity Residential Management VS Thomas Anthony

## Plaintiff/Landlord

**Name of Plaintiff/Landlord:** Equity Residential Management
**Email Address:** courtnotice@epgprlaw.com
**Home/Office Phone:**
**Cell Phone:**

**Attorney Name and Firm:** DEREK D REED , EHRLICH PETRIELLO GUDIN PLAZA & REED, P.C.
**Email Address:** DREED@EPGPRLAW.COM
**Office Phone:** 973-643-0040
**Cell Phone:**
**Attorney/Plaintiff Mailing Address:** 60 PARK PL STE 1016 NEWARK NJ 07102

## Defendant/Tenant

**Name of Defendant/Tenant(s):** Anthony Thomas
**Rental Property Address:** 100 Warren Street Unit 317 Jersey City NJ 07302
**Municipal Code:** 0906

**Email Address:** adthomas3@verizon.net
**Home/Office Phone:** 2152212028

**Cell Phone:**

**Name of Defendant/Tenant(s):** Kelly Samuels Thomas
**Rental Property Address:** 100 Warren Street Unit 317 Jersey City NJ 07302
**Municipal Code:** 0906

**Email Address:**
**Home/Office Phone:**

**Cell Phone:**

**Type of Tenancy:** [ X ] Residential     [ ] Commercial

**Holdover Cause of Action:**

**Cause of Action:** [ X ] Non-Payment
[ ] Other (Holdover for Cause)

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

[ ]  Subsidized Housing
   Type: [ ] Public Housing   [ ] Section 8 Voucher   [ ] Section 8 HAP Contract   [ ] Other Subsidy Program

[ ] Notice(s) that are required for Holdover, Public Housing and/or Subsidized Housing are attached to the complaint.
[ X ] Rental property is not a covered property under the Federal CARES Act, 15 U.S.C. § 9057(f) or 9058(a).
[ X ] The tenancy is subject to a municipal rent control ordinance.

 The total number of months of unpaid rent is: 3
 The first month of unpaid rent was: January 2024
 The amount due and owing by the tenant in this case is: $ 4736.70

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I certify that the foregoing statements made by me are true to the best of my knowledge.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 04/09/2024          Attorney/Plaintiff Signature: /S/ DEREK D REED



# Landlord
# Civil Case Information Statement
## (LCIS)

**Holdover Causes of Action**

**Residential Tenancy**

| | | |
|---|---|---|
| 1 | Disorderly Tenant | N.J.S.A. 2A:18-61.1(b) |
| 2 | Willful or Gross Negligent Damage to Premises | N.J.S.A. 2A:18-61.1(c) |
| 3 | Violation of Rules and Regulations | N.J.S.A. 2A:18-61.1(d) |
| 4 | Violation of the Lease Covenants | N.J.S.A. 2A:18-61.1(e) |
| 5 | Violation of the Lease Covenants Under the Control of a Public Housing Authority or Redevelopment Agency | N.J.S.A. 2A:18-61.1(e) |
| 6 | Failure to Pay Rent After Increase | N.J.S.A. 2A:18-61.1(f) |
| 7 | Demolish/Board Up Premises | N.J.S.A. 2A:18-61.1(g) |
| 8 | Permanently Retiring Residential Building/Mobile Home Park from Residential Use | N.J.S.A. 2A:18-61.1(h) |
| 9 | Reasonable Changes to Lease at End of Lease Term that Tenant Refuses to Accept | N.J.S.A. 2A:18-61.1(i) |
| 10 | Habitual Late Payment of Rent | N.J.S.A. 2A:18-61.1(j) |
| 11 | Converting Property to Condominium or Cooperative Ownership | N.J.S.A. 2A:18-61.1(k) |
| 12 | Personal Occupancy by Owner or Purchaser of Unit (property converted to condo/cooperative or fee simple ownership) | N.J.S.A. 2A:18-61.1(l)(1) |
| 13 | Personal Occupancy by Owner or Purchaser of Unit (owner of a building with 3 or fewer condo/cooperative units. | N.J.S.A. 2A:18-61.1(l)(2) |
| 14 | Personal Occupancy by Owner or Purchaser of Unit (building with 3 or fewer residential units) | N.J.S.A. 2A:18-61.1(l)(3) |
| 15 | Rental is Conditioned on Tenant's Employment by Landlord | N.J.S.A. 2A:18-61.1(m) |
| 16 | Convicted or Pleaded Guilty to Offenses under the 1987 Comprehensive Drug Reform Act, or Harbors such Person | N.J.S.A. 2A:18-61.1(n) |
| 17 | Convicted or Pleaded Guilty to Assault/Threats against Landlord, Landlord's Family or Employee, or Harbors such Person | N.J.S.A. 2A:18-61.1(o) |
| 18 | Tenant or Tenant Harbors such Person previously found Liable in a Civil Action for Certain Criminal Acts on the Rental Premises | N.J.S.A. 2A:18-61.1(p) |
| 19 | Tenant or Tenant Harbors Such Person who pleaded or was convicted of theft of property from the Landlord, the Rental Premises, or Other Tenants | N.J.S.A. 2A:18-61.1(q) |
| 20 | Tenant or Tenant Harbors such Person previously found Liable in a Civil Action for Human Trafficking on the Rental Premises | N.J.S.A. 2A:18-61.1(r) |
| 21 | Residents at Residential Health Care Facilities (non-payment or holdover) | N.J.S.A. 30:11A-1 *et. seq.* |

