# EXHIBIT N

ⓘ Cited
As of: April 18, 2024 11:09 PM Z

## *Health Prof'l & Allied Emples. AFT/AFL-CIO v. MHA, LLC*

United States District Court for the District of New Jersey

December 21, 2017, Decided; December 21, 2017, Filed

Civil Action No. 17-13301 (JMV)

**Reporter**

2017 U.S. Dist. LEXIS 210706 *; 2018 L.R.R.M. 459033; 2017 WL 6550488

HEALTH PROFESSIONALS & ALLIED EMPLOYEES AFT/AFL-CIO, Plaintiffs, v. MHA, LLC, doing business as MEADOWLANDS HOSPITAL MEDICAL CENTER, Defendant.

**Notice:** NOT FOR PUBLICATION

## Core Terms

Arbitrator's, temporary restraining order, preliminary injunction, injunction, irreparable

**Counsel:** **[*1]** For HEALTH PROFESSIONALS & ALLIED EMPLOYEES AFT/AFL-CIO, Petitioner: EMMA REBECCA REBHORN, LEAD ATTORNEY, Health Professionals & Allied Employees, AFT/AFL-CIO, Emerson, NJ.

**Judges:** John Michael Vazquez, United States District Judge.

**Opinion by:** John Michael Vazquez

## Opinion

### OPINION AND ORDER

### John Michael Vazquez, U.S.D.J.

On December 19, 2017, Plaintiff Health Professionals & Allied Employees AFT/AFL-CIO ("Plaintiff) filed a Complaint against Defendant MHA, LLC, doing business as Meadowlands Hospital Medical Center ("Defendant") (D.E. 1). On December 20, 2017, Plaintiff filed this emergency motion for order to show cause with temporary restraints, to be converted to a preliminary injunction (D.E. 2). Plaintiff included a certificate of service indicating that the motion was electronically mailed to the General Counsel of Defendant as well as

the attorney who had been representing Defendant in the underlying arbitration proceeding. Defendant's attorney, however, contacted the Court and indicated that he was no longer representing Defendant. Plaintiffs attorney then called Defendant's General Counsel and left a voicemail. The General Counsel did not respond to either the electronic mail or the voice mail. No person representing **[*2]** Defendant appeared on a scheduled conference call on December 21, 2017. Thus, while it appears that Defendant has actual notice of this matter, the Court nevertheless considers this motion under the requirements of *Federal Rule of Civil Procedure 65(b)(1)* for issuing a temporary restraining order without notice.

For the reasons stated below, Plaintiff's motion for a temporary restraining order pursuant to *Rule 65* is **GRANTED**. Defendant shall be temporarily restrained from dissipating its assets, regardless of the assets' source (including monies from the anticipated sale of the hospital), below $273,935.18. In other words, Defendant must preserve $273,935.18 of its assets (regardless of source). The temporary restraining order shall expire on January 4, 2018 at 2 pm, at which time this Court will hold a hearing on Plaintiff's motion for a preliminary injunction.

### I. FACTUAL BACKGROUND[1]

Plaintiff, a labor union, and Defendant, a hospital, were parties to collective bargaining agreements (CBAs) concerning a registered nurse unit, a technical unit, and a service unit. This matter concerns the registered nurse and technical unit. On June 18, 2014, Plaintiff filed a grievance against Defendant alleging violations of the CBAs that adversely **[*3]** impacted Plaintiff's members. Compl. ¶ l8.

Pursuant to the CBAs, Plaintiff and Defendant entered

_____

[1] The factual background is taken from Plaintiff's Complaint. D.E. 1.

into arbitration proceedings before Arbitrator Michael Pecklers, Esq. (the "Arbitrator"). The Arbitrator issued an Opinion and Award in favor Plaintiff's members on January 11, 2017. Compl. ¶ 23. The Arbitrator ruled, in part:

