# EXHIBIT 2



*Derek Reed | Partner*
direct: (973) 854-6710
dreed@EPGPRlaw.com

January 19, 2024

**Via Email (seang@jcnj.org)**
**City of Jersey City Municipal Council**
**City Hall**
**280 Grove Street**
**Jersey City, NJ 07305**

    **Re:    City of Jersey City Municipal Council Meeting of January 10th - Portside Towers**

Dear Councilmembers:

    We write on behalf of Equity Residential Management and The Towers at Portside Urban Renewal Company (together, "Equity Residential") to address the statements made during the January 10, 2024, meeting of the City of Jersey City Municipal Council. While we appreciate that frank and open discussion is essential to the healthy functioning of any governing body, we were troubled by certain statements of the Council which indicate a fundamental misunderstanding of certain facts relating to our client and the management of Portside Towers. Moreover, we hope the Council will understand that regardless of the current dispute and litigation, Equity Residential has been and remains committed to its residents and compliance with Jersey City's laws. Please accept this letter as our client's response to those statements to clarify the record so that all parties can move forward with a complete understanding of the facts.

    The November 3rd decision of the Jersey City Rent Leveling Board (the "Board") directed the Jersey City Bureau of Rent Leveling (the "Bureau") to recalculate the rents for over 500 apartments at Portside Towers using a six (6) year lookback period. To that end, in a letter dated November 27, 2023, the Bureau requested that our client provide certain documents, including all leases, for every tenant dating back to 2018 by December 23, 2023. On December 14, 2023, our client committed to complying with the Bureau's request to provide thousands of documents, but requested a reasonable extension to January 8, 2024 to respond, which was granted by the Bureau. On January 5, 2024, our client received correspondence from the Bureau requesting an additional year of leases, going back to 2017, and extended the deadline for our client to respond to the Bureau's request for documents to January 19, 2024. As of January 11, 2024 (more than a week before the Bureau's deadline), our client has provided all the information requested by the Bureau, comprised of several thousand documents, to the City's attorneys per their instruction. Since the outset, we have expressed our client's intent to comply with the Bureau's requests and its desire to pursue paths where the City and Equity Residential may reach agreements to facilitate the swift, efficient and reasonable resolution to the pending litigation and bring clarity for all involved. In all of our communications, we have consistently offered our assistance and cooperation to the Bureau in connection with rent calculations for the more than 500 units at issue.

Please direct replies to:
60 Park Place, Suite 1016, Newark, NJ 07102
Tel: (973) 643-0040  •  Fax: (973) 596-1781  •  www.EPGPRlaw.com

NEWARK    •    NEW YORK    •    MORRISTOWN

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

January 19, 2024
Page 2


This conduct not only demonstrates that Equity Residential has cooperated with the Bureau's requests, but has done so timely and in good faith, albeit with a full reservation of rights. To suggest otherwise simply is unfair and untrue, and we would be glad to address any questions about our client's production of documents and information and offers of cooperation.

Moreover, although we fully expect that the decision of the Board will be reversed, our client will cap all rent increases in accordance with the Jersey City Rent Control Ordinance (the "Ordinance"), voluntarily and without prejudice to its legal claims, and notwithstanding the pendency of two lawsuits challenging the Board's determination. To the extent that any resident has received an increase in excess of the Ordinance subsequent to the November 3, 2023 decision, that increase will be reduced accordingly and any excess increase which has been paid will be credited to the resident.

Of note, the calculations with which the Bureau has been tasked are extremely complex and time-consuming, and, again, Equity Residential has offered to assist the Bureau in executing this difficult task, notwithstanding its pending challenge of the decision directing those recalculations. This cooperation belies the allegation that our client is acting in bad faith. We submit that any perceived delay in the Bureau's calculations is the result of the breadth and complexity of this task, and our client remains concerned about the Bureau pressing forward with calculations that will likely create further confusion and ultimately be reversed by the federal court.

Despite that a small group of vocal residents may feel differently, Equity Residential cares deeply about its tenant relationships and invests in those relationships so that they are long-standing. Our client sees no benefit to any party for the Bureau to create confusion in circumstances in which a court will soon decide if the Board's decision may stand and if so, whether the City must then follow its own Ordinance's two-year limitation. By way of that example alone, Equity Residential, the tenants' attorney, and the Bureau all currently disagree over the appropriate look-back period. In our view, even assuming the Jersey City rent control ordinance applies, the plain terms of the Ordinance prescribe a two-year "limitations period" (§ 260-7(C)) and thus any potential rent adjustment would be limited to a two-year look-back. In addition, payment of a rental increase "for two consecutive years shall be construed to be an agreed increase." (§ 260-7(D).) The City has identified a look-back period going back to 2018. Meanwhile, the tenants' attorney has written to the City suggesting an interpretation of the Board's November 3rd decision to "mandate" a six-year lookback period, but then argues for a much longer look-back period going all the way back to 1998. We have asked the federal court to determine that, at most, a two-year look-back period applies. Until this fundamental issue is resolved, any calculation of rent adjustments will likely result in a waste of resources and create confusion. Again, notwithstanding these threshold concerns, Equity Residential is cooperating and complying fully with the Board's decision and the law.

While Equity Residential strongly believes that the Board's decision was in error and that its position will ultimately be vindicated, it is likewise committed to behaving fairly and responsibly while the legal process plays out.

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

January 19, 2024
Page 3

 

 

Please do not hesitate to contact us if you have questions or require assistance.  Our client reserves all rights in connection with this proceeding.

Very truly yours,

Derek D. Reed, Esq.

Cc: Peter Baker, Esq. (pbaker@jcnj.org)
    Thomas Slattery, Esq.(tslattery@jcnj.org)
    Eric Bernstein, Esq. (embernstein@embalaw.com)
    Neil Marotta, Esq. (mgclawyers@aol.com)
    Equity Residential Management (via email)