# EXHIBIT 7

# MAROTTA & GARVEY
## Attorneys at Law

**Neil D. Marotta, Esq.**
**Kathleen P. Garvey, Esq.**

**3916 Bergenline Avenue,**                                      **Phone:(201)552-9200**
**Suite 2200**                                                   **Fax:(201)552-9204**
**Union City, New Jersey 07087**                                 **E-mail:** mgclawyers@aol.com

April 5, 2024

Via email, Certified Mail R.R.R. and
Regular Mail

Eric M. Bernstein, Esq.
Eric M. Bernstein & Associates, LLC
34 Mountain Blvd building a
Warren, NJ 07059

      Re:    Richardson Letter of March 19, 2024 and Reed Letter of March 27, 2024

Dear Mr. Bernstein:

Please be advised, this office, along with McLaughlin & Stern, and Eric J. Nemeth, P.C., represent the above Tenants Associations. We submit this letter in response to Mr. Reed's letter dated March 27, 2024, so that your office, the Rent Board ("RLB") and Rent Leveling Bureau ("Bureau") understand the correct and accurate application of the Jersey City Rent Control Ordinance ("Ordinance"). Mr. Reed infers that Jersey City's Corporation Counsel were not aware of Mr. Richardson's letter dated March 19, 2024. It is not possible that Mr. Richardson's letter was written without the knowledge nor advice of counsel.

Although Portside and Equity (collectively "Owners") may have cooperated with the Bureau regarding the production of documents, they have intentionally failed to abide by the direction of the RLB. The RLB specifically directed the Bureau to obtain documents dating *6 years prior* to the first Illegal Rent Petition from each building. For 100 Warren the first Petition was received on June 25, 2022; for 155 Washington it was received on May 31, 2022. While the Bureau may have failed to properly convey these requirements to the Owners, it remains the Owners' responsibility to fully comply with the RLB's decision and provide all necessary documentation. The Owners' failure to do so, regardless of the Bureau's instructions, demonstrates a lack of good faith and a disregard for the RLB's authority. The RLB's decision is binding. All parties, including the Owners and the Bureau are bound. All Parties acknowledge that there was no stay of this decision, however, throughout these proceedings, the Owners continue to disregard the ruling, thereby undermining the integrity of the rent control system.

Mr. Reed continuously states, as in prior letters, that his clients continue to abide by the law. The facts disclose otherwise. The Ordinance is clear – an Owner must file a rent roll, in a specified form and comply with the Landlord Identity Disclosure requirements. Equity has failed

Eric M. Bernstein, Esq.
Page 2

to do either. Query – how can Portside increase rents, which they have attempted to do regularly following the RLB's November 3, 2023 ruling, when they have not followed the steps clearly delineated by the Ordinance to do so and where the RLB has yet to issue legal rent calculations for each unit?

Relying on Council President Watterman and Corporation Counsel Murphy's comments during the January 10ᵗʰ meeting, are most troubling. First, Ms. Murphy's comments totally disregard the requirements of the Ordinance, as set forth above. Her statement that the Owner can raise rents by 4% cannot supersede the clear language of the Ordinance which **requires** that "[t]he landlord shall register the rent roll with the Rent Leveling Bureau *in order to qualify for any rental increase.*" See, Section 260-3H. Section 260-9E provides further that "[n]o complaint application or *rent roll registration will be deemed filed with the Board unless and until submitted on the Board's official forms and accompanied by all appropriate supporting documents and information and the required filing fees.* The Owners have **never** complied with this requirement.

The Owners have failed to abide by Section 260-3J. Section 260-3J provides that "[T]he landlord shall provide to each tenant a copy of the Truth-In-Renting Statement and subsequent amendments to said statement and *be in full compliance with the landlord identity disclosure provision* contained within the statement *in order to qualify for any rental increase*. The Owners have **never** complied with this requirement.

It is incorrect for counsel to attempt to use Council President Watterman and Corporation Counsel Murphy's comments which create a false impression, confusion or inconsistency in the law. Finally, neither Corporation Counsel Murphy, nor Council President Watterman is the RLB. It is the RLB and Bureau which establish legal rents, not the Council President or Corporation Counsel. Moreover, plain commonsense dictates, **you cannot increase a rent legally, if there is no base rent you are using as the basis for your increase.**

Should Mr. Reed's clients desire to comply with the law, they would stop increasing rents and fees until they meet the filing and notice requirements of the Ordinance and the Bureau announces the base rents. Mr. Richardson should be applauded for taking action in enforcing the Ordinance. The question remains, will he do so? His letter was written weeks ago and still tenants are suffering. Failing to enforce the law is not only counterproductive but it permits the Owners to continue to harm their tenants. A base rent is not required to enforce the law. If the property owner has increased rents in contravention of the Ordinance, the Bureau is within its full rights to enforce the law and should do so. Mr. Reed acknowledges that his client is increasing rents, the Bureau should stop this abuse.

Throughout the balance of his letter, Mr. Reed attempts to rehash the issues presented to the Board. The fact is that the RLB has already made its decision. Although it is recognized that Porside/Equity and the Associations are contesting the validity of the RLB's decision for one or more reasons, the Parties' will pursue their remedies in the courts. In the meantime, it is now time for the Bureau to act on that decision and enforce the Ordinance, both by calculating a base rent and by investigating and issuing notices of violation, for violating the Rent Control Ordinance, by

Eric M. Bernstein, Esq.
Page 3

the continued increase of rents. Any excuse that the recalculation should not occur as directed by the RLB because of the pending litigation, cannot be countenanced.

The Owners' position is to dissuade the tenants and other critics from creating publicity around the nature of their conduct. It is a clear attempt to create confusion, muddy the waters, distract from the core issues at hand and attack the Bureau for doing what it is legally obligated to do. The Jersey City Rent Control Ordinance is clear, well-established, and fully enforceable, and any attempt to suggest otherwise is a disservice to the tenants of Portside Towers and to the tenants of Jersey City.

Finally, Mr. Reed has continued to offer his clients' assistance in calculating the rents. It is disturbing that the party who drastically increased rents, irrespective of rent control, and while continuing to flaunt the requisite Ordinance filing requirements, wants to be involved in the initial calculation process. Upon receipt of the calculations, the parties will be able to review the determination of the Bureau, as should be. While we do not see the need for either side to assist in the recalculation process, and strongly believe that the recalculations must be undertaken independently by the Bureau, should the Bureau or City wish for assistance in the calculation of the rents, we request that all relevant parties (including the undersigned) be included, pursuant to a pre-established process, with appropriate notice to all affected parties.

Very truly yours,

Neil D. Marotta

NDM:n

Cc:    Derek Reed, Esq. (via email)
       Mollie Lustig Hartman, Esq.
       Eric J. Nemeth, Esq.
       Clients