# EXHIBIT 10



*Derek Reed | Partner*
direct:  (973) 854-6710
dreed@EPGPRlaw.com

April 26, 2024

Via Email (enemeth@ejcounsel.com)
Eric J. Nemeth, Esq.
Eric J. Nemeth, P.C.
55 Madison Avenue, Suite 400
Morristown, NJ 07960

Via Email (mlustig@mclaughlinstern.com)
Mollie Hartman Lustig, Esq.
McLaughlin & Stern, LLP
1 Elm Street, Suite 2
Westfield, NJ 07090

Via Email (embernstein@embalaw.com)
Eric M. Bernstein, Esq.
Eric M. Bernstein & Associates, LLC
34 Mountain Boulevard, Bldg. A
P.O. Box 4922
Warren, NJ 07059

Re:    ***The Towers at Portside Urban Renewal Company, L.L.C. and Equity Residential Management, LLC, v. The City of Jersey City and the City of Jersey City Rent Leveling Board*, Case No: 2:23-cv-22291-MCA-JRA**

Dear Counsel:


This letter is sent in response to Tenants' motion for a temporary restraining order, (Dkt. 34-1), for the purpose of seeking to resolve or narrow by agreement the issues raised by that motion.

Portside opposes the Tenants' motion.  Portside also notes that the motion contains unfair assertions about Portside's rent amounts and purported eviction of tenants, as detailed below.  Nonetheless, Portside agrees that to avoid needless confusion about the rents to be paid during the pendency of this case, it would be appropriate to preserve the status quo until the Court's resolution of the underlying merits.  Because of the Rent Leveling Board's ("Board") decision at issue, the amount of rent that Portside may charge each resident is currently disputed, which creates uncertainty for Portside with respect to the rents it may assess, and uncertainty for residents with respect to the rents they must pay.  Without a status quo order, all parties face not only needless uncertainty but needless risk, including risk associated with the City's unfounded threat to seek criminal penalties based on Portside collecting rents that the tenants have previously agreed to pay.

Please direct replies to:
60 Park Place, Suite 1016, Newark, NJ 07102
Tel:  (973) 643-0040  •  Fax:  (973) 596-1781  •  www.EPGPRlaw.com

NEWARK    •    NEW YORK    •    MORRISTOWN

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

April 26, 2024
Page 2

In their motion, the Tenants erroneously assert that Portside, after the Board's decision, raised rents for certain residents above the annual 4% or CPI rent control cap and may pursue evictions for those who question or withhold their rents. (*See* Dkt. 34-1 at 1-3, 8-13.)  Neither assertion is true.  As Portside has communicated to both Jersey City (the "City") and residents, since the Board's decision, Portside has capped annual rent increases consistent with the City's ordinance, while preserving all the tenants' rights and claims to an even lower rent.  For the tower at 100 Warren, Portside has capped annual rent increases in line with the ordinance at all times since September 19, 2022.  For the tower at 155 Washington, Portside has agreed to cap the annual increase at 4% or CPI, whichever is lesser, as is permitted under the ordinance, and has provided a credit for any payment in excess of that amount that was made since the Board's November 3, 2023, decision.  Moreover, while this litigation is pending, Portside has elected to not pursue evictions for any tenant at Portside in relation to a dispute over the amount of rent and, as Tenants note, has unilaterally dismissed any pending eviction for the nonpayment of rent.

As for the Tenants' requested injunctive relief, Portside contends that the status quo should be that which preceded the Board's decision in dispute, with increases thereafter capped by the rent control statute.  Portside is willing to agree to abide by this status quo, even though the Tenants are not entitled to the injunctive relief that they seek.  Specifically, to avoid needless controversy and expense, Portside is willing to agree to, and absent an agreement may request that the Court order, the preservation of the following status quo:

a) Portside residents should continue to pay the rents they paid in November 2023, plus the permitted annual rent control increase (4% or CPI, whichever is less).

b) Portside will place into escrow the difference between the paid rent (with the 4% increase) and the rent that was in effect before the increase.  Those monies would be released in accordance with this Court's determination on the merits.

c) Portside will not pursue evictions based on non-payment of rent as long as residents pay the rent identified in (a) and otherwise comply with the terms of the lease and the law.

d) Portside will forego seeking from the residents any rent increases in excess of the 4% increase until the matter is resolved by the Court but reserves the right to seek lost rent in excess of that amount as damages from the City.

e) This status quo will remain in effect until this Court resolves this on the merits and will not be modified on account of any Board or Bureau decision, except that following any Board or Bureau decision, Tenants may seek to require Portside to

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

April 26, 2024
Page 3

deposit into escrow the difference between rents collected (with the 4% increase) and any lesser rent amount that the Board or Bureau determines appropriate.

The necessity for a status quo order is heightened because the City recently threatened to impose criminal penalties against Portside and its employees if they are found to have charged rent in excess of that authorized by the City's rent control ordinance. The City has made that threat even though the Board and the Rent Leveling Bureau have yet to determine the amount that the City contends is the correct level of base rent. Portside seeks the City's agreement that it will not pursue criminal or other penalties if Portside complies with an agreed status quo order and/or a status quo order entered by the Court. Absent such an agreement, Portside would seek that protection through a further order from the Court. As Portside has already informed the City, any criminal prosecution under these circumstances would violate the Due Process Clause. *See, e.g.*, *Johnson v. United States*, 576 U.S. 591, 602 (2015) (noting that a "law prohibiting grocers from charging an 'unjust or unreasonable rate,'" without stating what the rate ceiling was, violated Due Process Clause) (citing *United States v. L. Cohen Grocery Co.*, 255 U.S. 81 (1921)).

If the parties are unable to negotiate an agreed order preserving the status quo, Portside would plan to present its position in a response to the Tenants' motion and through a potential accompanying cross-motion. Accordingly, absent a resolution by agreement, Portside proposes the following briefing schedule for such submissions (slightly modified from the usual schedule under the local rules, to accommodate the cross-motion):

- May 6, 2024: Responses to Tenants' motion and Portside's cross-motion for relief;
- May 20, 2024: Reply in support of Tenants' motion and Tenants' response to Portside's cross-motion; and
- May 27, 2024: Reply in support of Portside's cross-motion.

We look forward to hearing from each of you and would welcome scheduling a call to further discuss these matters.

Very truly yours,

Derek D. Reed, Esq.

cc: Andrew W. Vail, Esq. (via email)