

*Derek Reed | Partner*
direct:  (973) 854-6710
dreed@EPGPRlaw.com

July 30, 2024

**VIA ECF**
The Honorable Magistrate Judge Jose Almonte
United States District Court for the District of New Jersey
Frank R. Lautner U.S. Post Office & Courthouse Building
2 Federal Square
Newark, New Jersey 07102

Re:    *The Towers at Portside Urban Renewal Company L.L.C., et al. v. The City of Jersey City, et al.*  Case No. 2:23-cv-22291-MCA-JRA

Dear Judge Almonte:

We represent Plaintiffs (collectively, "Portside") in the referenced matter and submit this letter regarding the tenant Intervenors' (the "Tenants") pending motion to intervene (Dkt. No. 29), which was referred to Your Honor for review.  We have also copied Judge Cox Arleo on this correspondence given the Tenant's letter of July 29 (Dkt. No 51) to Judge Cox Arleo relative to their motion to intervene.

Portside consents to the Tenants' intervention as plaintiffs—but not as defendants—in this matter.  The City and the Board consent to the Tenants appearing as plaintiffs, which Portside proposes, or as defendants, which Portside opposes.  District courts are permitted to impose "appropriate conditions or restrictions" on intervention to ensure the "efficient conduct of the proceedings."  Fed. R. Civ. P. 24(a).  Such conditions are appropriate here. As Portside explained in its response to the Tenants' motion to intervene (Dkt. No. 32)—to which Portside respectfully refers this Court—the Tenants are bringing a declaratory judgment action to challenge certain aspects of the Board's decision and Portside consents

Please direct replies to:
60 Park Place, 18th Floor, Newark, NJ 07102
Tel: (973) 643-0040 • Fax: (973) 596-1781 • www.EPGPRlaw.com

NEWARK    •    NEW YORK    •    MORRISTOWN

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

July 30, 2024
Page 2

to their participation in this matter to do so.  However, there is no basis under Federal Rule 24 for the Tenants to appear as defendants.

First, the City and Board are the only appropriate defendants to Portside's claims for violations of its rights under the U.S. and New Jersey constitutions and New Jersey law and those two defendants are "adequately represented" by their current counsel.  Dkt. No. 32 citing Fed. R. Civ. P. 24(a)(2).  The Tenants have not overcome the presumption that the government defendants will adequately defend against Portside's claims, let alone have they made "a compelling showing to the contrary." *Id.* citing *Pennsylvania Gen. Energy Go. v. Grant Twp.*, 658 F. App'x 37, 40 (3d Cir. 2016).

Second, permitting the Tenants to intervene as defendants would create unnecessary complications for the efficient adjudication of this case.  As one example, the Tenants assert twenty-two "affirmative defenses" to Portside's claims against the City and the Board, ranging from "estoppel" to "voluntary waiver" to "barred by documentary evidence." (Dkt. No. 29-2 at 34-36.)  These "defenses" are entirely unrelated to the validity of the Board's order, which is the crux of Portside's claims.  Additionally, introducing the Tenants as defendants would likely impede efficient discovery and briefing procedures, including on constitutional and other claims for which the Tenants have no standing as plaintiffs or defendants.

Third, the Tenants and Portside will each have ample opportunity to present their own interests in this litigation while prosecuting their own respective claims as plaintiffs.

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

July 30, 2024
Page 3

Both parties have alleged various claims challenging aspects of the Board's decision, thus both parties are most naturally aligned as plaintiffs against the City and the Board.

Accordingly, Portside consents to the Tenants' intervention in this matter as *plaintiffs*, but not as defendants.  This is the result that aligns most clearly with the rules governing intervention, the posture of the case, and the interests of the parties and the Court.  Portside otherwise respectfully refers this Court to its response to the Tenants' motion for intervention at Docket Number 32 for its full response to Tenants' pending motion.

We appreciate the Court's time and attention to this matter.

Respectfully Submitted,

/s/ *Derek D. Reed*
Derek D. Reed

cc: Hon. Madeline Cox Arleo, U.S.D.J.
    All counsel (via ECF)