**BRITTANY M. MURRAY**
**ACTING CORPORATION COUNSEL**
Philip S. Adelman, Esq.
Assistant Corporation Counsel
Jersey City Law Department
City Hall – 280 Grove Street
Jersey City, New Jersey 07302
(201) 547- 4810
padelman@jcnj.org
Attorney for Defendants the City of Jersey City &
the City of Jersey City Rent Leveling Board

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, L.L.C. AND EQUITY RESIDENTIAL MANAGEMENT, LLC, <br><br> Plaintiffs, <br> v. <br><br> THE CITY OF JERSEY, THE CITY OF JERSEY CITY RENT LEVELING BOARD, AND THE CITY OF JERSEY CITY BUREAU OF RENT LEVELING, <br><br> Defendants, and <br><br> PORTSIDE TOWERS EAST TENANT ASSOCIATION, PORTSIDE TOWERS WEST TENANT ASSOCIATION, KEVIN WELLER, JESSICA BRANN, JOEL ROTHFUS, AND MICHELE HIRSCH, <br><br> Defendant-Intervenors | CIVIL ACTION NO. 2:23-cv-22291(MCA)(JRA) <br><br><br> **ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANTS THE CITY OF JERSEY CITY AND THE CITY OF JERSEY CITY RENT LEVELING BOARD** |

Defendants, the City of Jersey City and the Jersey City Rent Leveling Board (collectively the "Defendants") hereby respond to the Amended Complaint (the "Complaint") asserted by Plaintiffs The Towers at Portside Urban Renewal Company, L.L.C. and Equity Residential Management, LLC (collectively the "Plaintiffs") as follows

## NATURE OF ACTION

1. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 1 of the Complaint and leave Plaintiffs to their proofs. To the extent the allegations contained in paragraph 1 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

2. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 2 of the Complaint and leave Plaintiffs to their proofs. To the extent the allegations contained in paragraph 2 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

3. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 3 of the Complaint and leave Plaintiffs to their proofs. To the extent the allegations contained in paragraph 3 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

4. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 4 of the Complaint and leave Plaintiffs to their proofs.

5. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 5 of the Complaint and leave Plaintiffs to their proofs.

6. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 6 of the Complaint and leave Plaintiffs to their proofs.

7. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 7 of the Complaint and leave Plaintiffs to their proofs.

8. The Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. The Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. The Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. The Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. The Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 15 of the Complaint and leave Plaintiffs to their proofs.

16. The Defendants deny the allegations contained in paragraph 15 of the Complaint except to admit that correspondence and calculations were issued on or about August 7, 2024.

17. The Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. The Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. The Defendants deny the allegations contained in paragraph 19 of the Complaint.

## SUMMARY OF CLAIMS

20. The Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. The Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. The Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. The Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. The Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. The Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 26.

## PARTIES

27. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 27 of the Complaint and leave Plaintiffs to their proofs.

28. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 28 of the Complaint and leave Plaintiffs to their proofs.

29. The Defendants admit the allegations contained in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions except to admit the location of the office of the Rent Leveling Board referenced in paragraph 30 is correct.

31. The allegations in paragraph 30 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions except to admit the location of the office of the Bureau of Rent Leveling referenced in paragraph 30 is correct.

## JURISDICTION AND VENUE

32. The allegations contained in paragraph 32 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 32.

33. The allegations contained in paragraph 32 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 33.

34. The allegations contained in paragraph 32 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 34.

## FACTUAL BACKGROUND

**A.  New Jersey Temporarily Exempts From Rent Control Buildings with Four or More Apartments Constructed after 1987.[1]**

35. The allegations contained in paragraph 35 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 35.

---

[1] The section headings are included to be consistent and the do not constitute an admission of the contents of the section headings. This response to the Complaint does not amount to any admission as to the exhibits attached to or documents referenced in the Complaint.

36. The allegations contained in paragraph 36 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 36.

37. The allegations contained in paragraph 37 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 37.

38. The allegations contained in paragraph 38 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 38.

39. The allegations contained in paragraph 39 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 39.

**B.   Jersey City's Rent Control Scheme.**

40. The allegations contained in paragraph 40 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions except to admit that the City of Jersey City adopted Ordinance 260.

