**BRITTANY M. MURRAY**
**ACTING CORPORATION COUNSEL**
Philip S. Adelman, Esq.
Assistant Corporation Counsel
Jersey City Law Department
City Hall-280 Grove Street
Jersey City, New Jersey 07302
(201) 547-5229
padelman@jcnj.org
Attorney for Defendants, City of Jersey City and City of Jersey City Rent Leveling Board

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF JERSEY and THE CITY OF JERSEY CITY RENT LEVELING BOARD,<br><br>Defendants,<br><br>v.<br><br>PORTSIDE TOWERS EAST TENANT ASSOCIATION, PORTSIDE TOWERS WEST TENANT ASSOCIATION, KEVIN WELLER, JESSICA BRANN, JOEL ROTHFUS and MICHELE HIRSCH,<br><br>Defendants-Intervenors. | CIVIL ACTION NO.<br>2:23-cv-22291 (MCA) (JRA)<br><br><br>**DEFENDANTS THE CITY OF JERSEY CITY'S AND THE CITY OF JERSEY CITY RENT LEVELING BOARD'S ANSWER AND AFFIRMATIVE DEFENSES TO THE INTERVENORS' CROSSCLAIMS AND COUNTERCLAIMS** |

## CROSSCLAIMS AND COUNTERCLAIMS

Defendants,  the City of Jersey City and the Jersey City Rent Leveling Board (collectively the "Defendants") hereby respond to the Cross-Claims asserted by Intervenors Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michelle Hirsch (collectively referred to herein as the "Intervenors") as follows:

1

**PARTIES**

1. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 1 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 1 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

2. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 2 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

3. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 3 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

4. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 4 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

5. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 5 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

6. The Defendants admit the Jersey City Rent Leveling Board has offices at the location referenced in paragraph 6 of Intervenors' Crossclaims and Counterclaims. The remaining allegation constitute legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 6, those allegations are denied.

7. The allegations contained within paragraph 7 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 7, those allegations are denied.

8. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 8 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

9. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 9 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

## JURISDICTION AND VENUE

10. The allegations contained within paragraph 10 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 10, those allegations are denied.

## BACKGROUND

**A. Relevant State and Local Laws[1]**

11. The allegations contained within paragraph 11 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 11, those allegations are denied.

12. The allegations contained within paragraph 12 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 12, those allegations are denied.

13. The allegations contained within paragraph 13 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and

---

[1] The section headings are included to be consistent and the do not constitute an admission of the contents of the section headings. This response to the Cross-Claims and Counterclaims Complaint does not amount to any admission as to the exhibits attached to or documents referenced in the Complaint

3

accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 13, those allegations are denied.

14. The allegations contained within paragraph 14 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 14, those allegations are denied.

15. The allegations contained within paragraph 15 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 15, those allegations are denied.

16. The allegations contained within paragraph 16 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 16, those allegations are denied.

17. The Defendants admit that on or about February 7, 1986, the City of Jersey City adopted the Ordinance referenced within paragraph 17 of Intervenors' Crossclaims and Counterclaims. The remaining claims in paragraph 17 amount to legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.

18. The allegations contained within paragraph 18 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 18, those allegations are denied.

19. The allegations contained within paragraph 19 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and

4

accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 19, those allegations are denied.

20. The allegations contained within paragraph 20 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 20, those allegations are denied.

21. The allegations contained within paragraph 21 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 21, those allegations are denied.

22. The allegations contained within paragraph 22 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 22, those allegations are denied.

23. The allegations contained within paragraph 23 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 23, those allegations are denied.

24. The allegations contained within paragraph 24 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions. To the extent any factual allegations are asserted against the Defendants in paragraph 24, those allegations are denied.

25. The allegations contained within paragraph 25 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and

accordingly make no response to such legal conclusions.  To the extent any factual allegations are asserted against the Defendants in paragraph 25, those allegations are denied.

26. The allegations contained within paragraph 26 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  To the extent any factual allegations are asserted against the Defendants in paragraph 26, those allegations are denied.

27. The allegations contained within paragraph 27 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  To the extent any factual allegations are asserted against the Defendants in paragraph 27, those allegations are denied.

28. The allegations contained within paragraph 28 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  To the extent any factual allegations are asserted against the Defendants in paragraph 28, those allegations are denied.

29. The allegations contained within paragraph 29 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  To the extent any factual allegations are asserted against the Defendants in paragraph 29, those allegations are denied.

30. The allegations contained within paragraph 30 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and accordingly make no response to such legal conclusions.  To the extent any factual allegations are asserted against the Defendants in paragraph 30, those allegations are denied.

31. The allegations contained within paragraph 31 of Intervenors' Crossclaims and Counterclaims set forth legal conclusions to which the Defendants are not required to respond and

6

accordingly make no response to such legal conclusions.  To the extent any factual allegations are asserted against the Defendants in paragraph 31, those allegations are denied.

