**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC, <br><br>    **Plaintiffs,**<br><br>    v.<br><br> THE CITY OF JERSEY and THE CITY OF JERSEY CITY RENT LEVELING BOARD,<br><br>    **Defendants,**<br><br>    v.<br><br> PORTSIDE TOWERS WEST TENANT ASSOCIATION, PORTSIDE TOWERS EAST TENANT ASSOCIATION, KEVIN WELLER, JESSICA BRANN, MICHELE HIRSCH, and JOEL ROTHFUS<br><br>    **Defendants-**<br> **Intervenors.** | Civil Action No. 2:23-cv-22291 (MCA) (JRA)<br><br><br> **AGREED THIRD AMENDED PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court by way of a status conference before the Undersigned on **August 8, 2024**, and for good cause shown:

**IT IS, on this 31st day of October 2024, ORDERED THAT:**

## I.    AMENDED PLEADINGS

1.    Plaintiffs The Towers at Portside Urban Renewal Company, L.L.C.("Portside") and Equity Residential Management, LLC ("Equity", together with Portside, "Plaintiffs") shall file their Amended Complaint on or before **September 3, 2024**.

2.    Defendants Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michele Hirsch ("Defendant-Intervenors") shall answer, or otherwise respond, to Plaintiffs' Amended Complaint on or before **September 16, 2024**.

3.    Defendants Jersey City and the Jersey City Leveling Board ("Defendants-City") shall answer, or otherwise respond, to Plaintiffs' Amended Complaint and any cross claims by Defendant-Intervenors on or before **September 30, 2024**. Plaintiffs shall answer, or otherwise respond, to any counterclaims of Defendant-Intervenors on or before **September 30, 2024**.

## DISCOVERY BIFURCATION

4.    Discovery is to be limited to issues relating to the prerogative writ claims before this Court. The parties reserve all rights to discovery on any additional claims.

## II.    DISCLOSURES

5.    Defendant-Intervenors' Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **August 15, 2024.** Plaintiffs and Defendants-City shall serve their Fed. R. Civ. P. 26 disclosures upon Defendant-Intervenors on or before **August 15, 2024**. Fed. R. Civ. P. 26 disclosures between Plaintiffs and Defendants-City have been exchanged.

## II. E-DISCOVERY CONFERENCE

6.    Any E-Discovery conference pursuant to L.Civ.R. 26.1(d) shall take place on or before **August 15, 2024**.

## III.  DISCOVERY

7.    Plaintiffs and Defendants-City shall provide Defendant-Intervenors with copies of all fact discovery issued to date as between them, and documents produced in response thereto, on or before **August 15, 2024**.

8.    Fact discovery is to remain open through **January 28, 2025**. No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.    Defendant-Intervenors, Defendants and Plaintiffs may serve initial requests for production of documents and interrogatories regarding the prerogative writ claims on or before **September 4, 2024**, to be responded to within thirty (30) days of receipt.  Consistent with the parties' agreement to limit interrogatories on the prerogative writ claim, the parties are limited to five (5) interrogatories, including all discrete subparts.

10.    Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **January 28, 2025**. No objections to

4866-8578-7636, v. 1

questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

11.    Counsel shall confer in a good faith attempt to resolve any and all discovery or case management disputes **before** seeking the Court's intervention. See L.Civ.R. 37.1(a)(1); see also L.Civ.R. 16.1(f)(1). Should such efforts fail to resolve the dispute, the parties must raise the discovery dispute through a joint letter and shall do so in a manner consistent with the Court's Case Management Order, available at https://www.njd.uscourts.gov/sites/njd/files/JRAPreferences.pdf.

Failure by any party to meet and confer in good faith or participate in the joint letter protocol will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

**No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.**

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **December 30, 2024**. The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition. Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.

12.    The discovery deadlines set forth herein shall not be extended except upon a showing of good cause.

### III.  DISCOVERY CONFIDENTIALITY ORDERS

13.    Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L.Civ.R. 5.3. See also Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). Counsel are advised that a sample form of Discovery Confidentiality Order is contained in Appendix S to the Local Civil Rules. If the parties submit a confidentiality order that differs from Appendix S, they must submit: (1) a clean version of the proposed order that is ready for signature; and (2) a redline version that indicates the differences between the proposed order and the Appendix S order.

### IV. FUTURE CONFERENCES

14.    There shall be a telephonic status conference before the undersigned on

**December 3, 2024 at 3:00 p.m.** In advance of the conference, but no later than **November 26, 2024**, the parties shall file a joint status letter not to exceed five (5) pages summarizing the status of the case and any other issue that the Court needs to consider during the telephonic status conference. The Court will provide the parties with the dial-in information in advance.

