

*Derek Reed | Partner*
direct:  (973) 854-6710
dreed@EPGPRlaw.com

December 19, 2024

<u>**Via ECF**</u>
Magistrate Judge José R. Almonte
Chambers of José R. Almonte
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

Re:    *The Towers at Portside Urban Renewal Company L.L.C., et al. v. The City of Jersey City, et al.*  Case No. 2:23-cv-22291-MCA-JRA

Dear Judge Arleo and Magistrate Judge Almonte:

Pursuant to the November 27, 2024 Order of this Court, Plaintiffs (collectively, "Portside"), Defendants (collectively, the "City"), and Defendant-Intervenors (collectively, "Tenants") submit the following joint report on outstanding discovery disputes:

## I.    Portside's Position

As previously reported to the Court, after timely responding to written discovery from Defendants and Defendant-Intervenors, Portside has been working diligently to continue to produce documents on a rolling basis.  Portside has to date produced 8,889 documents (or 347,461 pages) and is currently finalizing its review and production of hardcopy documents (that have now been scanned and uploaded) and emails collected from seven custodians.  Portside anticipates completing its production at or near the end of the year.

After numerous letters and requests to meet and confer, Defendants have represented that they will rectify all of the concerns Portside raised in those communications by the end of 2024.  There are therefore no current issues relating to the Defendants' discovery, subject to Defendants meeting their promises, *i.e.*:

- Defendants will produce documents in a form that complies with Rule 34 (including information identifying custodians, attachments, page breaks, or other metadata as opposed to, for example, the 12 agglomerated PDF files containing 57,000 pages of documents that Defendants originally produced.

Please direct replies to:
60 Park Place, 18th Floor, Newark, NJ 07102
Tel: (973) 643-0040 • Fax: (973) 596-1781 • www.EPGPRlaw.com

NEWARK      •      NEW YORK      •      MORRISTOWN

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

December 19, 2024
Page 2

- Defendants will expand their ESI search terms beyond the initially limited terms ("Portside" AND "rent control") to search for responsive documents. Specifically, Defendants have agreed to apply the search terms Portside proposed in its November 23 letter (and repeated in the December 16, 2024 email) to Defendants.

- Defendants will use these search terms to search for and produce documents responsive to all Requests for Production Portside identified in its September 4, 2024 letter to Defendants—in which Portside streamlined its initial set of Requests for Production to only those requests that relate to the prerogative writ claims. Defendants are no longer refusing to produce documents responsive to any of the requests for production in the September 4 letter, including the requests for documents relating to (1) the PILOT program; (2) prior Board and Bureau decisions pertaining to the Exemption or related notice decisions; and (3) historical documents—including hardcopy documents—related to the Tidewater Basin Redevelopment Plan, the City's record retention policies, and Board policies governing review of applications for exemption under the Exemption Statute.

- Defendants will search for and produce communications—including emails, texts, social media and/or voicemails—with any of the named Defendant-Intervenors.

- Defendants will supplement their responses to Portside's interrogatories to address the deficiencies with their current responses Portside identified in its June 13 and September 4 letters.

Again, in reliance on the Defendants' above representations, Portside is not raising the underlying disputes with the Court at this time. Defendants only recently began their production of the reformatted ESI per the first bullet above, and accordingly, the parties have not yet had a chance to review and understand the contents of that production. If issues exist, Portside intends to promptly raise them with Defendants and the Court, as Portside is committed to being in a position to meet the current case schedule, including fact witnesses' depositions.

While Defendants maintain that the prerogative writ claims in this case are limited to the evidence in the record and are not subject to de novo review, Portside understands that Defendants are not withholding discovery based on that position. Portside notes that Defendants' argument flatly contradicts Defendants' prior representations (including an October 23, 2024 meet-and-confer), the Court's orders, and well-established law that prerogative writ claims may be subject to de novo review. *See Lyons v. City of Camden*, 226 A.2d 625, 625 (N.J. 1967); *Concerned Citizens of Princeton, Inc. v. Mayor and Council of Borough of Princeton*, 851 A.2d 685, 708 (N.J. Super. Ct. App. Div. 2004)  If this issue needs to be further addressed, Portside will provide additional authority and argument.

