**EHRLICH**
**PETRIELLO**
**GUDIN**
**PLAZA &**
**REED** P.C.
ATTORNEYS AT LAW

*Derek Reed | Partner*
direct:  (973) 854-6710
dreed@EPGPRlaw.com

December 30, 2024

**Via ECF**
Magistrate Judge José R. Almonte
Chambers of José R. Almonte
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

Re:     *The Towers at Portside Urban Renewal Company L.L.C., et al. v. The City of Jersey City,*
         *et al.*  Case No. 2:23-cv-22291-MCA-JRA

Dear Judge Arleo and Magistrate Judge Almonte:

        Pursuant to the December 20, 2024, Order of this Court, Plaintiffs, Defendants (the "City"), and Defendant-Intervenors submit the following joint report on outstanding discovery disputes:

### I.    Plaintiffs' Position

        While Plaintiffs remain hopeful the parties can continue to work through discovery issues, unfortunately, the City has continued to change its position and walk away from its agreements, which has hampered the parties' ability to move forward on these discovery items.

        The most recent about-face by the City occurred between December 16 and December 19, after substantial meet-and-confer efforts.  During a December 16 meet-and-confer, the City stated that it was lifting its objections to Plaintiffs' discovery requests, including agreeing to include the requested Boolean search terms in its record search, reviewing its records related to Plaintiffs' PILOT with the City and the Tidewater Basin Redevelopment Plan.  The City further represented that it anticipated having responses by the end of 2024. Plaintiffs relied on counsel's representations at the December 16 conference that the City would review its records and provide these documents.

        However, after business hours on December 19, the City for the first time provided its section of the joint letter due to the Court that day.  In that document, the City reversed course and seemed to reiterate its prior objections and raises new issues with Plaintiffs' discovery requests, including suggesting that Plaintiffs should pay the City' cost of producing discovery. There is no basis for such a motion – Plaintiffs' requests are appropriate and proportionate to the case, the City seeks to impose millions of dollars of rent control burdens on Plaintiffs, and the City has ample litigation resources. Such an objection or issue was not raised during our meet-and-confer, nor

Please direct replies to:
60 Park Place, 18th Floor, Newark, NJ 07102
Tel: (973) 643-0040 • Fax: (973) 596-1781 • www.EPGPRlaw.com

NEWARK      •      NEW YORK      •      MORRISTOWN

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

December 30, 2024
Page 2

were any of the issues the City then raised in its December 19 letter.  Given the City's ever-shifting position, Plaintiff is concerned whether the City intends to proceed in good faith without court intervention.

Unfortunately, this recent episode is only one instance of the City's pattern of walking away from its discovery commitments.  Indeed, much of the City's current complaints about the timing of discovery are the result of the City's own inaction and changing position.  Specifically, in May 2024, during the parties' first meet and confer, the City made a similar commitment to produce many of the same responsive documents, irrespective of objections it had raised, only to later disown that commitment.  Any discovery burdens the City now complains about would have been significantly reduced or eliminated had the City followed through with its commitments rather than repeatedly backtracking and objecting.

To this end, it is now unclear what specifically Defendants are refusing to produce and what objections are being maintained.  However, the following reversals of position and newly raised issues are sufficiently clear:

- Defendants agreed, without reservation, during the meet and confer to specific Boolean search terms provided by Plaintiffs in its November 23rd letter and December 16th email.  Plaintiffs had attempted to work with the City in good faith for months on these search terms. Now, the City proposes, but does not specify, revisions to the search terms and suggests that the parties meet and confer again. Again, Plaintiffs relied on the representations of counsel at the December 16 meet and confer that the City would search the Boolean terms provided by Plaintiffs.

- The City agreed to produce documents responsive to all Requests for Production identified in Plaintiffs' September 4th letter to the City, including anything which Plaintiffs could have obtained via OPRA (New Jersey's Open Public Records Act) request, such as documents relating to the PILOT program, prior Board and Bureau decisions, and historical documents related to the Tidewater Basin Redevelopment Plan.  The City now objects to producing all such documents, which are relevant and crucial to support the Bureau's determination that Plaintiffs substantially complied with the statute and are entitled to the exemption, a decision the Board reversed.

Defendant-Intervenors have maintained the positions expressed during the meet and confer, and which are consistent with their statement in the December 19th joint status letter. Plaintiffs expect to continue working cooperatively with Defendant-Intervenors and report no current need for the Court's intervention. However, it is notable that Plaintiffs have yet to receive any significant document production from Defendant-Intervenors which is of concern.

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

December 30, 2024
Page 3


Notwithstanding the foregoing, Plaintiffs are hopeful that document production can be completed within a reasonable period of time so the parties can then schedule and take depositions consistent with the current scheduling order.

