# ERIC J. NEMETH, P.C.

**A PROFESSIONAL CORPORATION**
55 MADISON AVENUE, SUITE 400
MORRISTOWN, NEW JERSEY 07960

TELEPHONE 973.539.2122
FACSIMILE 973.539-4677

Eric J, Nemeth, Esq.
Email: enemeth@edjcounsel.com
Direct: 201-522-3362

February 11, 2025

**VIA ECF**

Hon. Madeline Cox Arleo, U.S.D.J.
Chambers of Madeline Cox Arleo
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, New Jersey  07102

> **Re:   The Towers at Portside Urban Renewal Company L.L.C., et al. v. The City of Jersey City, et al. Case No. 2:23-cv-22291-MCA-JRA**

Dear Judge Cox Arleo:

This firm represents Defendant-Intervenors Portside East Tenant Association and Portside West Tenant Association in the above matter.  We are in receipt of the letter request of Plaintiffs filed with the Court on February 4, 2025 (Document 102).  That letter follows  promptly on the heels of our notice to Magistrate Judge Almonte in the most recent issues status letter (Document 101) of an ongoing dispute among the parties wherein Plaintiff has threatened to pursue eviction of six of our tenant clients for non-payment of rents, while at the same time refusing to negotiate a "standstill agreement" that would address the illegal rents Plaintiffs have been imposing on approximately five hundred other tenants.

By virtue of a decision of the City of Jersey City Rent Control Board on October 19, 2023, it was determined that the Portside Towers are, and have been, subject to rent control for almost 30 years. Notwithstanding that determination, Plaintiffs have aggressively and illegally pursued a course of regular rent increases in direct violation of the Board's 10/19/23 ruling. Now plaintiffs seek to file eviction actions against six tenants who, they contend,  are delinquent in their rent payments. Any rents plaintiffs allege are owed, are in fact not owed. Not only are *any* rent increases by plaintiffs in violation of the Board's determination, but it is also Defendant-Intervenor's position that, based on the law, plaintiffs have not been authorized to increase rents since well in advance of the 10/19/23 ruling. Consequently, any effort by Plaintiffs to demonstrate rental balances due them for the six tenants rely on a false assumption.

Hon. Madeline Cox Arleo, U.S.D.J.
Case No. 2:23-cv-22291-MCA-JRA
February 11, 2025
Page 2

Notably, rather than filing a prerogative writ (PW) action in State Superior Court where the dispute regarding the validity of Board's decision would have been reached in a matter of months, Plaintiffs elected to file a PW action in U.S. District Court, bootstrapped to marginal civil rights claims. They then pursued outrageous discovery demands not narrowly tailored to the PW action, all the while taking advantage of the predictable discovery delays, to impose rent increases on top of the already illegal rents. These outrageous actions were taken, knowing full well that there would be many tenants who could not afford to pay these rapidly escalating rents, and who would ultimately face eviction.  Those adversely impacted tenants might thereafter lose their homes, since the local landlord-tenant courts would not be in a position to consider the larger question being heard by Your Honor as to whether the rents being charged are, in fact, illegal.

Despite a brief meet and confer on this subject, Plaintiffs rejected the Tenant Associations' request to negotiate the terms of an agreement that would fix the rents and rental credits/payments owed by the Parties, all with an eye towards final adjudication or settlement of the case. Since the Parties appear to be at an impasse, Defendant-Intervenors are seeking leave of this Court to file an Order to Show Cause seeking injunctive relief, fixing the rents to be applied to our clients in roughly the same form as filed with the Court on April 19, 2024 (Document 34).

Respectfully submitted,

*/s/ Eric J. Nemeth*
Eric J. Nemeth

cc:  All counsel (via ECF)