**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, L.L.C, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>THE CITY OF JERSEY CITY, et al.,<br><br>        Defendants. | Civil Action No.<br><br>23-cv-22291 (MCA) (JRA)<br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of joint dispute letters dated January 31, 2025 (the "January 31st Letter," ECF No. 101) and March 6, 2025 (the "March 6th Letter," ECF No. 106) by Plaintiffs The Towers At Portside Urban Renewal Company, LLC and Equity Residential Management, LLC (collectively, "Portside"), Defendants City of Jersey City (the "City") and the Jersey City Rent Leveling Board (the "Board," collectively with the City, the "City Defendants"), and Defendant-Intervenors Portside Towers West Tenant Association, Portside Towers East Tenant Association, Kevin Weller, Jessica Brann, Michele Hirsch, And Joel Rothfus (collectively, the "Tenants"); and the Court having considered the parties' arguments as asserted in the January 31st Letter and the March 6th Letter; and the Court having held a dispute hearing on the record with the parties on March 14, 2025; and for the reasons stated on the record;

**IT IS** on this **14th** day of **March 2025**, **ORDERED** that:

1. Dispute No. 1 of the January 31st Letter does not relate to a specific discovery request and, therefore, will not be addressed by the Court.

1

2. Portside's request to compel the City Defendants to confirm the methodology implemented by the City Defendants to search for documents responsive to Portside's discovery requests (Dispute No. 2 of the January 31st Letter) is **GRANTED**. The City Defendants shall confirm this methodology by **April 14, 2025**.

3. Portside's request to compel the production of internal communications between the relevant agency decisionmakers regarding the Board's decision on Portside's rent control exemption (Dispute No. 3 of the January 31st Letter) is **GRANTED**. Communications with, among, or between non-decision makers are not relevant and, therefore, need not be produced. The City Defendants shall produce these documents by **April 14, 2025**.

4. Portside's request to compel the production of the City Defendants' emails with the Tenants (Dispute No. 4 of the January 31st Letter) has been resolved between the parties and is deemed **WITHDRAWN**.

5. Portside's request to compel the production of "relevant historical documents . . . related to the construction of Portside Towers and the City's rent control regime," (ECF No. 101 at 3, Dispute No. 5 of the January 31st Letter) is **GRANTED IN PART**. As it relates to the alleged notice of rent exemption sent to the City official, Michael Regan (the "Rent Exemption Notice"), the City Defendants will produce a certification that the City does not possess any additional relevant documents. The City Defendants shall produce this certification by **March 28, 2025**. To the extent that the City possesses additional relevant documents as it relates to the Rent Exemption Notice, the

City Defendants shall produce those documents by **April 14, 2025**. As it relates to documents regarding Portside's inclusion in the Tidewater Basin Redevelopment Plan, the Court reserves its decision pending further briefing filed in accordance with the briefing schedule in Paragraph 16 of this Order.

6. Portside's request to compel the City Defendants to supplement their response to Interrogatory No. 1 (Dispute No. 6 of the January 31st Letter) is **DENIED**.

7. Portside's request to compel the City Defendants to supplement their responses to Interrogatories No. 2 and 3 (Dispute No. 7 of the January 31st Letter) is **DENIED** as to Interrogatory No 2. For the reasons stated on the record, Portside's request as it relates to Interrogatory No. 3 is deemed **WITHDRAWN**.

8. For the reasons stated on the record and based on the City Defendants' and the Tenants' representations made at the March 14, 2025 hearing, Portside's request to compel the City Defendants' response to Interrogatory No. 5 (Dispute No. 8 of the January 31st Letter) is deemed **WITHDRAWN**.

9. The Court will reserve its decision on Dispute No. 9 of the January 31st Letter pending further briefing filed in accordance with the briefing schedule in Paragraph 16 of this Order.

10. Portside's request to compel Tenants to produce documents responsive to Portside's RFP 11 (Dispute No. 10 of the January 31st Letter) is **DENIED**.

11. Portside's request to compel Tenants to produce video recordings responsive to Portside's RFP 10 (Dispute No. 11 of the January 31st Letter) has been resolved between the parties and is deemed **WITHDRAWN**.

3

12. The parties' dispute regarding the alleged "improper rental rates being applied to the Portside tenants as a whole, and the fact that six tenants, according to Portside/Equity, are now materially behind in rent payments," (ECF No. 101 at 10, Dispute No. 12 of the January 31st Letter) relates to the pending request for an Order to Show Cause before Judge Arleo. *See* ECF Nos. 102, 104, 105. Therefore, the Court will not address the dispute at this time.

13. Dispute Nos. 1 and 3 in the March 6th Letter do not relate to specific discovery requests and, therefore, will not be addressed by the Court.

14. The Court will reserve its decision on Portside's request to compel the depositions noticed to the City Defendants and Tenants (Dispute Nos. 2 and 4 of the March 6th Letter) and the City Defendants' request to quash the subpoena of Dinah Hendon pending further briefing filed in accordance with the briefing schedule in Paragraph 16 of this Order.

15. For the reasons stated on the record, Portside will withdraw its subpoena to Meta Platforms, Inc., and the Tenants withdraw its request for leave to file a motion to quash that subpoena. *See* ECF No. 106 at 6.

16. Portside shall file a motion to compel to support the requests not resolved by this Order. *See supra* ¶¶ 5, 9, 14. Portside's opening brief shall be filed by **April 4, 2025**. Opposition shall be due by **April 18, 2025**. Replies if any, shall be due by **April 25, 2025**.

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

4