# EXHIBIT B

**BRITTANY M. MURRAY**
**ACTING CORPORATION COUNSEL**
Philip S. Adelman, Esq.
Assistant Corporation Counsel
Jersey City Law Department
City Hall-280 Grove Street
Jersey City, New Jersey 07302
(201) 547-4810
padelman@jcnj.org
Attorney for Defendants the City of Jersey City
and the City of Jersey City Rent Leveling Board

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF JERSEY and THE CITY OF JERSEY CITY RENT LEVELING BOARD, <br><br> Defendants. <br><br> v. <br><br> PORTSIDE TOWERS EAST TENANT ASSOCIATION, PORTSIDE TOWERS WEST TENANTS ASSOCIATION, KEVIN WELLER, JESSICA BRANN, JOEL ROTHFUS and MICHELLE HIRSCH <br><br> Intervenor - Defendants | CIVIL ACTION NO. 2:23-cv-22291 (MCA) (JRA) <br><br><br> **REQUEST FOR ANSWERS TO INTERROGATORIES FROM PLAINTIFFS THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC AND EQUITY RESIDENTIAL MANAGEMENT, LLC** |

To:    Derek Reed, Esq.
      Ehrlich, Petriello, Gudin, Plaza & Reed
      60 Park Place, Suite 1016
      Newark, NJ 07102

COUNSEL:

PLEASE TAKE NOTICE that Defendants the City of Jersey City and the Jersey City Rent

Leveling Board hereby request plaintiff The Towers at Portside Urban Renewal Company, LLC

1

and Equity Residential Management, LLC to provide certified answers to the following interrogatories. Please be advised that there is a continuing obligation to amend and supplement your answers as additional information becomes available.

**BRITTANY M. MURRAY**
**CORPORATION COUNSEL**
Attorney for Defendants City of Jersey City and the Jersey City Rent Leveling Board

By: */s/ Philip S. Adelman*
         Philip S. Adelman
Dated: September 4, 2024                Assistant Corporation Counsel

## DEFINITIONS AND INSTRUCTIONS

1.     The terms, "you," "your," "yourself," "Plaintiffs" and "Landlord," when used herein collectively refers to plaintiffs The Towers at Portside Urban Renewal Company, LLC and Equity Residential Management, LLC together with their agents and any other persons or entities acting or purporting to act on their behalf.

2.     The term "City" when used herein refers to defendant the City of Jersey City.

3.     The term "Board" when used herein refers to defendant the Jersey City Rent Leveling Board.

4.     The term "Council" when used herein refers to the Jersey City Council.

5.     The term "Bureau" when used herein refers to Jersey City Rent Leveling Bureau.

6.     The term "Tenants" when used herein collectively refers to defendant intervenors Portside Towers East Tenant Association and the members of this entity, Portside Towers West Tenant Association and the members of this entity, Kevin Weller, Jessica Brann, Joel Rothfus and Michelle Hirsch together with their agents and any other persons or entities acting or purporting to act on their behalf.

7.     The term "defendants" when used herein collectively refers to the City and Board.

8.     The term "parties" when used herein collectively refers to the City, Board, Tenants and Landlord.

9.     The term "Decision" when used herein refers to the November 3, 2023 decision of the Board also attached as Exhibit C to the Landlord's Complaint [Dkt no. 1] and Exhibit A to the Landlord's Amended Complaint [Dkt no. 65].

10.   The term "Recalculation" when used herein refers to the August 7, 2024 letter and calculations in the spreadsheets referenced therein and served to the parties by email dated August 7, 2024.

11.   The term "Litigation" when used herein collectively refers to the above captioned matter pending in the District Court of the State of New Jersey bearing Civil Action 2:23-cv-22291 (MCA) (JRA) and collectively includes and refers to the contents of the pleadings filed and that are filed after the date of this document.

12.   The term "prerogative writ claims" when used herein refers to the prerogative writ claims referenced in paragraph 9 of the Court's August 27, 2024 Order that you filed in your Amended Complaint [Dkt no. 65] or will file after the date of this document against the City in the Litigation captioned above.

13.   The term "communication" as used herein means any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, text message, email, interview, conference, meeting or telephone conversation.

14.  As used herein, the term "document" means and includes, by way of illustration and not by way of limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, written, produced by hand or produced by or stored in a computer, regardless of origin or location: books, records, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, sound recording, applications, booklets, books, brochures, catalogues, circulars, articles, magazines, newspaper, pamphlets, periodicals, bulletins, instructions, minutes, any communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, diary, accounts, journals, canceled checks, bank statements, bank passbooks, confirmations, statements of accounts, analyses, diaries, graphs, notebooks, notes, charts, tables, working papers plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, calendar, opinions or reports of accountants or consultants, reports, data sheets, data processing cards, photographs, statistical statement, photographic negatives, phono-records, message, study, text messages, electronic mail, expert or consultant opinion, appraisal electronically stored information stored in any medium, tape recordings, tests, discs, wire recordings, transcripts of recordings, drawings, summary compilations, telex, motion picture film, forecast, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written, graphic, electronic or printed matter of any kind, or any other and all other data compilations from which information can be obtained and translated if necessary.

15.  "Documents relating to" means documents constituting, containing, showing, regarding, relating to or referring in any way, directly or indirectly.  It is meant to include, without limitation, all documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any answer called for by the Interrogatory.

16.  To the extent that information sought by any interrogatory can be furnished by reference to the answer furnished in another Interrogatory, such practice will be acceptable. However, separate answers should be provided in all cases, and Interrogatories shall not be joined together and accorded a common answer.

17.  If any of these interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief there is concerning the unanswered portion.

18.  If any information requested by these interrogatories is claimed to be immune from discovery on the grounds of privilege or otherwise, the basis of such claim and a description of the information sufficient to enable the Court to decide if such claim has been properly invoked should be specified.  A privilege log should also be provided.

19.  These interrogatories are continuing, and to the extent that the answers may be enlarged, diminished, or otherwise modified by information acquired by you subsequent to the service of answers hereto, you are requested to promptly thereafter serve supplemental answers reflecting such changes.

20.  As used herein, the word "any" include the word "all," and vice-versa.

21.  The conjunctives "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the request or question matters which might otherwise be construed to be outside their scope.

22.  *Identify, describe and provide copies of any documents that support or are related to or reflect the answers to the within interrogatories.*

## <u>INTERROGATORIES TO THE LANDLORD</u>

1.    Describe with specificity all facts that support your prerogative writ claims against the City and the Board.

**<u>Answer:</u>**

2.    Describe with specificity all communications (written and verbal) between any of the Tenants and the Landlord relating to the Decision, the Recalculation and/or regarding the facts that support your prerogative writ claims from January 1, 2020 to the present.

**<u>Answer:</u>**

3.    Describe with specificity all communications (written and verbal) between the Landlord and any of the Tenants and any person employed by the City, which includes, but is not limited to the Board, Bureau, Shyrone Richardson, Johna Noel, Dinah Hendon, Eric Bulwith and any other person not specifically named herein relating to the Decision, the Recalculation and/or regarding the facts that support the Landlord's prerogative writ claims from January 1, 2020 to the present.

**<u>Answer:</u>**

4.    Describe with specificity all facts showing that the Decision and/or the Recalculation should be vacated or is otherwise incorrect.

**<u>Answer:</u>**

6

## <u>CERTIFICATION</u>

I hereby certify that the answers to the preceding Interrogatories are true and correct to the best of my knowledge, information, and belief.

I understand that if I have willfully made any false statements, I am subject to punishment.

Dated:_____, 2024          By: _____