# EXHIBIT C

Mollie Hartman Lustig, Esq.
Attorney ID 000862011
McLaughlin & Stern
One Elm Street, Suite 2
Westfield, New Jersey 07090
(908) 578-5458
MLustig@mclaughlinstern.com
Attorney for Intervenor Defendants

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC, | CIVIL ACTION NO.<br><br>2:23-cv-22291 (MCA) (JRA) |
| Plaintiff, | |
| v. | **REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE ITEMS FROM PLAINTIFFS THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC AND EQUITY RESIDENTIAL MANAGEMENT, LLC BY INTERVENOR DEFENDANTS** |
| THE CITY OF JERSEY CITY and THE CITY OF JERSEY CITY RENT LEVELING BOARD, | |
| Defendants. | |
| v. | |
| PORTSIDE TOWERS EAST TENANT ASSOCIATION, PORTSIDE TOWERS WEST TENANTS ASSOCIATION, KEVIN WELLER, JESSICA BRANN, JOEL ROTHFUS and MICHELLE HIRSCH | |
| Intervenor - Defendants | |

1

To:    Derek Reed, Esq.

Ehrlich, Petriello, Gudin, Plaza & Reed

60 Park Place, Suite 1016

Newark, NJ 07102

COUNSEL:

PLEASE TAKE NOTICE that Intervenor Defendants hereby request plaintiff The Towers at

Portside Urban Renewal Company, LLC and Equity Residential Management, LLC to produce

true, correct and complete copies of the documents and tangible items requested herein and deliver

same to counsel for the Intervenor Tenants via electronic mail or delivery at One Elm Street, Suite

2, Westfield, New Jersey 07090, or make same available for physical review at a location within

the State of New Jersey, County of Hudson.

Attorney for Intervenor Defendants

By:    */s/ Mollie Hartman Lustig*
       Mollie Hartman Lustig

Dated: September 4, 2024

2

## Definitions and Instructions

1. The terms, "you," "your," "yourself," "Plaintiffs" and "Landlord," when used herein collectively refers to plaintiffs the Towers at Portside Urban Renewal Company, LLC and Equity Residential Management, LLC together with their agents and any other persons or entities acting or purporting to act on their behalf.
2. The term "City" when used herein refers to defendant the City of Jersey City.
3. The term "Board" when used herein refers to defendant Jersey City Rent Leveling Board.
4. The term "Council" when used herein refers to the Jersey City Council.
5. The term "Bureau" when used herein refers to Jersey City Rent Leveling Bureau.
6. The term "Tenants" when used herein collectively refers to defendant intervenors Portside Towers East Tenant Association and the members of this entity, Portside Towers West Tenant Association and the members of this entity, Kevin Weller, Jessica Brann, Joel Rothfus and Michelle Hirsch together with their agents and any other persons or entities acting or purporting to act on their behalf.
7. The term "defendants" when used herein collectively refers to the City and Board.
8. The term "parties" when used herein collectively refers to the City, Board, Tenants and Landlord.
9. The term "Decision" when used herein refers to the November 3, 2023 decision of the Board also attached as Exhibit C to the Landlord's Complaint [Dkt No. 1] and Exhibit A to the Landlord's Amended Complaint [Dkt No. 65].
10. The term "Recalculation" when used herein refers to the August 7, 2024 letter and calculations in the spreadsheets referenced therein and served to the parties by email dated August 7, 2024.
11. The term "Litigation" when used herein collectively refers to the above captioned matter pending in the District Court of the State of New Jersey bearing Civil Action 2:23 -cv-22291 (MCA) (JRA) and collectively includes and refers to the contents of the pleadings filed and that are filed after the date of this document.
12. The term "prerogative writ claims" when used herein refers to the prerogative writ claims referenced in paragraph 9 of the Court's August 27, 2024 Order contained in the Amended Complaint [Dkt No. 65].
13. These requests are continuing and you are instructed to make prompt, further and supplemental production when an additional document is discovered that is responsive hereto.
14. If any document called for by these requests is withheld on the ground that it is privileged, constitutes attorney work product, or is for any other reason exempt from discovery, set forth the ground or grounds for withholding such document, its present location and custodian, and such additional information as may be required to enable it to be identified and to enable the Court to adjudicate the propriety of the withholding, including but not limited to the type of document, its date, author(s), addressee(s), if different, its recipient(s), and its general subject matter.
15. Documents produced in response to these requests shall be produced, pursuant to the Federal and Local Rules of Civil Procedure, in such a manner so as to identify the specific request to which they relate.
16. As used herein, the term "document" means and includes, by way of illustration and not by way of limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, written, produced by hand or produced by or stored in a

