# EXHIBIT D

Mollie Hartman Lustig, Esq.
Attorney ID 000862011
McLaughlin & Stern
One Elm Street, Suite 2
Westfield, New Jersey 07090
(908) 578-5458
MLustig@mclaughlinstern.com
Attorney for Intervenor Defendants

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF JERSEY CITY and THE CITY OF JERSEY CITY RENT LEVELING BOARD, <br><br> Defendants. <br><br> v. <br><br> PORTSIDE TOWERS EAST TENANT ASSOCIATION, PORTSIDE TOWERS WEST TENANTS ASSOCIATION, KEVIN WELLER, JESSICA BRANN, JOEL ROTHFUS and MICHELLE HIRSCH <br><br> Intervenor - Defendants | CIVIL ACTION NO. 2:23-cv-22291 (MCA) (JRA) <br><br><br> **REQUEST FOR ANSWERS TO INTERROGATORIES FROM PLAINTIFF THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC AND EQUITY RESIDENTIAL MANAGEMENT, LLC BY INTERVENOR DEFENDANTS** |

1

To:    Derek Reed, Esq.

Ehrlich, Petriello, Gudin, Plaza & Reed

60 Park Place, Suite 1016

Newark, NJ 07102

COUNSEL:

PLEASE TAKE NOTICE that Intervenor Defendants hereby request Plaintiffs The Towers at

Portside Urban Renewal Company, LLC and Equity Residential Management, LLC to provide

certified answers to the following interrogatories. Please be advised that there is a continuing

obligation to amend and supplement your answers as additional information becomes available.

Attorney for Intervenor Defendants

By:    */s/ Mollie Hartman Lustig*
          Mollie Hartman Lustig

Dated: September 4, 2024

2

### Definitions and Instructions

1. The terms, "you," "your," "yourself," "Landlord" and "Plaintiffs" when used herein collectively refers to Plaintiff, Portside and Equity together with their agents and any other persons or entities acting or purporting to act on their behalf.
2. The term "Board" when used herein refers to defendant Jersey City Rent Leveling Board.
3. The term "Council" when used herein refers to the Jersey City Council.
4. The term "Bureau" when used herein refers to Jersey City Rent Leveling Bureau.
5. The term "Tenants" when used herein collectively refers to defendant intervenors Portside Towers East Tenant Association and the members of this entity, Portside Towers West Tenant Association and the members of this entity, Kevin Weller, Jessica Brann, Joel Rothfus and Michelle Hirsch together with their agents and any other persons or entities acting or purporting to act on their behalf.
6. The term "parties" when used herein collectively refers to the City, Board, Tenants and Landlord.
7. The term "Decision" when used herein refers to the November 3, 2023 decision of the Board also attached as Exhibit C to the Landlord's Complaint [Dkt No. 1] and Exhibit A to the Landlord's Amended Complaint [Dkt No. 65].
8. The term "Recalculation" when used herein refers to the August 7, 2024 letter and calculations in the spreadsheets referenced therein and served to the parties by email dated August 7, 2024.
9. The term "Litigation" when used herein collectively refers to the above captioned matter pending in the District Court of the State of New Jersey bearing Civil Action 2:23 -cv-22291 (MCA) (JRA) and collectively includes and refers to the contents of the pleadings filed and that are filed after the date of this document.
10. The term "prerogative writ claims" when used herein refers to the prerogative writ claims referenced in paragraph 9 of the Court's August 27, 2024 Order contained in the Amended Complaint [Dkt No. 65].
11. If any document called for by these requests is withheld on the ground that it is privileged, constitutes attorney work product, or is for any other reason exempt from discovery, set forth the ground or grounds for withholding such document, its present location and custodian, and such additional information as may be required to enable it to be identified and to enable the Court to adjudicate the propriety of the withholding, including but not limited to the type of document, its date, author(s), addressee(s), if different, its recipient(s), and its general subject matter.
12. Documents produced in response to these requests shall be produced, pursuant to the Federal and Local Rules of Civil Procedure, in such a manner so as to identify the specific request to which they relate.
13. As used herein, the term "document" means and includes, by way of illustration and not by way of limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, written, produced by hand or produced by or stored in a computer, regardless of origin or location: books, records, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, sound recording, applications, booklets, books, brochures, catalogues, circulars, articles, magazines, newspaper, pamphlets, periodicals, bulletins, instructions, minutes, any

