# EXHIBIT E

353 N. CLARK STREET CHICAGO, IL 60654-3456

**J E N N E R & B L O C K** LLP

October 31, 2024

Andrew Vail
Tel  +1 312 840 8688
AVail@jenner.com

**VIA EMAIL**
Philip S. Adelman
John McKinney
Assistant Corporation Counsel
Jersey City Law Department
280 Grove Street
Jersey City, New Jersey  07302

Re:    ***The Towers at Portside Urban Renewal Company, et al. v. The City of Jersey City, et al., Civil Action No. 2:23-cv-22291-MCA-JRA***

Dear Counsel:

Happy Halloween. We write regarding the Defendants' deficient responses and production related to Portside's discovery requests, per your request during our meet and confer.

### I.    Written Responses to Discovery.

Portside served Plaintiffs' First Set of Requests for Production of Documents to Defendants on April 1, 2024 and Plaintiffs' Second Set of Requests for Production of Documents to Defendants on May 8, 2024 (collectively, the "Requests") and then streamlined those requests and interrogatories to be solely those relevant to the PW related claims and otherwise raised specific concerns with Defendants' prior written response in our September 4 letter, enclosed.   We request that you respond to that letter as discussed during the parties' recent meet and confer.

### II.    Methods for Search, Identification and Productions of Responsive Documents

### a.    Method for Search and Identification.

On October 24, 2024 you helpfully identified the email addresses against which search terms were applied for the Defendants' production of documents.  This list includes Rent Leveling Board members who do not have jcnj.org email addresses.  Please explain how sources of documents were identified and collected and whether any of these individuals communicated about the Portside rent dispute in ways other than those listed email addresses.

*You also* identified "Portside AND 'rent control'" as the search terms applied across the identified email addresses.  This is too limited to address Portside's Requests and the relevant issues of this litigation, including how and what may have been communicated in emails about the matter. We request that the Defendants' search include the limited following variations, while reserving all right to further discuss and propose terms as reasonable and appropriate:

October 31, 2024
Page 2

- Portside AND (2A:42-84*" OR (exempt* OR "rent board" OR "260-3" OR "260-6(C)" OR (PILOT* OR "payment in lieu of taxes") OR "rent increase")

- ("Equity Residential" OR "EQR") AND ((2A:42-84*" OR (exempt* OR "rent board" OR "260-3" OR "260-6(C)" OR (PILOT* OR "payment in lieu of taxes") OR "rent increase")

- We also ask that Defendants search these email accounts for emails to and from any of the named Defendant-Intervenors, including the Tenant Associations.

Please also confirm that Defendants will search for historical documents, including hard-copy documents, from the 1990s relating to Portside Towers, the exemption, and Tidewater Basin Plan, along with the other categories set forth in our September 4 letter.

**b. Form of Production.**

To date, Defendants produced 12 agglomerated PDF files that contain over 57,000 pages and cannot be appropriately used in litigation, *e.g.* at deposition or trial. For example, the PDFs combine many documents from many custodians into one document. The PDFs lack information identifying the custodian, parent/child relationships, or page breaks.

Federal Rule 34(b)(2)(E)(ii) requires parties to produce electronically stored information "in a form or forms in which it is ordinarily maintained or in a reasonably usable form." The Advisory Committee Notes to Rule 34 further explain that the Rule does not allow the responding party to produce ESI in "a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation." Fed. R. Civ. P. 34 Advisory Committee Note to 2006 Amendment.

Here, Defendants have failed to comply with Rule 34 by producing 17,000 pages of various documents in 12 compiled PDFs. For years, federal courts have routinely and consistently found this approach impermissible. *See, e.g., In re Valsartan N-Nitrosodimethylamine and Irbesartan Prods. Liab. Lit.*, 2012 WL 12142010, at *3 (D.N.J. Nov. 12, 2021) (ordering production of exhibit document "in its native format with metadata" upon plaintiff's complaint that that the document "was produced in PDF format only without any metadata, even though it was undoubtedly created via computer" where plaintiff could not explain why the document "was produced in PDF without metadata"); *vMedex, Inc. v. TDS Operating, Inc.*, 2021 WL 4709978, at *1-2 (D. Del. Oct. 8, 2021) (ordering plaintiff "to produce each document as a single PDF, in a manner that preserves the familial relationship of the documents to each other" where plaintiff's initial production consisted of "multiple documents from multiple custodians merged into a single 2,281 page PDF."). *See also Johnson v. Italian Shoemakers, Inc.*, No. 17-cv-00740, 2018 WL 5266853 (W.D.N.C. Oct. 23, 2018) (emails produced in pdf format "is not how emails are kept in the ordinary course of business."); *Flynn v. Love*, No. 19-CV-00239, 2023 WL 2561158,at *4-5 (D. Nev. Mar. 16, 2023) (describing production of various documents grouped together as a single pdf as a "'do it yourself' document dump, which flies in the face of both the spirit of Rule 34, and established case law.")

EQR requests that the Defendants comply with Rule 34 and produce documents consistent with Rule 34, including so that custodians and family relationships are clearly identified, and the

October 31, 2024
Page 3

relevant metadata is provided. For further guidance on form, we refer you to our recent productions of emails and other documents, as an example, and otherwise would be glad to discuss.

This letter may not be exhaustive as to all the concerns we have with the Defendants' production of documents and discovery issues and we reserve all rights in that regard.

We look forward to your response and promptly discussing these matters in the hopes of resolving these issues efficiently, or bringing them to the Court's attention so they can be resolved.

Sincerely,

*s/Andrew W. Vail*

Andrew Vail

cc: Derek Reed