# EXHIBIT H

| | |
|---|---|
| **From:** | Philip Adelman |
| **To:** | Benigeri, Lauren M.; John McKinney |
| **Cc:** | MLustig@mclaughlinstern.com; mgclawyers@aol.com; enemeth@ejcounsel.com; MHegazi@mclaughlinstern.com; MHegazi@mclaughlinstern.com; Vail, Andrew W.; Derek Reed |
| **Subject:** | RE: Portside - Requests re Defendants" Discovery - update and response |
| **Date:** | Monday, January 6, 2025 11:47:32 AM |
| **Attachments:** | Tidewater Basin RDP 20220908 Amd11.pdf |

**External Email - <u>Do Not Click</u> Links or Attachments Unless You Know They Are Safe**



Good Morning:

I write to follow up on the below email and clarify some issues that were incorrectly asserted by the landlord in the December 30th letter to the Court. The City continues to assert all of its objections and maintains that the demands are overbroad, unduly burdensome and outside the scope of the prerogative writ claim. Contrary to the statements in the December 30 letter to the Court, the City stated it will continue to maintain its objections while making all reasonable efforts to produce outstanding items. The Landlord's demands seek an enormous amount of materials. I will respond to each numbered section from the below email.

1. <u>Search Terms</u> – As stated in the December 19 letter to the Court, the City agreed to perform a search with the terms that are listed in the bullet points below. We have also updated you on the status of the search by first indicating there were approximately 2,376 emails that the search yielded as of December 19. We believe the search is finally complete and has yielded over 63,000 pages of results that we must review for privilege issues and will produce responsive materials thereafter.

2. <u>Documents to Search for and Produce</u> – Some of the demands in this section are duplicative of the bullet point list of searches. Moreover, the items demanded are extremely overbroad, unduly burdensome and outside the scope of the prerogative writ claims. If the landlord can create specific search terms written in the same manner as the bullet point list, the City will take them under consideration and advise if the searches can be performed.

   The Tidewater Basin Redevelopment Plan is attached hereto. However, asking for all documents "related" to this plan is extremely overbroad and unduly burdensome. If the Landlord can narrow this demand to search terms written in a similar manner to the bullet point list, the City will take them under consideration and advise if the search can be performed.

   With regard to record retention policies, All the City's record retention schedules can be found at https://www.nj.gov/treasury/revenue/rms/retention.shtml

   With regard to the last paragraph in section 2, we again request for specific search terms like those in the bullet list.

3. <u>Form of Production</u> – On December 19, we produced the native form of the City's initial 57,000 page pdf production. The City will make all reasonable efforts to produce the documents the were recently located through the bullet point search terms in native form.

4. <u>Interrogatories</u> – the information sought seeks a substantial amount of materials and the City is in the process of preparing more specific responses. In particular, as to interrogatories numbers 2 and 3 in the Landlord's September 4, 2024 letter, we are in the process of determining what items the Rent Board has is response to these interrogatories. As to interrogatory number 5, the Landlord knows the amount of money it paid in connection with any PILOT program in which it participated. The amount of the City's revenue generated had the Landlord not participated is absolutely is beyond the scope of the prerogative writ claims. It is also extremely overbroad and unduly burdensome. We are, however, willing to discuss this issue in more detail in order to attempt to resolve this dispute or we can allow the Court to decide.

Regarding the City's request to file a motion for the landlord to pay for the expenses associated with the production of the materials that are allegedly outstanding, this was expressly stated in the December 19 letter to the Court and was not first mentioned in the December 30th letter.

As has been stated several times, the City is committed to resolving any discovery disputes. All of the City's rights, objections, defenses and immunities are hereby reserved.

Philip S. Adelman, Esq.
Assistant Corporation Counsel
Jersey City Law Department
280 Grove Street
Jersey City, New Jersey 07302
Tel: 201-547-4810
padelman@jcnj.org

NOTICE: The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any review, use, transmission, conversion to hard copy, dissemination, distribution, or copying of this message, or any attachments, is strictly prohibited. If you have received this message in error, please notify the original sender by email or telephone (201) 547-4810 and immediately delete this message, along with any attachments, from your computer. Thank you.

