# EXHIBIT L

| | |
|---|---|
| **From:** | Kevin Weller ████████████ |
| **Sent:** | Wed 9/20/2023 3:59:13 AM (UTC) |
| **To:** | Shyrone Richardson <SRichardson@jcnj.org> |
| **Subject:** | Re: Follow up about 2/8/2023 call |

Director Richardson,

Hello, it has been some time and I hope you are well. First, I want to let you know that I miss your Sunday sermons. I stopped coming because I believed it became too likely that because of the rent control fight, my attendance would turn into a disruption at your church, which I absolutely didn't want to happen. I initially came to get to know you, so I could learn if you were a "good guy" or a "bad guy". Once I knew you were a good guy, I came back because you are so good at what you do, and I really enjoyed coming. I even brought others who also found the experience to be really great. To this day, I believe you are not the problem, and I actually worry that you could end up becoming a victim because of the way some in the city are handling a few very important issues given the responsibilities of your position. If I can help you as this unfolds, please let me know. I am always on the side of the people who do what's right.

That being said, I do need to touch base with you about two long outstanding petitions claiming illegal rent. This time I am not copying anyone else because I am only looking for an answer from you, based on a conversation you and I had back in February.

As a reminder, you and I had a phone call on 2/8/2023 when you told me that tenants have a legal right to submit new petitions, and if they did send new petitions, you would make your own determination, with a fresh set of eyes. I also asked you if I could announce at city council, that same night, that you would review these new petitions and put forward your own determination. After receiving your permission, I did just that. You and I also discussed the administrative process, and I remember saying that based on your determinations related to the two new petitions, it was possible that all 100+ tenants would withdraw their appeals so as to not have an unnecessary administrative burden, and to realign in support of the city in defense of the law. It is also likely that your determinations would have resulted in a change of course with regard to what tenants present at city council meetings. I understand that you did not make any representation as to how you would rule, but I knew the two new petitioners would send something that would be <u>extremely simple for you to evaluate</u> - they boiled it down to just one question.

I touched base on 3/14/2023, one full month after you received the two short questions, with a cc to mayor Folup, the person who is ultimately responsible for ordinance enforcement per the Faulkner Act, and at that time you said that you didn't yet have time to address those two new petitions.

Both of those two petitioners simply asked for you to acknowledge what we have definitive proof of, which is that our landlord has not proved that the original owner ever filed a claim of exemption from rent control for either tower, 155 Washington Street or 100 Warren Street.

Now it has been more than 6 additional months, more time than it took for Dinah Hendon to

respond to over 100 petitions. Based on the conversation you and I had on 2/8/2023, this delay is extremely unexpected, very disappointing and a significant deviation from the clearly established turn-around-time of your department.

I am the President of the Portside Towers East Tenant Association, and in that role, the tenant in my building has asked that I follow up with you on her petition. Likewise the tenant in the West Tower has asked Michele (the President of the Portside Towers West Tenant Association) to follow up on her petition. I have agreed to reach out on behalf of both tenants since the invitation for them to file came from you to me, which I then represented, with confidence, after receiving your permission.

Here again are the original requests (simplified), which after 218 days, remains unanswered by you:

---
Director Richardson,

**With regard to case R23-004, 100 Warren Street Unit #505, submitted to you on 2/13/2023, per your invitation on 2/8/2023:**

Jersey City Ordinance 260-6C mandates:

"...This exemption applies only where an owner complied with all requirements contained in N.J.S.A. 2A:42-84.1 et seq., **including the filing with the municipal construction official required by N.J.S.A. 2A:42-84.4**..."

On the one-year anniversary of Dinah Hendon's 9/19/2022 certification, I am supplying her answer to this question, along with her signature from that determination:

*"Portside was not the owner at the time the CO for 100 Warren was issued in August 1992 and, evidently <u>the owner at that time did not apply for the exemption</u>"*

– Dinah Hendon 9/19/2022 signed determination

Signature: _Dinah Hendon_
Dinah Hendon, Rent Leveling Administrator

**Dated:** September 19, 2022

**Note:** Verbatim quote and actual signature from this sworn statement from Dinah Hendon

Before her determination, Dinah Hendon sent written confirmation of the same to multiple tenants:



Note: While not necessary according to the NJ statute, the landlord registration statement Director Hendon referred to **confirmed her determination** that 100 Warren was subject to rent control.

