# EXHIBIT N

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF JERSEY and THE CITY OF JERSEY CITY RENT LEVELING BOARD,<br><br>Defendants,<br><br>v.<br><br>PORTSIDE TOWERS WEST TENANT ASSOCIATION, PORTSIDE TOWERS EAST TENANT ASSOCIATION, KEVIN WELLER, JESSICA BRANN, MICHELE HIRSCH, and JOEL ROTHFUS<br><br>Defendants-Intervenors. | CIVIL ACTION NO.<br>2:23-cv-22291 (MCA) (JRA) |

**PLAINTIFFS' NOTICE OF DEPOSITION OF
DEFENDANTS PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs ~~The Towers at Portside Urban Renewal Company, L.L.C. and Equity Residential Management, LLC~~ (collectively, "Portside"), by and through their undersigned counsel, will take the deposition upon oral examination of the City of Jersey City and the City of Jersey City Rent Leveling Board (collectively, "Defendants") under oath for purposes of discovery and use at trial. Defendants are directed to designate a person to testify on their behalf regarding~~to~~ information known by or ~~which can~~ reasonably available to Defendants ~~be known~~ related to the topics set forth in Schedule A. All terms used therein shall have the meaning designated to them in Portside's Amended Complaint, Dkt. 65. The deposition shall commence at 9:00 a.m. on [date

TBD] at the offices of Ehrlich, Petriello, Gudin, Plaza & Reed, 60 Park Place, 18th Floor, Newark, New Jersey 07102 or another mutually convenient time and place, if so agreed upon in advance of the set date.

The deposition will be taken before a court reporter or other officer authorized to administer oaths and will be conducted in accordance with the Superior Court Rules.  The deposition will be recorded stenographically and by audiovisual means.  All counsel of record are invited to attend and participate.

Portside expressly reserves the right to reexamine Defendants if documents and other information responsive to Portside's discovery requests have not been provided with adequate advance timing to be reviewed and considered in connection with the deposition requests that at least seven (7) business days in advance of the deposition, the representative witness produce all documents and information in his/her/their possession, custody, and/or control that is responsive to Portside's PW document requests to Defendants and expressly reserves the right to reexamine him/her/them if documents and other information responsive to Portside's discovery requests have not been provided by him/her/them or Defendants with adequate advance timing to be reviewed and considered in connection with the deposition.

2

Dated: [Date TBD], 2025

The Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC

By: */s/ Derek D. Reed*

Derek D. Reed, Esq. (Attorney ID # 038062003)
Jeffrey Plaza, Esq.
EHRLICH, PETRIELLO, GUDIN, PLAZA & REED
A Professional Corporation
60 Park Place, 18th Floor
Newark, New Jersey 07102
(973) 643-0040

Terri L. Mascherin (pro hac vice)
Andrew W. Vail (pro hac vice)
Daniel J. Weiss (pro hac vice)
JENNER & BLOCK LLC
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
Facsimile: (312) 840-7375

*Attorneys for Plaintiffs*

3

**<u>SCHEDULE A</u>**

**<u>TOPICS</u>**

1.  Defendants' understanding or ~~/~~knowledge of <u>the meaning and operation of relevant rent control laws and regulations applicable in Jersey City, New Jersey, including those set forth in</u> Jersey City's Rent Control Ordinance located at Chapter 260 of the Jersey City Municipal Code ~~(the "Ordinance")~~ and <u>New Jersey state law located at N.J.S.A § 2A:42-84.1 *et seq.*,</u> ~~the exemption from rent control set forth therein at § 260-6 (the "Local Exemption")~~ including ~~the purpose of the Local Exemption and Ordinance; whether Portside Towers was ever treated as exempt under the Ordinance and, if so, why; what properties are subject to the Ordinance's rent control provisions or Local Exemption~~<u>any past treatment of Portside as exempt under either provision, how the Jersey City ordinance and New Jersey state law interact,</u>~~;~~ and any communications regarding the same.

2.  ~~Defendants' understanding/knowledge of the state of New Jersey's law exempting certain properties from rent control, located at N.J.S.A § 2A:42-84.1 *et seq.* (the "State Exemption") including any facts supporting the contention that this exemption does not apply independently of the local rent control Ordinance and any communications regarding the same.~~

3.  ~~Defendants' interpretation of the provision in N.J.S.A § 2A:42-84.2 providing that the State Exemption may not be limited, diminished, altered, or impaired by any municipal enactment, including any facts or circumstances that inform that interpretation.~~

4.  ~~Rent control enforcement/treatment in Jersey City, including how many properties are subject to the Ordinance, Local Exemption, or State Exemption; whether notices were received prior to construction of all such properties; whether any such notices exist; what actions Defendants took with respect to each such notice; what factors or circumstances Defendants have considered with respect to each such notice; whether Defendants have ever refused to apply the State or Local Exemptions to any property; when Defendants first determined that they would not apply the State or Local Exemptions to Portside Towers; why Defendants made that decision; and who in Defendants made that decision.~~

5.~~5.~~<u>2.</u>The Board's ~~November 3, 2023 decision~~<u>determination regarding Portside Towers memorialized in its October 19, 2023 oral determination and November 3, 2023 written decision</u>, including all facts, circumstances, and matters ~~referenced in that~~

~~decision~~considered in reaching the determination~~,~~ and any communications regarding the same.

3. The Bureau's 2024 recalculation related to rent at Portside Towers, including the assumptions and data underlying those recalculations, and any communications regarding the recalculation.

4. The Board or Bureau's communications about Portside Towers and its exemption from rent control, including any communications with Portside Towers tenants and those advocating on their behalf, or other~~,~~ Jersey City officials~~, or other persons~~.

~~Any communications amongst and between Jersey City officials, members of the Board or Bureau, and any residents of Portside Towers.~~

~~How property taxes for Portside Towers have been calculated, including Portside's participation in the PILOT program, payments to Jersey City from that participation, the impact of Portside's exemption status on Jersey City's ability to retain those funds, and whether the rents received while Portside Towers was treated as exempt from rent control were considering in valuing Portside Towers for tax purposes.~~

5. The Tidewater Basin Redevelopment Plan, including how it has been administered, whether it is applicable to Portside Towers, why it is or is not applicable to Portside Towers, and the consequences of its application to Portside Towers should it be deemed applicable.

6. Defendants' record retention policy and the retention of records relevant to this case, including the retention of notices and other documents related to the construction of Portside Towers.

~~The retention of records of any other property that would be subject to rent control but for the Local or State Exemptions.~~

~~Defendants' response to Portside's discovery requests in this matter, including their efforts to search for responsive documents and their decision not to respond to various of Portside's document requests, not to supplement its responses to Portside's interrogatories, and to withhold responsive emails from production.~~

## CERTIFICATE OF SERVICE

I, Derek Reed, hereby certify that on the [Date TBD], 2025, I caused a true and correct copy of the foregoing Notice of Deposition to be served electronically by emailing it to Defendants' and Defendants-Intervenors' counsel.

Dated: [Date TBD], 2025                    */s/ Derek D. Reed*
                                            Derek D. Reed