

# CITY OF JERSEY CITY
## DEPARTMENT OF LAW

CITY HALL ● 280 GROVE STREET ● JERSEY CITY, NJ 07302
PHONE (201) 547-5229



**STEVEN M. FULOP**
*MAYOR OF JERSEY CITY*

**BRITTANY M. MURRAY**
*ACTING CORPORATION COUNSEL*

April 25, 2025

<u>**Via ECF**</u>
The Honorable Jose Almonte, U.S.M.J.
United States District Court for the District of New Jersey
U.S. Post Office & Courthouse Building
2 Federal Square
Newark, New Jersey 07102

> **Re:    The Towers at Portside, et al v. City of Jersey City, et al.**
> <u>**Civil Action No. 2:23-cv-22291 (MCA)(JRA)**</u>

Dear Judge Almonte:

This office represents the City of Jersey City and the Jersey City Rent Leveling Board (collectively the "City") in the above matter. The City respectfully submits this letter brief in accordance with the Court's March 14, 2025 Order (¶¶14, 16).  More specifically, the City respectfully requests that Plaintiff's discovery demands pertaining to the Tide Water Basin Redevelopment Plan and depositions of the individuals identified in their papers be denied.

As confirmed herein, the discovery sought by Plaintiff cannot be considered when deciding a prerogative writ because such information is outside the scope of the record and not proportional to the needs of this matter. The decision as to the prerogative writ claim should be based upon the record created and presented to the Rent Leveling Board.  Any discovery exchanged by the parties that is outside of the record should not be considered.

Importantly, contrary to Plaintiff's assertions, decisions of a municipal entity are presumed to be valid and are not decided through de novo review. Bove v. Board of Adjustment, 100 N.J. Super. 95, 99 (App. Div. 1968) ("As a reviewing court we may not exercise anew the jurisdiction

1

of the administrative agency"); see <u>Bryant v. City of Atlantic City</u>, 309 N.J. Super. 596, 610 (App. Div. 1998). Plaintiff is aware of and asserted that this was the applicable standard in their amended complaint. [Dkt no. 65, ¶165].

## <u>LEGAL ARGUMENT</u>

A. <u>Plaintiff's Requests in their Brief Should be Denied Because the Discovery Sought is Outside the Record and Cannot Be Considered to Decide a Prerogative Writ</u>

"Judicial review of a matter before a planning board or zoning board of adjustment may not consider documents outside the record." <u>Evers v. Zoning Bd. of Hoboken</u>, 2017 N.J. Super. Unpub. LEXIS 3080, *9 (App Div. December 13, 2017) citing <u>Peoples Trust Co. v. Board of Adjustment</u>. Indeed, a Court's review of a local board's decision "is confined to the record made before the local board. The judge is not in the same position as the board members," and Courts must decide "whether the board acted properly on the evidence before it." 60 N.J. Super. 569, 576 (App. Div. 1959). Thus, matters outside of the record of the proceedings before a local board cannot be considered on appeal. <u>Apple Blossom Holdings, LLC v. City of Jersey City Rent Leveling Bd.</u>, 2022 N.J. Super. Unpub. LEXIS 771, *12 (App. Div. May 9, 2022) citing <u>Kempner v. Edison</u>, 54 N.J. Super. 408, 417, 149 A.2d 251 (1959).  Further, when "arguments were not presented to the Board, they are matters outside the record that [the Court] cannot consider." <u>Holt v. Upper Twp. Zoning Bd. of Adjustment</u>, 2020 N.J. Super. Unpub. LEXIS 1485, *9 (App. Div. July 23, 2020).  "Each case should rest upon its own merits." <u>Bove</u> at 101. As such, the "Law Division's review of a planning board's decision must be based solely on the agency record." <u>Gibson v. Monroe Township Planning Board</u>, 2010 N.J. Super. Unpub. LEXIS 1021, *14 (App. Div. May 14, 2010) citing <u>Willoughby v. Planning Bd. of Tp. of Deptford</u>, 306 N.J. Super. 266, 273 (App. Div. 1997).

In New Jersey Turnpike Authority v. Sisselman, the Appellate Division, confirmed the record contained the material facts necessary to decide a prerogative writ and there was "no showing that interrogation of the commissioners personally is necessary to enable the correct determination of this litigation." 106 N.J. Super. 358, 367 (App. Div. 1969). No new evidence may be introduced in prerogative writ matters. Catalpa Inv. Group, Inc. v. Franklin Tp. Zoning Bd. of Adjustment, 254 N.J. Super. 270, 275 (Law Div. 1991).

