**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| The Towers at Portside Urban Renewal Company, L.L.C. and Equity Residential Management, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:23-cv-22291-MCA-JRA |
| v. | ) ) | |
| The City of Jersey City, the City of Jersey City Rent Leveling Board, and the City of Jersey City Bureau of Rent Leveling | ) ) ) ) | |
| Defendants, and | ) ) | |
| Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michele Hirsch, | ) ) ) ) ) | |
| Defendant-Intervenors. | ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL**
**LIMITED DEPOSITIONS AND PRODUCTION OF DOCUMENTS**

In response to the Court's request during the June 13, 2025 discovery dispute hearing, Portside[1] respectfully submits this supplemental brief of law in support of Portside's motion to compel discovery (Dkt. 113, "Motion to Compel").

As Portside explained in its briefs in support of its motion to compel (Mot. to Compel at 3-4, 10-11; Dkt. 125 ("Reply Brief") at 4-7), this Court got it right when it issued nine scheduling orders contemplating document and deposition discovery, ruled that Federal Rule 26 applies to discovery (Mar. 14, 2025 Hrg. Tr. 11:4-11, 12:2-4), and rejected the City and Tenants' assertions that discovery must be limited to the record below—including as recently as at the March 14, 2025 hearing (*id.* at 28:1-6, 30:19-21).

As this Court knows, the litigation of state law claims in federal court is typically governed by the Federal Rules of Civil Procedure, including Rule 26 as it pertains to discovery. *See, e.g., Smith v. Davidov*, 2024 WL 4696810, at *2 (D.N.J. Nov. 6, 2024) (reviewing discovery disputes in case brought to federal court via supplemental jurisdiction under Rule 26 standard); *Chinn v. Deptford Twp.*, 2022 WL 2384004, at *2 (D.N.J. July 1, 2022) (same). Portside has found no federal case holding that federal courts should refuse to apply the Federal Rules, including Rule 26, to the litigation of a prerogative writ claim brought pursuant to supplemental jurisdiction.[2]

Consistent with this, the City and Tenants have relied on Rule 26 in presenting their positions regarding discovery to this Court. (*See* Dkt. 94 at 4 (citing Rule 26(c)(1)); Dkt. 122

---

[1] The defined terms in Portside's Motion to Compel have the same meaning herein.

[2] Portside has searched for relevant case law in other jurisdictions but has determined that the prerogative writ procedure underlying this case is unique to New Jersey. However, New Jersey case law indicates that prerogative writ actions are procedurally similar to declaratory judgment actions (*see, e.g., Cabezas v. Township of Mahwah*, 2011 WL 5119016 (N.J. Super. Ct. App. Div. Oct. 31, 2011); *996 Video, Inc. v. Mayor and Tp. Comm.*, 691 A.2d 435 (N.J. Super. Ct. Law Div. 1995)) which are governed by Rule 26 (*see, e.g., Harleysville Ins. Co. v. Holding Funeral Home*, 2017 U.S. Dist. LEXIS 18714, at *16 (W.D. Va. Feb. 9, 2017); *Certain Underwriters at Lloyds v. Big Island Bush, LLC*, 2022 WL 20678359, at *2 (D.V.I. Oct. 18, 2022)).

1

("Tenants' Opposition") at 5-7, 14 (citing Rule 26(b)(1) and federal case law interpreting Rule 26 for the appropriate discovery standard).)  They also issued substantial and broad Rule 26 discovery to Portside—*which Portside responded to in full*—and even invoked Rule 26 in their instructions thereto (*see, e.g.,* Mot. to Compel Ex. A at Instruction No. 15, Ex. B at Instruction No. 15, Ex. D at Instruction No. 12) and in their objections to Portside's discovery requests to them.

Under the appropriate Rule 26 standard, discovery beyond the record below is appropriate in this case.  Portside has identified two federal cases recognizing that in federal court, the scope of review of a New Jersey prerogative writ claim is not limited to the record below and that Rule 26 discovery may be permitted.  In *McMorrow v. Schweiker*, 561 F. Supp. 584, 585-86 (D.N.J. 1982) the federal court contrasted a common law writ of certiorari, in which "no additional evidence may be adduced … to supplement the record" with the New Jersey prerogative writ review, where the parties are not limited to the record below.

And in *OM 309-311 6th Street, LLC v. City of Union City*, 2022 WL 855769, at *16 (D.N.J. Mar. 23, 2022) (emphasis added) the court noted that prerogative writ claims "lie at the heart of what this case is truly about, and *may be prioritized for purposes of discovery* and trial, if appropriate."  The discussion in both federal decisions is inconsistent with the City and Tenants' argument that federal review is limited to the record below and that Rule 26 discovery is not permissible.

These cases are closer to the mark regarding application of Rule 26 to state law prerogative writ claims than the two federal cases previously cited by the City and Tenants.  *See Casser v. Township of Knowlton*, 2018 WL 6069165 (D.N.J. Nov. 20, 2018) and *Albanian Associated Fund v. Township. of Wayne*, 2007 WL 4232966 (D.N.J. Nov. 29, 2007) (cited in Tenants' Opp. at 7-8.)

Although the court in *Casser* stated, in *dicta*, that prerogative writs generally are "based solely on the record before the municipal … board," 2018 WL 6069165, at *3, the court did not determine the availability of discovery in federal court nor rule that discovery beyond the record below is *never* appropriate, as the City and Tenants argue here.  And the court in *Albanian Associated Fund* repeatedly referenced the possibility of additional discovery in prerogative writ cases.  *See* 2007 WL 4232966, at *2 (noting that discovery is "often" and "usually" limited to the record below, and that trials "may" be conducted without fact witnesses, but nowhere stating that it *must* be—or even *always is*—so limited).[3]

This federal authority does not provide the Court with a basis to reconsider its ruling authorizing Rule 26 discovery with respect to these prerogative writ claims.

Alternatively, even if this Court finds that state law, not federal law, governs the scope of discovery in prerogative writ actions, it still must find that additional discovery beyond the record below is permitted and is appropriate here.  (*See, e.g.,* Reply Br. at 5-6 (citing Pressler & Verniero, Comment 5.1 to R. 4:69-4 (explaining that the scope of discovery in a prerogative writ action is a matter of judicial discretion) and citing numerous state law prerogative writ cases allowing extra-record discovery).)

For each of the foregoing reasons and the reasons set forth in its Motion to Compel and Reply Brief, Portside respectfully requests that the Court enter an Order (1) finding that discovery pertaining to the prerogative writ claims is governed by Rule 26, (2) ordering the City to produce documents related to the Tidewater Plan, and (3) ordering the City and Tenants to promptly present the witnesses previously noticed for deposition.

---

[3] Additionally, the parties have already established that the record below is incomplete and does not contain all of the information potentially considered by the relevant decisionmakers. (*See* Ex. L to Mot. to Compel.)

3

Dated:    June 20, 2025

Respectfully submitted,

The Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC

By:    */s/ Derek D. Reed*

*Attorney for Plaintiffs The Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC*

Derek D. Reed, Esq. (Attorney ID # 038062003)
Jeffrey Plaza, Esq.
EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED
A Professional Corporation
60 Park Place, 18th Floor
Newark, New Jersey 07102
(973) 643-0040

Terri L. Mascherin
Andrew W. Vail
Daniel J. Weiss
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois  60654
Phone:  (312) 222-9350
Facsimile:  (312) 840-7375

*Attorneys for Plaintiffs*