

*Derek Reed | Partner*
direct: (973) 854-6710
dreed@EPGPRlaw.com

June 20, 2025

**Via ECF**
Hon. Madeline Cox Arleo, U.S.D.J.
Chambers of Madeline Cox Arleo
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re:    *The Towers at Portside Urban Renewal Company L.L.C., et al v. The City of Jersey City, et al.*    Case No. 2:23-cv-22291-MCA-JRA

Dear Judge Cox Arleo:

Pursuant to this Court's direction at the April 23, 2025 hearing and subsequent text entry (Dkt. 133), the parties write to jointly inform the Court of the status of the issues raised in Portside's February 4, 2025 letter and proposed motion for a limited order (Dkt. 102). The date set by the Court in its text entry for this submission was reset to June 20, 2025.

The parties' positions are set forth as follows:

**Portside's Position**

Following the April 23, 2025 status hearing with Your Honor, Portside promptly worked to calculate the interim past-due rent and base rent and simultaneously worked to reach agreement with Tenants on the planned approach and the rent payment. Portside requested a meet and confer on April 30, 2025. Tenants replied on May 2, 2025 that they still needed to "dig in on the numbers" but would be available to speak the following week.

That same day, Portside sent Tenants individual letters providing offers as to acceptable payment for each of the six units at issue, along with supporting calculations. In the letters, Portside explained:

> At the April 23 hearing, Judge Cox Arleo directed a method for calculating an interim payment demand, which is to apply a 4% annual increase to the base rent for the unit from 2016 through 2023 … [W]e have calculated the payments above based on the *lower* of: (a) the amount produced by applying an annual 4% increase to the 2016 lease rental amount for the unit through 2023, as directed by Judge Cox Arleo; *or* (b) the actual rent stated in the lease for the relevant term.

Please direct replies to:
60 Park Place, 18th Floor, Newark, NJ 07102
Tel: (973) 643-0040 • Fax: (973) 596-1781 • www.EPGPRlaw.com

NEWARK    •    NEW YORK    •    MORRISTOWN

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

June 20, 2025
Page 2

(*See* Exs. A-F at 1-2.)

Portside further explained that, when that method was applied to certain units, the amount owed would exceed the actual rent amounts stated in the leases, so Portside instead computed its demand by reference to the actual amounts owed. (*Id.*)

In response to the offer letters, Tenants again stated that they would not be prepared to discuss until the following week. Portside, emphasizing the need to focus on the nonpayment issue and knowing the Court was expecting a status update ahead of the then-scheduled May 21, 2025 hearing, proposed Wednesday, May 7, 2025 for a meet and confer, and Tenants agreed.

At the May 7 meet and confer, Portside sought Tenants' reactions to Portside's offer letters. Tenants reported they had not yet reviewed the letters and were not prepared to discuss them. However, Tenants represented that they would have a response prepared no later than Friday, May 16. The parties jointly informed the Court of that representation in the May 9, 2025 status letter (Dkt. 127).

Tenants provided their response on May 19, 2025, seventeen days after receiving Portside's offer letters, disagreeing with all of Portside's calculations, relying entirely on the City's recalculations (which both Portside and Tenants agreed are incorrect), and insisting that Portside was not entitled to any rent increases from 2016 onward. (Ex. G.) Portside responded on May 20, 2025 seeking to meet and confer as soon as possible. Tenants did not respond until almost one week later, at which point the parties scheduled a meet and confer for May 27, 2025.

At the May 27 meet and confer, Portside laid out its position and explained the basis of its calculations, including Court's guidance, as it had done in its offer letters. Tenants stated that they had a different understanding of what Your Honor had relayed during the April 23 conference regarding what the appropriate interim past-due rent and base rents would be. Portside explained that its client believed the parties should calculate the interim past-due rent according to Your Honor's guidance, but agreed to confer with its client as to potential flexibility around the timing and the amount of interim repayments while reserving all rights. Both parties agreed to confer with their respective clients and to reconvene as soon as practicable to determine whether an agreement could be reached, or if additional guidance from Your Honor would be necessary.

Portside immediately conferred with its client and confirmed that it would be maintaining the position set forth in its offer letters. Portside wrote to Tenants on June 10, 2025 informing them as much and requesting an update on Tenants' position. After receiving no response, Portside followed up on June 12, 2025, June 16, 2025, and June 17, 2025. Tenants responded on June 18, 2025 with counteroffers for the interim monthly rent for two tenants, which is inconsistent with Portside's understanding of the Court's direction and is unfair and inadequate to compensate Portside. (Ex. H.)

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

June 20, 2025
Page 3

As it currently stands, Portside has offered that the six units provide the following in interim past-due rent—with the option to pay in installments over six months—and interim monthly rent:

- Unit 1910E: $77,090 in interim past-due rent; $5,395 in interim monthly rent
- Unit 1712W: $44,433 in interim past-due rent; $4,519 in interim monthly rent
- Unit 2305E: $44,297 in interim past-due rent; $6,472 in interim monthly rent
- Unit 317W: $36,518 in interim past-due rent; $3,942 in interim monthly rent
- Unit 312E: $25,637 in interim past-due rent; $3,145 in interim monthly rent
- Unit 504E: $10,535 in interim past-due rent; $4,324 in interim monthly rent

(*See* Exs. A-F.)

