# EXHIBIT "A"

**353 N. CLARK STREET CHICAGO, IL 60654-3456**                 **J E N N E R & B L O C K** LLP

## CONFIDENTIAL – RULE 408 COMMUNICATION

May 2, 2025                                        Andrew Vail
                                                  Tel +1 312 840 8688
                                                  AVail@jenner.com

**VIA EMAIL**

Mollie Hartman Lustig                             Eric J. Nemeth
McLauglin & Stearn, LLP                           Eric J. Nemeth, P.C.
1 Elm Street, Suite 2                             55 Madison Avenue, Suite 400
Westfield, New Jersey 07090                       Morristown, New Jersey 07960

Neil Marotta
Marotta & Garvey
3916 Bergenline Avenue, Suite 2200
Union City, New Jersey 07087

Re:    The Towers at Portside Urban Renewal Company L.L.C., et al. v. The City of Jersey
       City, et al., No. 23-cv-22291, overdue rent for Unit 2305E.

Dear Counsel,

I write concerning the substantial past due rent for Unit 2305E and the related matters discussed with Judge Cox Arleo at the April 23, 2025 hearing in this action.

As you know, Plaintiffs ("Portside") sought an order from the Court providing that the pendency of this litigation does not prohibit Portside from exercising eviction remedies against tenants in six units who owe substantial unpaid rent. (*See* ECF No. 102.) At the April 23 hearing, Judge Cox Arleo directed that Portside make a minimum demand upon the lessees of those six units for interim payments during the pendency of this action, in exchange for Portside forbearing from exercising eviction remedies during the same period. The remainder of this letter describes Portside's interim demand with respect to Unit 2305E. This demand is made for the sole purpose of avoiding eviction proceedings (and not for a compromise of the ultimate merits of the case) and is governed by Federal Rule of Evidence 408.

At the April 23 hearing, Judge Cox Arleo directed a method for calculating an interim payment demand, which is to apply a 4% annual increase to the base rent for the unit from 2016 through 2023. However, when that method is applied to Unit 2305E, the amount owed would exceed the actual rent amounts stated in the leases for Unit 2305E. For that reason, we have computed Portside's demand by reference to the actual amounts owed.

The current unpaid rent amount for Unit 2305E is at least $44,297 and the current monthly rent is $6,472. Therefore, to avoid eviction proceedings, Portside requires the following payments:

**Past due rent payment:**    **$44,297**
**Monthly rent payment:**    **$6,472**

As to the past due payment of $44,297, and as a further accommodation, Portside will accept payment of that amount in six consecutive monthly payments of $7,382 (in addition to the monthly rent), provided the first payment is made on or before May 31, 2025.

For the purpose of avoiding the cost and disruption of an eviction proceeding, and consistent with Judge Cox Arleo's direction, we would accept the above payments without prejudice to Portside's right to payment in full at the conclusion of the litigation and in amounts consistent with Her Honor's final ruling on the merits. If the lessees pay the amounts identified above, and remain current with monthly rent payments, Portside will forbear from exercising eviction remedies during the pendency of the litigation.

As noted above, we have calculated the payments above based on the *lower* of: (a) the amount produced by applying an annual 4% increase to the 2016 lease rental amount for the unit through 2023, as directed by Judge Cox Arleo; *or* (b) the actual rent stated in the lease for the relevant term. In the case of Unit 2305E, the actual rent amounts are lower each year. We include on the next page a spreadsheet showing how we have computed these figures.

Please confirm by Tuesday, May 6, 2025 that Kareem El Bey accepts this proposal. Please also let us know if you have any questions or if a discussion would be helpful. Thank you.

Sincerely,

*s/Andrew W. Vail*

Andrew Vail

cc: All counsel of record

_____

**The Towers at Portside Urban Renewal Company, L.L.C., et al. v. The City of Jersey City, et al.**
**Unit 2305E: Calculation of Interim Payment Demand**

| Lease Start Date | Lease End Date | Length of Lease (Days) | Actual Lease Monthly Rent | Actual Lease Total Rent | Method Discussed With Court Monthly Rent | Method Discussed With Court Total Rent | Lower of Monthly Rent | Lower of Total Rent |
|---|---|---|---|---|---|---|---|---|
| 4/22/2023 | 4/23/2024 | 368 | $ 6,277.00 | $ 75,943.10 | $ 6,796.78 | $ 82,231.73 | $ 6,277.00 | $ 75,943.10 |
| 4/24/2024 | 4/23/2025 | 365 | 6,472.00 | 77,664.00 | 6,796.78 | 81,561.36 | 6,472.00 | 77,664.00 |
| 4/24/2025 | 4/30/2025 | 7 | 6,472.00 | 1,489.45 | 6,796.78 | 1,564.19 | 6,472.00 | 1,489.45 |
| | | | Total Rent | $ 155,096.55 | | $ 165,357.28 | | $ 155,096.55 |
| | | | Less Rent Payments | $ 112,751.83 | | $ 112,751.83 | | $ 112,751.83 |
| | | | Additional Rent Due | $ 1,953.02 | | $ 1,953.02 | | $ 1,953.02 |
| | | | Total Due | $ 44,297.74 | | $ 54,558.47 | | $ 44,297.74 |