# EXHIBIT "B"

353 N. CLARK STREET CHICAGO, IL 60654-3456                    J E N N E R & B L O C K LLP

**CONFIDENTIAL – RULE 408 COMMUNICATION**

May 2, 2025

Andrew Vail
Tel  +1 312 840 8688
AVail@jenner.com

**VIA EMAIL**

Mollie Hartman Lustig
McLauglin & Stearn, LLP
1 Elm Street, Suite 2
Westfield, New Jersey 07090

Eric J. Nemeth
Eric J. Nemeth, P.C.
55 Madison Avenue, Suite 400
Morristown, New Jersey 07960

Neil Marotta
Marotta & Garvey
3916 Bergenline Avenue, Suite 2200
Union City, New Jersey 07087

Re:     The Towers at Portside Urban Renewal Company L.L.C., et al. v. The City of Jersey
        City, et al., No. 23-cv-22291, overdue rent for Unit 317W.

Dear Counsel,

I write concerning the substantial past due rent for Unit 317W and the related matters discussed
with Judge Cox Arleo at the April 23, 2025 hearing in this action.

As you know, Plaintiffs ("Portside") sought an order from the Court providing that the pendency
of this litigation does not prohibit Portside from exercising eviction remedies against tenants in
six units who owe substantial unpaid rent.  (*See* ECF No. 102.)  At the April 23 hearing, Judge
Cox Arleo directed that Portside make a minimum demand upon the lessees of those six units for
interim payments during the pendency of this action, in exchange for Portside forbearing from
exercising eviction remedies during the same period.  To be clear, Her Honor's direction was
that Portside calculate its interim demand *not* based on what Portside contends it is owed, but
instead essentially based on assumptions that credit the tenants' arguments in this litigation, even
though Portside disputes those arguments.  Judge Cox Arleo was clear that Portside may reserve
its rights to collect the full amounts it is owed, consistent with a final determination in this case,
and Portside is reserving those rights.  Portside has formulated the demand in this letter
consistent with those directions from Her Honor.

The remainder of this letter describes Portside's interim demand with respect to Unit 317W.
This demand is made for the sole purpose of avoiding eviction proceedings (and not for a
compromise of the ultimate merits of the case) and is governed by Federal Rule of Evidence 408.

To avoid the exercise of eviction remedies, Judge Cox Arleo has directed that Unit 317W pay a portion of the unpaid rent for that unit and an ongoing rental obligation.  The current unpaid rent amount for that unit is at least $36,881 and the current monthly rent is $3,982.  Nonetheless, to avoid eviction proceedings, Portside will accept the following interim payments without prejudice to its right to collect the full amounts owed consistent with a final order in this case:

**Interim past due rent payment:**    **$36,518**
**Interim monthly rent payment:**    **$3,942**

As to the interim past due payment of $36,518, and as a further accommodation, Portside will accept payment of that amount in six consecutive monthly payments of $6,086 (in addition to the interim monthly rent), provided the first payment is made on or before May 31, 2025.

**We emphasize that the above interim amounts are substantially less than the amounts actually owed by the Unit 317W lessee.**  Nonetheless, for the purpose of avoiding the cost and disruption of an eviction proceeding, and consistent with Judge Cox Arleo's direction, we would accept the above payments without prejudice to Portside's right to payment in full at the conclusion of the litigation and in amounts consistent with Her Honor's final ruling on the merits.  If the lessees pay the interim amounts identified above, and remain current with the interim monthly rent payments, Portside will forbear from exercising eviction remedies during the pendency of the litigation.

Note that we have calculated the interim payments above based on the *lower* of:  (a) the amount produced by applying an annual 4% increase to the 2016 lease rental amount for the unit through 2023, as directed by Judge Cox Arleo; *or* (b) the actual rent stated in the lease for the relevant term.  Using those two reference points is an additional accommodation, as it produces a lower figure than the method discussed with Judge Cox Arleo (method (a) only).  We include on the next page a spreadsheet showing how we have computed these figures.

Please confirm by Tuesday, May 6, 2025 that Anthony Thomas accepts this proposal.  Please also let us know if you have any questions or if a discussion would be helpful.  Thank you.

Sincerely,

*s/Andrew W. Vail*

Andrew Vail

cc: All counsel of record

2

**The Towers at Portside Urban Renewal Company, L.L.C., et al. v. The City of Jersey City, et al.**
**Unit 317W: Calculation of Interim Payment Demand**

| Lease Start Date | Lease End Date | Length of Lease (Days) | Actual Lease Monthly Rent | Actual Lease Total Rent | Method Discussed With Court Monthly Rent | Method Discussed With Court Total Rent | Lower of Monthly Rent | Lower of Total Rent |
|---|---|---|---|---|---|---|---|---|
| 7/15/2020 | 7/19/2021 | 370 | $ 2,771.00 | $ 33,707.51 | $ 3,504.89 | $ 42,634.83 | $ 2,771.00 | $ 33,707.51 |
| 7/20/2021 | 7/19/2022 | 365 | 2,980.00 | 35,760.00 | 3,645.09 | 43,741.08 | 2,980.00 | 35,760.00 |
| 7/20/2022 | 7/24/2023 | 370 | 3,699.00 | 44,996.05 | 3,790.89 | 46,113.84 | 3,699.00 | 44,996.05 |
| 7/25/2023 | 7/24/2024 | 366 | 3,836.00 | 46,158.12 | 3,942.53 | 47,439.98 | 3,836.00 | 46,158.12 |
| 7/25/2024 | 4/30/2025 | 280 | 3,982.00 | 36,656.22 | 3,942.53 | 36,292.88 | 3,942.53 | 36,292.88 |
| | | | Total Rent | $ 197,277.90 | | $ 216,222.61 | | $ 196,914.56 |
| | | | Less Rent Payments | $ 163,164.60 | | $ 163,164.60 | | $ 163,164.60 |
| | | | Additional Rent Due | $ 2,768.61 | | $ 2,768.61 | | $ 2,768.61 |
| | | | **Total Due** | **$ 36,881.91** | | **$ 55,826.62** | | **$ 36,518.57** |

3