# EXHIBIT "G"

# ERIC J. NEMETH, P.C.

**A PROFESSIONAL CORPORATION**
55 MADISON AVENUE, SUITE 400
MORRISTOWN, NEW JERSEY 07960

TELEPHONE 973.539.2122
FACSIMILE 973.539-4677

ERIC J. NEMETH, ESQ.
EMAIL: enemeth@edjcounsel.com
DIRECT: 201-522-3362

**CONFIDENTIAL: RULE 408
COMMUNICATION**

May 19, 2025

**VIA EMAIL**

Andrew Vail, Esq.
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456

> **Re:    The Towers at Portside Urban Renewal Company L.L.C., et al. v. The City of Jersey City, et al. Case No. 2:23-cv-22291-MCA-JRA**

Dear Andrew:

This correspondence is written in response to your individual letters dated May 2, 2025 directed to our offices as counsel to Defendant-Intervenors regarding alleged rent payment delinquencies by six of our clients.  As you are aware, Judge Arleo-Cox declined to grant your clients' request for leave to file a motion whose purpose was to sever and pursue eviction proceedings against those six tenants in State Superior Court. Rather, the Court recommended that the Parties make good faith efforts to negotiate a resolution of the alleged rent payment deficiencies. This correspondence is provided in response to the Court's recommendation and the settlement demands set forth in your May 2 letters. Further, the counteroffers provided below are made on the condition that they are made without admission of any fact or waiver of any claim or affirmative defense, are without prejudice and are offered solely in the context of interim settlement negotiations of rent rates and payments for these six tenants.

At the outset, please understand that Defendant-Intervenors do not agree with the "base rents" that were recalculated by the City of Jersey City that were deemed to be in effect in 2016 pursuant to the Rent Control Board's October 19, 2023 ruling. Further, Defendant-Intervenors do not agree that, even if the recalculated 2016 rent rates are ultimately adjudicated to be correct and enforceable, your clients are entitled to any increases in rent rates from 2016 to date due to their ongoing non-compliance with applicable law.  However, notwithstanding our disagreement with the premise of the City's calculations, and solely for purposes of providing a counter-offer for these

Andrew Vail, Esq.
Case No. 2:23-cv-22291-MCA-JRA
May 19, 2025
Page 2

six tenants, we have provided below a proposed settlement structure for each unit. Finally, please note that a condition applicable to each of below proposals is that the agreed upon "interim" rents, once accepted, will remain in place for these six tenants, without increase, throughout the remainder of this litigation.

**El Bey (Unit 2305E):**

1.) The revised rent for this unit based upon the City's 2016 rent calculation, with the City's allowed increases since 2016, is $5,559.61/month (the "City Rent Rate").
2.) Based upon the City Rent Rate, El Bey owes $27,507.00 in back rent.
3.) Tenant cannot afford to pay the City Rent Rate, but is able to pay $5,165.00.
4.) Tenant will agree to pay into an escrow account the purported arrearage of $27,507.00, said payments being made in equal installments over the next 10 months.

**Fisher (Unit 312E):**

1.) The revised rent for this unit based upon the City's 2016 rent calculation, with the City's allowed increases since 2016, is $2,667.90/month (the "City Rent Rate").
2.) Based upon the City Rent Rate, Fisher has been overcharged $21,086.13 (the "Overcharge Sum") It is requested that Portside/Equity place the Overcharge Sum in an interest-bearing escrow account.
3.) Tenant cannot afford to pay the City Rent Rate but is able to pay $2,390.00.

**Kessler  (Unit 1910E):**

1.) The revised rent for this unit based upon the City's 2016 rent calculation with the City's allowed increases since 2016, is $4,576.47/month (the "City Rent Rate").
2.) Based upon the City Rent Rate, Kessler owes $21,085.70 in back rent.
3.) Tenant will agree to pay the City Rent Rate.
4.) Tenant will agree to pay into an escrow account the purported arrearage of $21,085.70, said payments being made in equal installments over the next 10 months.

**Maisson  (Unit 1712W):**

1.) The revised rent for this unit based upon the City's 2016 rent calculation with the City's allowed increases since 2016 is $3,709.99/month (the "City Rent Rate").
2.) Based upon the City Rent Rate, Maisson owes $15,752.79.
3.) Maisson has advised that he has issued a Notice to Vacate. Tenant will agree to pay the City Rent Rate, for the period remaining prior to vacating the unit.
4.) Tenant disputes his obligation to pay the bank rent.

**Peyton  (Unit 504E):**

1.) The revised rent for this unit based upon the City's 2016 rent calculation with the City's allowed increases since 2016 is $3,650.24/month (the "City Rent Rate").

Andrew Vail, Esq.
Case No. 2:23-cv-22291-MCA-JRA
May 19, 2025
Page 3

2.) Based upon the City Rent Rate, Peyton has been overcharged $14,704.50 (the "Overcharge Sum"). It is requested that Portside/Equity place the Overcharge Sum in an interest-bearing escrow account.

3.) Tenant will agree to pay the City Rent Rate.

**Thomas  (Unit 317W):**

1.) The revised rent for this unit based upon the City's 2016 calculation with the City's allowed increases since 2016 is $3,334.51/month (the "City Rent Rate").

2.) Based upon the City Rate, Tenant owes $20,410.53.

3.) Thomas has advised that he has issued a Notice to Vacate. Tenant will agree to pay the City Rent Rate for the period remaining prior to vacating the unit.

4.) Tenant will agree to pay into an escrow account the purported arrearage of $20,410.53, said payments being made in equal installments over the next 10 months.

In sum, the offers presented on behalf of the individual tenants referenced herein are provided for settlement purposes only. If accepted by your clients, we will require that individual settlement lease amendments be entered into to confirm the financial and legal terms of this interim agreement.

We are available to discuss resolution of these matters at your convenience.

Sincerely,

*/s/ Eric J. Nemeth*
Eric J. Nemeth

cc:  All counsel (via ECF)