**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| The Towers at Portside Urban Renewal Company, L.L.C. and Equity Residential Management, LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>The City of Jersey City, the City of Jersey City Rent Leveling Board, and the City of Jersey City Bureau of Rent Leveling<br><br>    Defendants, and<br><br>Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michele Hirsch,<br><br>    Defendant-Intervenors. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:23-cv-22291-MCA-JRA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CITY OF JERSEY CITY AND TENANT INTERVENORS'
SUPPLEMENTAL BRIEF IN OPPOSITION OF MOTION TO COMPEL
DEPOSITIONS AND PRODUCTION OF DOCUMENTS**

This office represents the Tenant Intervenors ("Intervenors") in the above matter. Pursuant to this Court's June 13, 2025 text order, this joint letter brief is respectfully submitted on behalf of the Intervenors and the City of Jersey City and the Jersey City Rent Leveling Board (collectively the "City") to re-confirm that discovery is not permitted when deciding a prerogative writ action. Rather, only the record considered by the municipal entity and transcripts of any hearing may be reviewed. Moreover, the discovery sought by Plaintiff is not proportional to the needs of this matter. The City and the Intervenors incorporate their prior briefs [Dkt nos. 122 and 123] as if set forth at length herein.

Prerogative writs are ordinarily brought in the New Jersey Superior Court. Casser v. Twp of Knowlton, 2018 U.S. Dist. LEXIS 197960 at *8 (D.N.J. Nov. 20, 2018). As such, there is a dearth of Federal case law as to the issue of discovery, which is confirmed by the limited number of legal sources cited in the parties' briefs.

With that said, Federal Courts have confirmed that adjudicating prerogative writs is limited to the record below. In Villines v. Harris, the matter before the District Court concerned 42 U.S.C. §405(g), which the Court stated was similar in nature to a prerogative writ. 487 F. Supp. 1278, 1279 (1980).  The Court confirmed that "the only evidence the court can consider is the transcript of the agency record." Id. at 1281.  Likewise, in Crivello v. Board of Adjustment, the District Court confirmed that in deciding prerogative writs, "the judicial function is confined to a

1

review of the board's action but solely on the record made before it." 183 F. Supp. 826, 828 (D.N.J. 1960); see, Casser at *8 (discovery in prerogative writs actions is limited and often "based solely on the record [below]."); Albanian Associated Fund v. Twp. of Wayne, 2007 U.S. Dist. LEXIS 87666 at *10 (D.N.J. Nov. 29, 2007) (Prerogative writ actions, are "most often determined on the transcripts of the hearing below." Given these express decisions by the Courts, it is clear that no additional discovery is permitted. See also, United States v. Morgan, 313 U.S. 409; 61 S.Ct. 999; 85 L. Ed. 1429, where the Court found that the taking of the deposition of the Secretary of Agriculture was improper. The Court stated: "…the short of the business is that the Secretary should never have been subjected to this examination. The proceeding before the Secretary "has a quality resembling that of a judicial proceeding." Morgan v. United States, 298 U. S. 468, 298 U. S. 480. Such an examination of a judge would be destructive of judicial responsibility. We have explicitly held in this very litigation that "it was not the function of the court to probe the mental processes of the Secretary." 304 U. S. 304 U.S. 1, 304 U. S. 18. Just as a judge cannot be subjected to such a scrutiny, *compare* Fayerweather v. Ritch, 195 U. S. 276, 195 U. S. 306-307, so the integrity of the administrative process must be equally respected. Id. at 422.

Decisions of a municipal entity are presumed to be valid and are not decided through *de novo* review. Bove v. Board of Adjustment, 100 N.J. Super. 95, 99 (App.

