UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

THE TOWERS AT PORTSIDE URBAN
RENEWAL COMPANY, LLC; EQUITY
RESIDENTIAL MANAGEMENT, LLC

                                   CIVIL ACTION NUMBER:

      Plaintiff,

vs.                           2:23-cv-22291

THE CITY OF JERSEY CITY, JERSEY    STATUS CONFERENCE
CITY RENT LEVELING BOARD,

      Defendants
_____

MARTIN LUTHER KING BUILDING & U.S. COURTHOUSE
50 Walnut Street
Newark, New Jersey  07101
June 25, 2025
Commencing at 2:00 p.m.

**B E F O R E:**     **THE HONORABLE MADELINE COX ARLEO,**
                       **UNITED STATES DISTRICT JUDGE**

A P P E A R A N C E S:

EHRLICH, PETRIELLO, GUDIN, PLAZA & REED, P.C.
BY: DEREK D. REED, ESQUIRE
    MATTHEW A. SEBERA, ESQUIRE
60 Park Place, Suite 106
Newark, New Jersey 07102
For the Plaintiff


JENNER & BLOCK LLP
BY: ANDREW W. VAIL, ESQUIRE
353 N. Clark
Chicago, Illinois 60654
For the Plaintiff


Diane DiTizii, Official Court Reporter
973-776-7738
diane_ditizii@njd.uscourts.gov
Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription.

A P P E A R A N C E S:  (CONTINUED)

ERIC J. NEMETH PC
BY: ERIC J. NEMETH PC
55 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Attorneys for Intervenors Portside Towers East Tenant
Association, Portside Towers West Tenant Association, Kevin
Weller, Jessica Brann, Joel Rothfus

McLAUGHLIN & STERN, LLP
BY: MOLLIE F. HARTMAN, ESQUIRE
    MOHAMED HEGAZI, ESQUIRE
1 Elm Street, Suite 2
Westfield, New Jersey 07090
Attorneys for Intervenors


MAROTTA & GARVEY
BY: NEIL D. MAROTTA, ESQUIRE
3916 Bergenline Avenue
Suite 2200
Union City, New Jersey 07087
Attorneys for Intervenors


Intervenor Michael Hirsch not represented by Nemeth, but is by
the others

United States District Court
Newark, New Jersey

(PROCEEDINGS held in open court before the Honorable MADELINE COX ARLEO, United States District Court Judge at 4:43 p.m.)

COURTROOM DEPUTY:  All rise.

THE COURT:  All right.  Have a seat, everybody.

Thank you for coming today and I welcomed the opportunity to speak with you both in chambers about some issues, some resolution with some of the tenants.  There were six of them that we discussed.

Let me begin by I shared with the tenants' counsel the rent and the new monthly calculations going back six years to 2016 and employing the rent control limitation on rent increases, and Portside was kind enough to provide me with a chart that showed, with respect to these six tenants, what the new rent would be, they should be paying, and what the back rent is, with the hopes that both sides could somehow come to some kind of resolution even if it's interim so that a fuller settlement could be explored with the parties.

Have you agreed on those numbers?  Can anyone report to me?

MR. VAIL:  Yes, your Honor.  We had the chance to speak after you had the chance to speak to them.  We've agreed on the form of calculation, which is using the form of calculation we proposed.  The tenants would like the opportunity to check the math on that for themselves.

THE COURT:  Okay.

MR. VAIL:  And I believe also confirm with their clients whether or not they'd be agreeing to pay that amount, and if committed to us, that we'll have a meet and confer on Monday, June 30th with a report to us, confirmation of those numbers, if not sooner, and whether or not their tenants are willing to pay that amount of rent going forward and the back rent owed based on those revised numbers, your Honor.  Yes.

THE COURT:  Okay.  Good.

So what I talked to both sides about is hopefully that could be resolved.  If it can't be resolved, defendants can -- or Portside could tell me how they want to proceed.  Are they going to renew a motion -- some kind of motion for some kind of temporary relief to begin some other kind of process?

You guys can continue to talk and just give me the heads-up by way of a status letter within two weeks of here's where we're at and this is what we plan to file next.

