# ERIC J. NEMETH, P.C.

A PROFESSIONAL CORPORATION
55 MADISON AVENUE, SUITE 400
MORRISTOWN, NEW JERSEY 07960

TELEPHONE 973.539.2122
FACSIMILE 973.539-4677

Eric J, Nemeth, Esq.
Email: enemeth@edjcounsel.com
Direct: 201-522-3362

August 5, 2025

**Via ECF**
Hon. José R. Almonte, U.S.M.J.
United States District Court
District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, New Jersey 07102

RE:    *The Towers at Portside Urban Renewal Company, et al v. The City of Jersey City et al.*
       Civil Action No. 23-cv-22291-MCA-JRA

Dear Judge Almonte:

As the Court is aware, this firm, alongside McLaughlin & Stern, LLP and Marotta & Garvey, Attorneys at Law, represents the Defendant-Intervenors (the "Tenants") in the above-referenced matter.  We write, jointly with counsel for the City of Jersey City, with respect to the Court's Text Order dated July 15, 2025, which indicated that the Court would reserve a decision on Plaintiffs' Motion to Compel Discovery (*see* Dkt. No. 113) until "after . . . mediation and anticipated summary judgment motion practice." *See* Dkt. No. 115 (the "Text Order").

More specifically, we write to advise the Court of our concern that **Plaintiffs'**[1] letter dated July 14, 2025, fails to clearly explain to Your Honor that the comments regarding pursuit of summary judgment attributed to  the Hon. Madeline Cox Arleo, U.S.D.J. during a June 25, 2025 conference were made in chambers to the exclusion of representatives of the City of Jersey City or Defendant-Intervenors. While Defendant-Intervenors and the City have no objection to termination of the pending discovery motion and welcome the opportunity for all parties to pursue dispositive motion, we are concerned that the lack of a record as to which parties are authorized to file motions for summary judgment and their anticipated scope may lead the Court to believe that the current position of the Court is, as stated by Plaintiffs in their unsolicited July 14 letter, "…if  the upcoming mediation is unsuccessful **and Portside** is inclined to file a partial

---

[1] As explained *infra*, the letter submitted on July 14, 2025, was submitted by the Plaintiffs without the Tenants' or the City's consent. As such, the Tenants respectfully note that the Text Order is incorrect to the extent that it suggests that the City authored the letter or that Plaintiffs and the City reached an agreement as to how the Court should approach its decision on the Motion to Compel.

motion for summary judgement, it need not wait until the conclusion of fact discovery to file the motion. Instead, Judge Cox Arleo suggested that **Portside may file its motion**…" (emphasis added).

Defendant-Intervenors and the City respectfully submit that Portside has taken an off-the-record comment attributed to Judge Arleo and converted it to the law of the case. Indeed, both the Defendant-Intervenors and City objected to Portside's letter on this basis, yet Portside proceeded to file the letter despite our concerns. Not only are we concerned about Portside's lack of clarity in its correspondence to Your Honor, but also the failure of Portside's counsel to explain that no representatives of either the City or Defendant-Intervenors were present to hear those comments or to present their positions.[2]

Based upon the forgoing, we respectfully request the opportunity to be heard by your Honor so that a proper, enforceable record and order be established for submission of motions for summary judgement by all Parties.

Respectfully submitted,

 /s/  Eric J. Nemeth
Eric J. Nemeth, Esq.

 /s/  Philip S. Adelman
Philip Samuel Adelman, Esq.
Assistant Corporation Counsel, City
of Jersey City

c:      all parties via ECF

---

[2] In fact, the City was excused from attending the subject  June 25, 2025 case conference.