# MCLAUGHLIN & STERN, LLP

**FOUNDED 1898**

| | | |
|---|---|---|
| **MOLLIE HARTMAN LUSTIG** **PARTNER** Direct Dial: 908-578-5458 mlustig@mclaughlinstern.com | 1 ELM STREET SUITE 2 WESTFIELD, NEW JERSEY 07090 (212) 448–1100 FAX (212) 448–0066 www.mclaughlinstern.com | NEW YORK, NEW YORK GARDEN CITY, NEW YORK MILLBROOK, NEW YORK WESTPORT, CONNECTICUT NAPLES, FLORIDA WEST PALM BEACH, FLORIDA |

August 15, 2025

**Via ECF**

Hon. José R. Almonte, U.S.M.J.
United States District Court
District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, New Jersey 07102

> RE:  *The Towers at Portside Urban Renewal Company, et al v. The City of Jersey City et al.*
> Civil Action No. 23-cv-22291-MCA-JRA

Dear Judge Almonte:

This firm represents the Tenants in the above-referenced action. Pursuant to Your Honor's directive, the Parties jointly submit this letter to update the Court as to where matters stand with respect to mediation and settlement.

## **Tenants' Position**

Despite the Tenants' and City's best efforts to amicably resolve this dispute, the Parties have only participated in one mediation session before the Hon. Mark Falk. And while the Tenants and City are motivated to continue with mediation, Portside's failure to address a very basic and reasonable data request has hindered negotiations from proceeding.

By way of background, during the status conference on April 23, 2025, the Court directed the Parties to mediate this dispute, with the understanding that the Hon. Mark Falk, U.S. Magistrate Judge (ret.) would be engaged. In June, the Tenants requested that Portside provide the rent ledgers, entitled "Portside Towers Resident Statements", for all units for the period 2016 to date.[1] Because the Resident Statements set forth the financial interactions between the tenants and landlord, with all invoice items, including by way of example, rent charged and payments

---

[1] Although the Tenants have in their possession a number of Resident Statements, they are not current. Further, they are in a PDF format. We will need current Statements so that we have a full and detailed picture of rents and fees charged and paid in order to correctly calculate damages, Also, we have requested the data in Excel format in order to avoid the excessive time required for our expert to manually confirm that each and every number has been accurately transferred into its spreadsheets.

**McLaughlin & Stern, LLP**

Hon. José R. Almonte, U.S.M.J.
August 15, 2025
Page 2

accounted for, and the date that each tenancy started and ended, they are of major import for purposes of calculating damages. Indeed, the financial expert retained by the Tenants to assist in calculating Tenant damages under various scenarios requires this information to perform their calculations. However, despite our requests, we did not receive statements by the initial mediation session held on July 17, 2025.

Thus, during the initial mediation session, we again reminded Portside's counsel that without the information listed in the Resident Statements, the Tenants cannot fully calculate damages and, as such, are unable to make informed settlement recommendations to our clients. Although a dispute arose as to the manner in which the Resident Statement data was to be provided, with the assistance of Judge Falk on July 23rd, it appeared that the dispute was resolved. Indeed, at that time Attorney Vail advised that the requested data would be provided. To this date, however, and despite our follow-up inquiries, Portside has failed to provide this information, despite assurances it would do so. Instead, our simple requests for status updates sent to Portside's counsel have been met with demeaning email messages and outrageous allegations of harassment by attorney Vail.

Given Portside's failure to provide this necessary information, the mediation dates scheduled for August 5, 6 and 13 were cancelled. And, simply put, we do not understand why it has taken so long for Portside to produce what counsel said it would almost a month ago. Curiously, history discloses that whenever tenants requested Resident Statements in the past, the information was provided within minutes. And importantly, in the midst of this settlement interlude, Portside has advised tenants that that they will no longer be provided with this information. In any event, the Tenants stand ready to continue mediation within a reasonable period once the Resident Statement data are provided and our expert confirms that same are properly formatted.  While Defendant-Tenant Intervenors do not intend on engaging in mediation strategy here, it should be recognized that if Portside fails to turn over the data from all requested fields and/or fails to produce data applicable to all units in both towers (which has been repeatedly requested), they will be purposely undermining any real chance the mediation has for success because we represent all potentially affected tenants the applicable period.

### City's Position

The City agrees with the Tenants statements as to the case status. Notwithstanding the issues mentioned, the City is will do everything it can to facilitate a resolution to this matter through mediation.

### Portside's Position

Portside is disappointed in tenants' above mischaracterizations along with their attempt to make public and raise issues with this Court that are the subject of a continuing confidential mediation before Hon. Mark Falk, U.S.M.J. (ret.) in an unfair attempt to attack Portside and its counsel. Portside chooses to take the "high road" in response and briefly correct the record on certain, not all items.

MCLAUGHLIN & STERN, LLP

Hon. José R. Almonte, U.S.M.J.
August 15, 2025
Page 3

In connection with the Court's request for a status of the mediation, Portside confirms that mediation is ongoing under the guidance of Judge Falk. The parties convened on July 17, 2025, and Portside has unequivocally expressed its intention to continuing mediation under Judge Falk's supervision.   Portside is prepared to attend further sessions, including through in-person appearance, on Judge Falk's available dates of August 27, and September 3, 4, and 11.  Portside expects to send the renter information in the Excel format that tenants have requested before the end of the day today. In light of Judge Falk's extensive mediation experience and his sustained engagement with the parties, Portside is optimistic that continued sessions under his guidance can produce meaningful progress toward resolution.

