# MCLAUGHLIN & STERN, LLP
## FOUNDED 1898

| | | |
|---|---|---|
| **MOHAMED T. HEGAZI**<br>**ASSOCIATE**<br>mhegazi@mclaughlinstern.com | 1 ELM STREET<br>SUITE 2<br>WESTFIELD, NEW JERSEY 07090<br>(212) 448–1100<br>FAX (212) 448–0066<br>www.mclaughlinstern.com | NEW YORK, NEW YORK<br>GARDEN CITY, NEW YORK<br>MILLBROOK, NEW YORK<br>WESTPORT, CONNECTICUT<br>NAPLES, FLORIDA<br>WEST PALM BEACH, FLORIDA |

September 8, 2025

**Via ECF**

Hon. José R. Almonte, U.S.M.J.
United States District Court
District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, New Jersey 07102

> RE: *The Towers at Portside Urban Renewal Company, et al v. The City of Jersey City et al.*
> Civil Action No. 2:23-cv-22291-MCA-JRA

Dear Judge Almonte:

It is with great disappointment that we write to advise of Portside's continued refusal to produce the data that the Tenants referenced in the August 15, 2025, Status Letter (*see* Dkt. No. 145) (the "Status Letter") and which Your Honor ordered Portside to produce by August 22, 2025 (*see* Dkt. No. 146). Given Portside's repeatedly dismissive and deficient responses to our demands for this information over the last several months, it has become clear that at this juncture, further Court intervention is required.

On April 23, 2025, the Court directed the Parties to mediate this dispute, with the understanding that the Hon. Mark Falk, U.S. Magistrate Judge (ret.) would be engaged. As explained at length in the Status Letter, for the following months the Tenants were embroiled in a dispute with Portside, who repeatedly refused to produce the rent ledgers, entitled "Portside Towers Resident Statements", for all units for the period 2016 to date.[1] As explained to counsel on numerous occasions, we require the information because it allows our experts to calculate damages which, in turn, enables us to make settlement recommendations to our clients. In any event, after the Tenants apprised the Court of this dispute, Your Honor directed Portside to produce the data that the Tenants had been requesting by August 22, 2025. *See* Dkt. No. 146. However,

---

[1] Although the Tenants have in their possession a number of Resident Statements, they are not current. Further, they are in a PDF format. We will need current Statements so that we have a full and detailed picture of rents and fees charged and paid in order to correctly calculate damages, Also, we have requested the data in Excel format in order to avoid the excessive time required for our expert to manually confirm that each and every number has been accurately transferred into its spreadsheets.

**MCLAUGHLIN & STERN, LLP**

Hon. José R. Almonte, U.S.M.J.
August 15, 2025
Page 2

and unfortunately for the Tenants, Portside has continuously refused to comply with this directive and, as a result, mediation has been stonewalled.[2]

Specifically, notwithstanding Your Honor's (and Judge Falk's) directives, Portside failed to produce the data by August 22. Instead, on August 26, Mr. Vail wrote to express his "disappoint[ment]" in our request and confirmed that Portside will not continue with mediation unless it proceeded according to Portside's terms only. That said, after some additional correspondence, it appeared that on August 29 the parties' dispute had finally concluded, as Mr. Vail represented that Portside would be providing the data that had repeatedly been requested. That representation, however, proved to be false, as Portside's most recent production remains materially deficient as it (i) is limited to current tenants and (ii) only includes 509 out of Portside's 527 Units. Simply put, the recent production is a far cry from our repeated requests for the data of **all tenants** for **all units** from **2016 to present**.

Thus, given the foregoing, we respectfully request that the Court reaffirm its order dated August 19, 2025, that Portside must produce the data requested by the Tenants, i.e., the rent ledgers, entitled "Portside Towers Resident Statements", for all units for the period 2016 to date. We reiterate that without this information, we cannot make appropriate settlement recommendations to our clients, which stymies the mediation process. We appreciate the Court's continued time and attention to this matter.

Respectfully submitted,
/s/ Mohamed T. Hegazi
Mohamed T. Hegazi, Esq.

c:       all parties via ECF

---

[2] We additionally note that Portside's recalcitrance also violates Judge Falk's directions to them to produce the data.