

*Derek Reed | Partner*
direct:  (973) 854-6710
dreed@EPGPRlaw.com

September 9, 2025

<u>**Via ECF**</u>
Magistrate Judge José R. Almonte
Chambers of José R. Almonte
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

Re:    *The Towers at Portside Urban Renewal Company L.L.C., et al. v. The City of Jersey City, et al.*  Case No. 2:23-cv-22291-MCA-JRA

Dear Magistrate Judge Almonte:

Portside respectfully submits this letter regarding Tenants' September 8 submission (Dkt. 151). Portside regrets being forced to write separately at this juncture, and would not normally burden the Court in the middle of a mediation overseen by Judge Falk, but Portside is compelled to provide a brief response to correct the record and ensure the upcoming session remains productive.

Initially we must note that Tenants did not ask Portside to join their September 8 submission nor meet and confer on this issue. Had they done so, as Your Honor has repeatedly asked the parties to do, we would have supplied the information set out below and likely avoided the need for any letter at all. A brief call would have also spared the Court's attention.

Portside described the Excel dataset that it had agreed to provide in the parties' August 15 joint status letter (Dkt. 145): a machine-readable Excel file containing rental statement data for the *current, represented tenants*, including unit and tenant identifiers, lease start/end dates, base rent, and all payments, credits, arrears, and recurring charges from 2016 forward.  That same day – before the Court's August 19 text order (Dkt. 146) – Portside produced that dataset, exactly as described in the joint status letter.  The dataset was also exactly as described to Tenants' counsel in separate emails on July 10 and 11, neither of which Tenants' counsel responded to. Portside again advised Tenants of the data it was assembling for them on August 11 and Tenants' counsel raised no objection.  Tenants' September 8 letter misstates both the August 19 text order and the August 15 joint status letter when it suggests that Your Honor directed a production of data relating to all units and all occupants from 2016 forward without exception.  It further conceals Portside's consistent statements leading to the August 15 joint status letter.  By the time of the Court's August 19 text order, Portside had already complied with its requirements.

Please direct replies to:
60 Park Place, 18th Floor, Newark, NJ 07102
Tel: (973) 643-0040 • Fax: (973) 596-1781 • www.EPGPRlaw.com

NEWARK        •        NEW YORK        •        MORRISTOWN

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

September 9, 2025
Page 2

On August 20, Tenants' counsel wrote claiming the August 15 dataset was "materially deficient" because it did not include "all units … from 2016 forward" and instead contained data for current represented tenants – precisely what Portside represented to both Tenants and the Court that it would provide. That claim also disregards the Court's instructions regarding how the case should settle, which bears directly on what information is relevant to mediation. On the record at the June 25 status hearing, Judge Arleo directed that any resolution be pursued "on a unit-by-unit basis" as to the residents Tenants' counsel actually represents. Indeed, Judge Arleo asked Tenants' counsel to "confirm with each of their clients," and suggested providing "a settlement sheet or a term sheet … to each of [their] clients going forward," acknowledging that "probably everyone will be different because they all started at different times and there's different ways to calculate." She further explained that, if agreements are reached with "any or some of them, or all of them," the settling residents would appear (in person or by Zoom) and thereafter "would no longer be at issue in this lawsuit." In that framework – and because this mediation is not a vehicle to litigate Tenants' stayed fraud class allegations – Portside's August 15 production of rental statement data for the represented tenants from 2016 forward is exactly the information needed for Tenants' counsel to prepare and transmit client-specific proposals at mediation. Sweeping, class-style discovery into former tenants or individuals who are not Tenants' clients is unnecessary and outside the scope of the Court's directive.

Notwithstanding that the Court and Judge Falk have repeatedly emphasized that resolution is to proceed on a unit-by-unit basis, for both represented and unrepresented residents, and that Tenants have long had access to the same information for their clients, on August 29 Portside provided what it believed to be precisely what Tenants are seeking: resident statement data for all tenants and all units from 2016 to the present. On September 5, Tenants reported that the dataset was incomplete. Portside immediately investigated and discovered a filter error in the underlying export. Portside worked through the weekend to re-run the queries and is working to compile *exactly* the data Tenants reference in their letter today. In the meantime, Tenants have had since August 15 the tenant data from 2016 forward in their preferred format for their actual clients, which is sufficient to advance mediation for the clients they have advised they actually represent.

None of the above required burdening the Court. If Tenants had invited us to join their submission or simply picked up the phone on September 5, we would have confirmed that the remaining data was being assembled, and avoided troubling the Court.

To keep mediation on track, Portside respectfully proposes: (1) the parties continue with the scheduled session before Judge Falk while Portside completes the supplemental production described above; and (2) the Court remind Tenants that any further disputes of this nature be preceded by a prompt meet-and-confer and, if needed, a short joint letter.

We appreciate the Court's time and remain available if Your Honor would like a brief status conference.

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

September 9, 2025
Page 3

Respectfully Submitted,

Derek D. Reed

Cc: All counsel (via ECF)