# MCLAUGHLIN & STERN, LLP

**FOUNDED 1898**

**MOLLIE HARTMAN LUSTIG**
**PARTNER**
Direct Dial: 908-578-5458
mlustig@mclaughlinstern.com

1 ELM STREET
SUITE 2
WESTFIELD, NEW JERSEY 07090
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

NEW YORK, NEW YORK
GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
WESTPORT, CONNECTICUT
NAPLES, FLORIDA
WEST PALM BEACH, FLORIDA

September 23, 2025

**Via ECF**

Hon. José R. Almonte, U.S.M.J.
United States District Court, District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, New Jersey 07102

> RE:   *The Towers at Portside Urban Renewal Company, et al v. The City of Jersey City et al.*
> Civil Action No. 23-cv-22291-MCA-JRA

Dear Judge Almonte:

Pursuant to Your Honor's Text Order dated August 19, 2025 (*see* Dkt. No. 146), the parties respectfully submit the following joint status report concerning mediation. The parties are currently scheduled to proceed with their second mediation session before the Hon. Mark Falk, U.S.M.J. (ret.) on October 8, 2025. Since the parties have been unable to agree on a proposed schedule with revised dates, we are requesting a brief case management conference with Your Honor following the October 8 mediation. Portside notes separately that it is comfortable proceeding according to the schedule established by Your Honor[1], but is also agreeable to a short extension to permit further mediation.

Additionally, the Tenants and Portside use this opportunity to update the Court on the following disputes that we hope are or will soon be mostly resolved in light of the parties' meet and confer on these topics on September 19, 2025.

### Dispute No. 1: The Tenants Seek Portside's Production of the Rent Ledger Data that was Ordered to be Produced in the Court's Text Order Dated August 19, 2025

**Tenants' Position**

As explained in our submissions dated August 15 and September 8, 2025 (*see* Dkt Nos. 145 and 151), the Tenants have been requesting that Portside produce its rent ledgers, entitled "Portside Towers Resident Statements," for all units for the period 2016 to date. As was also

---

[1] The current schedule provides that opening Motions for Partial Summary Judgment shall be filed by October 22, 2025, oppositions by November 12, 2025, and replies by November 19, 2025.

# MCLAUGHLIN & STERN, LLP

**FOUNDED 1898**

**MOLLIE HARTMAN LUSTIG**
**PARTNER**
Direct Dial: 908-578-5458
mlustig@mclaughlinstern.com

1 ELM STREET
SUITE 2
WESTFIELD, NEW JERSEY 07090
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

NEW YORK, NEW YORK
GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
WESTPORT, CONNECTICUT
NAPLES, FLORIDA
WEST PALM BEACH, FLORIDA

explained in our submissions, we require the data for our financial expert to calculate damages which, in turn, will allow us to make settlement recommendations to our clients. This dispute resulted in the Court ordering, on August 19, 2025, that Portside produce the requested data by August 22, 2025. *See* Dkt. No. 146.[2] However, because Portside's rental data production, including the most recent files provided on September 10, 2025, did not include the complete data as requested, we met and conferred with opposing counsel on September 19, 2025.

The Tenants are pleased to report that, given our meet-and-confer with Portside, we are hopeful that this dispute will be resolved in short order. However, should Portside fail to produce the requested data with sufficient time for our expert to review same prior to the October 8 mediation, the Tenants reserve the right to raise this dispute with the Court at a future date.

**Portside's Position**

As Tenants well know, including from a detailed conversation on September 19 and prior emails providing the relevant text order and joint letter, Tenants' unfairly mischaracterize Your Honor's August 19, 2025 Text Order (Dkt. 146) and Portside's compliance with it. Portside incorporates by reference its September 9, 2025 letter (Dkt. 152), which explained that Portside produced precisely what it said would be produced consistent with Your Honor's text entry order and to which no prior objection was raised. Consistent with that representation, Portside delivered the machine-readable rental dataset described in the parties August 15 joint filing (Dkt. 145). The Tenants thereafter have now, in two additional instances separately demanded additional data for an expert that is preparing a damages calculation to support a fraud-class damages theory despite that Judge Arleo expressly stated on the record at the last hearing that this case is to be settled on a unit-by-unit basis. Tenants counsel, including again during the September 19 meet-and-confer have taken the position that they disagree with Judge Arleo's guidance and the Tenants will not mediate on that basis. Portside has expressed its surprise at Tenants' disregard for our presiding Judge's guidance, however, it also has provided (or in the most recent instance will promptly provide) this additional data to allow Judge Falk the opportunity to mediate this matter.

