

*Derek Reed | Partner*
direct: (973) 854-6710
dreed@EPGPRlaw.com

February 6, 2026

Hon. Madeline Cox Arleo, U.S.D.J.
Chambers of Madeline Cox Arleo
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re: *The Towers at Portside Urban Renewal Company L.L.C., et al v. The City of Jersey City, et al.* Case No. 2:23-cv-22291-MCA-JRA

Dear Judge Cox Arleo:

Portside writes to update the Court regarding the status of five nonpaying tenants at Portside Towers. Portside first raised the issue of four of these nonpaying tenants with the Court nearly a year ago in a February 4, 2025 letter and proposed motion for a limited order (Dkt. 102) and further addressed the issue in the parties' June 20, 2025, joint status letter (Dkt. 136). As you will recall, Portside also addressed the issue during multiple appearances before Your Honor, including the status hearing held on April 23, 2025.

Unfortunately, five tenants continue to reside at Portside Towers while refusing to pay rent, purportedly in light of the ongoing litigation. The combined balance of these five tenants now exceeds $500,000. Plaintiffs respectfully renew their request that the Court confirm that the pendency of this matter does not bar Plaintiffs from instituting eviction proceedings in state court against tenants at Portside Towers who are refusing to pay rent due and owing.

Since the June status letter, two of the original six nonpaying tenants have vacated their units: Unit 1712W vacated on June 30, 2025, and Unit 317W vacated in July 2025. However, the remaining tenants have continued to reside at Portside while refusing to pay rent, and their outstanding balances have grown substantially. Additionally, one new tenant (Unit 805E), Charles Duva, who serves as an officer of one of the purported Tenant Associations, has joined the group of tenants withholding significant rent payments. The five tenants currently residing at Portside Towers while withholding significant rent due and owing are:

| Unit | Tenant(s) | Outstanding Balance |
|------|-----------|---------------------|
| 1910E | The Kesslers | $158,363.23 |
| 312E | Mark Fischer | $112,895.03 |
| 2305E | Kareem El Bey | $117,037.05 |

Please direct replies to:
60 Park Place, 18th Floor, Newark, NJ 07102
Tel: (973) 643-0040 • Fax: (973) 596-1781 • www.EPGPRlaw.com

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

February 6, 2026
Page 2

| 504E | DaShawn Peyton | $71,043.46 |
| 805E | Charles Duva | $55,239.87 |

The tenants in these five units entered into leases with full notice that Portside Towers is not subject to rent control, but after the Board issued its unlawful decision in November 2023, these tenants have, at different points, refused to pay the rental amounts required by their leases and have instead unilaterally decided what rental amounts to pay, if any. The tenants for each of these units now owe rent in excess of $55,000, with tenants of three of the units being more than $100,000 in arrears. The amount of past-due rent owed by these tenants far exceeds any credit that would be due to each tenant even if the City's erroneous rent recalculations were correct (which they are not).

This situation cannot be permitted to continue. Because they are withholding rent payments, the cost of their luxury apartments is being shifted to Plaintiffs and other tenants at Portside Towers. Plaintiffs pay taxes, provide maintenance, and staff the buildings with concierge personnel, all of which must be paid from rents collected from Portside tenants.

As the Court may recall, at the August 1, 2024 hearing, Your Honor remarked that it would in no way be acceptable for tenants to not pay rent and continue to reside at Portside. Despite that clear guidance, certain tenants—all represented by counsel of the record and members of the purported Tenant Association—continued to withhold rent, after several communications with tenants' counsel to attempt to resolve the matter. On February 4, 2025, Portside was compelled to raise the matter formally to the Court's attention by way of letter and proposed limited motion to pursue eviction proceedings, given the tenants' continued refusal to pay. At that time, six tenants collectively owed in excess of $238,000 in unpaid rent. (Dkt. 102.) Following the Court's direction at the April 23, 2025 status hearing, the parties engaged in negotiations regarding interim rent payments. On June 20, 2025, the parties submitted a joint status letter to the Court (Dkt. 136.). In that letter, counsel for the Tenants represented to the Court that "five of the six tenants have agreed to come up with a payment plan to address alleged back rent obligations" (Dkt. 136.).

