# ERIC J. NEMETH, P.C.

**A PROFESSIONAL CORPORATION**
55 MADISON AVENUE, SUITE 400
MORRISTOWN, NEW JERSEY 07960

TELEPHONE 973.539.2122
FACSIMILE 973.539-4677

Eric J, Nemeth, Esq.
Email: enemeth@edjcounsel.com
Direct: 201-522-3362

February 12, 2026

**VIA ECF**

Hon. Madeline Cox Arleo, U.S.D.J.
Chambers of Madeline Cox Arleo
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, New Jersey  07102

> **Re:** **The Towers at Portside Urban Renewal Company L.L.C., et al. v. The City of Jersey City, et al. Case No. 2:23-cv-22291-MCA-JRA**

Dear Judge Cox Arleo:

This firm, alongside McLaughlin & Stern LLP and Marotta & Garvey P.C., represents the Defendant-Intervenors in the above-referenced matter. We submit this correspondence in response to Plaintiff's unsolicited, February 6, 2026, letter to the Court. *See* Dkt. No. 162. As discussed below, Portside's February 6 submission, filed without the benefit of our counter-statement, omits pertinent information, including the fact that Portside unilaterally amended the interim settlement terms that were being negotiated for the tenants they now seek to evict, and an eleventh-hour demand for payment of arrearages as part of a final settlement  of a new tenant– i.e., Charles Duva ("Mr. Duva"). Indeed, given the foregoing, we attempted to schedule a meet-and-confer with opposing counsel to discuss our positions on the above, only to be met with resistance and, ultimately, Portside's February 6 letter. As such, we are constrained to submit this correspondence to clarify the record and explain the difficult situation that we, as counsel, have been placed in.

However, before doing so, please note our objection to the Plaintiff's highly inappropriate attempt to make Mediator Falk a fact witness in this matter.  In Portside's February 6 letter, it is claimed that "Judge Falk also agrees that this attention should be brought to the Court". *See* Dkt. No. 162 at 3.In our opinion, it is unlikely that Judge Falk would make such a recommendation without first making a concerted effort to resolve the issue himself. Since the matter of this small group of non-paying tenants has not been the subject of material debate during seven months of mediation, we think it is very unlikely that His Honor made the alleged recommendation. .

Hon. Madeline Cox Arleo, U.S.D.J.
Case No. 2:23-cv-22291-MCA-JRA
February 12, 2026
Page 2

      With respect to Portside's other claims, we had previously discussed the possibility of settling Portside's dispute with the following tenants – the Kesslers (Unit 1910E), Mark Fischer (Unit 312E), Kareem El Bey (Unit 2305E) and DaShawn Peyton (Unit 504E)   regarding their non-payment of rent due to our clients' reasonably held belief that Portside is charging rent in violation of applicable law. While keeping in mind our obligation to maintain the confidentiality of settlement negotiations, we note that the terms of the settlements with these tenants, if any, would generally have been as follows: the tenants would agree to pay an adjusted rent based upon a model suggested by Your Honor. This interim rent would be paid by our clients during the pendency of this litigation, while reserving any and all rights s/he may have if the Defendant-Intervenors were to prevail on their various claims against Portside. Negotiation of the rents was undertaken in May and June, 2025, at which time interim rent settlement positions were exchanged with Portside's counsel. As a result, we were close to resolving the rent rate issue for several of these tenants, when the option of mediation arrived, and our full efforts on behalf of all tenants, was channeled in that direction. It should be noted that Portside, in its February 6 letter at 1, asserts "Unfortunately, five tenants continue to reside at Portside Towers while refusing to pay rent, purportedly in light of the ongoing litigation." That statement, however, is unsupported by the facts, as at least one tenant (Peyton/Unit 504E) has been paying rent at a number we contend is consistent with the Court's recommended interim model. We question why that fact was not made clear to the Court. It is also untrue that the remaining tenants refused to pay rent "in light of the ongoing litigation." Rather, based upon an exchange of interim rent proposals, certain tenants disagreed with the rent amount that Portside refused to compromise. We continue to believe that several of these tenants are still willing to reach accord on an interim rent settlement.

      As referenced *supra*, Portside unilaterally abandoned the effort to resolve interim rents for the tenants whose rent is in arrears by addressing the rent and alleged arrearage as part of a final global settlement offer. In those offers, issued on or about December 12, Portside set arbitrary dates for all tenants' responses and for repayment of the arrearage. Unfortunately, the lack of transparency in Portside's calculations, both for the proposed new rent, and the amount of the arrearage, prevented our clients from determining if these values were fair.  Further, Portside's recent offers sought to have each of the above tenants waive their rights regarding the Defendant-Intervenors' ongoing claims – a clear and significant deviation from the previously discussed interim terms. In good faith, we requested a draft form of Portside's settlement agreement and a meet and confer session so we could clear up questions on their math. However both requests were rebuffed, with Portside electing instead to seek Your Honor's involvement. And, to make matters worse, Portside also raised an issue with a new tenant at the eleventh hour – i.e., Mr. Duva – who had not been part of any of our prior communications. Thus, we were taken aback by opposing counsel's adamant persistence that we immediately respond to their newly proposed terms without, at a minimum, providing us the opportunity to resolve key impediments to considering their settlement offers.

We hope that with the above-referenced information, the Court will appreciate the difficult situation facing our clients. We remain willing to discuss the foregoing with Portside's counsel

Hon. Madeline Cox Arleo, U.S.D.J.
Case No. 2:23-cv-22291-MCA-JRA
February 12, 2026
Page 3

and are optimistic that, if given the opportunity, we can amicably resolve this dispute, at least insofar as interim rents and addressing back rents are concerned.

We thank the Court for its time and consideration.

Respectfully submitted,


*/s/ Eric J. Nemeth*
Eric J. Nemeth


cc: All counsel (via ECF)