# McLaughlin & Stern, LLP
### Founded 1898

**MOLLIE HARTMAN LUSTIG**
**PARTNER**
Direct Dial: 908-578-5458
mlustig@mclaughlinstern.com

1 ELM STREET
SUITE 2
WESTFIELD, NEW JERSEY 07090
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

NEW YORK, NEW YORK
GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
WESTPORT, CONNECTICUT
NAPLES, FLORIDA
WEST PALM BEACH, FLORIDA

February 16, 2026

**Via ECF**

Hon. José R. Almonte, U.S.M.J.
United States District Court
District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, New Jersey 07102

      RE:    *The Towers at Portside Urban Renewal Company, et al v. The City of Jersey City et al.*
              Civil Action No. 23-cv-22291-MCA-JRA

Dear Judge Almonte:

The parties write jointly, pursuant to the Court's Text Order dated February 11, 2026 (*see* Dkt. No. 163), to advise that mediation before the Hon. Mark Falk, U.S.M.J. (Ret.), is ongoing. Speaking for our legal team as counsel to the Defendant Tenant-Intervenors, we are in constant communication with Judge Falk, connecting with His Honor on a weekly basis, at a minimum. It is our understanding that counsel for Portside also is in frequent contact with Judge Falk. The parties further wish to clarify that the letters filed at Dkt. Nos. 162 and 164 concern an issue that is tangential to mediation and does not prevent it from proceeding. Please note, however, that if mediation is ultimately determined to have concluded without resolution of this matter, Defendant Tenant-Intervenors intend to seek a briefing scheduled from the Court to file summary judgment.

**Tenants' Rebuttal to Portside's Position Below**

On February 11, 2026, the Court ordered that the parties provide the Court with a simple status update (*see* Dkt. No. 163), and, on February 13, we circulated a proposed joint letter accomplishing exactly that (see paragraph above). Specifically, our proposed letter advised that (i) mediation remains ongoing, (ii) the parties are actively communicating with our mediator, the Hon. Mark Falk, U.S.M.J. (Ret.), and (iii) if mediation fails, the parties intend to pursue dispositive motion practice. However, as evidenced by counsel's[1] combative emails and insert below, Portside clearly seeks to stray from the Court's directive and use this letter as an opportunity to "get in the last word" after the tenants submitted their February 12 letter. The Tenants elect to take the high

---
[1] Specifically, Andrew Vail, Esq. ("Mr. Vail").

# MCLAUGHLIN & STERN, LLP
#### FOUNDED 1898

**MOLLIE HARTMAN LUSTIG**
**PARTNER**
Direct Dial: 908-578-5458
mlustig@mclaughlinstern.com

1 ELM STREET
SUITE 2
WESTFIELD, NEW JERSEY 07090
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

NEW YORK, NEW YORK
GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
WESTPORT, CONNECTICUT
NAPLES, FLORIDA
WEST PALM BEACH, FLORIDA

---

road and avoid bogging the Court down by responding to Mr. Vail's diatribe (which, curiously, we did not receive until 6:41 P.M. this evening) at length.

Instead, we simply reiterate and incorporate the points raised in our February 12 (*see* Dkt. No. 162) letter while reminding Portside that our correspondence was the result of counsel's wholly irrational refusal to meet-and-confer as to the newly arising issues described therein. Further, we note that counsel's unfounded accusations of delay ignore the elephant in the room - i.e., any delays were caused by **counsel's** insistence that offers be made on a unit-by-unit basis, despite the Court **never having ordered** the Parties to proceed in this manner. Indeed, as counsel is well aware, these delays are the reason we stressed the importance of exploring resolution on a class-wide basis - a position that our adversary has unreasonably refused to consider. All told, counsel's assertions unnecessarily attempt to deflect blame and cast the Tenants in a bad light,

In any event, we note that a counteroffer has been submitted to Judge Falk. And, to that end, we remain optimistic that, with Judge Falk's assistance, the Parties may be able to resolve this dispute. For these reasons, we respectfully submit that proceeding to summary judgment is unnecessary at this stage. We would further respectfully submit that summary judgment motions would only be appropriate if there comes a point where all parties and Judge Falk agree that mediation has failed.

