# EXHIBIT A

**GREENBERG TRAURIG, LLP**
Cory Mitchell Gray, Esq. (ID: 033221992)
Jason Kislin, Esq. (ID: 033332003)
500 Campus Drive, Suite 400
Florham Park, NJ 07932
(973) 360-7919
grayc@gtaw.com
kislinj@gtlaw.com

**GRIFFIN ALEXANDER, P.C.**
Jennifer L. Alexander, Esq. (I.D. 014031998)
Logan R. D. Stagnitto, Esq. (I.D. 27692018)
William Rodriguez, Esq. (ID 00313204)
415 Route 10, 2nd Floor
Randolph, New Jersey 07869
(973) 366-1188
Attorneys@LawGAPC.com

*Attorneys for Plaintiff Avalon Hoboken, LLC*

|  |  |
|---|---|
| AVALON HOBOKEN, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF HOBOKEN and THE CITY OF HOBOKEN RENT LEVELING AND STABILIZATION BOARD,<br><br>*Defendants*. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br><br>Docket No.: HUD-L-348-24<br><br>*Civil Action*<br><br>[~~PROPOSED~~] **ORDER** |

**F I L E D**

August 7, 2025

**JOSEPH A. TURULA, P.J.Cv.**

# Granted.

    **THIS MATTER** having been opened to the Court upon the application of Plaintiff Avalon Hoboken, LLC ("Avalon Hoboken"), by and through its attorneys, Greenberg Traurig, LLP and Griffin Alexander, P.C., and the Court having considered the papers and heard oral argument concerning Avalon Hoboken's motion for ~~partial~~ summary judgment ~~on Count One of the Complaint~~ against Defendants the City of Hoboken and the City of Hoboken Rent Leveling and Stabilization Board ("Defendants"), and for good cause otherwise appearing:

    **IT IS ON THIS** __07th__ day of __August_____, 2025:

**ORDERED** that:

1. Avalon Hoboken's motion for ~~partial~~ summary judgement is hereby **GRANTED** in its entirety;

2. Avalon Hoboken's property located at 800 Madison Street, Hoboken, New Jersey (the "Property") is hereby exempt from the City's Rent Regulation Ordinances;

3. Defendants are hereby permanently enjoined and restrained from enforcing the City's Rent Regulation Ordinances against the Property;

4. ~~Consistent with Section 12 of the Settlement Agreement, Avalon Hoboken is entitled to its expenses, including attorney fees, for the City's breach of the Settlement Agreement;~~

5. ~~Avalon Hoboken will submit a separate motion seeking its fees and expenses incurred to date within fourteen (14) days of this order; and~~

6. A copy of this order shall be served pursuant to R.1:5-1.

_____
Honorable Joseph A. Turula, PJ.Cv.



ACTIVE 707479708v1

\*Movant and Opposition present legal arguments and provide material facts that are omitted from this decision as irrelevant to the Court's determination of this motion at this time\*

This Track 4-Action in Lieu of Prerogative Writ arises out of an alleged breach of contract claim against the City of Hoboken. <u>Movant Brief</u> at 1.

For 13 years, Avalon Hoboken operated as a building that was statutorily-exempt from rent control. In April 2023, Hoboken Defendants determined that the Property was not entitled to a rent control exemption.

Between May and July 2023, tenants at the Property filed Legal Rent Calculation Requests with the Rent Regulation Officer, which were appealed to the City of Hoboken Rent Leveling and Stabilization Board ("Board"). Hearings occurred on August 30, 2023 and October 11, 2023, in which Avalon Hoboken argued before the Board that the Property was not subject to rent control. On October 11, 2023, the Board passed a motion for a resolution declaring that Avalon Hoboken was subject to rent control.

On December 11, 2023, before the Board had finalized its determination, the attorney for the Board sent a letter to Avalon Hoboken warning that the City was prepared to issue fines against Avalon Hoboken in an amount of up to $660,000 for "failing to comply" with the Board's determination. Two days later the Board finalized its resolution on December 13, 2023.

Plaintiff Avalon filed the within matter in January 2024 seeking to enjoin the City from "enforcing the Rent Control Ordinance" against Avalon Hoboken. After briefing and argument on Plaintiff's Order to Show Cause, the Court granted the preliminary injunction in favor of Plaintiff on March 01, 2024 prohibiting the City from enforcing the Rent Control Ordinance.

