# EXHIBIT B

CONNELL FOLEY LLP
Richard P. DeAngelis, Jr., Esq.
Attorney ID: 028671998
56 Livingston Avenue
Roseland, New Jersey 07068
Attorneys for Plaintiff,
LPF 1200 CLINTON EQUITY LLC

**F I L E D**

September 10, 2025
**JOSEPH A. TURULA, P.J.Cv.**

---

LPF 1200 CLINTON EQUITY LLC,

               Plaintiff,

v.

RENT LEVELING & STABILIZATION BOARD OF THE CITY OF HOBOKEN, and CITY OF HOBOKEN,

               Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION – HUDSON COUNTY

Docket No.: HUD-L-261-25

<u>CIVIL ACTION</u>

**ORDER**

---

     **THIS MATTER**, having come before the Court by Plaintiff, LPF 12000 CLINTON EQUITY LLC ("Plaintiff"), by and through its attorneys, Connell Foley LLP, for an action filed in lieu of prerogative writs pursuant to Rule 4:69; the Court having reviewed and considered the briefs submitted and oral arguments presented; and for the reasons set forth in the Court's written decision or statement of reasons on the record, and for good cause shown;

     **IT IS** on this __10th__ day of __September__, 2025, **ORDERED** as follows:

     1.    That the decision of Defendant, Rent Leveling and Stabilization Board of the City of Hoboken ("Board"), memorialized by resolution dated November 8, 2023 and entitled "Appeal of Legal Rent Calculation. 1200 Clinton St., a/k/a The Jordan, units: 326, 224, 513, 216, 618, 420, 328, 221, 624, 427, 210, 317" ("Resolution") is reversed for the reasons set forth on the record.

     2.    Having filed its claim for exemption pursuant to the New Jersey Rent Control Exemption Law, <u>N.J.S.A.</u> 2A:42-84.1 <u>et</u> <u>seq</u>. ("Exemption Law"), Plaintiff's property located at 1200 Clinton Street in the City of Hoboken ("Property"), as of the issuance of the certificate of

Page 1 of 2

occupancy for the multiple dwelling constructed at the Property, was exempt from any and all local rent control ordinances enacted or to be enacted by Defendant, City of Hoboken ("City"), and the Property shall remain exempt from the City's rent control ordinances for the duration of the exemption period as permitted under the Exemption Law.

3. Defendants Board and City are enjoined from enforcing the Resolution and City's rent control ordinance against the Property for the duration of the exemption period as permitted under the Exemption Law and as such, during said period, Defendants Board and City are hereby enjoined from:

a. Providing Legal Rent Calculation ("LRC") to any tenant at the Property;

b. Informing tenants or prospective tenants that the Property is subject to any rent control ordinance enacted by the City.

4. The court reserved decision on the relief requested by Intervenor, David N. Cohen, regarding the efficacy of the Resolution up through August 15, 2025.

**IT IS FURTHER ORDERED** that a copy of this Order shall be deemed to have been served upon all counsel when uploaded to eCourts.

The decision was read on the record on August 15, 2025 at approximately 9:03 AM.

By: _____

**Hon. Joseph A. Turula, P.J.Cv.**

This Court now rules the Relief of the Intervenor is denied.

The Court ruled on August 15, 2025, the actions of the Hoboken Rent and Stabilization Board were arbitrary, capricious and unreasonable. Stated differently, the Hoboken Rent and Stabilization Board's decision was void ab initio. Therefore, the Intervenor is entitled to no relief. Intervenor's requested relief is denied in its entirety.