# EXHIBIT E

A-3169-00T3

AKT

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
A-3169-00T3) CONSOLIDATED
A-3210-00T3)

BOROUGH OF FAIRVIEW, a
Municipal Corporation,

    Plaintiff-Appellant,

v.                 A-3169-00T3

FAIRVIEW ASSOCIATES '94 L.P.,

    Defendant-Respondent.

-----------------------------------

BOROUGH OF FAIRVIEW, a
Municipal Corporation,

    Plaintiff-Respondent,

v.                 A-3210-00T3

FAIRVIEW ASSOCIATES '94 L.P.,

    Defendant-Appellant.

FILED
APPELLATE DIVISION
OCT 2 3 2002
CLERK

Argued September 30, 2002 - Decided OCT 2 3 2002

Before Judges Petrella, Lintner and Bilder.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, L-6591-98.

Stephen F. Pellino argued the cause for
appellant in A-3169-00T3 and respondent in A-
3210-00T3 Borough of Fairview (Basile,
Birchwale & Pellino, attorneys; Mr. Pellino,
of counsel and on the brief; Anthony P.
Cialone, also on the brief).

Joseph B Fiorenzo argued the cause for
respondent in A-3169-00T3 and appellant in A-
3210-00T3 Fairview Associates '94 L.P.

(Sokol, Behot & Fiorenzo, attorneys; Mr. Fiorenzo, of counsel and on the brief; Steven Siegel, also on the brief).

PER CURIAM

Fairview Associates is the owner of a 371 unit low income housing project located in Fairview. The project is subject to the Low-Income Housing Tax Credit Program administered by the New Jersey Housing and Mortgage Finance Agency. In connection with its construction, Associates agreed to furnish a portion of the ground floor of the building as a municipal community center, to permit the use of its swimming pool by the Borough's senior citizens, and to make certain payments to the Borough. At the time of the litigation Associates had paid the Borough almost $438,000; $300,000 remained due.

In this litigation, the Borough sought to enforce its rent control ordinance; to enforce a condition of its site plan approval which prohibited charging tenants for parking; to enforce Associates' agreement as to the use of a community center and swimming pool; and to collect the remaining $300,000. Associates counter-claimed for the return of the $438,000 which it denominated an unlawful exaction.

In these separate appeals, consolidated for the purpose of this opinion, the Borough appeals from orders of the Law Division granting summary judgment to Associates dismissing all of its claims and Associates appeals from an order of the Law Division

2

granting summary judgment to the Borough dismissing the counter-claim.

### The rent control ordinance.

We agree with Judge Stark that, with respect to Associate's housing project, the Borough's rent control ordinance is preempted by State law and affirm substantially for the reasons given in her oral opinion of June 23, 2000. See Overlook Ter. Manage. v. Rent Control Bd. of W. New York, 71 N.J. 451, 467-468 (1976); N.J.S.A. 2A:42-84.2. Moreover, Associates initial failure to timely comply with the requirements of N.J.S.A. 2A:42-84.4 did not permanently deprive it of the exemption to which it was entitled by law. See Emanuel Missionary Baptist Church v. City of Newark, 1 N.J. Tax 264. 267-268 (Tax 1980).

### The Borough's effort to enforce the agreement.

We are satisfied Judge Stark's decision of July 28, 2000 granting summary judgment to Associates with respect to the parking fees, community room, pool and $300,000 is supported by substantial evidence in the record and should be affirmed substantially for the reasons set forth in that opinion.

### Associates claim for a refund.

We are satisfied Judge Stark correctly applied equitable principles in denying Associate's claim for a refund. Courts recognize the need for public fiscal stability and are, therefore, reluctant to grant such retroactive relief. Salorio v. Glaser, 93 N.J. 447, 465 (1983). Judge Stark's decision of January 10, 2001 granting the Borough summary judgment is

3

supported by substantial evidence in the record and is affirmed substantially for the reasons set forth in that opinion.  Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974).

The orders of July 27, 2000 and January 10, 2001 are affirmed.

> I hereby certify that the foregoing is a true copy of the original on file in my office.
>
> *M.C. Harley*
>
> Clerk of the Appellate Division

4