# EXHIBIT B

005129

RECEIVED
AND
RECORDED

DEED

98 JUN 12 PM 12:31

*Barbara A. Donnelly*
HUDSON COUNTY
REGISTER OF DEEDS

PREPARED BY:

_____ [Signed]
Deborah Morningstar, Esq.
Paul, Hastings, Janofsky & Walker
399 Park Avenue
New York, New York 10022

WHEN RECORDED RETURN TO:

Commonwealth Land Title Insurance Company
25 Main Street
Hackensack, New Jersey 07602
Attn: Allen Meccia, Jr.

THIS DEED, dated as of June __, 1998, between
PORTSIDE APARTMENTS URBAN RENEWAL COMPANY, L.L.C., a New
Jersey limited liability company, having an address at c/o
The Applied Companies, 5 Marine View Plaza, Suite 500,
Hoboken, New Jersey 07030 ("Grantor") and The Towers at
Portside Urban Renewal Company, L.L.C., a New Jersey limited
liability company, having an address at 1 Washington Street,
Jersey City, New Jersey 07302 ("Grantee").

WITNESSETH that in consideration of less than ONE
HUNDRED AND NO/100 DOLLARS ($100.00) to it paid by Grantee,
the receipt and sufficiency of which are hereby acknowledged
and confessed, Grantor hereby grants, bargains, sells and
conveys all of the following described property:

(a) the land located in the City of Jersey City,
County of Hudson, State of New Jersey, as more particularly
described in Exhibit "A" attached hereto and made a part
hereof being the same premises set forth in the Master Deed
of PORTSIDE, A CONDOMINIUM, dated July 18, 1996, and
recorded July 19, 1996, in the Hudson County Register's
Office in Deed Book 5018 page 165 (the "Land"), together
with all rights, privileges and easements appurtenant
thereto together also with all hereditaments and appurtenan-
ces thereunto belonging or in any way appertaining, and
together with (i) any land lying in the bed of any street,
road or avenue, open or proposed in front of or adjoining
all or any part of the Land, to the center line thereof,
(ii) any unpaid award for any taking by condemnation or for
damage to the Land or any part thereof by reason of change
of grade or the closing of any street, road or avenue, (iii)
all strips and gores, if any, abutting or adjoining the Land

NY-129221.1

| | Consideration : $ | | 0.00 Exempt Code: S | |
|---|---|---|---|---|
| | County | State | N.P.N.R.F | Total |
| | 0.00 | 0.00 | 0.00 | BK 5296 PG 097 |
| | fee3 | Date: 06/12/1998 | | |

NC 1645—AFFIDAVIT OF CONSIDERATION
RTF-1 (Rev. 1/1/81)

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION OR EXEMPTION**
(c. 49, P.L. 1968)
or
**PARTIAL EXEMPTION**
(c. 176, P.L. 1975)
To Be Recorded With Deed Pursuant to c. 49, P.L. 1968 (N.J.S.A. 46:15-5 et seq.)

ALL-STATE LEGAL SUPPLY CO.
One Commerce Drive, Cranford, N. J. 07016
D G R V S T—1

**STATE OF NEW JERSEY**
}ss.
**COUNTY OF** Bergen

**FOR RECORDER'S USE ONLY**
Consideration $____
Realty Transfer Fee $____
Date ____ By ____
*Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** (See Instructions #3, 4 and 5 on reverse side)

Deponent, Allen Meccia Jr.
(Name)
, being duly sworn according to law upon his/her oath deposes and

says that he/she is the Officer of the Title Company
(State whether Grantor, Grantee, Legal Representative, Corporate Officer, Officer of Title Co. Lending Institution, etc.)

in a deed dated June 11, 1998 , transferring real property identified as Block No. 60

Lot No. 34 located at 1 Washington Street, Jersey City 07302    Hudson County
(Street Address, Municipality, County)
and annexed hereto.

