# EXHIBIT H



# Griffin Alexander P.C. | Attorneys at Law

Jennifer L. Alexander †

Logan R. D. Stagnitto ***

Alan M. DiDino ***

Matthew Meyers *

Henry A. Rudorfer ***

Glenford W. Warmington †

Suzanne L. Reilly **

Victoria A. Lazaro ***

Anthony P. Farber ***

Jonathan Lugo *

William Rodriguez *

Kyle E. Grabowski *

Anthony J. Recchia *

Kevin M. Rigoli *

Daniel Karimi *

OF COUNSEL

Robert C. Griffin ***

James B. Griffin ◊

Stephanie Wiegand ***

* Member: NJ Bar
** Member: NY Bar
*** Member: NJ & NY Bar
◊ Member: NJ & PA Bar
† Member: NJ, NY & PA Bar

REPLY TO:

415 Route 10, 2nd Floor
Randolph, New Jersey 07869
www.lawgapc.com
Phone: 973.366.1188
Fax: 973.366.4848
attorneys@lawgapc.com

197 Route 18 South
Suite 3000, South Wing
East Brunswick, NJ 08816
Phone: 732.514.6601

11 Broadway, Suite 615
New York, New York 10004
Phone: 212.374.9790
Fax: 646.998.8029

August 3, 2022

**_Via Lawyer Service_**
Dinah E. Hendon, Director/Rent Leveling Administrator
City of Jersey City
Department of Housing, Economic Development and Commerce
Division of Housing Preservation
39 Kearny Avenue
Jersey City, New Jersey 07305
*email:* Landlord-Tenant@jcnj.org
DHendon@jcnj.org
ANunez@jcnj.org

> **RE:    Portside Urban Renewal LLC c/o Equity Residential Management, LLC**
> **Mimi Na**
> **155 Washington Street, Apartment 306**
> **Legal Rent Calculation Request – Supplemental Follow-Up**
> **Our File No.: E-438**

Dear Ms. Hendon:

As you are aware, my office represents Equity Residential Management, LLC, agent for Portside Urban Renewal LLC, the owner of Portside Towers ("Portside Towers"). This communication is in regard to the Office of Landlord-Tenant Relations' request for additional information regarding this matter.

In particular, the Office of Landlord Tenant Relations has inquired regarding whether Portside Towers is in possession of a letter of exemption for the building located at 155 Washington Street, as required by N.J.S.A. § 2A:42-84.4.

As the Office of Landlord Tenant Relations is aware, a letter of exemption was filed with and has been in the possession of the local construction official, as required by statute dated. This letter claiming exemption was dated November 23, 1994. This exemption letter predates the certificate of occupancy for the building located at 155 Washington Street, which was issued on December 31, 1997. For your reference, both the exemption letter and the certificate of occupancy are enclosed with this correspondence.

Portside Towers is one complex. All residents are part of the same Portside Towers Community. The exemption letter identifies the address of the Community as 1 Washington Street. Likewise, the Certificate of Occupancy lists that same address. If the purpose of the letter of exemption is to inform the City and its construction code officials that a property is claiming an exemption from the Rent Control Ordinance, and to allow those officials to contest such a claim of exemption if they so choose, then certainly that purpose was served by the November 1994 Letter of Exemption filing. This is especially so when considered in light of the fact that the earlier-opened building (now known as the 100 Warren building), had been

RE:    **Portside Urban Renewal LLC c/o Equity Residential**
       **Management, LLC**
       **Mimi Na**
       **155 Washington Street, Apartment 306**
       **Legal Rent Calculation Request – Supplemental Follow-Up**
       **Our File No.: E-438**

       **Page 2 of 4**

operating as exempt from the Rent Control Ordinance since its initial multi-family occupancies.

