**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| The Towers at Portside Urban Renewal Company, LLC and Equity Residential Management, LLC,<br><br>Plaintiffs,<br>v.<br><br>The City of Jersey City, the City of Jersey City Rent Leveling Board, and the City of Jersey City Bureau of Rent Leveling<br><br>Defendants, and<br><br>Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michele Hirsch,<br><br>Defendant-Intervenors. | Case No. 2:23-cv-22291-MCA-JRA |

**DEFENDANTS' AND DEFENDANT-INTERVENORS'**
**STATEMENT OF FACTS**

Defendants The City of Jersey City, the City of Jersey City Rent Leveling Board, and the City of Jersey City Bureau of Rent Leveling, and Defendant-Intervenors Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michele Hirsch,

pursuant to Local Rule 56.1, hereby submit this Statement of Facts in response to Plaintiffs' Motion for Summary Judgment.

1. On January 24, 1995, the Construction Official for Jersey City, Michael J. Regan, issued a "Certificate of Continued Occupancy." ECF No. 171-12.

2. On July 18, 1996, Portside Apartments Urban Renewal Company, L.L.C., executed the Master Deed of Portside, a Condominium. Ex. A.

3. The preamble to the July 18, 1996 deed provides that it was "intended to establish the condominium form of ownership for the Property described in Schedule A aforesaid, as shown on schedules B, C and D, to be known as Portside, A Condominium (herein after the "Condominium")." *Id.* at p. 4.

4. The preamble also describes that the Portside Condominium Owners' Association, Inc. "has been or is about to be established as the condominium association to have the responsibility for the administration, operation and management of the Condominiums, and the improvements intended for the common use and enjoyment of the residents of the Condominium." *Id.*

5. While DaMattheis/Waterview Associates was the owner and developer of 100 Warren Street, (PSOF ¶ 22), a different owner, Portside Apartments Urban Renewal developed 155 Washington. ECF No. 171-13.

6. A July 19, 1996 mortgage between Portside Apartments Urban Renewal Company, L.L.C. and Northwestern Mutual Life Insurance Company

describes the land securing the mortgage as "Residential Unit Tower 2 and Retail Unit A situate in Portside, a Condominium, established pursuant to N.J.S.A. 46:8B-1 *et seq.*, located on a portion of Lot 34, in Block 60, as shown on the current City of Jersey City Tax Assessment Map, in the County of Hudson, State of New Jersey." *Id.* at p. 23. Ex. B at 23.

7.    A July 19, 1996 mortgage between Portside Apartments Urban Renewal Company, L.L.C. and Fleet Bank, N.A. describes the land securing the mortgage as "RESIDENTIAL UNIT TOWER 1 situate in PORTSIDE, A, CONDOMINIUM, established in accordance with N.J.S.A. 46:8B-1, *et seq.*, together with an undivided 47.5% interest in the General Common Elements of said Condominium appurtenant to the aforesaid unit." Ex. C at 58.

8.    A June 12, 1998 deed between Portside Apartments Urban Renewal Company, L.L.C. and The Towers at Portside Urban Renewal Company, L.L.C. includes the following legal description of the land transferred:

> Residential Unit Tower I and Residential Unit Tower 2 and Retail Unit A situate in "Portside, a Condominium", established in accordance with the N.J.S.A. 46:8B-1 et seq., together with an undivided 47.5%: 47.5% and 5.0% respective interest in the General Common Elements of said condominium appurtenant to the aforesaid units in accordance with and subject to the terms, conditions, covenants, and other provisions as set forth in the current Master Deed of Portside, a Condominium, dated July 18, 1996 and recorded July 19, 1996 in the Hudson County Register's Office in Deed Book 5018 page 165, as same may now or hereafter be lawfully amended.

> THE land area of the property comprising "Portside, a Condominium" consists of all the real property located in the City of Jersey City, County of Hudson, State of New Jersey, and more particularly described as follows:

Ex. D at 6.

