**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, L.L.C. and EQUITY RESIDENTIAL MANAGEMENT, LLC, | ) ) ) Civil Action No. 2:23-cv-22291- ) MCA-JRA ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE CITY OF JERSEY CITY, the City of Jersey City Rent Leveling Board, and the City of Jersey City Bureau of Rent Leveling, | ) ) ) ) ) |
| Defendants, and | ) ) |
| PORTSIDE TOWERS EAST TENANT ASSOCIATION, et al., | ) ) ) ) |
| Defendant-Intervenors. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY**

**PRELIMINARY STATEMENT**

The Defendants respectfully seek leave to file a brief Sur-Reply addressing a single new argument that Plaintiffs raised for the first time in their Reply. In their moving papers, Plaintiffs did not contend that the rent-control exemption for 100 Warren extended to 2025. To the contrary, Plaintiffs offered three different

possibilities: (1) that the exemption period was about to expire[1]; (2) that 100 Warren is perpetually exempt from rent control;[2]  and (3) that, based on Plaintiffs' own expert report, the exemption period for 100 Warren expired in 2022.[3] The Defendants addressed each in opposition. *See* ECF No. 173 at 24, 31, 34.

On Reply Plaintiffs changed course. Plaintiffs disavowed their expert's 2022 figure as a mere "assumption," and asserted that the 100 Warren exemption instead "extended to 2025." Reply at 8 & n.15. That position appears nowhere in Plaintiffs' moving papers or complaint, and is contrary to law: the Statute caps any exemption at "30 years following completion of construction, whichever is less." N.J.S.A. § 2A:42-84.2(a). Construction of 100 Warren undisputedly finished in 1992, so any exemption could not have run to 2025. A short Sur-Reply on this discrete point will aid the Court and not prejudice Plaintiffs.

### ARGUMENT

## I.    Leave is Warranted Because Plaintiffs Raised the 2025 Expiration Position for the First Time on Reply

Courts in this District grant leave to file a sur-reply where, as here, the reply raises new arguments the opposing party has not had an opportunity to address. *See Johnson v. Walmart Stores E., LP*, 772 F. Supp. 3d 551, 555 (D.N.J. 2025) (quoting *St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co.*, Ltd., 291 F.R.D. 75,

---

[1] ECF No. 171-1 at 1 ("Now, on the even of the exemption's natural expiration . . .").
[2] ECF No. 65, at ¶ 45.
[3] ECF No. 171-32, at ¶ 14.

80 (D. Del. 2013)) ("A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments.").

Plaintiffs' moving papers took the position that both 100 Warren and 155 Washington remained exempt from Jersey City's Rent Control Ordinance, or that the exemption for 100 Warren ended in 2022. Nowhere did Plaintiffs assert that the 100 Warren exemption ran until 2025. Plaintiffs' expert report explained this simply:

> Portside Towers is located in Jersey City, New Jersey. The buildings were constructed in the 1990s as part of a single development project governed by a July 1992 development agreement between Jersey City and the original developer of Portside Towers. The two towers that comprise Portside Towers were completed on different dates, with certificate of occupancy issued at 100 Warren on August 25, 1992, and 155 Washington on December 31, 1997. Pursuant to the Exemption Statute, the 30-year exemption period would begin at time of certificate of occupancy of each building. Afterwards, upon expiration of the 30-year exemption period (2022 and 2027, respectively), the Jersey City rent control ordinance ("City Rent Control Ordinance") would apply. The City Rent Control Ordinance limits the annual increase in apartment rental rates to the lesser of 4 percent, or the annual change in the region's consumer price index ("CPI").

ECF No. 171-32 at ¶ 14. Defendants relied on that apparently unambiguous statement throughout their Opposition. *See* Opp. at 24 ("Any exemption for 100 Warren expired . . . no later than August 2022"); *id*. at 37; id. at 42.

Plaintiffs changed that position only on Reply. There, for the first time, Plaintiffs asserted that their expert "did not opine on this issue" and "merely

3

assumed" the 2022 date, and that the 100 Warren exemption in fact "extended to 2025." Reply at 8 & n.15. While this newly raised theory is meritless, it is new, and Defendants should have an opportunity to address it. It does not appear in Plaintiffs' opening brief, and the Defendants have had no opportunity to respond to either Plaintiffs' attempt to disavow their own expert or to the substituted 2025 date. A short Sur-Reply is the appropriate vehicle to address it.

## II.     The New Position Raises a Textual Issue that Warrants a Response

Leave is also warranted because the 2025 position turns on a question of statutory text warranting responsive briefing. The Statute caps any exemption at "30 years following completion of construction, whichever is less." N.J.S.A. § 2A:42-84.2(a). Plaintiffs' moving papers and their own expert place completion of construction of 100 Warren in 1992. MOL at 5; ECF No. 171-2 ¶ 22; ECF No. 171-32 ¶ 14. Plaintiffs reach 2025 only by substituting a different, later certificate for the statutory "completion of construction" trigger. A short Sur-Reply will address whether the statute permits that substitution.

## III.    The Proposed Sur-Reply is Narrow and will Not Prejudice Plaintiffs

The accompanying proposed Sur-Reply is limited to the single, discrete issue raised for the first time in Plaintiffs' Reply—the asserted 2025 expiration date for 100 Warren—and does not revisit any other argument. Granting leave will not delay the Court's resolution of the underlying Motion and will not prejudice Plaintiffs,

4

who remain free to address the point at oral argument. The limited submission will ensure that the Court has the benefit of both parties' positions before resolving an issue that Plaintiffs themselves introduced only in their final brief.

## CONCLUSION

Defendants respectfully request that the Court grant leave to file the accompanying Sur-Reply.

Dated: June 3, 2026

Respectfully submitted,

By: */s/ Patrick Howard*
Simon Bahne Paris (NJ ID #04982-1996)
Patrick Howard (NJ ID #02280-2001)
Joshua D. Snyder (NJ ID #02390-2001)
Benjamin J. Eichel (NJ ID #31779-2019)
**SALTZ, MONGELUZZI,**
**& BENDESKY, P.C.**
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053

1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 575-3985
Facsimile: (215) 496-0999
Email: sparis@smbb.com
phoward@smbb.com
jsnyder@smbb.com
beichel@smbb.com

Eric J. Nemeth, Esq.
**ERIC J. NEMETH, P.C.**
NJ Attorney ID No. 00743-1990
55 Madison Avenue, Suite 400
Morristown, NJ 07960

5

enemeth@ejcounsel.com

Neil D. Marotta, Esq.
**MAROTTA & GARVEY**
NJ Attorney ID No. 02478-1992
3916 Bergenline Avenue, Suite 2200
Union City, NJ 07087
mglawyers@aol.com

*Counsel for Defendant-Intervenors*

**SARAH M. LEVINE**
**CORPORATION COUNSEL**

By: */s/ Philip S. Adelman*
       Philip S. Adelman
       NJ ID 015132003
**Jersey City Law Department**
280 Grove Street
Jersey City, NJ 07302
Counsel for Defendants the City of Jersey City, the Jersey City Rent Leveling Board and the Jersey City Bureau of Rent

*Counsel for Defendants*

6