**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, L.L.C. and EQUITY RESIDENTIAL MANAGEMENT, LLC, | ) ) ) Civil Action No. 2:23-cv-22291- ) MCA-JRA ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE CITY OF JERSEY CITY, the City of Jersey City Rent Leveling Board, and the City of Jersey City Bureau of Rent Leveling, | ) ) ) ) ) |
| Defendants, and | ) ) |
| PORTSIDE TOWERS EAST TENANT ASSOCIATION, et al., | ) ) ) ) |
| Defendant-Intervenors. | ) |

**DEFENDANTS' SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Defendants submit this limited Sur-Reply to address a single argument that Plaintiffs raised for the first time in their Reply: that any rent-control exemption for 100 Warren extended until 2025.[1] That position appears nowhere in Plaintiffs'

---

[1] As discussed in Defendants' Opposition Brief, it is Defendants' position that 100 Warren was never exempt from rent control.

moving papers. To the contrary, the only expiration dates Plaintiffs offered in their opening submission were perpetual, imminent, or 2022—the last supplied by Plaintiffs' own expert, on which Defendants relied. Plaintiffs' newly asserted 2025 date cannot be squared with the plain text of the Statute. This is consistent with Plaintiffs' broader approach throughout this litigation: where the statute's words do not yield the result Plaintiffs want, they substitute a reading the text will not bear. The Court should reject the 2025 position for the same reason it should reject Plaintiffs' other departures from the Statute's plain language.

## ARGUMENT

The Statute fixes the outer limit of the exemption: rent-control ordinances do not apply to a qualifying multiple dwelling "for a period of time not to exceed the period of amortization of any initial mortgage loan obtained for the multiple dwelling, or for 30 years *following completion of construction, whichever is less*." N.J.S.A. § 2A:42-84.2(a) (emphasis added). The Legislature thus tied the duration of the exemption to "completion of construction." *Id.*

On Plaintiffs' own conceded facts, construction of 100 Warren was completed in 1992. Plaintiffs' moving brief states that "[b]y August 25, 1992, the Original Owner had completed construction on 100 Warren, and the City issued an initial certificate of occupancy for that tower." ECF No. 171-1 at 5. Plaintiffs' expert agreed, running the 30-year period from that completion and computing expiration

2

in 2022. ECF No. 171-32 ¶ 14. Thirty years following completion of construction in 1992 is 2022. The statute's cap forecloses any later date.

Plaintiffs reach 2025 only by replacing the statutory trigger—"completion of construction"—with the January 24, 1995 certificate of continued occupancy. Nothing in Section 84.2(a) keys the exemption period to that certificate. That replacement cannot be reconciled with how the Statute defines the very trigger Plaintiffs invoke. The Statute provides that "completion of construction" "means issuance of a certificate of occupancy pursuant to section 15 of the 'State Uniform Construction Code Act,' P.L. 1975, c. 217 (C. 52:27D-133)." N.J.S.A. § 2A:42-84.1(a). The definition is exhaustive and the cross-reference is precise: the Legislature pointed to one instrument—a certificate of occupancy issued under C. 52:27D-133—and to no other. A certificate of continued occupancy appears nowhere in that definition, and nowhere in the Statute at all. The Legislature knew how to identify the document that marks completion of construction, and the document it identified is not the instrument Plaintiffs now invoke.

The only relevant certificate of occupancy 100 Warren ever received was the initial certificate issued on August 25, 1992—the certificate Plaintiffs themselves identify as marking completion of construction. ECF No. 171-1 at 5. That is the certificate the Statute's definition points to, and it is the only one that matters. That meaning controls wherever the term appears: "identical words used in different parts

3

of the same statute are . . . presumed to have the same meaning." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 86 (2006) (internal quotation marks omitted). Plaintiffs' 2025 position defies that definition. It treats a continued-occupancy certificate—an instrument the Statute never names—as the "certificate of occupancy" that marks "completion of construction," even though the Statute's own definition identifies only the Section 15 certificate, here the August 1992 certificate of occupancy.

Nor can Plaintiffs escape this conclusion by disavowing their own expert. The expert did not, as the Reply now suggests, passively adopt a date supplied by the Rent Leveling Administrator. He independently identified the August 25, 1992, certificate of occupancy for 100 Warren, stated the rule that the exemption runs 30 years from the certificate of occupancy of each building, and computed the resulting expiration—"(2022 and 2027, respectively)"—for the two towers in the same sentence. ECF No. 171-32 ¶ 14. 2022 is the date Plaintiffs put before the Court in their moving papers, and to the extent that 100 Warren was ever exempt, it is the latest expiration date the statute permits.

## CONCLUSION

Plaintiffs' newly asserted 2025 expiration date appears for the first time in their Reply and cannot be reconciled with the Statute's cap of "30 years following completion of construction, whichever is less." N.J.S.A. § 2A:42-84.2(a). Like

Plaintiffs' other arguments, it asks the Court to read the statute to mean something

its words do not say. Defendants respectfully request that the Court reject Plaintiffs'

2025 position.

Dated: June 3, 2026

Respectfully submitted,

By: */s/ Patrick Howard*
Simon Bahne Paris (NJ ID #04982-1996)
Patrick Howard (NJ ID #02280-2001)
Joshua D. Snyder (NJ ID #02390-2001)
Benjamin J. Eichel (NJ ID #31779-2019)
**SALTZ, MONGELUZZI,**
**& BENDESKY, P.C.**
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053

1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 575-3985
Facsimile: (215) 496-0999
Email: sparis@smbb.com
phoward@smbb.com
jsnyder@smbb.com
beichel@smbb.com

Eric J. Nemeth, Esq.
**ERIC J. NEMETH, P.C.**
NJ Attorney ID No. 00743-1990
55 Madison Avenue, Suite 400
Morristown, NJ 07960
enemeth@ejcounsel.com

Neil D. Marotta, Esq.
**MAROTTA & GARVEY**
NJ Attorney ID No. 02478-1992
3916 Bergenline Avenue, Suite 2200

5

Union City, NJ 07087
mglawyers@aol.com

***Counsel for Defendant-Intervenors***

**SARAH M. LEVINE**
**CORPORATION COUNSEL**

*By: /s/ Philip S. Adelman*
        Philip S. Adelman
        NJ ID 015132003
**Jersey City Law Department**
280 Grove Street
Jersey City, NJ 07302
Counsel for Defendants the City of Jersey
City, the Jersey City Rent Leveling Board
and the Jersey City Bureau of Rent

***Counsel for Defendants***

6