**Commercial Tenancy; Owner-Occupied Premises with Two or Less Residential Units; Rental Unit Held in Trust on behalf of Immediate Family Member Who Permanently Occupies the Unit not Developmentally Disabled**

| | | |
|---|---|---|
| 22 | Tenant Stays after Expiration of Lease Term | N.J.S.A. 2A:18-53 |
| 23 | Tenant Disorderly as to Destroy Peace and Quiet | N.J.S.A. 2A:18-53 |
| 24 | Tenant Willfully Destroys, Damages or Injures the Premises | N.J.S.A. 2A:18-53 |

| 25 | Tenant Constantly Violates Landlord's Written Rules and Regulations | N.J.S.A. 2A:18-53 |
|----|---------------------------------------------------------------------|-------------------|
| 26 | Tenant Breaches/Violates any Agreement in Lease that Provides for Right of Reentry | N.J.S.A. 2A:18-53 |
| 27 | Violation of Alcoholic Beverages Laws by Commercial Tenant | N.J.S.A. 33:1-54 |



**New Jersey Judiciary**
**Superior Court of New Jersey**
**Law Division, Special Civil Part**

# Landlord Tenant Procedures

The following procedures apply in cases where a landlord is trying to evict (also known as "lockout") a tenant. Please take the time to read this information and visit the Judiciary website at njcourts.gov for more information about landlord tenant rules and procedures. Both landlords and tenants can ask questions of court staff at any point during the process, but court staff *cannot* provide legal advice.

1. **Complaint filed and served**
   The landlord must file a complaint, summons, Landlord Case Information Statement (LCIS), copy of the lease (or, if the lease exceeds 10 pages, the relevant portions of the lease), registration statement, if applicable, and Certification of Lease and Registration Statement. Those documents will explain why the landlord is seeking to evict the tenant(s) and will be served on the tenant(s).

   Tenants must complete a Tenant Case Information Statement (TCIS). The TCIS will explain the tenant's position. The tenant should file this with the court electronically (or by mail as soon as possible after receipt of the complaint, otherwise it will be required at the trial.

   Court forms for both landlords and tenants are available at njcourts.gov under "Forms Catalog".

2. **Settlement Conference**
   Prior to being sent for trial, the landlord and tenant will be asked to talk to each other to try to settle their case. Trained neutral court staff will help both sides try to settle their case. If the case does not settle prior to trial, the case will proceed to trial before a judge. *Neither the landlord nor the tenant is required to settle their case and both have the right to a trial*.