> THE GRIEVANCE IS SUSTAINED. THE HOSPITAL SHALL CEASE AND DESIST FROM ITS FAILURE TO ADVANCE EMPLOYEES OF THE RN AND THE TECHNICAL UNIT VERTICALLY ON THE STEPS OF THE SALARY GUIDES. ALL EMPLOYEES SHALL BE IMMEDIATELY PLACED ON THE CORRECT STEP, COMMENCING WITH THE YEAR AFTER THE WAGE FREEZE. BACK PAY IS AWARDED, RETROACTIVE TO TEN (10) DAYS PRIOR TO THE FILING OF THE INSTANT GRIEVANCE ON JUNE 18, 2014, WHICH SHALL BE SUBJECT TO INTEREST AT THE RATE PROVIDED IN NEW HORIZONS, *283 NLRB 1173 (1987)* AND COMPOUNDED ON A DAILY BASIS AS PRESCRIBED BY KENTUCKY RIVER MEDICAL CENTER, *356 NLRB 6 (2010)*. THIS MATTER IS REMANDED TO THE PARTIES FOR ENFORCEMENT, CONSISTENT WITH THE FOREGOING GUIDANCE. JURISDICTION IS RETAINED, SOLELY TO ADDRESS ANY REMEDIAL ISSUES IN THE EVENT THE SUBSEQUENTLY ARISE. THIS CONSTITUTES THE ENTIRE AWARD IN THIS CASE.

Compl. ¶ 28.

Plaintiff further claims that although Plaintiff has demanded that Defendant comply with the Arbitrator's Opinion and Award on multiple occasions since January 11, 2017, Compl. ¶ 29, Defendant has not done so, Compl. **[*4]** ¶¶ 32-33. Defendants have not contested, attempted to modify, nor attempted to vacate the Arbitrator's Opinion and Order. Compl. at ¶ 2.

Plaintiff filed this motion in light of the imminent sale of Defendant's hospital. According to Plaintiff, Defendant entered into an asset purchase agreement for the sale of its Meadowlands Hospital Medical Center on May 9, 2016. Compl. ¶ 36. On December 15, 2017, the acting Commissioner of Health approved the sale of the hospital and transfer of the license to operate the hospital to the third party buyer. Compl. ¶ 40. Plaintiff states that it was informed by Defendant that the sale of the hospital and transfer of the license are scheduled to occur on December 22, 2017. Compl. ¶ 42. II. ANALYSIS

This motion typifies an inherent conflict in the relevant labor laws. As the Third Circuit has observed:

> Underlying the issues in this action is a conflict between two fundamental policies embodied in our national labor laws: 1) the policy against judicial interference in labor disputes, *29 U.S.C. §§ 101-15 (1982)*; and 2) the promotion of the peaceful resolution of labor disputes through voluntary arbitration, *29 U.S.C. § 172(d) (1982)*. These policies conflict where, as in this case, intervention **[*5]** of the federal courts is sought to ensure that one party, through its actions, does not frustrate the dispute resolution process voluntarily agreed upon by both parties to the collective bargaining agreement."

*Nursing Home & Hosp. Union No. 434 AFL-CIO-LDIU by Mackson v. Sky Vue Terrace, Inc., 759 F.2d 1094, 1096 (3d Cir. 1985)* (citing cases). "To establish that an order enjoining employer conduct is necessary to ensure that the arbitral process will not be frustrated, the party seeking the injunction must prove not only that the underlying disputes are arbitrable, but that the traditional requirements of injunctive relief—probability of success on the merits, irreparable injury, and a balance of hardships—support the award." *Sky Vue Terrace, 759 F.2d at 1098* (citing cases).

Accordingly, in order to determine whether a preliminary injunction should issue, a district court must consider four factors: "(1) the plaintiff shows that it is likely to succeed on the merits; (2) the plaintiff establishes that it is likely to suffer irreparable harm absent issuance of the injunction; (3) the balance of equities does not disfavor granting an injunction; and (4) public interest concerns do not outweigh the interests advanced by issuance of the injunction." *Fres-co Sys. USA, Inc. v. Hawkins, 690 F. App'x 72, 75 (3d Cir. 2017)* (internal citation omitted). The same factors are used to **[*6]** determine a motion for a temporary restraining order. *Fed'n of State Massage Therapy Boards v. Acad. of Oriental Therapy, LLC, 2013 U.S. Dist. LEXIS 156438, 2013 WL 5888094, at *1 (D.N.J. Oct. 28, 2013)* ("The decision to issue a preliminary injunction and/or temporary restraining order is governed by the same four-factor test."). Here, the Court finds that these factors militate strongly in favor of issuing a temporary restraining order.