41. The allegations contained in paragraph 41 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 41.

42. The allegations contained in paragraph 42 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 42.

43. The allegations contained in paragraph 43 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 43.

44. The allegations contained in paragraph 44 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 44.

45. The allegations contained in paragraph 45 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 45.

## C.   Portside Towers Is Constructed and First Rented During the Exemption Period.

46. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 46 of the Complaint and leave Plaintiffs to their proofs.

47. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 47 of the Complaint and leave Plaintiffs to their proofs.

48. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 48 of the Complaint and leave Plaintiffs to their proofs.

49. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 49 of the Complaint and leave Plaintiffs to their proofs.

50. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 50 of the Complaint and leave Plaintiffs to their proofs.

51. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 51 of the Complaint and leave Plaintiffs to their proofs.

52. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 52 of the Complaint and leave Plaintiffs to their proofs.

53. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 53 of the Complaint and leave Plaintiffs to their proofs.

54. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 54 of the Complaint and leave Plaintiffs to their proofs.

55. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 55 of the Complaint and leave Plaintiffs to their proofs.

56. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 56 of the Complaint and leave Plaintiffs to their proofs.

57. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 57 of the Complaint and leave Plaintiffs to their proofs.

58. The Defendants deny the allegations contained in paragraph 58 of the Complaint.

**D.    Portside Towers is Treated As Exempt From Rent Control For Many Years.**

59. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 59 of the Complaint and leave Plaintiffs to their proofs.

60. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 60 of the Complaint and leave Plaintiffs to their proofs.

61. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 61 of the Complaint and leave Plaintiffs to their proofs.

62. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 62 of the Complaint and leave Plaintiffs to their proofs.

63. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 63 of the Complaint and leave Plaintiffs to their proofs.

**E.    The Bureau Correctly Finds That Portside Towers Is Exempt From Rent Control.**

64. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 64 of the Complaint and leave Plaintiffs to their proofs.

65. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 65 of the Complaint and leave Plaintiffs to their proofs.

66. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 66 of the Complaint and leave Plaintiffs to their proofs except to admit that a Notice of

the Rent Leveling Bureau Determination dated September 19, 2022 is attached as Exhibit C to the Complaint.

67. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 67 of the Complaint and leave Plaintiffs to their proofs. To the extent the allegations contained in paragraph 67 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions

68. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 68 of the Complaint and leave Plaintiffs to their proofs.  To the extent the allegations contained in paragraph 68 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

69. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 69 of the Complaint and leave Plaintiffs to their proofs.

70. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 70 of the Complaint and leave Plaintiffs to their proofs.

71. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 71 of the Complaint and leave Plaintiffs to their proofs.

72. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 72 of the Complaint and leave Plaintiffs to their proofs.

**F.   The Board Erroneously Finds That Portside Towers Does Not Qualify For the Exemption.**

73. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 73 of the Complaint and leave Plaintiffs to their proofs plaint.

74. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 74 of the Complaint and leave Plaintiffs to their proofs except to admit that the Rent Leveling Board conducted a meeting and issued a determination on or about October 19, 2023.

8

75. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 75 of the Complaint and leave Plaintiffs to their proofs.

76. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 76 of the Complaint and leave Plaintiffs to their proofs except to admit that the Rent Leveling Board issued a determination by way of letter dated November 3, 2023 attached as Exhibit A to the Complaint.

77. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 77 of the Complaint and leave Plaintiffs to their proofs.

78. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 78 of the Complaint and leave Plaintiffs to their proofs.

**G.  The City Initiates Criminal Prosecutions Against Portside Before Informing Portside What Rents Portside May Charge Under the Ordinance and the Board's Decision.**

79. The Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. The Defendants deny the allegations contained in paragraph 80 of the Complaint except to admit that a March 19, 2024 letter signed by the Rent Leveling Administrator is attached as Exhibit E to the Complaint.

81. The Defendants deny the allegations contained in paragraph 81 of the Complaint except to admit that an April 17, 2024 letter from the Defendants' former counsel is attached as Exhibit F to the Complaint.

82. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 82 of the Complaint and leave Plaintiffs to their proofs except to admit that a summons charging "illegal rent increase" is attached as Exhibit G to the Complaint.

83. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 83 of the Complaint and leave Plaintiffs to their proofs except to admit that summonses issued in or about October 2024 against the Plaintiffs were dismissed.