## B. **History of the Buildings**

32. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 32 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

33. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 33 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

34. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 34 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

35. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 35 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

36. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 36 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

37. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 37 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

38. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 38 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

39. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 39 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

40. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 40 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

41. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 41 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

42. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 42 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

43. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 43 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

44. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 44 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

45. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 45 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

46. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 46 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

47. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 47 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

48. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 48 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

49. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 49 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 49 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

50. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 50 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

51. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 51 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

52. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 52 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

53. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 53 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

54. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 54 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

55. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 55 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

56. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 56 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 49 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

57. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 57 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 57 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

58. The Defendants, jointly and/or severally, are without knowledge sufficient to admit or deny the allegations of paragraph 58 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 58 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

59. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 59 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 59 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions

60. The Defendants, jointly and/or severally, are without knowledge sufficient to admit or deny the allegations of paragraph 60 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 60 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

61. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 61 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 61 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

62. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 62 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 62 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

63. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 63 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

64. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 64 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

65. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 65 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

66. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 66 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 66 can be construed as legal conclusions, the

Defendants are not required to respond and accordingly make no response to such legal conclusions.

67. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 67 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 66 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

68. The Defendants, jointly and/or severally, are without knowledge sufficient to admit or deny the allegations of paragraph 68 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

69. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 69 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

70. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 70 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

71. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 71 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

72. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 72 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

73. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 73 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

74. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 74 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

75. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 75 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

11

76. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 76 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. Furthermore, Defendants, jointly and/or severally, can neither admit nor deny the allegations of paragraph 76 of Intervenors' Crossclaims and Counterclaims as they call for a legal conclusion for which Defendants, jointly and/or severally, are not qualified to make.

**C.** **The RLB Determination that the Buildings are Not Exempt from the Rent Control and Rent Leveling Laws**

77. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 77 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

78. Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 78 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

79. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 79 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

80. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 80 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 80 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

81. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 81 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 81 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

82. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 82 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

83. The Defendants admit that on or about October 19, 2023, the Jersey City Rent Leveling Board conducted a meeting.  The Defendants are without knowledge sufficient to admit or deny all other allegations of paragraph 83 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

84. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 84 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

85. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 85 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

86. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 86 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

87. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 87 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

88. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 88 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

**D.** **Defendant-Intervenors and Other Tenants of the Buildings Have Been Paying Rents Far in Excess of the Applicable Rent control Rates.**

89. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 89 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. Furthermore, Defendants, jointly and/or severally, can neither admit nor deny the allegations of paragraph 89 of Intervenors' Crossclaims and Counterclaims as they call for a legal conclusion for which Defendants, jointly and/or severally, are not qualified to make.

90. Defendants, jointly and/or severally, are without knowledge sufficient to admit or deny the allegations of paragraph 90 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 90 can be construed as legal

13

conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

91. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 91 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

92. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 92 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

93. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 93 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 93 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

94. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 94 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 94 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

95. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 95 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

96. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 96 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 96 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

97. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 97 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

98. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 98 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

99. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 99 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 99 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

## E.  The Recalculations

100. The Defendants admit the allegations of paragraph 100 of Intervenors' Crossclaims and Counterclaims.

101. The Defendants deny the allegations of paragraph 101 of Intervenors' Crossclaims and Counterclaims.

102. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 102 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.  To the extent the allegations contained in paragraph 102 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

103. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 103 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 103 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

104. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 104 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 104 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

105. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 105 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 105 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

106. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 106 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 106 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

107. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 107 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 107 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

108. The Defendants deny the allegations of paragraph 108 of Intervenors' Crossclaims and Counterclaims.

109. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 109 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their

proofs. To the extent the allegations contained in paragraph 109 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

110. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 110 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

111. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 111 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 111 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

112. The Defendants deny the allegations of paragraph 112 of Intervenors' Crossclaims and Counterclaims. To the extent the allegations contained in paragraph 112 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

113. The Defendants deny the allegations of paragraph 113 of Intervenors' Crossclaims and Counterclaims.

114. The Defendants deny the allegations of paragraph 114 of Intervenors' Crossclaims and Counterclaims.

115. The Defendants deny the allegations of paragraph 115 of Intervenors' Crossclaims and Counterclaims.

116. The Defendants deny the allegations of paragraph 116 of Intervenors' Crossclaims and Counterclaims.

117. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 117 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

118. The Defendants deny the allegations of paragraph 118 of Intervenors' Crossclaims and Counterclaims.

119. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 119 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

120. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 120 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

121. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 121 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

122. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 122 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

123. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 123 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 123 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

124. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 124 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their

proofs. To the extent the allegations contained in paragraph 124 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

125. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 125 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 125 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

126. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 126 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 126 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

127. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 127 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 127 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

128. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 128 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs. To the extent the allegations contained in paragraph 128 can be construed as legal conclusions, the Defendants are not required to respond and accordingly make no response to such legal conclusions.