15.     The Court may from time to time schedule further conferences as may be required, either *sua sponte* or at the request of a party.

16.     All counsel are required to be on time and ready to proceed for all scheduled proceedings. In cases where the Court schedules telephonic status conferences involving incarcerated litigants, opposing counsel is directed to coordinate with the prison facility to have all parties on the conference call ahead of time and shall initiate the call at the scheduled time with all parties present.

17.     Counsel should be prepared to discuss settlement at every conference with the Court. For settlement conferences, the senior attorney in charge of the case and the client(s) with full settlement authority must attend. In cases involving insurance companies and other corporate or business entities, the executive with settlement authority must be available for the conference.

18.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

19.     A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or may be disregarded by the Court.

## V.   MOTIONS

20.     **No motions are to be filed without prior written permission from this Court, except motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L.Civ.R. 7.1(b) and other applicable local and federal rules.

21.     Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **December 30, 2024**. Before seeking Court leave to file a motion to amend a pleading, a party shall circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to amend shall contain a redlined version of the proposed amended pleading as an exhibit.

22.     All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery generally must be completed prior to the filing of a dispositive motion.

## VI.   EXPERTS

23.     All affirmative expert reports shall be delivered by **January 28, 2025**. Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

24.     All responding expert reports shall be delivered by **February 28, 2025**. Any such report shall comport with the form and content requirements referenced above.

25.     Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **March 31, 2025**.

26.     No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VII.   STAY OF CLAIMS

27.     All claims in this action other than Counts Two and Six of Plaintiffs' Amended Complaint and Counts One and Two of Defendants-Intervenors' Crossclaims (collectively, the "Prerogative Writ and Related Claims") are hereby stayed pending resolution of the Prerogative Writ and Related Claims and further order of this Court.

> a. Defendants-City have answered all Counts of Plaintiffs' amended Complaint (Dkt. No. 65) and all Counts of Defendants-Intervenors' Crossclaims (Dkt. No. 72);
> b. Defendants-Intervenors have answered all Counts of the Plaintiffs' amended Complaint (Dkt. No. 65); and
> c. Plaintiffs' have answered all Counts of Defendants-Intervenors' Counterclaims (Dkt. No. 65).

28.     Defendant-Intervenors are not pursuing relief under prayers (e) through (h) under Count One of their Counterclaims prior to the resolution of the Prerogative Writ and Related Claims and further order of this Court. The deadline for Plaintiffs to respond, including to file a motion to dismiss and/or strike those prayers for relief, are hereby tolled pending resolution of the Prerogative Writ and Related Claims and further order of this Court.

## VIII.  FINAL PRETRIAL CONFERENCE

29.    A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) **at a time and date to be assigned**.

30.    At least forty-five (45) days before the Final Pretrial Conference, all counsel are directed to meet and confer before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

31.    The original of the Final Pretrial Order shall be sent to Chambers via email at jra_orders@njd.uscourts.gov not later than **fourteen (14) full business days** before the final pretrial conference. All parties are responsible for the timely submission of the Final Pretrial Order.

32.    **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

4866-8578-7636, v. 1

Respectfully submitted,


By: */s/ Derek D. Reed*

Derek D. Reed, Esq.
Jeffrey Plaza, Esq.
Ehrlich, Petriello, Gudin
Plaza & Reed
A Professional Corporation
60 Park Place, Suite 1016
Newark, New Jersey 07102
(973) 643-0040
*Attorneys for Plaintiffs the Towers at*
*Portside Urban Renewal Company L.L.C.*
*and Equity Residential Management, LLC*


By: */s/ Mollie Hartman Lustig*

Mollie Hartman Lustig, Esq.
McLaughlin & Stern, LLP
1 Elm Street, Suite 2
Westfield, New Jersey 07090
(212) 448-1100

*Attorney for Interveners Portside Towers*
*East Tenant Association, Portside Towers*
*West Tenant Association, Kevin Weller,*
*Jessica Brann, Joel Rothfus, and Michele*
*Hirsch*


cc: All counsel (via ECF)

By: */s/ Philip Samuel Adelman*

Philip Samuel Adelman, Esquire
Assistant Corporation Counsel
Jersey City Law Department
City Hall – 280 Grove Street
Jersey City, New Jersey 07302
(201) 547-4810

*Attorney for Defendants, City of*
*Jersey City and City of Jersey City*
*Rent Leveling Board*

4866-8578-7636, v. 1