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

December 19, 2024
Page 3

Defendant-Intervenors have also committed to producing ESI documents in a format that complies with the federal rules, however, have not yet made that production. Portside expects that this production will occur soon and at or near the end of the year, so the parties have these documents in connection with preparing for and taking depositions. Defendant-Intervenors also have agreed to rectify the issues addressed in correspondence consistent with the parties communications to date. Portside and Defendant-Intervenors will continue to work cooperatively through their remaining discovery disputes, with none requiring the Court's resolution at this time.

## II.    Defendants

The purpose of prerogative writs is to expedite a final disposition. R. 4:69-4. Discovery, if any, is extremely limited. Moreover, a prerogative writ "is in no sense a probe comparable to a grand jury inquiry … or an investigation into the conduct of municipal affairs." Band's Refuse Removal, Inc. v. Fair Lawn, 62 N.J. Super. 522, 555 (App. Div. 1960). Here, the Court clearly limited discovery to the prerogative writ claim.

The Plaintiff's demands, however, are overly broad, unduly burdensome and exceed the scope of the prerogative writ claim. Some of Plaintiffs' improper discovery demands are listed in their November 26 letter to the Court and October 31 letter to the City, which includes PILOT (payment in lieu of taxes) agreements for other properties, decisions made by the Rent Board regarding the exemption issue as to other buildings dating back to 1992, all resolutions adopted by the Rent Board relating to exemptions and enforcement actions against other buildings, unrelated metadata, record retention policies and Rent Board policies as to the review of applications for exemptions. The time required to exchange discovery contradicts the purpose of a prerogative writ.

The City responded to Plaintiff's discovery demands. The City produced over 57,000 responsive pages with metadata in PDF format that were bate stamped. The PDF files are text searchable and contain e-mails and communications in sequential order based on the date and time received. Plaintiff erroneously complained of a lack of metadata in the PDF files, but never defined exactly what metadata was missing. On December 19, 2024, the City provided the parties with the same e-mails in PST format that again included any metadata that would be present in PDF.

In response to the Plaintiff's claim that the above search that resulted in the 57,000 page pdf is inadequate, the City asked the Plaintiff to provide Boolean search terms to conduct an e-mail search that contained all the keyword combinations they believe to be appropriate. In a letter dated November 23, 2024, the Plaintiffs provided a set of Boolean expressions that the City combined in the search below:

> Search query (Portside OR "Equity Residential" OR "100 Warren"
> OR "155 Washington") AND (2A:42-84* OR exempt* OR "rent
> board" OR "260-3" OR "260-6(C)" OR PILOT* OR "Payment in
> Lieu of Taxes" OR "rent increase" OR registration)(c:c)(date=2022-

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

December 19, 2024
Page 4

> 04-01..2024-09-13)(participants=sfulop@jcnj.org)(participants=EBulwith@jcnj.org)(participants=DRidley@jcnj.org)(participants=MPrinz-Arey@jcnj.org)(participants=RBoggiano@jcnj.org)(participants=JSolomon@jcnj.org)(participants=DRivera@jcnj.org)(participants=JWatterman@jcnj.org)(participants=marcisikoff@gmail.com)(participants=joe_m_williams@yahoo.com)(participants=vah264@yahoo.com)(participants=sullivanCjohnson5@gmail.com)(participants=michaeltombrown@gmail.com)(participants=alcupo4@aol.com)(participants=dannon.hill@yahoo.com)(participants=shelly.brown@pkfod.com)(participants=lady2005@msn.com)(participants=DHendon@jcnj.org)(participants=SRichardson@jcnj.org)(participants=YSaleh@jcnj.org)(participants=FEGilmore@jcnj.org)(participants=ADegise@jcnj.org)(participants=JCarroll@jcnj.org)

To date, the search yielded approximately 2,376 e-mails totaling in approximately 10.3 gigabytes of data. The City also enacted a PDF export that is still in progress to determine the number of pages that will be generated from the current search. The 57,000 page PDF and subsequently produced native emails referenced above is 4 times smaller than the current ongoing query. The City expects the current search to yield a minimum of a quarter of a million pages. In addition to the extreme amount of data that requires review, the strain put on the Law Department's computers to export the documents makes Outlook unusable, which is required to conduct other business throughout the day.