## II.    Defendants ("City")

The Jersey City Defendants ("Defendants") reassert their positions and arguments contained in the prior joint status letters as if stated at length herein.  As confirmed in December 19 letter, the City served e-mails in PST format, which included metadata previously produced in PDF format (57,000 pages). Given the volume of materials (primarily electronic) sought by Plaintiffs that are not related to the prerogative writ claims, the City is still searching for and reviewing these items. More specifically and as previously advised, over 2,376 e-mails (approximately 10.3 gigabytes of data and 250,000 pages) have been located.

Candidly, in light of the holidays, the City's man-power has been extremely limited as many of key personnel (including myself) have been or are on vacation.  The City is moving as fast as possible. The City respectfully requests additional time to meet and confer with Plaintiff to discuss possible revisions to their search terms to resolve any outstanding issues. We remain optimistic the parties will reach a resolution as to the search terms by the end of January if not earlier. Thereafter, the City will know what needs to occur and the related time needed to retrieve and produce the records and whether it is necessary to retain an outside vendor to assist.

## III.    Defendant-Intervenors ("Tenants")

Notwithstanding their position that discovery in this prerogative writ action should be limited to the record that was before the Jersey City Rent Leveling Board and Jersey City Bureau of Rent Leveling, the Intervenors have worked diligently to respond to Plaintiffs' discovery requests. To wit, since their initial production, Intervenors have responded to Plaintiffs' requests for (i) meeting notes for the Tenant Associations, (ii) the Tenant Associations' Bylaws, and (iii) various recordings capturing requested conversations. The Intervenors also conducted (with the assistance of a third-party eDiscovery vendor) a search (comprising of over 400 search terms) of five custodian emails and expect to supplement their production in the coming days. We expect this supplemental production to also include messages exchanged between the tenants via WhatsApp (as requested by Plaintiffs).

However, given the voluminous documents involved in this matter, Intervenors respectfully submit that additional time is required to complete fact discovery and raise potential discovery disputes with the Court. Intervenors are currently completing their review of over 12,000 emails that may include communications responsive to Plaintiffs' requests. We are working diligently to complete that review and hope to supplement our production on a rolling basis over the coming weeks. Further, Intervenors are simultaneously working to review Plaintiffs' and Defendants' productions (including the new documents received by Plaintiffs today) which consist of tens of

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

December 30, 2024
Page 4

thousands of documents. Importantly, we expect that both productions will be further supplemented based on counsels' representations, potentially resulting in thousands of additional documents to review. We also note that Intervenors were not permitted to join this action until July 31, 2024, and, as such, have not had the same amount of time to review documents as our adversaries have had. We trust that this extension would serve all parties' interests and remain steadfast in our commitment to moving this case forward as expeditiously as possible.

Respectfully submitted,

| | |
|---|---|
| By: */s/ Derek D. Reed* | BRITTANY M. MURRAY |
| | ACTING CORPORATION COUNSEL |
| Derek D. Reed, Esq. | |
| Ehrlich, Petriello, Gudin | By: */s/ Philip Samuel Adelman* |
| Plaza & Reed | |
| A Professional Corporation | Philip Samuel Adelman, Esquire |
| 60 Park Place, Suite 1016 | Assistant Corporation Counsel |
| Newark, New Jersey 07102 | Jersey City Law Department |
| (973) 643-0040 | City Hall – 280 Grove Street |
| | Jersey City, New Jersey 07302 |
| Terri L. Mascherin | (201) 547-4810 |
| Andrew W. Vail | |
| Daniel J. Weiss | *Attorney for Defendants, City of Jersey City and* |
| Jenner & Block LLC | *City of Jersey City Rent Leveling Board* |
| 353 Norh Clark Street | |
| 354 Chicago, Illinois 60654 | |
| Phone: (312) 222-9350 | |
| Facsimile: (312) 840-7375 | |
| | |
| *Attorneys for Plaintiffs the Towers at* | |
| *Portside Urban Renewal Company L.L.C.* | |
| *and Equity Residential Management, LLC* | |
| | |
| By: */s/ Mollie Hartman Lustig* | |
| | |
| Mollie Hartman Lustig, Esq. | |
| McLaughlin & Stern, LLP | |
| 1 Elm Street, Suite 2 | |
| Westfield, New Jersey 07090 | |
| (212) 448-1100 | |
| | |
| */s/ Eric J. Nemeth* | |

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

December 30, 2024
Page 5

Eric J. Nemeth, Esq.
Eric J. Nemeth, P.C.
55 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 539–2122

/s/ *Neil Marotta*

Marotta & Garvey, *Attorneys at Law*
3916 Bergenline Avenue, Ste. 2200
Union City, New Jersey 07087
(201) 552-9200

*Attorney for Interveners Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michele Hirsch*

cc: All counsel (via ECF)