3

computer, regardless of origin or location: books, records, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, sound recording, applications, booklets, books, brochures, catalogues, circulars, articles, magazines, newspaper, pamphlets, periodicals, bulletins, instructions, minutes, any communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, diary, accounts, journals, canceled checks, bank statements, bank passbooks, confirmations, statements of accounts, analyses, diaries, graphs, notebooks, notes, charts, tables, working papers plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, calendar, opinions or reports of accountants or consultants, reports, data sheets, data processing cards, photographs, statistical statement, photographic negatives, phono-records, message, study, electronic mail, text messages, expert or consultant opinion, appraisal electronically stored information stored in any medium, tape recordings, tests, discs, wire recordings, transcripts of recordings, drawings, summary compilations, telex, motion picture film, forecast, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written, graphic, electronic or printed matter of any kind, or any other and all other data compilations from which information can be obtained and translated if necessary.

17. As used herein, the term "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body or any other organization or entity.

18. As used herein, any term in the singular shall be deemed to include the plural where appropriate and vice versa.

19. As used herein, all terms including "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to include in the response any document that might be deemed nonresponsive by any other construction.

20. The term "communication" as used herein means any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, text message, email, interview, conference, meeting or telephone conversation.

21. As used herein, "documents relating to" means documents constituting, containing, showing, regarding, relating to or referring in any way, directly or indirectly.

**Documents To Be Produced**

1. All documents and/or tangible items relating to the testimony of any witnesses and/or any of the individuals or entities listed in Plaintiffs' First Amended Rule 26(a)(1) Initial Disclosure that may be called by you to testify at trial or any hearing to prove and/or that support your prerogative writ claims.

2. All documents and/or tangible items including but not limited to reports, notes, drafts, treatises and articles reviewed, considered, examined and/or relied upon and/or authored by any experts upon which you will rely to prove and/or support your prerogative writ claims.

3. All documents and/or tangible items that you will utilize, rely upon, mark as an exhibit, introduce into evidence, refer to or otherwise utilize for any purpose relating to your prerogative writ claims.

4. All documents and/or tangible items containing written or oral statements, admissions, communications or declarations from any person or entity relating to the facts that form the subject of and/or support your prerogative writ claims.

5. All documents and/or tangible items that you will utilize, rely upon, mark as an exhibit, introduce into evidence, refer to or otherwise utilize for any purpose relating to the allegations contained in paragraphs 15, 94, 95, and 96 of the Amended Complaint (Dkt. 65).

6. All documents and/or tangible items relating to and/or identifying any individuals that possess knowledge relating to the facts that form the subject of and/or support your prerogative writ claims.

7. All documents and/or tangible items relating to communications regarding treatment of tenants and lease renewals since the first illegal rent petition was filed by the tenants on May 31, 2022.

8. All documents and/or tangible items relating to communications between Dinah Hendon and representatives of the Plaintiff between 2019 and present.

9. All documents and/or tangible items relating to (a) communications between and among any employees, officers, directors, consultants, etc. related to compliance with the Jersey City Rent Control ordinance and state statute from the period 1994 to present; and, (b) compliance with the Jersey City Rent Control ordinance and state statute from the period 1994 to present.

10. All documents and/or tangible items relating to communications between and among all employees, officers, directors, agents, etc. related to imposition of rents for Portside tenants in connection with lease renewals following the first illegal rent petition filed by the tenants on May 31, 2022.

11. All documents and/or tangible items relating to communications between you, including between any former owners of plaintiff (e.g. Dematteis/Waterview Associates, Joseph Barry, Applied, etc.) or any of plaintiff's subsidiaries, and employees of the City from 1997 through present.

12. Any and all documents and/or tangible items not specifically requested herein relating to the prerogative writ claims.