3

communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, diary, accounts, journals, canceled checks, bank statements, bank passbooks, confirmations, statements of accounts, analyses, diaries, graphs, notebooks, notes, charts, tables, working papers plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, calendar, opinions or reports of accountants or consultants, reports, data sheets, data processing cards, photographs, statistical statement, photographic negatives, phono-records, message, study, electronic mail, text messages, expert or consultant opinion, appraisal electronically stored information stored in any medium, tape recordings, tests, discs, wire recordings, transcripts of recordings, drawings, summary compilations, telex, motion picture film, forecast, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written, graphic, electronic or printed matter of any kind, or any other and all other data compilations from which information can be obtained and translated if necessary.

14. "Documents relating to" means documents constituting, containing, showing, regarding, relating to or referring in any way, directly or indirectly.  It is meant to include, without limitation, all documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any answer called for by the Interrogatory.

15. To the extent that information sought by any interrogatory can be furnished by reference to the answer furnished in another Interrogatory, such practice will be acceptable.  However, separate answers should be provided in all cases, and Interrogatories shall not be joined together and accorded a common answer.

16. If any of these interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief there is concerning the unanswered portion.

17. If any information requested by these interrogatories is claimed to be immune from discovery on the grounds of privilege or otherwise, the basis of such claim and a description of the information sufficient to enable the Court to decide if such claim has been properly invoked should be specified.  A privilege log should also be provided.

18. As used herein, the term "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body or any other organization or entity.

19. As used herein, any term in the singular shall be deemed to include the plural where appropriate and vice versa.

20. As used herein, all terms including "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to include in the response any document that might be deemed nonresponsive by any other construction.

21. The term "communication" as used herein means any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, text message, email, interview, conference, meeting or telephone conversation.

22. As used herein, "documents relating to" means documents constituting, containing, showing, regarding, relating to or referring in any way, directly or indirectly.

4

**Interrogatories**

1. Identify all persons with knowledge of the claims asserted in the Complaint and with regard to answers to all counterclaims and affirmative defenses asserted in response thereto.

2. Identify all experts you have interviewed and/or retained, whether or not any of them has or is intended to produce an expert report.

3. Identify all persons who will present testimony on your behalf at any trial or hearing in this matter if allowed by the Court.

4. Identify all persons employed by or otherwise affiliated with Plaintiffs, their predecessors, consultants, and others, who participated in the decision-making process regarding (a) the renewals and terms of leases for each tenant at the Portside Towers Buildings from January 2020 forward, (b) the nature and extent of penalties or other sanctions to be imposed on each tenant deemed by You to be in violation of their lease agreements, and (c) compliance with the City's Rent Control Ordinance and State Statute from 1994 forward.

5. Describe with specificity all communications, written or verbal (a) between and among all Plaintiffs, their predecessors, consultants, and others, who participated in the decision-making process regarding (i) the renewals and terms of leases for each tenant at the Portside Towers Buildings from January 2020 forward, (ii) the nature and extent of penalties or other sanctions to be imposed on each tenant deemed by You to be in violation of their lease agreements, and (iii) compliance with the City's Rent Control Ordinance and State Statute from 1994 forward, and (b) between among the City and its various departments and bureaus, and Plaintiffs, their predecessors, consultants, and others, who participated in the decision-making process regarding (iv) the renewals and terms of leases for each tenant at the Portside Towers Buildings from January 2020 forward, (v) the nature and extent of penalties or other sanctions to be imposed on each tenant deemed by You to be in violation of their lease agreements, and (vi) compliance with the City's Rent Control Ordinance and State Statute from 1994 forward.

## **CERTIFICATION**

I hereby certify that the answers to the preceding Interrogatories are true and correct to the best of my knowledge, information, and belief.

I understand that if I have willfully made any false statements, I am subject to punishment.

Dated:_____, 2024

By:_____