**From:** Benigeri, Lauren M. <LBenigeri@Jenner.com>
**Sent:** Monday, December 16, 2024 4:02 PM
**To:** Philip Adelman <PAdelman@jcnj.org>; John McKinney <JMcKinney@jcnj.org>
**Cc:** MLustig@mclaughlinstern.com; mgclawyers@aol.com; enemeth@ejcounsel.com; MHegazi@mclaughlinstern.com; MHegazi@mclaughlinstern.com; Vail, Andrew W. <AVail@jenner.com>; Derek Reed <dreed@epgprlaw.com>
**Subject:** Portside - Requests re Defendants' Discovery

CAUTION: This email originated from outside our organization. Use caution when clicking links or opening attachments.

Phil,

Thank you for the time today. We are pleased Defendants have now agreed to provide discovery to Portside that was previously identified in our prior correspondence to you, specifically our letters dated September 4, October 31, November 23, and December 10. As you requested, we summarize our previous requests for Defendants to provide the following information relating to Defendants' discovery responses and production:

1. **Search Terms**

As provided in Portside's November 23 letter, Portside agreed to provide Defendants with Boolean search terms broken down into only two terms.  We propose the following terms are used:

- Portside AND 2A:42-84*
- Portside AND exempt*
- Portside AND "rent board"
- Portside AND "260-3"
- Portside AND "260-6(C)"
- Portside AND PILOT*
- Portside AND "Payment in Lieu of Taxes"
- Portside AND "rent increase"
- Portside AND registration
- "Equity Residential" AND 2A:42-84*
- "Equity Residential" AND exempt*
- "Equity Residential" AND "rent board"
- "Equity Residential" AND "260-3"
- "Equity Residential" AND "260-6(C)"
- "Equity Residential" AND PILOT*
- "Equity Residential" AND "Payment in Lieu of Taxes"
- "Equity Residential" AND "rent increase"
- "Equity Residential" AND registration
- "100 Warren" AND 2A:42-84*
- "100 Warren" AND exempt*
- "100 Warren" AND "rent board"
- "100 Warren" AND "260-3"
- "100 Warren" AND "260-6(C)"
- "100 Warren" AND PILOT*
- "100 Warren" AND "Payment in Lieu of Taxes"
- "100 Warren" AND "rent increase"
- "100 Warren" AND registration

"155 Washington" AND 2A:42-84*
- "155 Washington" AND exempt*
- "155 Washington" AND "rent board"
- "155 Washington" AND "260-3"
- "155 Washington" AND "260-6(C)"
- "155 Washington" AND PILOT*
- "155 Washington" AND "Payment in Lieu of Taxes"
- "155 Washington" AND "rent increase"
- "155 Washington" AND registration

2. **Documents to Search For and Produce**

We understand from your representations on today's call that Defendants will use the above terms to search for and produce documents responsive to all RFPs set forth in the attached letter to Defendants, dated September 4, 2024.

As noted in Portside's October 31, November 23, and December 10 letters, this includes, and Defendants agreed to search for and produce, historical documents—including hardcopy documents—listed in the September 4 letter, including documents related to the Tidewater Basin Redevelopment Plan, the City's record retention policies, and Board policies governing review of applications for exemption under the Exemption Statute.

Further, as we requested in Portside's October 31 and November 23 letters, we also understand that Defendants will search for and produce its emails to, from, or cc'ing the named Defendant-Intervenors: Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michele Hirsch. We also would like any voicemails or other communications.

3. **Form of Production**

We appreciate Defendants' agreement to produce their documents in native form. We await Defendants' link to that production, which we understand has already been prepared and is ready to be sent.

4. **Interrogatories**

We appreciate Defendants' agreement to supplement its interrogatory responses and await those amended responses.

Please confirm your agreement with this approach as soon as possible. If Defendants disagree with any of Portside's statements herein, promptly notify us so that we may list the dispute in our letter to the Court.

Portside reserves all rights regarding the above issues.

Thank you,

Lauren

---

**Lauren M. Benigeri**

**Jenner & Block LLP**
1155 Avenue of the Americas
New York, NY 10036-2711   |   jenner.com
+1 212 407 1741   |   Tel
+1 312 982 4837   |   Mobile
LBenigeri@Jenner.com
Download V-Card   |   View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

---