**Director Richarson:** Has our landlord, Equity Residential, provided proof that the original owner of 100 Warren Street filed a claim of exemption to rent control, at least 30 days prior to the issuance of the certificate of occupancy for this property (prior to 8/25/1992)? **Yes or No**

Secondly,

**With regard to case R23-005, 155 Washington Street, Unit #1008, submitted to you on 2/13/2023, per your invitation on 2/8/2023:**

Jersey City Ordinance 260-6C mandates:

"...This exemption applies only where an owner complied with all requirements contained in N.J.S.A. 2A:42-84.1 et seq., **including the filing with the municipal construction official required by N.J.S.A. 2A:42-84.4**..."

On the one-year anniversary of Dinah Hendon's 9/19/2022 certification, I am supplying her answer to this question, along with her signature from that determination:

*"To date, no letter to the Construction Code Official in connection with the requested exemption from rent control for 155 Washington has been located"*

– Dinah Hendon 9/19/2022 signed determination

Signature: _____
Dinah Hendon, Rent Leveling Administrator

**Dated:** September 19, 2022

**Note:** Verbatim quote and actual signature from this sworn statement from Dinah Hendon

Before her determination, when Dinah Hendon was already the Director of the Office of Landlord-Tenant relations, her office also supplied written confirmation of the rent control status of 155 Washington Street:



**Director Richardson:** Has our landlord, Equity Residential, provided proof that the original owner of 155 Washington Street filed a claim of exemption to rent control, at least 30 days prior to the issuance of the certificate of occupancy for this property (prior to 12/31/1997)? **Yes or No**

218 days is too long of a period of time to wait for you to answer this very simple, easy to verify question. I'm asking for you to please prioritize supplying me with this answer without additional administrative delay.

I want to underscore how important it is that you supply your answer to these questions without further delay.

These tenants deserve their administrative process. As you made clear during our 2/8/2023 call, these tenants or their landlord can dispute any determination you make within 14 days, should they choose to. The **fresh look** you committed to could very well significantly reduce the administrative burden the city is currently facing.

As a reminder, Corporation Counsel Peter Baker publicly acknowledged, in a widely shared official Jersey City video, that you are the only person with the power to put forward your own, denovo determination for new petitions from tenants at each of these buildings.

While I did not copy anyone on this email, by sending it to your City email address, it is now a matter of public record.

According to my notes from our 2/8 call, you made it very clear that a new determination can happen very quickly if new petitions are submitted, because there is a designated amount of time for the landlord to respond, or not.

You went so far as to say if there was a "conspiracy" (your word), the "easy way out" would be to let the timeframe of the process run out.

I would like to point out that the landlord was properly served on 2/13/2023 via the official process and Jersey City official form, and according to the established Jersey City process. The City subsequently assigned cases numbers. According to the tenants who are a party to those petitions, **the landlord did not supply any counter or any information whatsoever during the allowable time frame**. To allow new information related to these petitions, more than 6 months after the clearly established administrative process for such a response has long concluded, would not be lawful for these two petitions.

Kindly either respond with either: 1) proof of the **timely** filings of claims of exemptions to rent control for these buildings (at least 30 days prior to the issuance of the original certificate of occupancy - one for each building), or 2) your lawful determinations.

I really appreciate your prompt response.

Obviously, you are free to share this email with anyone for any purpose as appropriate.

Thank you,
Kevin

On Tue, Mar 14, 2023 at 1:50 PM Shyrone Richardson <SRichardson@jcnj.org> wrote:

As you are fully aware of, the number of Petitions received during the various months in 2022 for 100 Warren and 155 Washington Street was approximately 113. Under the former Director, this Office consolidated the case files and issued two determinations on September 19, 2022; one for each tower. Since then, there have been several Illegal Rent Petitions and Failure to Maintain Service Petitions submitted to the Office of Landlord/Tenant Relations by other constituents from different properties since these two determinations were issued. And also, per our discussion, I informed you that the Office of Landlord/Tenant Relations reviews Petitions in the order they are received. The two new submissions will be addressed accordingly and in the aforementioned order.