Here, the depositions and materials pertaining to the Tide Water Basin Redevelopment Plan referenced in Plaintiff's brief are clearly outside of the record. Plaintiff was represented by competent counsel at every stage of the proceedings before the Rent Board. There is no evidence showing the Plaintiff was prevented from asserting their legal and factual contentions. The Plaintiff had the opportunity to include information in the record to further their objective and cannot now seek to expand the record. Accordingly, the information now sought cannot be considered by the Court to decide the prerogative writ claim.

Plaintiff failed to satisfy their obligation show how additional discovery is needed to establish their claims. See, D&M Asbury Realty, LLC v. City of Asbury Park, 2006 N.J. Super. Unpub. LEXIS 716, *50 (App Div. January 24, 2006) (Discovery was denied in challenging a Board's decision as to a redevelopment plan). Other than conclusory assertions, Plaintiff has not demonstrated that the testimony and documents sought must be considered by this Court to decide the prerogative writ claim. There is no specific testimony or documents described by Plaintiff that is needed from a particular witness to complete or correct the record. Plaintiff failed to establish the record is deficient or incomplete. There is also nothing showing any impropriety with the record. Moreover, Plaintiff failed to demonstrate that "interrogation of the [witnesses] is necessary to enable the correct determination of this litigation." New Jersey Turnpike, *supra*. Plaintiff's brief

is also devoid of legal authority to grant the relief sought other than the general liberal rules of discovery. Consequently, the materials now sought outside of the record should be denied.

### B. Plaintiff's Request to Depose Current and Former City Employees Should Be Denied

"[T]he record made before the Board is the record upon which the correctness of the Board's action must be determined, and the receipt of testimony before the Superior Court is no substitute for this requirement." Kramer v. Board of Adjustment, 45 N.J. 268, 289 (1965). Moreover, in New Jersey Turnpike Authority, the Appellate Division affirmed the Superior Court's denial of a motion to depose the Turnpike Authority commissioners because they were "immune from inquiry into the mental processes by which they made their decisions, in the absence of allegations of improper behavior on their part." Id. at 367. 106 N.J. Super. 358, 367 (App. Div. 1969). The "generally accepted rule" is that heads of an administrative agency may not be examined to probe the mental processes surrounding their promulgation of a regulation." Id. citing United States v. Morgan, 313 U.S. 409 (1941).

"[E]xcept in limited circumstances, the person challenging the decision of a board of adjustment may not inquire into the mental processes surrounding the decision of a board member." Catalpa Inv. Group, Inc. v. Franklin Tp. Zoning Bd. of Adjustment, 254 N.J. Super. 270, 275 (Law Div. 1991). Furthermore, "the burden on the members of the board is great. They are volunteers who receive no salary. To require them to be deposed would discourage citizens from accepting a position on a board of adjustment." Id. Thus, the Catalpa Court confirmed no new evidence was permitted and quashed the notice to take a deposition. Id.

Importantly, the City respectfully submits that the findings and conclusions in the New Jersey Superior Court case of 214 Kinderkamack, LLC v. V are applicable to the instant matter. Both matters arise from a prerogative writ. Similar to case at bar, the Court in Kinderkamack was

4

tasked with deciding a motion to quash plaintiff's subpoenas, which sought the production of documents and to conduct numerous depositions. 2018 N.J. Super. Unpub. LEXIS 6593, **2-3 (Law Div. May 4, 2018).

In denying the request for depositions, the Superior Court held that the party challenging the Board's decision "may not inquire [through a deposition] into the mental processes surrounding the decision of a board member." Kinderkamack at **26-27 citing Catalpa at 275; Sisselman at 367. The Court found that the purpose of the depositions was to explore the witness's deliberative process. Kinderkamack at **28-29. Indeed, the decision of the Board "is not contingent upon the examination of the thought process" of the municipal representatives, but, rather is based upon whether the Board's decision was supported by substantial evidence." Id. at *27. The fact that members of the Council may have communications with municipal professionals and other individuals is "not specious, unusual or unpermitted conduct." Id.; See, Gibson at *5. (Appellate Division affirmed Trial Court's decision to enter a protective order and quash subpoenas to depose a board member who was alleged to have been biased and engaged in improper, off the record communications).