Tenants have agreed to the following, substantially lesser amounts, in interim past-due rent and monthly rent:

- Unit 1910E: $21,085.70 in interim past-due rent, to be paid into escrow in installments over 10 months; $4,895.62 in interim monthly rent
- Unit 1712W: $15,752.79 in interim past-due rent, which the tenant refuses to pay and instead has issued a Notice to Vacate; $3,709.99 in interim monthly rent
- Unit 2305E: $27,507 in interim past-due rent, to be paid into escrow in installments over 10 months; $5,165 in interim monthly rent
- Unit 317W: $20,410.53 in interim past-due rent, to be paid into escrow in installments over 10 months; $3,334.51 in interim monthly rent
- Unit 312E: Allege Portside owes the tenant $21,086.13; $2,390 in interim monthly rent
- Unit 504E: Allege Portside owes the tenant $14,704.50; $3,898.74 in interim monthly rent

(*See* Exs. G, H.)

Portside remains committed to what it promised the Court at the last hearing—to calculate the interim past-due rent and monthly rent amounts per Your Honor's guidance and to reach an agreement with Tenants. Portside continues to seek a good faith interim resolution—however, Portside has not found this to be reciprocated by Tenants.


**Tenant-Intervenors' Position**

**Point 1- Six Tenant Rent Negotiations**: Rather than providing a status letter of the parties' efforts to resolve Plaintiffs' design to pursue eviction actions against six of the Portside Towers tenants, Plaintiffs attempt to direct the Court's attention away from their failure to negotiate and instead describe, sometimes in misleading fashion, the history of communications between the

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

June 20, 2025
Page 4

parties. By way of example only, Plaintiff's state that "At the May 7 meet and confer, Portside sought Tenants' reactions to Portside's offer letters.  Tenants reported they had not yet reviewed the letters and were not prepared to discuss them." What is left out of that statement is that the May 7 meet and confer was for the purpose of discussing mediation, not the eviction matter. So while  Defendant-Intervenors were not in a position to discuss the eviction subject, it was never on the agenda.

With regard to the substantive issue at hand, while the Parties have attempted to engage in settlement negotiations as to the six targeted tenants, Plaintiffs have declined to negotiate this matter, other than setting forth their take-it-or-leave-it May 2 demands. As counsel for Plaintiffs' concede, in response to Tenant's May 19 counter-offer, "Portside immediately conferred with its client and confirmed that it would be maintaining the position set forth in its offer letters. ". Tenants, however, sought a middle ground, offering rents that followed the informal guidance that Your Honor reportedly gave Plaintiffs'' counsel, while complying with the City's rent control ordinance regarding rent increases, that is, rental rates from 2016-2023 would be based upon the lesser of 4% or the Consumer Price Index for the Jersey City region. (Exhibit I) Plaintiffs inexplicably have failed to accept our revised  counter-offer for the two tenants (Unit 1910 E and 504E), which we contend would meet Your Honor's guidance while complying with a fundamental provision of the rent control ordinance. Finally, it should be noted, although five of the six tenants have agreed to come up with a payment plan to address alleged back rent obligations, Plaintiffs have refused to acknowledge that two tenants have been overcharged (Unit 312E and 504E) and that a repayment plan should be established for them.

**Point 2- Mediation**: As Your Honor is aware, the Parties have retained Mark Falk, USMJ (ret.) as mediator for this matter, and have scheduled July 17, August 5 and 6 as mediation dates. Although this matter has heretofore focused on the viability of the Jersey City Rent Control Board's determination that Portside Towers are subject to rent control, the mediation is intended to achieve a global settlement of the case, including Tenants' damages. As a result, detailed rent rates and fees, along with unit owner names and dates of change in possession would have been sought in Excel format during the phase of discovery that follows the decision on Plaintiffs' prerogative writ action. However, in order to make the mediation productive and increase the likelihood of bringing this matter to conclusion, Tenants have requested that data now. Although our request was only made this week, we thought it best to bring this to the Court's attention so it can be discussed at our conference scheduled for June 25.

Defendant Intervenors remain willing to negotiate a resolution of the six tenant matters, but a middle ground is unavailable when only party is willing to move.

Dated:  June 20, 2025                                        Respectfully submitted,

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

June 20, 2025
Page 5

| By: */s/ Derek D. Reed* | By: */s/ Mollie Hartman Lustig* |
|---|---|
| Derek D. Reed, Esq.<br>Ehrlich, Petriello, Gudin<br>Plaza & Reed<br>A Professional Corporation<br>60 Park Place, 18th Floor<br>Newark, New Jersey 07102<br>(973) 643-0040<br><br>Terri L. Mascherin<br>Andrew W. Vail<br>Daniel J. Weiss<br>Jenner & Block LLC<br>353 Norh Clark Street<br>354 Chicago, Illinois 60654<br>Phone: (312) 222-9350<br>Facsimile: (312) 840-7375<br><br>*Attorneys for Plaintiffs the Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC* | Mollie Hartman Lustig, Esq.<br>McLaughlin & Stern, LLP<br>1 Elm Street, Suite 2<br>Westfield, New Jersey 07090<br>(212) 448-1100<br><br>*Attorney for Interveners Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michele Hirsch* |
| cc: All counsel (via ECF) | |