2

Div. 1968) ("As a reviewing court we may not exercise anew the jurisdiction of the administrative agency"); see <u>Bryant v. City of Atlantic City</u>, 309 N.J. Super. 596, 610 (App. Div. 1998). Thus, New Jersey law should apply to this state law claim. "Judicial review of a matter before a planning board or zoning board of adjustment may not consider documents outside the record." <u>Evers v. Zoning Bd. of Hoboken</u>, 2017 N.J. Super. Unpub. LEXIS 3080, *9 (App Div. December 13, 2017) citing <u>Peoples Trust Co. v. Board of Adjustment</u>. Indeed, a Court's review of a local board's decision "is confined to the record made before the local board. The judge is not in the same position as the board members," and Courts must decide "whether the board acted properly on the evidence before it." 60 N.J. Super. 569, 576 (App. Div. 1959). Thus, matters outside of the record of the proceedings before a local board cannot be considered on appeal. <u>Apple Blossom Holdings, LLC v. City of Jersey City Rent Leveling Bd.</u>, 2022 N.J. Super. Unpub. LEXIS 771, *12 (App. Div. May 9, 2022) citing <u>Kempner v. Edison</u>, 54 N.J. Super. 408, 417, 149 A.2d 251 (1959).

Plaintiffs failed to demonstrate they are entitled to any discovery and merely relied upon quotes taken out of context. Plaintiffs incorrectly rely on <u>McMorrow v. Schweiker</u> where the Court was tasked with reviewing an agency's denial of insurance benefits to the widow/plaintiff under 42 USC §405(g) of the Social Security Act. This case is not applicable because the Court simply made a passing

3

remark that a common law writ of certiorari is limited to the record whereas a prerogative writ is not limited to the record below. Other than this comment, there is no discussion as the issue of discovery in the context of prerogative writs. The Court did not decide that discovery is permitted in prerogative writs and there are no legal citations on this issue.

Likewise, Plaintiff's citation to OM 309-311 6th St. v. City of Union City where the Court decided a motion to dismiss is also misplaced. In fact, the Court stated that although prerogative writs "are usually brought in New Jersey Superior Court," it would maintain supplemental jurisdiction. At the end of the written opinion, the Court simply stated that "[the prerogative writs] lie at the heart of what this case is truly about and may be prioritized for purposes of discovery and trial." Like the instant action, this statement was meant to confirm the Court would prioritize its decision on the prerogative writs first so the matter can proceed with discovery on other claims. The Courts in the cases cited by Plaintiffs did not rule that discovery is permitted in prerogative writs. Rather, the Plaintiffs distorted the statements in their brief to obtain discovery and failed to show they are entitled to discovery.

It is clear that discovery is not permitted in prerogative writ matters. The Intervenors note, as argued in their opposition, that Plaintiffs' discovery constitutes a clear fishing expedition and, as such, is similarly prohibited under Rule 26's

4

discovery principles. *See* Dkt. No. 122 at 5-7; 16–18. For this reason, the City and Intervenors respectfully incorporate these arguments into this supplemental brief. Even though some discovery was exchanged, the City and Intervenors will object to the use of this discovery in briefs submitted as to the prerogative writ claim because the record is complete and the limited circumstances under which the mental processes of the decision maker may be explored are not present here. *See* Catalpa Investment Group, Inc. v. Frankin Twp. Zoning Board of Adjustment, 254 N.J. Super. 270, 275 (Law Div. 1991) and New Jersey Turnpike Authority v. Sisselman, 106 N.J. Super. 358, 367 (App. Div. 1969) aff'd 54 N.J. 565 (1969).  Accordingly, it is respectfully requested that all discovery requests be denied.[1]

---

[1] The parties recognize that the Court limited each party to three (3) pages for this supplemental brief. Being that the Tenant Intervenors and the City submitted a joint submission, we note that this submission is five (5) pages in total, but less than three (3) pages from each party when divided evenly.

Respectfully submitted,


MCLAUGHLIN & STERN, LLP                    CITY OF JERSEY CITY

/s/ *Mollie Hartman Lustig*                /s/ *Brittany M. Murray*
Mollie Hartman Lustig, Esq.                Brittany M. Murray, Acting Corporation Counsel


ERIC J. NEMETH, P.C.                       /s/ *Philip S. Adelman*
                                           Philip S. Adelman, Assistant Corporation Counsel

/s/ *Eric Nemeth*
Eric J. Nemeth, Esq.


MAROTTA & GARVEY

/s/ *Neil Marotta*
Neil D. Marotta, Esq.



Copy to:        All counsel (via ECF)
                Clients (via email)
                File