Okay.  I say that in light of the backdrop of the mediation that's coming up with Judge Falk.  I know you have some discovery issues you're working through with Judge Almonte.

I wanted to state for the record that there was another tenant -- another unit that Portside brought to my attention, unit number, it was -- help me here.  It's the tenant who we vacated over a year ago?

MR. REED:  Yeah, unit 1905.  The last name is

Blignaut, B-l-i-g-n-a-u-t.

THE COURT:  So tenants counsel doesn't believe that that is someone that they represent.

Is that correct?

MR. NEMETH:  Correct.  Your Honor, I don't believe that he's part of the tenant group that we represent.

THE COURT:  So I take it from what you told me off the record that you'll be filing a summary dispossess action against that tenant?

MR. REED:  Yes, Judge.  We will be filing a summary dispossess action based upon the calculations, if your Honor would so confirm those calculations that we presented at the --

THE COURT:  I don't have a record to confirm them; so I can't say that this is what's owing by that tenant, because I have no record before me.

What I can say, there's nothing before this Court and no order of this Court that would preclude you from bringing a summary dispossess action against that client.  So you're free to file that and it is completely consistent with any orders on file.

I should also note that the tenants' counsel has confirmed that they do not represent that particular client and they have -- they don't even recognize the name or the unit number.

MR. REED:  Thank you, your Honor.

United States District Court
Newark, New Jersey

THE COURT:  All right.  So that should take care of that.

I've also asked the tenants' counsel to confirm with each of their clients, I understand that they represent the tenants association and we had a long conversation about the association as opposed to the individual clients because the settlement -- if there's any settlements to be had at mediation, it's going to be on a unit-by-unit basis.

So what I suggest is, although it sounds cumbersome, that a settlement sheet or a term sheet is provided to each of the clients going forward.  You can group them depending on what the rent was, or probably everyone will be different because they all started at different times and there's different ways to calculate.

But I think it's very important to seize the opportunity, if it's possible to have settlement, not to have it fall apart with just an association, the representatives of the association; that every tenant is fully apprised of here's where we're at, this is what they propose.

If there's a settlement, we'll have -- if you settle with any or some of them, or all of them, then we will have them in and we'll have a settlement.  I'll ask them to come to court, at least be available by Zoom and we'll have Jersey City in and then they would no longer be at issue in this lawsuit.

What I'd like to do is, your meeting with Judge Falk

is in July, do you want to set something down for August or September and then we could decide when you would be ripe for filing future motions or whether you're going to go ahead with discovery, whatever you think is appropriate at that time.

MR. NEMETH:  Your Honor, we have -- the first day of mediation is the 17th of July; then we have two dates in August I think -- three dates in August.  So probably later August would be better.

MR. VAIL:  One thought we might have, your Honor, if it makes sense, is to apprise the Court after the first mediation session on July 17th, if there are any issues that we should bring to the Court's attention before we go to Judge Falk.

THE COURT:  That's fine.  I'm happy to be in the loop.  Send me any letters.

Also, I have a criminal trial starting I think right after Labor Day, which will be pretty intensive.  So if we can get back in in August or we could even do it by Zoom.  You're in Chicago at that point.  I don't think we need -- unless something arises that needs an in-person, I'm happy to do it by Zoom moving forward.

Let me know after the first session with Judge Falk, I'm happy to do that.

Anything else?

MS. LUSTIG:  No, your Honor.  We have three dates set

in August, the last one being August 14th.  We weren't sure if we'd need that date.  So perhaps between August 14th and Labor Day, that would be --

THE COURT:  Okay.  If we could have a hold date, why don't we do it maybe August 26th by Zoom.

Does that work, Amy?

COURTROOM DEPUTY:  I'm just checking now.

Yes, it does, your Honor.  We can do it at 2:00.

THE COURT:  Okay.  Does that work?

MR. NEMETH:  Fine for us.

THE COURT:  We don't have Zoom.  It's not in the government budget anymore.  You know, budget cuts and all that. We can't afford Zoom but we can afford Teams somehow.

MR. VAIL:  Your Honor, just for the record, subject to -- I believe for the six tenants, part of the resolution is that two we've been told are going to vacate.