To briefly report on the status of the Excel spreadsheet tenants have requested.  At the request of tenants' and in aid of mediation, Portside's data team has created an Excel spreadsheet with relevant information from the Resident Statements—detailed ledgers—by transporting that information into an electronic, searchable and further portable electronic format from its electronic accounting software.

The Excel speadsheet that Portside has prepared as a courtesy for tenants and their expert to facilitate their ability to mediate, despite that they have access to all of this information as explained below, includes, among other fields, the following for each represented resident:

- Tenant identifier; name; unit number
- Lease commencement and end dates
- Base rent charges and any concessions
- Payments received and other debits/credits
- Allocated utility charges (including RUBS)
- Applicable ancillary fees (e.g., pet, storage)

While Portside does not intend to take up all of the mischaracterizations above nor disclose concerning statements and actions of tenants at the first mediation session, the tenants fail to provide the Court with certain key facts.  First, the tenants all have access to all of the information that they have asked Portside to compile for them in an Excel spreadsheet.  They have asked this of Portside simply because their lawyers do not want to undertake the work or are unable to communicate with certain residents they claim to represent and they do not want to pay their expert to undertake it.  Portside has no obligation to create the spreadsheet for their Expert, including at its own significant time and expense, however, has done so to facilitate a resolution with tenants.

Second, tenants' counsel was separately provided a comprehensive production of Resident Statements beginning in 2016 through mid-2023 as part of Portside's discovery production in this case (before tenants took the position that no discovery is necessary for resolution of the PW claims).  Those statements were provided in searchable .pdf format.  In sum, the same information continues to be available to each tenant through Portside's resident online portal allowing tenants' counsel to obtain it directly from their clients.  Nevertheless, Portside is undertaking the additional effort and expense to reformat data that is already available into tenants' preferred structure to

**MCLAUGHLIN & STERN, LLP**

Hon. José R. Almonte, U.S.M.J.
August 15, 2025
Page 4

facilitate efficient review.  The reformatting is not a substitute for prior production and current availability; it is an accommodation.

Third, tenants' counsel's demand for Renter Statements and then an Excel Spreadsheet containing the information from the statements, including to send unintelligible emails demanding any and all information that exists on the Renter Statements and unspecified information not on the Statements going all the way back to 1998, continued to be overly broad, change on a daily basis and required the involvement of the mediator to even get the tenants to agree that the information will go back to 2016 and not 1998.

Fourth, to create the spreadsheet as quickly and efficiently as possible, Portside weeks ago requested (and now repeatedly) a list of represented residents with their unit numbers. To date, tenants' counsel has not even provided the courtesy of a response to that email.  Receipt of that list would have materially accelerated the process. Notwithstanding, Portside proceeded to work to link the represented tenant list with  unit numbers on its own and provide that information in the Excel spreadsheet.  By way of one example, Portside has provided the information regarding Unit 1910E, whose residents tenants' counsel represent but have repeatedly told us they have been unable to contact in connection with their clients' nonpayment of rent since 2024 despite living in a three bedroom apartment with a pet and additional leased storage space.

Portside transmitted that data in machine-readable Excel format earlier today, consistent with the representation to tenants' counsel on August 11.  Having provided this data, Portside intends to present concrete, unit-specific resolution proposals at the next mediation session.  In parallel, Portside intends to extend similar proposals to unrepresented tenants.  Portside is hopeful that these proposals will serve as the basis for resolving the respective prerogative writ challenges to the City's November 2023 unlawful determination that Portside was never exempted from the City's rent control ordinance.

Dated:  August 15, 2025                    Respectfully submitted,

| By: /s/ Derek D. Reed | By: /s/ Mollie Hartman Lustig |
|---|---|
| Derek D. Reed, Esq. Ehrlich, Petriello, Gudin Plaza & Reed A Professional Corporation 60 Park Place, 18th Floor Newark, New Jersey 07102 (973) 643-0040 | Mollie Hartman Lustig, Esq. McLaughlin & Stern, LLP 1 Elm Street, Suite 2 Westfield, New Jersey 07090 (212) 448-1100 |

**MCLAUGHLIN & STERN, LLP**

Hon. José R. Almonte, U.S.M.J.
August 15, 2025
Page 5

| | |
|---|---|
| Terri L. Mascherin<br>Andrew W. Vail<br>Daniel J. Weiss<br>Jenner & Block LLC<br>353 Norh Clark Street<br>354 Chicago, Illinois 60654<br>Phone: (312) 222-9350<br>Facsimile: (312) 840-7375<br><br>*Attorneys for Plaintiffs the Towers at*<br>*Portside Urban Renewal Company L.L.C.*<br>*and Equity Residential Management, LLC*<br><br>By: */s/ Philip Samuel Adelman*<br><br>Philip Samuel Adelman, Esquire<br>Assistant Corporation Counsel<br>Jersey City Law Department<br>City Hall – 280 Grove Street<br>Jersey City, New Jersey 07302<br>(201) 547-4810<br><br>*Attorney for Defendants, City of Jersey City*<br>*and City of Jersey City Rent Leveling Board*<br><br><br>cc: All counsel (via ECF) | Eric J. Nemeth, Esq.<br>Eric J. Nemeth, P.C.<br>55 Madison Avenue, Suite 400<br>Morristown, New Jersey 07960<br>(973) 539–2122<br><br>Marotta & Garvey, *Attorneys at Law*<br>3916 Bergenline Avenue, Ste. 2200<br>Union City, New Jersey 07087<br>(201) 552-9200<br><br>*Attorney for Interveners Portside Towers*<br>*East Tenant Association, Portside Towers*<br>*West Tenant Association, Kevin Weller,*<br>*Jessica Brann, Joel Rothfus, and Michele*<br>*Hirsch* |