---

[2] To avoid bogging the Court down with lengthy arguments regarding an issue that we are hopeful will soon be resolved, the Tenants will not respond at length to Portside's misleading contentions. The Tenants simply note that they have been requesting the data described *supra.* for **several months** and have objected to each of Portside's deficient productions. Portside's continued refusal to abide by these requests and Judge Falk's directive to produce the data is what prompted the Tenants to raise these issues with the Court, where we clearly delineated the exact data we sought. *See* Dkt Nos. 145 and 151. The Tenants raising these issues resulted in Your Honor's Text Order. *See* Dkt. No. 146. Thus, it is incorrect of Portside to contend that the Text Order, which was clearly entered in the context of the Tenants raising a dispute with the Court, required them to do anything other than produce the data we have been repeatedly requesting, which Portside has failed to do.

4901-2326-9995, v. 1

# MCLAUGHLIN & STERN, LLP

### FOUNDED 1898

**MOLLIE HARTMAN LUSTIG**
**PARTNER**
Direct Dial: 908-578-5458
mlustig@mclaughlinstern.com

1 ELM STREET
SUITE 2
WESTFIELD, NEW JERSEY 07090
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

NEW YORK, NEW YORK
GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
WESTPORT, CONNECTICUT
NAPLES, FLORIDA
WEST PALM BEACH, FLORIDA

For example, the remaining dispute raised by Tenants is that the data produced on September 10 contains totals for certain data points (base rent charges, late fees, etc.) for each tenant, rather than showing the date of each individual charge, which Tenants claim is necessary for calculating damages in connection with mediation. Notwithstanding that counsel would not or could not articulate why such granular detail, especially for residents they do not represent, is necessary for mediation in this case, Portside is promptly furnishing the requested data so that mediation may proceed as scheduled.

### Dispute No. 2: Portside Seeks Production of a List of Tenants that are Members of the Tenant Association Intervenor-Defendants

**Tenants' Position**

As discussed with counsel during the meet-and-confer referenced *supra*., the Tenants disagree with Portside's contention that they are (or have been) required to produce a list naming the tenants that are members of the tenant associations that are named as Defendant-Intervenors in this action. The Tenants specifically note that the Court has never entered an Order requiring production of these lists. While Tenants disagree that such a list is relevant to resolution of this case through mediation, the Tenants agreed during the meet-and-confer to produce the current represented tenant list upon receiving the complete data set requested from Plaintiffs referenced *supra*.

**Portside's Position**

To be clear, Portside merely seeks a list of any person who has agreed to have the counsel of record in this case represent them in connection with this matter. Portside believes that Judge Arleo directed the Tenants' counsel to provide that list, including during the first status hearing conference on August 1, 2024 in a meeting attended By Mr. Vail, Ms. Lustig and Mr. Adelman, and may have done so on additional occasions. The Tenants have repeatedly resisted complying with that direction, including for certain counsel to question the Court's direction or attempt to trade compliance for other mediation discovery. At the most recent meet and confer, Portside proposed that it the Tenants do not believe they have an obligation to provide a reasonably updated list of their tenant -clients to Portside that the issue should be brought to the Court. In response, the Tenants have committed that they will now produce a list of residents they represent, including the unit number for each resident, as specifically directed by Judge Arleo on August 1, 2024. Upon receipt, Portside will promptly prepare and extend unit-specific settlement proposals to each unrepresented resident, share with Judge Falk and forward to counsel similar unit-specific proposals for represented tenants, consistent with Judge Arleo's on the record statements during the June 25, 2025 status conference.

4901-2326-9995, v. 1

# MCLAUGHLIN & STERN, LLP

### FOUNDED 1898

**MOLLIE HARTMAN LUSTIG**
**PARTNER**
Direct Dial: 908-578-5458
mlustig@mclaughlinstern.com

1 ELM STREET
SUITE 2
WESTFIELD, NEW JERSEY 07090
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

NEW YORK, NEW YORK
GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
WESTPORT, CONNECTICUT
NAPLES, FLORIDA
WEST PALM BEACH, FLORIDA

## Dispute No. 3: <u>Settlement Method</u>

**Portside's Position**

Portside also raises its concern, as noted above, that Tenants do not intend to mediate in good faith given that they have stated that they do not agree with Judge Arleo's guidance that the settlement in this matter will be on a unit-by-unit basis and instead have recently confirmed, including in this letter below, that they intend to settle only on a fraud/class action basis. Although Portside endeavors to work through this issue with Judge Falk, we raise it as a relevant status point for the Court.