At the June 25, 2025 status hearing, Your Honor inquired whether the parties had agreed on the calculation methodology for the nonpaying tenants' interim rent obligations. Portside reported to the Court that the parties had agreed on the form of calculation with Tenants' counsel requesting only that the opportunity to verify math and confirm with their clients they would agree to pay those amounts. (*See* June 25, 2025 Hr'g Tr. at 3-4.) The Court acknowledged the parties' agreement. (*Id.*) Despite this apparent meeting of the minds on the calculation methodology, and despite counsel's representation to the Court that five of the original six nonpaying tenants would come up with a payment plan, those tenants failed to follow through. As noted above, two of the original six nonpaying tenants—Units 1712W and 317W—have since vacated. Of the remaining four tenants from the original group (Units 1910E, 312E, 2305E, and 504E), only one tenant, DaShawn Peyton (Unit 504E), has made any payments toward her balance, and even those payments fall approximately $1,300 short of her required monthly rent each month, leaving her

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

February 6, 2026
Page 3

still over $70,000 in arrears. The other three tenants from the original group have continued to reside at Portside while not paying rent at all. Additionally, the tenant in Unit 805E has since joined the group of tenants withholding rent.

Through the parties' mediation efforts with Judge (Ret.) Mark Falk, Portside has attempted to resolve these nonpayment issues, including but not limited to, on December 12, 2025, Portside sent detailed settlement offers to the tenants in Units 1910E, 312E, 2305E, and 504E through their counsel, copying Judge Falk, with a response deadline of December 19, 2025. On December 19, 2025, Portside sent a settlement offer to the tenant in Unit 805E, with a response deadline of December 29, 2025. Each settlement offer provided rent reductions and an agreement to treat each tenant's unit as subject to Jersey City's rent control ordinance going forward. In exchange, Portside required only that each tenant agree to pay their outstanding balance by January 31, 2026. Despite these efforts, Portside has received no meaningful response—let alone an agreement—from any of these tenants or their counsel. Portside followed up with tenants' counsel multiple times and received absolutely no response until we finally sent a draft of this letter to tenant counsel on January 31.  In response, tenants' counsel requested yet another "meet and confer" despite the fact we have met and conferred numerous times on this issue, including appearing before your Honor last June as set forth above. We have heard nothing from them for months, made zero progress regarding these nonpaying tenants despite agreeing to the methodology last June when before Your Honor and we strongly believe that meeting and conferring on this issue any further would be fruitless given the history laid out above. Portside strongly believes judicial intervention on this issue at this time is necessary to address this significant and ongoing issue. Judge Falk also agrees that this attention should be brought to the Court. Given the substantial amounts owed, Plaintiffs wish to initiate eviction proceedings against the tenants in these five units if they refuse to pay their outstanding balances.

Portside respectfully requests that the Court allow Portside leave to renew and update its limited Motion, that will seek to confirm that the pendency of this litigation before this Court is no bar to Plaintiff's initiating eviction proceedings in state court against the tenants at Portside Towers who are not paying rent as required by their leases and collectively owe more than $500,000 in past due rent.

We shared a copy of the above with Tenant's Association counsel and counsel to the City before submitting this letter.

Dated: February  6, 2026                    Respectfully submitted,

                                            The Towers at Portside Urban Renewal Company
                                            L.L.C. and Equity Residential Management, LLC

                                            By: /s/ Derek D. Reed

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

February 6, 2026
Page 4

*Attorney for Plaintiffs The Towers at Portside*
*Urban Renewal Company L.L.C. and Equity*
*Residential Management, LLC*

Derek D. Reed, Esq. (Attorney ID # 038062003)
Jeffrey Plaza, Esq.
EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED
A Professional Corporation
60 Park Place, Suite 1016
Newark, New Jersey 07102
(973) 643-0040


Terri L. Mascherin
Andrew W. Vail
Daniel J. Weiss
JENNER & BLOCK LLP
353 North Clark Street