**Portside's Position:**

Portside agrees that the Court directed the parties to participate in mediation with Judge Falk and that the mediation process has not been formally terminated. Portside has been steadfastly committed to that process and remains willing to continue to mediate in good faith. Portside appreciates the time, effort and skill that Judge Falk brought to the mediation process. However, Portside respectfully submits that the mediation as described by Tenant-Intervenors does not fairly reflect the actual state of the mediation. In short, it is Portside's view that the Tenant-Intervenors have not mediated in good faith, including by continuing to insist on a class-fraud claim approach despite Judge Arleo's prior direction on that issue, refusing to simply confirm that they have provided the settlement offer letters that Portside provided for all of the purportedly represented tenants to those individuals (despite it is their professional obligation to do so), and otherwise not providing any meaningful response to date. All of that follows Tenant-Intervenors' counsel delaying and otherwise refusing to mediate for most of the summer by instead demanding millions of points of data from Portside that they did not need.

Consistent with the direction provided by Judge Arleo, in or about November 2025, Portside prepared and transmitted hundreds of detailed settlement offers, both directly to

# MCLAUGHLIN & STERN, LLP
### FOUNDED 1898

**MOLLIE HARTMAN LUSTIG**
**PARTNER**
Direct Dial: 908-578-5458
mlustig@mclaughlinstern.com

1 ELM STREET
SUITE 2
WESTFIELD, NEW JERSEY 07090
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

NEW YORK, NEW YORK
GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
WESTPORT, CONNECTICUT
NAPLES, FLORIDA
WEST PALM BEACH, FLORIDA

---

unrepresented tenants and through counsel to represented tenants. Those offers required significant time and expense by Portside and its counsel to analyze rent histories, calculate amounts, and tailor proposals to individual tenants. A meaningful number of tenants, approximately fifty, have accepted those offers. These acceptances demonstrate that Portside's proposals are real, specific, and capable of resolving claims when tenants are given a genuine opportunity to consider them.

As noted above, despite that effort, Tenant-Intervenors' counsel has not provided any substantive response or counterproposal to Portside's comprehensive offers. Through Judge Falk, Portside was advised on multiple occasions that Tenant-Intervenors would provide a response or counterproposal by certain dates - first in early to mid-December 2025, then in early January 2026, and then on or about January 19–20, 2026. None of those promised dates resulted in any counteroffer or even a set of comments on Portside's proposals. As of the date of this submission, Tenant-Intervenors s have not provided any meaningful response to Portside's November offers or any indication that such a proposal is forthcoming.

Portside is hopeful that Judge Falk will soon hold a final Town Hall via Zoom or a similar platform with any and all tenants who might want to better understand the status of this matter and proposed settlements.  Portside has received a number of requests from tenants who seek such a Town Hall, including certain tenants who assert they are not represented by Tenant-Intervenors' counsel despite counsel making that representation to Portside.

The failure to truly engage in any attempt to reach resolution or fairly relay the record to this Court is also demonstrated by Mr. Nemeth's recent letter about the non-paying tenants. Portside also disputes the accuracy of representations made in Tenant-Intervenors' February 12, 2026, letter to the Court (Dkt. 164) concerning the ongoing failure to pay rent of certain represented tenants. That February 12 letter asserts, among other things, that Portside "unilaterally" broke off negotiations concerning interim rent for those tenants, and that Portside's calculations lacked transparency (Dkt. 162). That is utterly false.  Tenant-Intervenor counsel never followed through on any of their representations to Portside or this Judge Arleo (Dkt. XX), which prompted a follow up letter to Judge Arleo, which flatly demonstrates that Mr. Nemeth's contention is not true.[2]

---

[2] The issue of the nonpaying tenants has been the subject of discussion with the Court and with Tenants' counsel since at least June 2025. At that time, the parties discussed and, on the record before Your Honor, agreed upon the methodology for calculating lawful rent and arrears for these tenants, with the understanding that Tenants' counsel would verify specific numbers and work toward resolution. Since then, Portside has repeatedly attempted to engage on that narrow issue, but has not received substantive engagement in return. As set out in Portside's February 6 letter,