## **STANDARD OF REVIEW**

<u>R.</u> 4:46-2 provides the standard of review for a motion for summary judgment. Pursuant to the rule, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and

ACTIVE 707479708v1

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled a to a judgment . . . as a matter of law." See R. 4:46-2. In determining whether there is a "genuine issue" of material fact, the motion judge is to view the competent evidentiary materials in "the light most favorable to the non-moving party" and is not "to weigh the evidence." See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "[A]n issue of fact is genuine only if, considering the burden of persuasion at trail, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." See R. 4:46-2(c); Bhagat v. Bhagat, 217 N.J. 22, 38 (2014). The effect is that the motion court cannot "ignore the elements of the cause of action or the evidentiary standard governing the cause of action." See Bhagat, 217 N.J. at 38.

If the materials "are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party," then there is a genuine issue of material fact making summary judgment improper. Brill, 142 N.J. at 540. However, "when the evidence 'is so one-sided that one party must prevail as a matter of law,'" the Court may properly grant summary judgment. Id.

## ANALYSIS

The primary arguments advanced in Plaintiff and Defendants briefs are largely unaddressed as the Court determines that the Board lacked the authority to make this decision and thus does not need to address the merits underlying the decision itself. Addressing the reasons behind the Board's determination would give a shred of validity to a decision that is entitled to none.

The Court finds that the Board does not have any legal authority to strip an exemption under the law. The law does not bestow authority upon the municipalities to regulate or enforce the provisions, and the actions are expressly preempted. See Knight v. Hoboken Rent Leveling Board, 332 N.J. Super. 547, 552 (App. Div. 2000). The court in Knight found that the Board, as an administrative body, lacked the power to make the legislative decision to impose a time limitation for within which a claim for

refunds could be brought. Id. at 21. Similarly, the Board here was clearly acting without any statutory authority when the Resolution was adopted declaring Avalon Hoboken subject to rent control. In addition to the Board's lack of authority to make this determination, the Board is equally without authority to enforce any penalty for supposed violations of the law. See Caldwell Terrace Apartments, Inc. v. Borough of Caldwell Tp., 224 N.J. Super. 588, 594 (App. Div. 1988). The enforcement power belongs to the Courts, which are responsible for imposing such penalties.

In Block 268 v. City of Hoboken Rent Leveling & Stabilization Board, the board heard arguments as to whether Plaintiff-Perezes individual unit was subject to rent control. 401 N.J. Super. 563, 566 (App. Div. 2008). Relevantly, the trial court in Block 268 held that the Legislature had preempted the Board from taking any action that would impair the exemption. Id. at 567. As detailed in Block 268, N.J.S.A. 2A:42-84.6 provides that "[t]he Legislature . . . declares it to be the public policy of this State that, within the limitations imposed by this act, the exemptions granted under this act shall not be limited, diminished, altered or impaired during the period of exemption afforded. Id. at 571; N.J.S.A. 2A:42-84.6. The statute continues and provides the purpose behind this limitation as promoting a predictable environment within which the financing, construction and marketing of new multiple dwellings can occur, and to permit the Legislature to evaluate the results of the experimental program after a specified period of time during which the program shall have been given a fair opportunity for success. Id. The purpose of consistency behind the law is expressly undermined by the actions of the Board here who stripped a building that has operated under rent control exemption for 13 years. Once state law preempts a field, the City and the Board cannot exercise a power that contradicts the policy established by the Legislature. Block 268, 401 N.J. Super. at 571; State v. Crawley, 90 N.J. 241, 248 (1982).

Notwithstanding the arguments advanced related to the settlement agreement or purported failure to comply with the Rent Control Exemption statute, the Rent Leveling and Stabilization Board of the

ACTIVE 707479708v1

City of Hoboken substantially lacked the power to make and enforce the determination that Avalon Hoboken is now subject to rent control.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is GRANTED. The matter is hereby dismissed with prejudice as all claims have been extinguished since any decisions related to the Resolution passed by the Hoboken Rent Leveling and Stabilization Board are null and void.

ACTIVE 707479708v1