**(2) CONSIDERATION** (See Instruction #6)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $ 0

**(3) FULL EXEMPTION FROM FEE** Deponent claims that this deed transaction is fully exempt from the Realty Transfer Fee imposed by c.49, P.L. 1968, for the following reason(s): Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.

Item 7 (a) - Conveyance is made for less than $100.00

**(4) PARTIAL EXEMPTION FROM FEE** NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. (See Instruction #8)

Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by c. 176, P.L. 1975 for the following reason(s):

a) **SENIOR CITIZEN** (See Instruction #8)
☐ Grantor(s) 62 yrs. of age or over.*
☐ One or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

b) **BLIND** (See Instruction #8)
☐ Grantor(s) legally blind.*
☐ One or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

c) **DISABLED** (See Instruction #8)
☐ Grantor(s) permanently and totally disabled.*
☐ One or two-family residential premises.
☐ Receiving disability payments.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Not gainfully employed.
☐ No joint owners other than spouse or other qualified exempt owners.

*IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY.

d) **NEW CONSTRUCTION** (See Instruction #8)
☐ Entirely new improvement.
☐ Not previously used for any purpose.
☐ Not previously occupied.

Deponent makes affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968.

Subscribed and Sworn to before me

this 11th

day of June , 19 98

LEO J. FOOSE
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES JAN. 6, 2001

Name of Deponent
Allen Meccia Jr.

Address of Deponent
Commonwealth Land Title Insurance Company,
25 Main Street, Hackensack, NJ  07601

FOR OFFICIAL USE ONLY This space for use of County Clerk or Register of Deeds.
Instrument Number ____    County ____
Deed Number ____    Book ____    Page ____
Deed Dated ____    Date Recorded ____

**IMPORTANT – BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE HEREOF.**

This form is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered or amended without the approval of the Director.
ORIGINAL — White copy to be retained by County.
DUPLICATE — Yellow copy to be forwarded by County to Division of Taxation, pursuant to N.J.A.C. 18:16—8.12.
TRIPLICATE — Pink copy is your file copy.

BK 5296 PG 098

WHITE AND YELLOW COPIES MUST BE SUBMITTED WITH DEED TO COUNTY RECORDING OFFICER

and (iv) all rights, privileges, easements, licenses, appurtenances and hereditaments relating to the Land;

(b) all buildings and other improvements located on the Land (the "Improvements"); and

(c) all right, title and interest of Grantor in and to any fixtures relating to the Property (the "Fixtures") (the Land), the Improvements and the Fixtures are collectively referred to herein as the "Property").

TO HAVE AND TO HOLD the Property subject to all of the reservations, restrictions, covenants, conditions, rights of way, easements and encumbrances described in Exhibit "B" attached hereto and made a part hereof, together with all and singular the rights and appurtenances thereunto in anywise belonging, unto the said Grantee, and its successors and assigns forever. Grantor promises that the Grantor has done no acts to encumber the Property. This promise is called a "covenant as to Grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

NY-129221.1

-2-

BK5296PG099

IN WITNESS WHEREOF, Grantor has duly executed, acknowledged and delivered this Deed as of June __, 1998.

GRANTOR:

PORTSIDE APARTMENTS URBAN RENEWAL COMPANY, L.L.C., a New Jersey limited liability company

By: Hudson-Portside Associates, a New Jersey general partnership, its managing member

By: New Portside Associates, L.P., a New Jersey limited partnership, its general partner

By: Applied Assets, Inc., a New Jersey corporation, its general partner

By: _____
Name: Joseph Bailey
Title: President

NY-129221.1

BK 5296 PG 100



STATE OF New Jersey )
                                          ) ss.
COUNTY OF Hudson )

On this 9th day of June, 1998, personally appeared Joseph Barry, the President of Applied Assets, Inc., a New Jersey corporation, being the general partner of New Portside Associates, L.P., a New Jersey limited partnership, being the general partner of Hudson-Portside Associates, a New Jersey general partnership, being the managing member of Portside Apartments Urban Renewal Company, L.L.C., a limited liability company, who, I am satisfied, is the person who signed the within instrument, and that Joseph Barry as such President of the corporation, being authorized by virtue of a Resolution of its Board of Directors, executed the foregoing instrument by signing the name of such member by himself as President of the corporation, and did acknowledge the same as his voluntary act and deed, the voluntary act and deed of said corporation, of said limited partnership, of said general partnership and of said limited liability company for the purposes therein contained, and made this Deed for the consideration of less than $100 as the full and actual consideration paid or to be paid (as defined in N.J.S.A. 46:15-5).