In the alternative—and only if your finding is that the November 1994 Letter of Exemption does not suffice to serve its purpose with respect to the building now known as 155 Washington—then we believe that the weight of the evidence suggests that the Letter of Exemption was in fact filed, but the City has yet to locate it in its records. We believe this position is supported by the following facts:

(1) the building now known as 100 Warren was built by the same developer as the building now known as 155 Washington;

(2) the November 1994 Letter of Exemption was not initially located by the City upon our initial request;

(3) the Certificate of Occupancy dated January 24, 1995, for the building now known as 100 Warren was similarly not located by the City[1];

(4) it is unlikely that the developer would have filed the November 1994 letter and not filed a second Letter of Exemption were one required; and

(5) Portside Towers has operated as exempt from rent control since it opened over two decades ago, and no one from any City department has ever found its exemption from rent control to be invalid.[2]

N.J.S.A. § 2A:42-84.4 requires that, in order to become exempt from a local rent control ordinance, a multiple dwelling must issue a letter claiming said exemption at least thirty (30) days prior to the issuance of the building's certificate of occupancy. Further, under the statute, a multiple dwelling must "furnish the prospective tenant with a written statement that the multiple dwelling in which the premises is located is exempt from rent control." Id., at § 2A:42-84.3. Likewise, a similar statement notifying tenants of exemption must be present in the lease. Id.

Portside Towers met this requirement. It submitted a Letter of Exemption more than thirty (30) days prior to the issuance of its Certificate of Occupancy. In addition, as indicated in our previous correspondence on this matter, Ms. Na's lease agreement

---

[1]  The eventually procured the August 25, 1992, Certificate of Occupancy for 100 Warren, but not the Certificate of Occupancy dated January 24, 1995. The January 24, 1995, Certificate of Occupancy is available upon request.

[2]  Counsel for Portside Towers continues to investigate this matter and to communicate with the City Clerk and others with respect to whether a second Letter of Exemption was filed specific to the 155 Washington building. While we do not believe that filing is critical to a finding that the building is exempt from rent control, we reserve our right to further supplement this response should additional relevant facts be brought to light.



Griffin **ga** Alexander P.C. | *Attorneys at Law*

RE:    **Portside Urban Renewal LLC c/o Equity Residential Management, LLC**
**Mimi Na**
**155 Washington Street, Apartment 306**
**Legal Rent Calculation Request – Supplemental Follow-Up**
**Our File No.: E-438**

**Page 3 of 4**

appropriately indicates that her apartment is not bound by Jersey City's Rent Control Ordinance. The Rent Control Addendum included as part of Ms. Na's Lease reads, in pertinent part, as follows:

> Pursuant to N.J.S.A. 2A:42-84.3, we hereby notify you that the Premises and the Community are exempt from the provisions of any rent control ordinances instituted by Jersey City or West New York, as the case may be, and said Premises and Community will be exempt from any future rent control, rent stabilization or rent leveling ordinance instituted by these municipalities for a period of thirty years following the completion of construction at the Community.

In addition, Ms. Na's application for her initial lease contained the same language.

As explained in our previous correspondence on this matter, provided a multiple dwelling complies with the requirements of the statute, local ordinances are not permitted to impair the exemption. As stated in the statute: "within the limitations imposed by this act, the exemptions granted under this act shall not be limited, diminished, altered, or impaired during the period of exemption afforded . . . ." N.J.S.A. § 2A:42-84.6.

For the foregoing reasons, Portside Towers' is validly exempt from Jersey City's rent control ordinance, and this matter should be appropriately dismissed.

If you have any questions regarding the content of this letter, please feel free to contact my office. Thank you.

Very truly yours,
**GRIFFIN ALEXANDER, P.C.**

**Jennifer L. Alexander, Esq.**

JLA/lrds
Enclosures

**Griffin ga Alexander** P.C. | *Attorneys at Law*

RE:  **Portside Urban Renewal LLC c/o Equity Residential**
     **Management, LLC**
**Mimi Na**
**155 Washington Street, Apartment 306**
**Legal Rent Calculation Request – Supplemental Follow-Up**
**Our File No.: E-438**

**Page 4 of 4**

cc: Portside Urban Renewal LLC c/o Equity Residential Management, LLC

*Via Electronic, Regular, and Certified Mail*
Mimi Na
100 Warren Street, Apartment 1807
Jersey City, New Jersey 07302
*email:* namimiji@gmail.com

Griffin **ga** Alexander P.C. | *Attorneys at Law*

# November 23, 1994

# Letter of Exemption

**PORTSIDE APARTMENTS URBAN RENEWAL PARTNERS, L.P.**
5 MARINE VIEW PLAZA
SUITE 500
HOBOKEN, NEW JERSEY 07030
TELEPHONE (201) 963-3194