9.      The Rent Control Addenda that Plaintiffs provided to tenants with leases for the Buildings did not provide the information required by N.J.S.A. 2A:42-84.3. For example, a Rent Control Addendum included with a September 2011 lease for 100 Warren provides:

> Pursuant to N.J.S.A. 2A:42-84.3, we hereby notify you that the Premises and the Community are exempt from the provisions of any rent control ordinances instituted by Jersey City or West New York, as the case may be, and said Premises and Community will be exempt from any future rent control, rent stabilization or rent leveling ordinance instituted by these municipalities for a period of thirty years following the completion of construction at the Community.

Ex. E at 13. That lease defines "the Premises" as 100 Warren Street and the Community as "Portside Towers." That lease does not otherwise identify when "completion of construction at the Community" occurred.

10.     A March 2020 lease for 155 Washington contains an identical Rent Control Addendum. Ex. F at 23.

11.     A June 2022 lease for 100 Warren contains an identical Rent Control Addendum. Ex. G at 24.

12. An October 2022 lease for 100 Warren contains a modified Rent Control Addendum, stating that:

> Pursuant to N.J.S.A. 2A:42-84.3, we hereby notify you that the Premises and the Community are exempt from the provisions of any rent control ordinances instituted by Jersey City, Hoboken or West New York, as the case may be, and said Premises and Community will be exempt from any future rent control, rent stabilization or rent leveling ordinance instituted by these municipalities for a period of (i) the amortization of any initial mortgage loan obtained for the Community; or (ii) thirty years following the completion of construction at the Community, whichever is less.

Ex. H at 25. The October 2022 lease does not include any information identifying the amortization period of any initial mortgage or when construction at the community was completed. *Id.*

13. In August 2022, a resident of 100 Warren received his lease renewal that included a 16% rent increase. Ex. I, September 2022 email chain, at 7. The resident questioned whether the increase violated Jersey City's Rent Control Ordinance and noted that even if 100 Warren ever qualified for an exemption, the exemption expired on August 25, 2022. *Id.* Although Plaintiffs now concede that any exemption 100 Warren ever had expired in August 2022, as of September 1, 2022 they maintained that "100 Warren is, indeed, exempt from Jersey City rent control." *Id.* at 6.

14.    None of the leases described above included information concerning the rent paid by the prior tenant. Exs. E - H.

Respectfully submitted,

By: */s/ Patrick Howard*
Simon Bahne Paris (NJ ID #04982-1996)
Patrick Howard (NJ ID #02280-2001)
Joshua D. Snyder (NJ ID #02390-2001)
Benjamin J. Eichel (NJ ID #31779-2019)
**SALTZ, MONGELUZZI,**
**& BENDESKY, P.C.**
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053

1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 575-3985
Facsimile: (215) 496-0999
Email: sparis@smbb.com
phoward@smbb.com
jsnyder@smbb.com
beichel@smbb.com

Eric J. Nemeth, Esq.
**ERIC J. NEMETH, P.C.**
NJ Attorney ID No. 00743-1990
55 Madison Avenue, Suite 400
Morristown, NJ 07960
enemeth@ejcounsel.com

Neil D. Marotta, Esq.
**MAROTTA & GARVEY**
NJ Attorney ID No. 02478-1992
3916 Bergenline Avenue, Suite 2200
Union City, NJ 07087
mglawyers@aol.com

*Counsel for Defendant-Intervenors*

6

**SARAH M. LEVINE**
**CORPORATION COUNSEL**

By: */s/ Philip S. Adelman*
        Philip S. Adelman
        NJ ID 015132003
**Jersey City Law Department**
280 Grove Street
Jersey City, NJ 07302
Counsel for Defendants the City of Jersey
City, the Jersey City Rent Leveling Board
and the Jersey City Bureau of Rent

*Counsel for Defendants*

7