   **Settlement Agreements**

   If both landlord and tenant agree to settle their case, the court or court staff will review the terms of the settlement agreement. Some agreements will require the judge to review and approve the agreement and some will also require the landlord and tenant to testify about the terms of the agreement on the record in open court. All settlement agreements will be written (or placed on the record), with a copy provided to the parties, and added to the court's electronic file.

   If you settle your case, please note:

   - You should settle only if you agree with the terms. Both landlord and tenant must agree to the terms for a settlement.

- Court staff can provide an agreement form which can be completed virtually (by video) or in person. If completed in person, the signed agreement should be provided to the court.

- Court staff can also provide forms for any certification from the landlord and/or the landlord's attorney.

- The wording of the settlement form can be changed depending on the terms you have agreed upon.

- Make sure that you understand the words in the settlement because if you are a tenant and agree to entry of a judgment for possession and do not comply with the terms of the settlement, you can be evicted.

- Any agreement that says a judgment for possession will or can be entered must be approved by a judge if a residential tenant does not have an attorney.

## 3. Trial

If you are a tenant and you disagree with what your landlord claims, such as the amount of the rent that is owed, you have the right to explain your position at trial. Most trials will be conducted in person. In some cases, trial may be conducted virtually, by video, if prior approval is obtained from the court. If the tenant does not appear, the case can be marked "DEFAULT." This means the landlord can apply for a judgment against the tenant and the tenant can be evicted if the judgement is granted. If the landlord does not appear, the case can be "DISMISSED." This means the case will not proceed.

## 4. Entry of Judgment for Possession

At the conclusion of a trial or where a tenant does not appear at trial and the landlord proves their case, the court will enter a judgment for possession. A judgment for possession is a written document that contains the result of the case and explains the basis for the court's decision. The judgment for possession also explains the next steps in the process.

When the court enters a judgment for possession, the court is granting the landlord the legal right to possession of the rental property. This can happen if the landlord can prove their case on the day of trial, if the tenant fails to appear and the case is marked as "DEFAULT," or if the landlord and tenant agree to the entry of a judgment for possession.

## 5. Application for and Issuance of a Warrant of Removal

After the judgment for possession is entered, the landlord can ask the court to issue a warrant of removal to a Special Civil Part Officer. The warrant of removal allows the Special Civil Part Officer to proceed with the process of evicting a tenant from the property. The warrant of removal cannot be issued less than three (3) business days after the judgment for possession is entered. A Special Civil Part Officer is the person who serves (delivers) the warrant of removal on the tenant.

## 6. Service of the Warrant of Removal

The warrant of removal must be served by the Special Civil Part Officer on the tenant by delivering or posting the warrant of removal on the door of the rental property.

7. **Execution of the Warrant of Removal/Eviction**
Three (3) business days after the warrant of removal is served, a landlord can request that the Special Civil Part Officer return to the residential rental property a second time to *execute the warrant of removal* by requiring the tenant to vacate the premises and permitting the landlord to change the locks.  This is when the eviction (lockout) is completed.

**NOTE: Landlords cannot evict tenants by themselves.  Special Civil Part Officers are the *only* individuals authorized to evict tenants.  Tenants cannot be evicted on a weekend or holiday**.

# Illegal Evictions

A landlord cannot evict tenants from a rental property; only a Special Civil Part Officer can perform an eviction.  In order to have a Special Civil Part Officer evict a tenant, a landlord must first get a judgment for possession and then a warrant of removal from the court.  *It is illegal for the landlord to force a tenant out by changing the locks, padlocking the doors, by shutting off gas, water or electricity*.  Landlords can only remove a tenant's belongings after an eviction as permitted by the Abandoned Tenant Property Act N.J.S.A. 2A:18-72 (unless otherwise provided for in a non-residential lease).