The Court first finds that Plaintiff has shown a reasonable likelihood of success on the merits of their claim, especially in light of Defendant's failure to contest

the Arbitrator's Opinion or Order, as well as Defendant's failure to attempt to modify or vacate the Opinion or Order. The Court has no indication that Defendant contests the legitimacy of the Arbitrator's Opinion and Award, or the arbitration proceedings themselves.

The Court also finds that Plaintiff has satisfied its burden of showing irreparable harm if the Court were to deny Plaintiff's request for a temporary restraining order. The Arbitrator's Opinion and Award would be rendered futile and frustrate the arbitration process if Defendant could escape its obligation to comply with the Arbitrator's Opinion and Award. *See Sky Vue Terrace, 759 F.2d at 1099* (finding irreparable harm when "[a] complete dissolution and distribution of [defendant's] assets prior to the **[*7]** arbitration . . . would render such an award meaningless, essentially frustrate the arbitration process, and effectively allow [defendant] to escape its contractual promise to arbitrate disputes over interpretation of the collective bargaining agreement"). Here, taking into account that Plaintiff's success in gaining an Opinion and Award in their favor, Defendant's failure to comply with the Arbitrator's decision, as well as the scheduled sale of the hospital on December 22, 2017, Plaintiff has fulfilled its burden to show irreparable harm.[2]

Here, the balance of hardships on Plaintiff and Defendant weigh in favor of the issuance of a temporary restraining order. The Court is not restraining all of Defendant's assets but only those necessary to enforce the Arbitrator's Opinion and Award. On the other hand, Defendant's employees represented by Plaintiff have waited almost one year since the Arbitrator's Opinion and Award. The Court has no indication that the temporary restraint presents more harm to Defendant than the harm to Plaintiff. Accordingly, the Court finds that the balance of hardships weigh in favor of issuing a preliminary injunction. Lastly, the Court **[*8]** finds that it is necessary and in the public interest to issue a preliminary injunction - otherwise the Court runs the risk of allowing turning Plaintiff's arbitral award into a mere "hollow formality." *See Sky Vue, 759 F.2d at 1098*

(finding that "an injunction prohibiting the further distribution of [defendant's] assets was necessary to ensure that an arbitral award in the union's favor was more than a 'hollow formality'" (citation omitted)).

## III. CONCLUSION

For the reasons stated above, and for good cause shown, it hereby

**ORDERED** that Plaintiff's motion for a temporary restraining order pursuant to *Rule 65* is **GRANTED**; it is further

**ORDERED** that Defendant shall be temporarily restrained from dissipating its assets, regardless of the assets' source (and including those from sale of the hospital), below $273,935.18. This temporary restraining order shall expire on January 4, 2018, at 6 p.m.; it is further

**ORDERED** that Plaintiff shall post a security bond of $5,000 in accordance with *Rule 65(c)*; it is further

**ORDERED** that the Court shall hold a hearing on Plaintiff's request for a preliminary injunction on January 4, 2018 at 2 p.m. Defendant shall file any opposition on or before December 28, 2017. Plaintiff shall file any reply on **[*9]** or before January 3, 2017.

Dated: December 21, 2017

Time: 5:31 p.m.

/s/ John Michael Vazquez

John Michael Vazquez, U.S.D.J.

---

**End of Document**

---

[2] In *Sky Vue Terrace*, the Third Circuit upheld a preliminary injunction on the dissipation of an employer's assets when the employer began to sell its assets *before* the arbitration process had begun. *759 F.2d at 1099*. Here, Plaintiff presents an even stronger case in favor of a temporary restraining order. Plaintiff has already gone to arbitration against Defendant and won, and Defendant has failed to comply with the Arbitrator's Opinion and Award for almost one calendar year.