**H.  The Bureau Issues Unlawful And Erroneous Rent Recalculations.**

84. The Defendants deny the allegations contained in paragraph 84 of the Complaint except to admit that rent recalculations were issued on or about August 7, 2024.

85. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 85 of the Complaint and leave Plaintiffs to their proofs.

86. The Defendants deny the allegations contained in paragraph 86 asserting the Defendants exceeded its authority and are without knowledge sufficient to admit or deny all other allegations of paragraph 86 of the Complaint and leave Plaintiffs to their proofs.

87. The Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 88 of the Complaint and leave Plaintiffs to their proofs.

89. The Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. The Defendants deny the allegations contained in paragraph 90 of the Complaint.

**I.  The Board's Decision Creates Irreparable Harm.**

91. The Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. The Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. The Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. The Defendants deny the allegations contained in paragraph 94 of the Complaint asserted against the Defendants and are without knowledge sufficient to admit or deny all other allegations of paragraph 94 of the Complaint and leave Plaintiffs to their proofs.

95. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 95 of the Complaint and leave Plaintiffs to their proofs.

96. The Defendants deny the allegations contained in paragraph 95 of the Complaint.

## COUNT I

**THE BOARD'S DECISION AND THE ORDINANCE VIOLATE THE TAKINGS CLAUSE OF THE U.S. CONSTITUTION AND THE NEW JERSEY CONSTITUTION.**

97. The Defendants repeat each and every response to the allegations contained in paragraphs 1 through 96 within Plaintiffs' Complaint and incorporate each response herein as it set forth at length.

98. The allegations contained in paragraph 98 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 98.

99. The allegations contained in paragraph 99 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 99.

100. The allegations contained in paragraph 100 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 100.

101. The allegations contained in paragraph 101 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 101.

102. The allegations contained in paragraph 102 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 102.

103. The allegations contained in paragraph 103 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 103.

104. The allegations contained in paragraph 104 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 104.

105. The Defendants deny the allegations contained in paragraph 105 of the Complaint.

**A. The Ordinance and the Board's Decision Violate The Takings Clauses By Depriving Portside of its Rights to The Exemption and its Right to Charge Market Rent Without Compensation.**

106. The allegations contained in paragraph 106 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 106.

107. The Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. The allegations contained in paragraph 108 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 108.

109. The allegations contained in paragraph 109 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 109.

110. The allegations contained in paragraph 110 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 110.

111. The allegations contained in paragraph 111 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 111.

112. The Defendants deny the allegations contained in paragraph 112 of the Complaint. To the extent the allegations contained in paragraph 112 may be construed as legal conclusions, the

Defendants are not required to respond and accordingly make no response to such legal conclusions.

113. The Defendants deny the allegations contained in paragraph 113 of the Complaint. To the extent the allegations contained in paragraph 113 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

114. The Defendants deny the allegations contained in paragraph 114 of the Complaint. To the extent the allegations contained in paragraph 114 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

115. The Defendants deny the allegations contained in paragraph 115 of the Complaint. To the extent the allegations contained in paragraph 115 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

**B. The Ordinance Violates the Takings Clause By Diminishing the Value of Portside Towers Without Compensation.**

116. Defendants repeat each and every response to the allegations contained in paragraphs 1 through 115 within Plaintiffs' Complaint and incorporate each response herein as it set forth at length.

117. The Defendants deny the allegations contained in paragraph 117 of the Complaint.

118. The Defendants deny the allegations contained in paragraph 118 of the Complaint. To the extent the allegations contained in paragraph 118 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

119. The Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.  The Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.  The Defendants deny the allegations contained in paragraph 121 of the Complaint.  To the extent the allegations contained in paragraph 121 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

122.  The Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.  The Defendants deny the allegations contained in paragraph 123 of the Complaint.  To the extent the allegations contained in paragraph 123 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

124.  The Defendants deny the allegations contained in paragraph 124 of the Complaint.  To the extent the allegations contained in paragraph 124 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

125.  The Defendants deny the allegations contained in paragraph 125 of the Complaint.  To the extent the allegations contained in paragraph 125 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

126.  The Defendants deny the allegations contained in paragraph 126 of the Complaint.  To the extent the allegations contained in paragraph 126 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

**C.  The Board's Decision And the Ordinance Violate the Takings Clause By Enacting A Physical Taking of Portside's Property.**

127.  The Defendants repeat each and every response to the allegations contained in paragraphs 1 through 126 within Plaintiffs' Complaint and incorporate each response herein as it set forth at length.