## CROSSCLAIMS

### CROSSCLAIM - COUNT ONE
**(Tenants' Prerogative Writ Against the Board, Bureau and the City)**
**(The 6 Year Look Back Period)**

129. Defendants repeat their responses to the preceding paragraphs 1 through 128 of Intervenors' Crossclaims and Counterclaims as if is fully set forth herein.

130. The Defendants deny the allegations of paragraph 130 of Intervenors' Crossclaims and Counterclaims.

131. The Defendants deny the allegations of paragraph 131 of Intervenors' Crossclaims and Counterclaims.

    i.    The Defendants deny the allegations of paragraph 131(i) of Intervenors' Crossclaims and Counterclaims.

    ii.    The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 131(ii) of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

    iii.    The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 131(iii) of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

    iv.    The Defendants deny the allegations of paragraph 131(iv) of Intervenors' Crossclaims and Counterclaims.

    v.    The Defendants deny the allegations of paragraph 131(v) of Intervenors' Crossclaims and Counterclaims.

    vi.    The Defendants deny the allegations of paragraph 131(vi) of Intervenors' Crossclaims and Counterclaims.

20

vii.    The Defendants deny the allegations of paragraph 131(vii) of Intervenors' Crossclaims and Counterclaims.

**WHEREFORE**, the Defendants demand judgment dismissing all of the Intervenors' claims of any nature asserted against the Defendants with prejudice, together with interest, costs, fees and such other and further relief as the Court may deem proper.

**CROSSCLAIM - COUNT TWO**
**(Prerogative Writ Against the Board, Bureau and the City)**
**(August 7, 2024 Recalculations and Ongoing Violations)**

132. The Defendants repeat their responses to the preceding paragraphs 1 through 131 of Intervenors' Crossclaims and Counterclaims as if is fully set forth herein.

133. The Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 133 of Intervenors' Crossclaims and Counterclaims and leave Intervenors to their proofs.

134. The Defendants deny the allegations of paragraph 134 of Intervenors' Crossclaims and Counterclaims.

**WHEREFORE**, the Defendants demand judgment dismissing all of the Intervenors' claims of any nature asserted against the Defendants with prejudice, together with interest, costs, fees and such other and further relief as the Court may deem proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Intervenors fail to state a cause of action upon which relief can be granted and Defendants reserve the right to move pursuant to Fed. R. Civ. P. 12 and/or Fed. R. Civ. P. 56 for dismissal with prejudice at any time permitted under the law and the Rules of Court.

### SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to absolute, statutory and qualified immunity and all other applicable immunities as to all claims and allegations asserted against the Defendants.

### THIRD AFFIRMATIVE DEFENSE

The Defendants assert all defenses, privileges, immunities, objections and limitations in defense of Intervenors' claims against the Defendants pursuant to all applicable laws, statutes, codes, common law, case law, ordinances and rules including, but not limited to the Municipal Land Use Law (N.J.S.A. 40:55-1 et seq.), The Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-1 to 73, the New Jersey Tort Claims Act (N.J.S.A. 59:1-1, et seq.) as well as N.J.S.A. 59:2-3, N.J.S.A. 59:3-2.  Further, the acts complained of by Intervenors were and are discretionary acts and exercises of legislative, governmental and/or administrative decision-making and Defendants, are immune therefore under the terms of the Tort Claims Act, N.J.S.A. 59:1-1 et seq. and/or any other Federal and/or State laws, statutes. Codes, ordinances and rules.

### FOURTH AFFIRMATIVE DEFENSE

Intervenors' claims and all allegations and acclaims asserted against the Defendants are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Intervenors' claims and allegations asserted against the Defendants are barred by the applicable statute of limitations.

22

## SIXTH AFFIRMATIVE DEFENSE

The Court lacks the subject matter jurisdiction to grant the relief requested by the Intervenors.

## SEVENTH AFFIRMATIVE DEFENSE

The Court lacks *in personam jurisdiction*, in whole or in part, to grant the relief requested by the Intervenors.

## EIGHTH AFFIRMATIVE DEFENSE

The acts or omissions alleged by the Intervenors are due, in whole or in part, to the actions or omissions to the acts of the Plaintiffs and/or other parties over whom Defendants had no authority, control and/or discretion.

## NINTH AFFIRMATIVE DEFENSE

The alleged damages, losses and injuries incurred by Intervenors are attributable to Intervenors' own conduct and/or the conduct of the Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

The Defendants' Resolutions, Ordinances, decisions and all other actions or omissions of the Defendants are presumed to be valid and reasonable. Municipal actions are presumed to be supported by facts in the record and, absent a showing to the contrary, are assumed to have a rational basis.