All that being said, the City is making all reasonable efforts to produce the materials requested by Plaintiff. Moreover, the City intends to meet and confer with Plaintiff again to discuss possible revisions to their search terms that fall within the confines of the Court's Order and avoid generating materials completely unrelated to this case.

If the City and Plaintiff are unable to compromise on the search terms, the City respectfully requests leave to file a motion for a protective order under Rule 26(c)(1), (3) directing the Plaintiff to pay the costs for the City to produce all of the materials they demanded. The City does not have the man-power or resources to collect, review and produce the materials sought with the Plaintiff's current search terms thereby requiring the retention of an outside vendor to perform this work.

With more time, we are optimistic that the parties will be able to compromise and reconcile our respective differences. We appreciate the Court's time and attention to this matter.

## III.    Defendant-Intervenors ("Tenants")

The Tenants are diligently working to review the voluminous communications collected from various custodians and anticipate supplementing their production by the end of December.

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

December 19, 2024
Page 5


Further, considering Plaintiff's assurances that certain documents will be received by the end of this month, during the December 16, 2024 meet-and-confer between the parties, the Tenants have no discovery disputes requiring the Court's resolution at this time. As discussed with Plaintiffs, the Tenants will await Plaintiffs' production and should discovery disputes arise, Plaintiffs and Tenants will then meet-and-confer in an attempt to resolve same prior to seeking Court intervention.


                                    Respectfully submitted,


| | |
|---|---|
| By: */s/ Derek D. Reed* | BRITTANY M. MURRAY<br>ACTING CORPORATION COUNSEL |
| Derek D. Reed, Esq.<br>Ehrlich, Petriello, Gudin<br>Plaza & Reed<br>A Professional Corporation<br>60 Park Place, Suite 1016<br>Newark, New Jersey 07102<br>(973) 643-0040 | By: */s/ Philip Samuel Adelman*<br><br>Philip Samuel Adelman, Esquire<br>Assistant Corporation Counsel<br>Jersey City Law Department<br>City Hall – 280 Grove Street<br>Jersey City, New Jersey 07302<br>(201) 547-4810 |
| Terri L. Mascherin<br>Andrew W. Vail<br>Daniel J. Weiss<br>Jenner & Block LLC<br>353 Norh Clark Street<br>354 Chicago, Illinois 60654<br>Phone: (312) 222-9350<br>Facsimile: (312) 840-7375 | *Attorney for Defendants, City of Jersey City and City of Jersey City Rent Leveling Board* |
| *Attorneys for Plaintiffs the Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC* | |
| By: */s/ Mollie Hartman Lustig*<br><br>Mollie Hartman Lustig, Esq.<br>McLaughlin & Stern, LLP<br>1 Elm Street, Suite 2 | |

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

December 19, 2024
Page 6

| | |
|---|---|
| Westfield, New Jersey 07090<br>(212) 448-1100<br><br>/s/ *Eric J. Nemeth*<br><br>Eric J. Nemeth, Esq.<br>Eric J. Nemeth, P.C.<br>55 Madison Avenue, Suite 400<br>Morristown, New Jersey 07960<br>(973) 539–2122<br><br>/s/ *Neil Marotta*<br><br>Marotta & Garvey, *Attorneys at Law*<br>3916 Bergenline Avenue, Ste. 2200<br>Union City, New Jersey 07087<br>(201) 552-9200<br><br>*Attorney for Interveners Portside Towers*<br>*East Tenant Association, Portside Towers*<br>*West Tenant Association, Kevin Weller,*<br>*Jessica Brann, Joel Rothfus, and Michele*<br>*Hirsch*<br><br><br>cc: All counsel (via ECF) | |