Shyrone Richardson

Director

Department of Housing, Economic Development & Commerce

Division of Housing Preservation

342 Martin Luther King Drive

Jersey City, New Jersey, 07305

(201)-547-5127

**From:** Kevin Weller ███████████████████ >
**Sent:** Monday, March 13, 2023 4:12 PM
**To:** Shyrone Richardson <SRichardson@jcnj.org>
**Cc:** Steve Fulop   FulopS@jcnj.org  ; Michele Hirsch ███████████████████
**Subject:** Follow up about 2/8/2023 call

CAUTION  This email originated from outside our organization  Use caution when clicking links or opening attachments

Director Richardson,

I am writing to follow up on our call on Wednesday, February 8th regarding your rent control determinations for two new petitions. These petitions concern tenants who are not involved in any previous determinations for their buildings and are not a party to any matter before the Rent Leveling Board or the courts. During our conversation, you expressed that you would conduct a de novo review of the newly submitted petitions, and you confirmed that it was the legal right of these tenants to receive such a review from you. Additionally, Corporation Counsel Peter Baker publicly acknowledged, in a widely shared video, that you have the power to put forward your own determination.

Based on your commitment, which was announced at the 2/8/023 city council meeting, two tenants submitted petitions for your review on 2/13/2023, one full month ago today.

Their request was simple: **provide proof of the timely filing of a claim of exemption by the original owners, or your lawful determination that their buildings are subject to rent control.**

We know those cases were number 4 and 5 for the year 2023:

R23-00**4**, 100 Warren Street Unit #505

R23-00**5**, 155 Washington Street, Unit #1008

Since the landlord for those petitions did not respond for a full month since they were served related to those cases, you are free to make your determination without further delay.

You should also know we have found yet **another previous determination by your office, this time from 2020,** (before your appointment) which has just been published online, already has been viewed over 5,000 times and has been shared with the press.



HOME › ISSUES › TENANT/LANDLORD ISSUES

Private Issue                                                          Learn more

Tenant/Landlord issues › Archived
155 Washington St Jersey City, NJ, 07302, USA · Show on Map

NJ (Verified Official)
Jersey City, NJ assigned this issue to Code Compliance - Bob K
09/22/2020 · Flag

ACKNOWLEDGED    Engineering - Althea (Verified Official)
We will look into this.
09/22/2020 · Flag

Engineering - Althea (Verified Official)
The current records with this office show that this property has not provided proof of exemption
from the rent control laws and is therefore currently governed by rent control.
09/23/2020 · Flag

Portside John (Registered User)
Are you going to officially notify Portside Towers of this. Their leases say they are exempt
09/23/2020 · Flag

Director Richardson, I would like to emphasize the seriousness of the matter at hand, as it is causing significant harm to a large number of Jersey City tenants. This issue has even resulted in a growing number of individuals becoming homeless. It is important to note that this problem is not exclusive to the tenants of Portside Towers.

Please do not delay. You have the power to make this right.

I have come to find out a large number of tenants will feature Mayor Fulop and you at the council meeting next Thursday. I cannot control what all tenants will say publicly, but to the degree I can influence the speakers, I will urge them to be respectful. They have the right to demand answers as they continue to overpay, three months after you were appointed to enforce Ordinance 260.  Why must they continue to struggle?

It is important to recognize that unless you and Mayor Fulop take a stand and enforce the existing rent control Ordinance in Jersey City, you both will become the face of Ordinance non-enforcement and the exclusive focus of this growing movement which now includes an estimated 5,000 tenants across a growing number of buildings.

As a reminder of the law, please review the attached letter from Commissioner Romano, which has been included in a SeeClickFix support ticket which is on its way to being viewed 10,000 times - a ticket which includes a growing number of addresses in Jersey City with documented illegal rents.

Kevin

President Portside Towers East Tenant Association