In Kinderkamack, the plaintiffs asserted that the Board failed to follow proper procedures "to achieve a politically desired" result and sought depositions "to determine what occurred among the defendants … beyond public view." Id. at **17-19. Similarly, in the instant matter, Plaintiff contends they do not possess a complete record of information considered by the Rent Board and must depose the witnesses about the information the Board allegedly received "outside the formal administrative record." Plaintiff's Brief (Pl. Br. at p. 1-2). Just like in Kinderkamack, the Plaintiff in the case at bar alleged that the Rent Board's decision was a pretext "for the benefit of the local political constituency." [Dkt no. 65, ¶13]. Moreover, Plaintiff's notice to depose the City's

corporate representative identified a long list of general issues to raise with the witnesses. For instance, Plaintiff seeks to questions the witnesses about their understanding and interpretation of the Rent Control Ordinance together with other statutes, the Rent Board's decision along with all facts referenced in the written decision, and communications among City officials and tenants.

Like the Court found in <u>Kinderkamack</u>, the discovery sought by Plaintiff described in their briefs amounts to a fishing expedition. <u>Id.</u> at *28.  The depositions should not be permitted because they are outside the record.  Moreover, Plaintiff's cannot depose the City's representatives because they seek to "inquire into the mental processes surrounding the decision." Plaintiffs seek to depose Shyrone Richardson (Director of the Rent Bureau), Dinah Hendon (former member of the Rent Bureau) and a corporate representative.  Although the record is complete, Plaintiff claims they need to know what these witnesses knew and considered.  This directly concerns the thoughts, mental processes and analysis performed by each witness, which is not permitted.  The purpose of the prerogative writ claim is to challenge the decision set forth in the written decision rather than to dissect the witness's deliberative process.

Other than seeking to generally discover everything known by these witnesses, there is no specific purpose to depose them. Plaintiff has failed to show how their testimony is needed to correct the record or establish their claims.  The record speaks for itself and there is no evidence that the record is incomplete.  Accordingly, Plaintiff's requests for depositions should be denied.

   C. **Plaintiff's Request for Discovery as to the Tidewater Basin Redevelopment Plan Should be Denied**

In addition to being outside of the record, Plaintiff's demand for information concerning the Tidewater Redevelopment Plan ("Tidewater Plan") is not proportional to the needs of this case. Plaintiff erroneously believes this redevelopment plan entitles their client to an exemption from

rent control in perpetuity because the Plaintiff's properties are in the same area as the properties that are subject to the Tidewater Plan.

The definition of "dwelling" in Section 260-1 of the Jersey City Municipal Code describes the properties that are exempt from rent control as set forth below.

> "Newly constructed dwellings" with 25 or more dwelling units located within a redevelopment area as defined in [N.J.S.A. 40A:12-1, et seq.], for which the City Council has approved a redevelopment plan, in accordance with [N.J.S.A. 40A:12-1, et seq.]

The certificates of occupancy for Plaintiff's property located at 100 Warren was issued on August 25, 1992 and 155 Washington Street was issued on December 31, 1997. No redevelopment Plan was approved by the City Council with regard to Plaintiff's properties. Rather, the Tidewater Redevelopment Plan was adopted on November 10, 1999 under Municipal Ordinance 99-167, which is approximately 2 years after all construction was completed at Plaintiff's properties.

Clearly, the Plaintiff's properties were not "newly constructed dwellings" when the City adopted the Tidewater Plan. Therefore, they are not exempt from rent control in so far as it pertains to the Tidewater Plan. Consequently, there is no basis to seek discovery pertaining to the Tidewater Plan and Plaintiff's requests for this information should be denied. For the reasons stated herein as well as in the papers of the Defendant-Intervenors, the discovery sought by Plaintiff should be denied. We appreciate the Court's time and attention to this matter.

<div style="margin-left:40%">

Respectfully submitted,

**BRITTANY M. MURRAY**
**ACTING CORPORATION COUNSEL**

/s/ Philip S. Adelman
Philip S. Adelman, Esq.
Assistant Corporation Counsel

</div>

cc: Derek Reed, Esq. (via ECF)
    Mollie Lustig, Esq. (via ECF)
    Eric Nemeth, Esq. (via ECF)
    Neil Marotta, Esq. (via ECF)