THE COURT:  Let's go through them.

MR. VAIL:  So we don't need to focus -- go ahead.

THE COURT:  Fisher is number 312.  He's the gentleman who's disabled.  He has been paying rent but he has a different calculation as to backpay.  They're going to talk to him.

MS. LUSTIG:  Yes.

THE COURT:  He's 312.

317 is vacating.  Do what you have to do.  You certainly can move against him for deficiency judgment.

United States District Court
Newark, New Jersey

Are you continuing to represent 317?

MR. MAROTTA:  Your Honor, only to the extent while they're there.  Once they leave --

THE COURT:  Make that clear to them.

MR. MAROTTA:  -- if they have any claims --

MR. NEMETH:  We need to make it clear to them that they're on their own or have to get separate representation for that.

MR. MAROTTA:  If they don't leave, that will be a different issue.

THE COURT:  Right.  Okay.  But they are leaving, they are vacating, 317?

MR. MAROTTA:  Yes.

THE COURT:  Do you have a date?

MR. MAROTTA:  I do but I do not remember it.  I believe it was in July.

THE COURT:  If you could let counsel know so that they don't have to file the dispossess proceeding.  They just turn over the keys.

MR. MAROTTA:  They do have it.  They have the date because they gave them the notice of vacating.

THE COURT:  Okay.

MR. MAROTTA:  Your Honor, only on those, if they have any credit that they're entitled to, that we would still represent them on that.

THE COURT:  Okay.

504, this is the one where you're close to having an agreement?

MR. VAIL:  Yes, your Honor.  That's the one we're continuing to discuss.

THE COURT:  1712 is vacating?

MR. VAIL:  Correct.

MR. MAROTTA:  Correct.

THE COURT:  1910E is agreed?

MR. VAIL:  That's another one we're discussing and hoping to reach agreement on Monday.

THE COURT:  Okay.  And then the last one is 2305.

MR. NEMETH:  That's the one who reached out just as we got to court today.  We have to speak with him.

THE COURT:  So you can give me an update as to these and then depending on what Portside wants to do, if they want to try to file dispossess actions, it looks like there may be two or three at issue, just let me know and then we can get on a Zoom.

MR. VAIL:  Thank you, your Honor.

THE COURT:  I'd be inclined to allow them -- well, let's see.  All these people are paying some amount.  No one is not paying anything, are they?

MR. MAROTTA:  There's one we understand has stopped.

THE COURT:  Which one?

United States District Court
Newark, New Jersey

MS. LUSTIG:  Kessler.

MR. MAROTTA:  1910.

THE COURT:  When was the last time he paid?

MR. VAIL:  March 2024, is what we believe from the records, your Honor.  I believe even their counsel was surprised.

MS. LUSTIG:  Yeah, we were working on trying to confirm that.

THE COURT:  You have to confirm that for me because if they want to move to file a summary dispossess proceeding --

MR. NEMETH:  We will advise.

THE COURT:  -- I'd be hard pressed not to allow them if they're not paying any rent for over a year.

MR. NEMETH:  We understand that.

MR. MAROTTA:  Based on discussions, I think we're going to be able to work it out.

THE COURT:  Okay.  Good.

Is there anything else, gentlemen, ladies?

MR. NEMETH:  Your Honor, the only thing I wanted to mention is that we do have a discussion going on about a little bit of pre-mediation discovery exchange which we hope to resolve at our meet and confer next Monday.

MR. VAIL:  Agreed.

THE COURT:  Good.  If there's a problem, call Almonte or call me because I want to make sure you're all prepared for

Judge Falk.

MR. NEMETH:  Yes, your Honor.

THE COURT:  All right.  Thank you.

MR. MAROTTA:  Thank you, your Honor.

MR. NEMETH:  Thank you for your time today.

MR. VAIL:  Thank you for your time.

(Time noted: 4:54 p.m.)

-------------------------------------------------

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/S/Diane DiTizii, CCR, CRR, RMR, RDR          06/27/2025

Federal Official Court Reporter                    Date

United States District Court
Newark, New Jersey