**Tenant's Position**

Portside has again, in complete defiance of the elementary principle that litigants have wide discretion with respect to settlement discussions, misrepresented that the Court required the parties to mediate this dispute on a unit-by-unit basis. Tellingly, Portside has not once pointed to a Court **order** directing the parties to proceed in this manner and has instead relied on informal comments made by Judge Arleo, some of which appear to have been made solely to Portside in Her Honor's chambers. Thus, because there is no order requiring the parties to mediate their dispute on a unit-by-unit basis, the parties are not required, as Portside falsely contends, to mediate in this manner.

Frankly, by continuing to make this meritless argument, Portside has accomplished no more than making its agenda clear – to, as Portside admits above and in line with comments made by certain counsel, "pick off" individual tenants and settle their claims for nominal amounts to avoid the significant liability Portside faces through the Tenants' class action claims. As Your Honor is aware, the Tenants' Class Action Complaint[3] seeks significant damages for Portside's fraudulent conduct with respect to its rental practices. Pursuant to Your Honor's order dated September 9, 2024, the Tenants' class action case has only been **stayed**, and the Tenants have **never** agreed to waive those claims. *See* Dkt. No. 26. Portside, however, is effectively using mediation as an opportunity to force the Tenants into waiving those claims through its false contention that the parties' dispute must be resolved on a unit-by-unit basis. The Tenants respectfully submit that this conduct should not be countenanced, as Portside cannot be enabled to dictate how Tenants prosecute and/or settle their case. Moreover, the Tenants note that this approach would not, as we are sure the Court would appreciate, result in a **global resolution** of **all claims** among the parties.

---

[3] *Portside Towers West Tenant Association et al. v. The Towers at Portside Urban Renewal Company, LLC et al.*, Civil Case No.: 24-cv-07508

4901-2326-9995, v. 1

# MCLAUGHLIN & STERN, LLP

**FOUNDED 1898**

**MOLLIE HARTMAN LUSTIG**
**PARTNER**
Direct Dial: 908-578-5458
mlustig@mclaughlinstern.com

1 ELM STREET
SUITE 2
WESTFIELD, NEW JERSEY 07090
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

NEW YORK, NEW YORK
GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
WESTPORT, CONNECTICUT
NAPLES, FLORIDA
WEST PALM BEACH, FLORIDA

Dated:  September 23, 2025

Respectfully submitted,

By: */s/  Derek D. Reed*

Derek D. Reed, Esq.
Ehrlich, Petriello, Gudin
Plaza & Reed
A Professional Corporation
60 Park Place, 18th Floor
Newark, New Jersey 07102
(973) 643-0040

Terri L. Mascherin
Andrew W. Vail
Daniel J. Weiss
Jenner & Block LLC
353 Norh Clark Street
354 Chicago, Illinois 60654
Phone: (312) 222-9350
Facsimile: (312) 840-7375

*Attorneys for Plaintiffs the Towers at*
*Portside Urban Renewal Company L.L.C.*
*and Equity Residential Management, LLC*

By: */s/  Philip Samuel Adelman*
Philip Samuel Adelman, Esquire
Assistant Corporation Counsel
Jersey City Law Department
City Hall – 280 Grove Street
Jersey City, New Jersey 07302
(201) 547-4810

*Attorney for Defendants, City of Jersey City and*
*City of Jersey City Rent Leveling Board*

cc: All counsel (via ECF)

By: */s/ Mollie Hartman Lustig*

Mollie Hartman Lustig, Esq.
McLaughlin & Stern, LLP
1 Elm Street, Suite 2
Westfield, New Jersey 07090
(212) 448-1100

/s/ *Eric J. Nemeth*

Eric J. Nemeth, Esq.
Eric J. Nemeth, P.C.
55 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 539–2122

/s/ *Neil Marotta*

Marotta & Garvey, *Attorneys at Law*
3916 Bergenline Avenue, Ste. 2200
Union City, New Jersey 07087
(201) 552-9200

*Attorneys for Interveners Portside Towers*
*East Tenant Association, Portside Towers*
*West Tenant Association, Kevin Weller,*
*Jessica Brann, Joel Rothfus, and Michele*
*Hirsch*

4901-2326-9995, v. 1