# MCLAUGHLIN & STERN, LLP
### FOUNDED 1898

**MOLLIE HARTMAN LUSTIG**
**PARTNER**
Direct Dial: 908-578-5458
mlustig@mclaughlinstern.com

1 ELM STREET
SUITE 2
WESTFIELD, NEW JERSEY 07090
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

NEW YORK, NEW YORK
GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
WESTPORT, CONNECTICUT
NAPLES, FLORIDA
WEST PALM BEACH, FLORIDA

Given this history, Portside respectfully submits that the case is ready for summary judgment. Portside will stand by the offers it has made to the individual tenants while that motion is pending. That said, mediation with the Tenant-Intervenors has not yielded material progress in several months, and there is no indication that withholding dispositive motion practice will spur meaningful negotiations. Portside is prepared to continue participating in mediation in good faith, including but not limited to a final Town Hall with Judge Falk and all tenants, but it cannot agree and there is no benefit to any party to continue to an open-ended mediation process with one side has decided it declines to engage with detailed settlement proposals or to respond to offers that were transmitted three months ago.

Accordingly, and subject to any additional input from Judge Falk, Portside respectfully requests that the Court (1) permit Portside to file its previously described motion for summary judgment and (2) set a summary judgment briefing schedule at this time.

**The City's Position**

Counsel for the Tenants has conferred with the City's counsel, who has requested that we advise the Court that they continue to work in good faith to resolve this matter through mediation and that they believe that mediation is still viable as a way of resolving this matter.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

| By: /s/  Derek D. Reed | By: /s/ Mollie Hartman Lustig |
|---|---|
| Derek D. Reed, Esq. | Mollie Hartman Lustig, Esq. |
| Ehrlich, Petriello, Gudin | McLaughlin & Stern, LLP |
| Plaza & Reed | 1 Elm Street, Suite 2 |
| A Professional Corporation | Westfield, New Jersey 07090 |

---

the arrears for the five affected units now exceed half a million dollars, and one additional tenant has stopped paying rent altogether. Portside did not "abandon" interim discussions - it offered concrete terms, and the impasse arises from the absence of meaningful response from tenants' counsel, which has been the theme in mediation as well.

# M<span style="font-variant:small-caps">c</span>L<span style="font-variant:small-caps">aughlin</span> & S<span style="font-variant:small-caps">tern</span>, LLP
F<span style="font-variant:small-caps">ounded</span> 1898

**MOLLIE HARTMAN LUSTIG**
PARTNER
Direct Dial: 908-578-5458
mlustig@mclaughlinstern.com

1 ELM STREET
SUITE 2
WESTFIELD, NEW JERSEY 07090
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

NEW YORK, NEW YORK
GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
WESTPORT, CONNECTICUT
NAPLES, FLORIDA
WEST PALM BEACH, FLORIDA

| | |
|---|---|
| 60 Park Place, 18th Floor<br>Newark, New Jersey 07102<br>(973) 643-0040<br><br>Terri L. Mascherin<br>Andrew W. Vail<br>Daniel J. Weiss<br>Jenner & Block LLC<br>353 Norh Clark Street<br>354 Chicago, Illinois 60654<br>Phone: (312) 222-9350<br>Facsimile: (312) 840-7375<br><br>*Attorneys for Plaintiffs the Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC*<br><br>By: */s/  Philip Samuel Adelman*<br>Philip Samuel Adelman, Esquire<br>Assistant Corporation Counsel<br>Jersey City Law Department<br>City Hall – 280 Grove Street<br>Jersey City, New Jersey 07302<br>(201) 547-4810<br><br>*Attorney for Defendants, City of Jersey City and City of Jersey City Rent Leveling Board*<br><br>cc: All counsel (via ECF) | (212) 448-1100<br><br><br>Eric J. Nemeth, Esq.<br>Eric J. Nemeth, P.C.<br>55 Madison Avenue, Suite 400<br>Morristown, New Jersey 07960<br>(973) 539–2122<br><br>Marotta & Garvey, *Attorneys at Law*<br>3916 Bergenline Avenue, Ste. 2200<br>Union City, New Jersey 07087<br>(201) 552-9200<br><br>*Attorney for Interveners Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michele Hirsch* |