_____
Notary Public

CHRISTINE M. BUONCUORE
A Notary Public of New Jersey
My Commission Expires 4/29/2003

NY-129221.1

BK5296PG101

EXHIBIT A

LEGAL DESCRIPTION

A COPY OF THE CARD
THIS OTHER SENT TO ASSESSOR'S OFFICE

BEING known and designated as Residential Unit Tower 1 and Residential Unit Tower 2 and Retail Unit A situate in "Portside, a Condominium"; established in accordance with the N.J.S.A. 46:8B-1 et seq., together with an undivided 47.5%; 47.5% and 5.0% respective interest in the General Common Elements of said condominium appurtenant to the aforesaid units in accordance with and subject to the terms, conditions, covenants, and other provisions as set forth in the current Master Deed of Portside, a Condominium, dated July 18, 1996 and recorded July 19, 1996 in the Hudson County Register's Office in Deed Book 5018 page 165, as same may now or hereafter be lawfully amended.

THE land area of the property comprising "Portside, a Condominium" consists of all the real property located in the City of Jersey City, County of Hudson, State of New Jersey, and more particularly described as follows:

BEGINNING at a point formed by the intersection of the westerly line of Washington Street with the southerly line of Dudley Street, running thence (1) Westerly along said southerly line of Dudley Street North 66 degrees 45 minutes West, 400.00 feet to the easterly line of Warren Street; thence (2) Southerly along said easterly line of Warren Street South 23 degrees 30 minutes West, 250.00 feet to the southerly terminus of said Warren Street; thence (3) Westerly along said southerly terminus of Warren Street North 66 degrees 45 minutes West, 30.00 feet; thence (4) Southerly along said center line of said Warren Street produced, South 23 degrees 30 minutes West, 311.70 feet to the northerly line of Morris Canal Basin; thence (5) Easterly along said northerly line of Morris Canal Basin South 67 degrees 01 minute 52 seconds East, 430.02 feet to the said westerly line of Washington Street; thence (6) Northerly along said westerly line of Washington Street, North 23 degrees 30 minutes East 559.58 feet to the point or place of BEGINNING.

BK 5296 PG 102

## EXHIBIT "B"

### PERMITTED EXCEPTIONS

1.  Second quarter 1998 taxes paid.  Subsequent taxes are a lien not yet due and payable.

2.  Paramount rights of the United States Government and the State of New Jersey to regulate and control navigation, and in that connection, to establish and/or change bulkhead and pierhead lines without compensation.

3.  Present level of Tide Water Basin.

4.  Memorandum of Easement Agreement as set forth in Deed Book 4448 page 216.

5.  Subject to terms, conditions, covenants, limitations, restrictions, easements, agreements and other provisions as set forth in the Master Deed for Portside, A Condominium, in Deed Book 5018 page 165.

6.  Existing unrecorded leases and all rights thereunder of the tenants and of any person claiming by, through or under the leases, as tenants only.

7.  The following matters disclosed by a survey made by Albert N. Faraldi Group, PC, dated February 26, 1998 and revised May 4, 1998:

    A)  Concrete curb and sign encroaching onto Dudley Street.

    B)  Metal bulkhead encroaching over easterly line onto Washington Street and encroaching over southerly line onto Tide Water Basin.

    C)  Sign encroaching onto Warren Street.

NY-129221.1

BK5296PG103

Unofficial Copy

BK5296PG104