November 23, 1994

Mr. Michael J. Regan
Construction Code Official
Jersey City Building Department
30 Montgomery Street
Room 412
Jersey City, New Jersey  07302

Re:  1 Washington Street
a/k/a 100 Warren Street
Jersey City, New Jersey
Lot 34 Block 60

Dear Mr. Regan:

Portside Apartments Urban Renewal Partners, L.P. is the owner of 1 Washington Street (a/k/a 100 Warren Street), Jersey City, New Jersey (Lot 34, Block 60), which is a newly constructed multiple dwelling containing 229 rental dwelling units. We are hereby claiming exemption from rent controls under Article XX (Multiple Dwelling Rent Controls) of the Jersey City Code and any form of future rent control pursuant to N.J.S.A. 2A:42-84.1 et. seq. The period for which exemption is claimed for the 229 units in this building shall commence on the anticipated date of initial occupancy, January 1, 1995.

This written statement is being made pursuant to the requirements of N.J.S.A. 2A:42-84.4. Please feel free to call with any questions.

PORTSIDE APARTMENTS PARTNERS, L.P.
By:  Hudson-Portside Associates
By:  New Portside Associates, L.P.
By:  Applied Assets, Inc.

By:_____
Allan F. Goldman
Vice President

DEC  2

oif\lt1194

# December 31, 1997

# Certificate of Occupancy



**DEPARTMENT OF**
Housing & Economic Development
Office of The Construction Official
Michael J. Regan, Construction Official
30 Montgomery St., 4th Floor, Jersey City, NJ 07302
(201) 547-5055

BRET SCHUNDLER
MAYOR
CITY OF JERSEY CITY

## CERTIFICATE

Date Issued  12/31/97
Control #
Permit #  89-0504

### IDENTIFICATION

Block  60  Lot  34

Work Site Location  1 Washington Street

Owner in Fee/Occupant  Portside Apartments Urban Renewal
Address  5 Marine View Plaza
Hoboken, N.J. 07030
Tele. (  201 )-  963-3144
Contractor  A.J.D. Construction Co., Inc.
Address  948 Hwy., 36
Leonardo, N.J. 07737
Tele. (  908 )-  291-9800  Fax (____)____
Lic. No. or Bldrs. Reg. No.  6328
Federal Emp. No.  222169550

Home Warranty No._____
Type of Warranty Plan:  [ ] State  [ ] Private
Use Group  R-2
Maximum Live Load  100 psf
Construction Classification _____
Maximum Occupancy Load _____
Description of Work/Use:

**CONSTRUCTION OF 25 STORY BUILDING AS PER APPROVED PLANS.......**

Cost of Construction:  $33,500,000.00

☒ **CERTIFICATE OF OCCUPANCY**

This serves notice that said building or structure has been constructed in accordance with the New Jersey Uniform Construction Code and is approved for occupancy.

☐ **CERTIFICATE OF APPROVAL**

This serves notice that the work completed has been constructed or installed in accordance with the New Jersey Uniform Construction Code and is approved. If the permit was issued for minor work, this certificate was based upon what was visible at the time of inspection.

☐ **TEMPORARY CERTIFICATE OF OCCUPANCY/COMPLIANCE**

If this is a temporary Certificate of Occupancy or Compliance, the following conditions must be met no later than _____ , 19____ or the owner will be subject to fine or order to vacate:

☐ **CERTIFICATE OF CLEARANCE — LEAD ABATEMENT 5:17**

This serves notice that based on written certification, lead abatement was performed as per NJAC 5:17, to the following extent:

[   ]  Total removal of lead-based paint hazards in scope of work
[   ]  Partial or limited time period ( _____ years); see file

☐ **CERTIFICATE OF CONTINUED OCCUPANCY**

This serves notice that based on a general inspection of the visible parts of the building there are no imminent hazards and the building is approved for continued occupancy.

☐ **CERTIFICATE OF COMPLIANCE**

This serves notice that said potentially hazardous equipment has been installed and/or maintained in accordance with the New Jersey Uniform Construction Code and is approved for use until _____ .

CONSTRUCTION OFFICIAL  10-20-97

U.C.C. F260
(rev. 3/96)

Fee  $ 150.00
Paid  [X]  Check No. Money Order
Collected by:  1g

1  WHITE — APPLICANT    2  CANARY — OFFICE    3  PINK — TAX ASSESSOR