Tenants who have been locked out of their homes illegally should call the police.  The New Jersey Office of the Attorney General has released guidance on illegal lockouts and the role of law enforcement agencies in preventing them.  More information is available at the following link: https://nj.gov/oag/dcj/agguide/directives/ag-Directive-2021-2_Illegal_Evictions.pdf.

Tenants who have been locked out of their rental property illegally can also file a civil complaint at the county courthouse.  For more information on illegal evictions (lockouts) go to njcourts.gov.

# Other Options After a Judgment for Possession is Entered

1. **Agreement**.  After a judgment for possession has been entered, a landlord and tenant can still try to make an agreement to stop an eviction.  If the landlord and the tenant agree, the agreement should be in writing and a copy of the agreement can be filed with the court.

2. **Paying all Rent Due and Owing**.  By law, a residential tenant can pay all rent due and owing plus proper costs up to three (3) business days after the eviction.  The landlord must accept this payment and/or cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent.

3. **Asking the Court for Relief**.  A tenant can apply for relief to the court.  To do so, a tenant must file:

a. An application for orderly removal requesting up to seven (7) more calendar days to move out if there is a good reason;

b. A motion requesting dismissal with prejudice of the nonpayment of rent action because the residential tenant paid all rent due and owing plus proper costs, or because the landlord refused to accept the residential tenant's payment, within three (3) business days following the eviction; or an order to show cause because the landlord refused to cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent; and/or

c. An application for a hardship stay, which delays the eviction based on the unavailability of other housing accommodations.  That delay cannot be for more than six (6) months from entry of the judgment for possession, and the tenant will have to pay all rent and proper costs.

A tenant can also file a motion under Rule 4:50-1 requesting that the judgment for possession be vacated (reversed) and the complaint dismissed, if the tenant can show good reason such as mistake or excusable neglect, fraud, misrepresentation or other misconduct by an adverse party, newly discovered evidence or any other reason justifying relief from the judgment for possession.  For more information visit the landlord tenant page at njcourts.gov.

Contact the Office of the Special Civil Part Office as soon as possible to apply for any of the above.  Go to njcourts.gov and search for "Directory of Superior Court Special Civil Part Offices".

## Available Resources

Housing, Legal and Utilities Assistance.  Court staff can give the parties a list of agencies that might be able to assist with rent, temporary shelter, or legal services.

The Department of Community Affairs (DCA) has information regarding legal, rental and other assistance programs available online at https://www.nj.gov/dca/divisions/dhcr/.

Information about legal resources also is available online at njcourts.gov.  You can also contact the Legal Services of New Jersey hotline at 1-888-576-5529.  LSNJ's Tenants' Rights Manual is available at https://proxy.lsnj.org/rcenter/GetPublicDocument/Sites/LAW/Documents/Publications/Manuals/TenantsRights.pdf

The Ombudsman in your county might be able to provide information regarding organizations and resources that may be available to you.  For a list of ombudsmen, go to njcourts.gov and search for "Ombudsman Directory".

If you have additional questions or issues regarding the information above, please send an email to Hudscplt.mbx@njcourts.gov or call the Special Civil Part Office at 201-748-4400 ext.60028.  Please note that Judiciary staff cannot provide legal advice.



**Poder Judicial de Nueva Jersey**
**Tribunal Superior de Nueva Jersey**
**División de Derecho, Parte Civil Especial**
## Procedimientos para Propietarios Inquilinos
Landlord Tenant Procedures

Los siguientes procedimientos corresponden en los casos en que un propietario está tratando de desalojar a un inquilino (también conocido como "lockout" o cierre). Dedíquele tiempo a leer esta información y visite la página web del Poder Judicial en njcourts.gov para obtener más información sobre las reglas y procedimientos para propietarios e inquilinos. Tanto los propietarios como los inquilinos pueden hacer preguntas al personal judicial en cualquier momento durante el proceso, pero el personal judicial *no puede* proporcionar consejos legales.