128.  The Defendants deny the allegations contained in paragraph 128 of the Complaint.  To the extent the allegations contained in paragraph 128 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

129.  The Defendants deny the allegations contained in paragraph 129 of the Complaint.  To the extent the allegations contained in paragraph 129 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

130.  The Defendants deny the allegations contained in paragraph 130 of the Complaint.  To the extent the allegations contained in paragraph 130 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

**WHEREFORE**, the Defendants demand judgment dismissing the Plaintiffs' Complaint and all claims against them with prejudice, together with interest, costs, fees and such other and further relief as the Court may deem proper.

## COUNT II

**THE ORDINANCE VIOLATES THE DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION AND NEW JERSEY CONSTITUTION.**

131.  The Defendants repeat each and every response to the allegations contained in paragraphs 1 through 130 within Plaintiffs' Complaint and incorporate each response herein as it set forth at length.

15

132.  The allegations contained in paragraph 132 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 132.

133.  The allegations contained in paragraph 133 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 133.

134.  The allegations contained in paragraph 134 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 134.

135.  The Defendants deny the allegations contained in paragraph 135 of the Complaint.  To the extent the allegations contained in paragraph 135 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

136.  The allegations contained in paragraph 136 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 136.

137.  The Defendants deny the allegations contained in paragraph 137 of the Complaint.  To the extent the allegations contained in paragraph 137 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

138.  The Defendants deny the allegations contained in paragraph 138 of the Complaint.  To the extent the allegations contained in paragraph 138 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

139.  The Defendants deny the allegations contained in paragraph 139 of the Complaint.  To the extent the allegations contained in paragraph 139 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

140.  The Defendants deny the allegations contained in paragraph 140 of the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiffs' Complaint and all claims against them with prejudice, together with interest, costs, fees and such other and further relief as the Court may deem proper.

<u>**COUNT III**</u>

**THE ORDINANCE VIOLATES THE CONTRACTS CLAUSE OF THE UNITED STATES CONSTITUTION AND NEW JERSEY CONSTITUTION.**

141.  The Defendants repeat each and every response to the allegations contained in paragraphs 1 through 140 within Plaintiffs' Complaint and incorporate each response herein as it set forth at length.

142.  The allegations contained in paragraph 142 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 142.

143.  The allegations contained in paragraph 143 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 143.

144.  The allegations contained in paragraph 144 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 144.

145. The allegations contained in paragraph 145 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 145.

146. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 146 of the Complaint and leave Plaintiffs to their proofs.

147. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 147 of the Complaint and leave Plaintiffs to their proofs.

148. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 148 of the Complaint and leave Plaintiffs to their proofs.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiffs' Complaint and all claims against them with prejudice, together with interest, costs, fees and such other and further relief as the Court may deem proper.

## COUNT IV

**THE ORDINANCE IS UNLAWFULLY CONFISCATORY UNDER NEW JERSEY LAW**

149. The Defendants repeat each and every response to the allegations contained in paragraphs 1 through 148 within Plaintiffs' Complaint and incorporate each response herein as it set forth at length.

150. The allegations contained in paragraph 150 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 150.

151. The allegations contained in paragraph 151 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 151.

152. The allegations contained in paragraph 152 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 152.

153. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 153 of the Complaint and leave Plaintiffs to their proofs.

154. The Defendants deny the allegations contained in paragraph 154 of the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiffs' Complaint and all claims against them with prejudice, together with interest, costs, fees and such other and further relief as the Court may deem proper.

## COUNT V

### VIOLATION OF N.J.S.A. §2A:42-84.2 AND PREEMPTION BY SAME

155. The Defendants repeat each and every response to the allegations contained in paragraphs 1 through 154 within Plaintiffs' Complaint and incorporate each response herein as it set forth at length.

156. The allegations contained in paragraph 156 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 156.

157. The allegations contained in paragraph 157 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 157.

158. The allegations contained in paragraph 158 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 158.

159.  The allegations contained in paragraph 159 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  The Defendants deny any factual allegation asserted against them in paragraph 159.