## ELEVENTH AFFIRMATIVE DEFENSE

Intervenors ' claims and allegations against the Defendants are barred due to the Intervenors failure to fully comply with the requirements of N.J.S.A. 2A:42-84.1 et seq. and/or the provisions of Chapter 260 of the City of Jersey City Municipal Code.

## TWELFTH AFFIRMATIVE DEFENSE

All claims, damages, losses and injuries asserted against the Defendants at any time are barred by the doctrines of estoppel, waiver, laches, collateral estoppel and the collateral source rule.

## THIRTEENTH AFFIRMATIVE DEFENSE

Intervenors failed to mitigate their alleged damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendants did not breach or owe any duty to the Intervenors or any other party to this matter or that become party to this matter subsequent to the date of this document. The Defendants are not the proximate, actual or direct cause of any injuries, losses or damages allegedly incurred by Intervenors or any other party.

## FIFTEENTH AFFIRMATIVE DEFENSE

The conduct of the Defendants was reasonable under all circumstances and the Defendants complied with all applicable laws and acted in good faith in connection with the execution of the laws of the State of New Jersey and any other applicable laws.

## SIXTEENTH AFFIRMATIVE DEFENSE

All claims, damages, losses and injuries asserted against the Defendants at any time arise out of the conduct and actions of intervening and superseding causative factors and events over which the Defendants had no control or involvement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

All claims, damages, losses and injuries asserted against the Defendants at any time are barred because they are not pled with proper specificity

## EIGHTEENTH AFFIRMATIVE DEFENSE

All claims asserted against the Defendants are meritless and frivolous in violation of Fed. R. Civ. P. 11.

## NINETEENTH AFFIRMATIVE DEFENSE

The Defendants reserve the right to amend this answer and/or assert additional affirmative defenses as may become apparent or necessary as a consequence of discovery or otherwise. Furthermore, all of the Defendants' Affirmative Defenses asserted herein are hereby deemed applicable to any cross-claims or third party claims asserted against them by any other party at any time.

## COUNTER-CLAIMS AND CROSS-CLAIMS FOR CONTRIBUTION

The Defendants demand contribution from all Plaintiffs and any and all other defendants, persons, entities or parties brought into this action subsequent to the date of this document pursuant to, but not limited to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. together with all other applicable laws, statutes, rules, codes, regulations and ordinances.

## COUNTER-CLAIMS AND CROSS-CLAIM FOR INDEMNIFICATION

While not admitting liability or responsibility for any claims and allegations asserted against the Defendants, if it is determined the Defendants are found to have engaged in any conduct which results in a judgment entered against or liability attributed to the Defendants in the above captioned matter, such conduct was vicarious, passive and secondary and it was the conduct of any and all Plaintiffs as well as all other co-defendants, persons or entities brought into this action subsequent to the date of this document, which was the active, primary, direct and the proximate cause of the Intervenors alleged damages, injuries, losses and events which forms the subject of this matter; then the Defendants demand indemnification against and from all Plaintiffs as well as all other co-defendants, persons or entities brought into this action subsequent to the date of this

document whether based on, but not limited to, a contract/lease or common law or any other applicable law, statutes, rules, codes, regulations and ordinances for the amount of any judgment as against the Defendants, plus fees, costs and any other relief this Court deems appropriate

## JURY DEMAND

The Defendants hereby respectfully request a trial by jury as to all issues in the above captioned matter.

## DESIGNATION OF TRIAL COUNSEL

Philip S. Adelman is hereby designated as trial counsel for the City of Jersey City and the City of Jersey City Rent Leveling Board.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Local Civ. R. 11.2, I certify that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration or administrative proceeding. In addition, to the best of my knowledge and belief, no other action or arbitration is contemplated at this time. Further, I know of no other parties that must be joined in the above action. I recognize the continuing obligation of each party to this matter and will serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**BRITTANY M. MURRAY**
**ACTING CORPORATION COUNSEL**
Attorney for Defendants the City of Jersey City & the City of Jersey City Rent Leveling Board

By: */s/ Philip S. Adelman*
    Philip S. Adelman

Dated: October 29, 2024          Assistant Corporation Counsel

26

## CERTIFICATION OF SERVICE

I hereby certify that on the date set forth below, a copy of this document was filed and served to the Court and all counsel of record via ECF.

**BRITTANY M. MURRAY**
**ACTING CORPORATION COUNSEL**
Attorney for Defendants the City of Jersey City & the City of Jersey City Rent Leveling Board

By: */s/ Philip S. Adelman*
        Philip S. Adelman
        Assistant Corporation Counsel

Dated: October 29, 2024

27