1. **Denuncia presentada y entregada**

   El propietario tiene que presentar una denuncia, una citación, una declaración informativa del propietario, llamada en inglés Landlord Case Information Statement (LCIS), copia del contrato de arrendamiento (o, si el contrato de arrendamiento tiene más de 10 páginas, las partes pertinentes del contrato), la declaración de registro, si corresponde, y la Certificación del contrato de arrendamiento y de la declaración de registro. Esos documentos explicarán por qué el propietario trata de desalojar al inquilino (a los inquilinos) y se le entregarán al inquilino (a los inquilinos).

   Los inquilinos tienen que llenar una declaración informativa sobre el caso, llamada en inglés Tenant Case Information Statement (TCIS). La TCIS explicará la posición del inquilino. El inquilino debe presentarla al tribunal por vía electrónica (o por correo) lo antes posible después de recibida la demanda, de lo contrario será requerida en el juicio.

   Los formularios judiciales, tanto para los propietarios como para los inquilinos, están disponibles en njcourts.gov bajo el título "Forms Catalogue" (Catálogo de Formularios).

2. **Conferencia de conciliación**

   Antes de ser enviados al juicio, se le pedirá al propietario y al inquilino que hablen entre sí para tratar de conciliar su causa. Un personal judicial neutral y capacitado ayudará a ambas partes a intentar resolver su caso. Si el caso no se resuelve antes del juicio, el caso se llevará a juicio ante un juez. *Ni el propietario ni el inquilino tiene la obligación de llegar a un acuerdo en su causa y ambos tienen derecho a un juicio.*

3. **Acuerdos de conciliación**

   Si tanto el propietario como el inquilino llegan a un acuerdo en su causa, el juez o el personal judicial repasará las condiciones del acuerdo de conciliación. Algunos acuerdos requerirán que el juez los repase y apruebe y algunos también requerirán que el propietario y el inquilino testifiquen sobre las condiciones del acuerdo para que consten en las actas de una audiencia pública. Todos los acuerdos de conciliación se escribirán (o constarán en las actas), con copia para proporcionárselas a las partes, y para añadirlas al archivo electrónico del tribunal.

Procedimientos para Propietarios/Inquilinos

Si usted llega a un acuerdo en su causa, tenga en cuenta que:

- Debe llegar a un acuerdo solamente si le resultan aceptables las condiciones. Ambos, el propietario y el inquilino, tienen que aceptar las condiciones para que haya una conciliación.

- El personal judicial puede proporcionar un formulario de acuerdo que se puede llenar virtualmente (por video) o en persona. Si se completa en persona, el acuerdo firmado se le debe entregar al tribunal.

- El personal judicial también puede proporcionar formularios para cualquier certificación del propietario o del abogado del propietario o de ambos.

- La redacción del formulario de acuerdo se puede cambiar según las condiciones que se hayan acordado.

- Asegúrese que usted comprende las palabras del acuerdo porque si usted es un inquilino y acepta que se asiente un fallo de posesión y no cumple con las condiciones del acuerdo de conciliación, puede ser desalojado/a.

- Cualquier acuerdo que diga que se asentará o que es posible que se asiente un fallo de posesión tiene que ser aprobado por un juez si el inquilino que reside en la vivienda no tiene abogado.

## 4. Juicio

Si usted es un inquilino y no está de acuerdo con lo que afirma el propietario, tal como la cantidad de alquiler que se debe, usted tiene derecho a explicar su posición en el juicio. La mayoría de los juicios se celebrarán en persona. En algunos casos, el juicio podrá celebrarse virtualmente, por vídeo, si se obtiene la aprobación previa del tribunal. Si el inquilino no comparece, el caso se puede marcar "DEFAULT" [*en rebeldía*]. Eso significa que el propietario puede solicitar un fallo en contra del inquilino y el inquilino puede ser desalojado si se otorga el fallo. Si el propietario no comparece, el caso puede ser "DISMISSED" [*desestimado*]. Eso significa que el caso no continuará.