160.  The Defendants deny the allegations contained in paragraph 160 of the Complaint.  To the extent the allegations contained in paragraph 160 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

161.  The Defendants deny the allegations contained in paragraph 161 of the Complaint.  To the extent the allegations contained in paragraph 161 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

162.  The Defendants deny the allegations contained in paragraph 162 of the Complaint.  To the extent the allegations contained in paragraph 162 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

163.  The Defendants deny the allegations contained in paragraph 163 of the Complaint.  To the extent the allegations contained in paragraph 163 may be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

**WHEREFORE**, the Defendants demand judgment dismissing the Plaintiffs' Complaint and all claims against them with prejudice, together with interest, costs, fees and such other and further relief as the Court may deem proper.

## COUNT VI

### CLAIM IN LIEU OF PREROGATIVE WRIT

164. The Defendants repeat each and every response to the allegations contained in paragraphs 1 through 163 within Plaintiffs' Complaint and incorporate each response herein as it set forth at length.

165. The allegations contained in paragraph 165 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 165.

166. The allegations contained in paragraph 166 are legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. The Defendants deny any factual allegation asserted against them in paragraph 166.

167. The Defendants deny all of the allegations contained in paragraph 167 together with all subsections of paragraph 167 of the Complaint.

168. The Defendants deny all of the allegations contained in paragraph 168 together with all subsections of paragraph 168 of the Complaint.

**WHEREFORE**, The Defendants demand judgment dismissing the Plaintiffs' Complaint and all claims against them with prejudice, together with interest, costs, fees and such other and further relief as the Court may deem proper.

## COUNT VII

### DECLARATORY JUDGMENT

169. The Defendants repeat each and every response to the allegations contained in paragraphs 1 through 168 within Plaintiffs' Complaint and incorporate each response herein as it set forth at length.

170. The Defendants deny the allegations contained in paragraph 170 of the Complaint. To the extent the allegations contained in paragraph 170 may be construed as legal conclusions, the

Defendants are not required to respond and accordingly make no response to such legal conclusions.

171. The Defendants deny all of the allegations contained in paragraph 171 together with all subsections of paragraph 171 of the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiffs' complaint and all claims against them with prejudice, together with interest, costs, fees and such other and further relief as the Court may deem proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action upon which relief can be granted and Defendants reserve the right to move pursuant to Fed. R. Civ. P. 12 and/or Fed. R. Civ. P. 56 for dismissal with prejudice at any time permitted under the law and the Rules of Court.

## SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to absolute, statutory, qualified immunity and all other applicable immunities as to all claims and allegations asserted against the Defendants.

## THIRD AFFIRMATIVE DEFENSE

The Defendants assert all defenses, privileges, immunities, objections and limitations in defense of Plaintiffs' claims against the Defendants pursuant to all applicable laws, statutes, codes, common law, case law, ordinances and rules including, but not limited to the Municipal Land Use Law (N.J.S.A. 40:55-1 et seq.), The Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-1 to 73, the New Jersey Tort Claims Act (N.J.S.A. 59:1-1, et seq.) as well as N.J.S.A. 59:2-3, N.J.S.A. 59:3-2. Further, the acts complained of by Plaintiffs were and are discretionary acts and exercises of legislative, governmental and/or administrative decision-making and Defendants, are immune therefore under the terms of the Tort Claims Act, N.J.S.A. 59:1-1 et seq. and/or any other Federal and/or State laws, statutes. Codes, ordinances and rules.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and all allegations and acclaims asserted against the Defendants are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint and all claims asserted against the Defendants are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

The Court lacks the subject matter jurisdiction to grant the relief requested by the Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

The Court lacks *in personam jurisdiction*, in whole or in part, to grant the relief requested by the Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

The acts or omissions alleged by the Plaintiffs are due, in whole or in part, to the actions or omissions to the acts of third parties and/or intervenors over whom Defendants had no authority, control and/or discretion.

## NINTH AFFIRMATIVE DEFENSE

The alleged damages, losses and injuries incurred by Plaintiffs are attributable to Plaintiffs' own conduct and/or the conduct of the intervenors.

## TENTH AFFIRMATIVE DEFENSE

The Defendants' Resolutions, Ordinances, decisions and all other actions or omissions of the Defendants are presumed to be valid and reasonable. Municipal actions are presumed to be supported by facts in the record and, absent a showing to the contrary, are assumed to have a rational basis.