## 5. Asiento de un Fallo de Posesión

Al terminar el juicio, o cuando el inquilino no comparece para el juicio y el propietario prueba su causa, el juez asentará un fallo de posesión. Un fallo de posesión es un documento por escrito que contiene el resultado de la causa y explica el fundamento para la decisión del juez. El fallo de posesión también explica los próximos pasos en el proceso.

Cuando el juez asienta un fallo de posesión, el juez le está otorgando al propietario el derecho legal a la posesión de la propiedad alquilada. Esto puede ocurrir si el propietario puede probar su caso el día del juicio, si el inquilino no comparece y el caso se marca "DEFAULT" [*en rebeldía*] o si el propietario y el inquilino aceptan que se asiente un fallo de posesión.

6. **Solicitud y emisión de una orden de desalojo**

Después que se haya anotado un fallo de posesión, el propietario puede pedirle al juez que emita una orden de desalojo a un Oficial de la Parte Civil Especial. La orden de desalojo permite que el Oficial de la Parte Civil Especial proceda con el proceso de desalojar al inquilino de la propiedad alquilada. La orden de desalojo no se puede emitir antes de tres (3) días laborales de la anotación del fallo de desalojo. Un Oficial de la Parte Civil Especial es la persona que notifica (entrega) la orden de desalojo al inquilino.

7. **Notificación de la orden de desalojo**

La orden de desalojo la tiene que notificar el Oficial de la Parte Civil Especial entregándosela al inquilino en persona o poniéndola en la puerta de la propiedad alquilada.

8. **Ejecución de la orden de desalojo/Desahucio**

Tres (3) días laborales después de notificada la orden de desalojo, un propietario puede pedir que un Oficial de la Parte Civil Especial regrese por segunda vez a la propiedad residencial alquilada para *que se ejecute la orden de desalojo* exigiendo que el inquilino desocupe el sitio y permita que el propietario cambie las cerraduras. En ese momento se completa el desalojo (lockout/cierre).

**NOTA**: **Los propietarios no pueden desalojar a los inquilinos ellos mismos. Los Oficiales de la Parte Civil Especial son los *únicos* autorizados para desalojar a los inquilinos. No se puede desalojar a los inquilinos los fines de semana ni los días feriados.**

# Desalojos ilegales

Un propietario no puede desalojar a los inquilinos de una propiedad alquilada, solo un Oficial de la Parte Civil Especial puede llevar a cabo un desalojo. Para que un Oficial de la Parte Civil Especial pueda desalojar a un inquilino, el propietario tiene que obtener del juez primero un fallo de posesión y después una orden de desalojo. ***Es ilegal que el propietario obligue a salir a un inquilino porque ha cambiado las cerraduras, puesto candados en las puertas, o desconectado el gas, el agua o la electricidad.*** Los propietarios solo pueden sacar las pertenencias de un inquilino después de un desalojo según lo permita la ley sobre la propiedad abandonada de un inquilino *Abandoned Tenant Property Act* N.J.S.A 2A:18-72 (a menos que el contrato de arrendamiento no residencial lo disponga de otro modo).

Los inquilinos a los que se les ha cerrado ilegalmente el acceso a su vivienda deben llamar a la policía. La Oficina del Procurador General de Nueva Jersey ha comunicado orientación sobre los cierres ilegales y el papel de las agencias del orden público para prevenirlos. Hay más información a su disposición en el siguiente enlace: https://nj.gov/oag/dcj/agguide/directives/ag-Directive-2021-2_Illegal_Evictions.pdf

Los inquilinos a los que se les haya cerrado ilegalmente el acceso a la propiedad alquilada también pueden presentar una demanda civil en el tribunal del condado. Para obtener más información sobre los desalojos ilegales (lockouts), visite njcourts.gov.

Procedimientos para Propietarios/Inquilinos

# Otras opciones después de anotado un fallo de posesión

1. **Un acuerdo.** Después de anotado un fallo de posesión, el inquilino y el propietario todavía pueden tratar de llegar a un acuerdo para detener el desalojo. Si llegan a un acuerdo, el propietario y el inquilino deben poner el acuerdo por escrito y se puede presentar una copia del acuerdo al tribunal.