23

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' suit is barred due to the Plaintiffs failure to fully comply with the requirements of N.J.S.A. 2A:42-84.1 et seq. and/or the provisions of Chapter 260 of the City of Jersey City Municipal Code.

**TWELFTH AFFIRMATIVE DEFENSE**

All claims, damages, losses and injuries asserted against the Defendants at any time are barred by the doctrines of estoppel, waiver, laches, collateral estoppel and the collateral source rule.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their alleged damages, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Defendants did not breach or owe any duty to the Plaintiffs or any other party to this matter or that become party to this matter subsequent to the date of this document. The Defendants are not the proximate, actual or direct cause of any injuries, losses or damages allegedly incurred by Plaintiff or any other party.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The conduct of the Defendants was reasonable under all circumstances and the Defendants complied with all applicable laws and acted in good faith in connection with the execution of the laws of the State of New Jersey and any other applicable laws.

**SIXTEENTH AFFIRMATIVE DEFENSE**

All claims, damages, losses and injuries asserted against the Defendants at any time arise out of the conduct and actions of intervening and superseding causative factors and events over which the Defendants had no control or involvement.

### SEVENTEENTH AFFIRMATIVE DEFENSE

All claims, damages, losses and injuries asserted against the Defendants at any time are barred because they are not pled with proper specificity

### EIGHTEENTH AFFIRMATIVE DEFENSE

All claims asserted against the Defendants are meritless and frivolous in violation of Fed. R. Civ. P. 11.

### NINETEENTH AFFIRMATIVE DEFENSE

The Defendants reserve the right to amend this answer and/or assert additional affirmative defenses as may become apparent or necessary as a consequence of discovery or otherwise. Furthermore, all of the Defendants' Affirmative Defenses asserted herein are hereby deemed applicable to any cross-claims or third party claims asserted against them by any other party at any time.

### CROSS-CLAIM FOR CONTRIBUTION

The Defendants demand contribution from all Intervenors, co-defendants, third parties and any and all other defendants, persons, entities or parties brought into this action subsequent to the date of this document pursuant to, but not limited to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. together with all other applicable laws, statutes, rules, codes, regulations and ordinances.

### CROSS-CLAIM FOR INDEMNIFICATION

While not admitting liability or responsibility for any claims and allegations asserted against the Defendants, if it is determined the Defendants are found to have engaged in any conduct which results in a judgment entered against or liability attributed to the Defendants in the above captioned matter, such conduct was vicarious, passive and secondary and it was the conduct of any and all Intervenors as well as other co-defendants, third parties together with any and all other defendants, persons or entities brought into this action subsequent to the date of this document,

which was the active, primary, direct and the proximate cause of the Plaintiffs' alleged damages, injuries, losses and events which forms the subject of this matter; then the Defendants demand indemnification against and from all Intervenors, co-defendants, persons and entities whether based on, but not limited to, a contract/lease or common law or any other applicable law, statutes, rules, codes, regulations and ordinances for the amount of any judgment as against the Defendants, plus fees, costs and any other relief this Court deems appropriate.

## JURY DEMAND

The Defendants hereby respectfully request a trial by jury as to all issues in the above captioned matter.

## DESIGNATION OF TRIAL COUNSEL

Philip S. Adelman is hereby designated as trial counsel for the City of Jersey City and the City of Jersey City Rent Leveling Board.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Local Civ. R. 11.2, I certify that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration or administrative proceeding.  In addition, to the best of my knowledge and belief, no other action or arbitration is contemplated at this time.  Further, I know of no other parties that must be joined in the above action.  I recognize the continuing obligation of each party to this matter and will serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification. I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**BRITTANY M. MURRAY**
**ACTING CORPORATION COUNSEL**
Attorney for Defendants the City of Jersey City &
the City of Jersey City Rent Leveling Board
By: */s/ Philip S. Adelman*
     Philip S. Adelman
Dated: October 29, 2024          Assistant Corporation Counsel

26

## CERTIFICATION OF SERVICE

I hereby certify that on the date set forth below, a copy of this document was filed and served to the Court and all counsel of record via ECF.

**BRITTANY M. MURRAY**
**ACTING CORPORATION COUNSEL**
Attorney for Defendants the City of Jersey City &
the City of Jersey City Rent Leveling Board

By: */s/ Philip S. Adelman*
     Philip S. Adelman
     Assistant Corporation Counsel

Dated: October 29, 2024