2. **El pago de todo el alquiler vencido y adeudado.** Según la ley, el inquilino de una residencia puede pagar todo el alquiler vencido y adeudado más los costos apropiados hasta tres (3) días laborales después del desalojo. El dueño tiene que aceptar ese pago y/o cooperar con un programa de ayuda con el alquiler o con una organización benéfica confiable que se haya comprometido a pagar el alquiler.

3. **Solicitud de amparo al juez.** Un inquilino puede solicitar una protección judicial al tribunal. Para hacerlo, el inquilino tiene que presentar:

    a. Una solicitud para un traslado ordenado en la que pida hasta siete (7) días calendario más para mudarse, si existe un buen motivo;

    b. Un pedimento en el que solicite que se desestime con prejuicio la acción por falta de pago del alquiler debido a que el inquilino de la residencia pagó todo el alquiler vencido y adeudado más los costos apropiados, o porque el propietario rehusó aceptar el pago del inquilino de la residencia dentro de los tres (3) días laborales siguientes al desalojo; o una orden para que se presente fundamentación jurídica debido a que el propietario rehusó colaborar con un plan de ayuda con el alquiler o con una organización benéfica confiable que se ha comprometido a pagar el alquiler; y/o

    c. Una solicitud de estancia por dificultades (*stay*), la cual retrasará el desalojo sobre la base de una falta de otros alojamientos. Este retraso no puede ser más de seis (6) meses a partir del asentamiento del fallo de posesión y el inquilino tendrá que pagar todo el alquiler y los costos apropiados.

Un inquilino también puede presentar un pedimento según la Regla 4:50-1 pidiendo que el fallo de posesión se rescinda (se revoque) y se desestime la demanda, si el inquilino puede mostrar un motivo justificado, tal como un error o negligencia excusable, fraude, representación falsa u otra conducta indebida por una parte contraria, una prueba recién descubierta o cualquier otra razón que justifique una protección contra el fallo de posesión. Para obtener más información visite la página de propietarios e inquilinos en njcourts.gov.

Póngase en contacto con la Oficina de la Parte Civil Especial lo antes posible para solicitar cualquiera de lo anterior. Visite njcourts.gov y busque el "Directory of Superior Court Special Civil Part Offices".

Procedimientos para Propietarios/Inquilinos

# Recursos disponibles

Ayuda para Vivienda, Servicios legales y Servicios públicos. El personal del tribunal puede darles a las partes una lista de agencias que es posible que puedan ayudar con el alquiler, un albergue temporal, o servicios legales.

El Departamento de Asuntos Comunitarios (DCA) dispone de información sobre programas de ayuda legal, de alquiler y otro tipo de programas de asistencia disponibles en línea en https://www.nj.gov/dca/divisions/dhcr/.

También hay información sobre recursos legales disponible en njcourts.gov. También puede ponerse en contacto con los servicios legales de Nueva Jersey (*Legal Services of New Jersey*) llamando a la línea directa: 1-888-576-5529. ay un Manual de los Servicios Legales de Nueva Jersey sobre los derechos de los inquilinos (*LSNJ Tenant´s Rights Manual*) disponible en: https://proxy.lsnj.org/rcenter/GetPublicDocument/Sites/LAW/Documents/Publications/Manuals/TenantsRights.pdf

Es posible que el Defensor del Pueblo de su condado pueda proporcionarle información sobre las organizaciones y los recursos que pueden estar disponibles en su condado. Visite njcourts.gov busque el "Ombudsman Directory" .

Si tiene preguntas o asuntos adicionales relacionados con la información anterior, sírvase enviar un correo electrónico a Hudscplt.mbx@njcourts.gov o llame a la Oficina de la Parte Civil Especial al 201-748-4400 ext.60028.Tenga en cuenta que el personal del Poder Judicial no puede dar consejos legales.