**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| The Towers at Portside Urban Renewal Company, L.L.C. and Equity Residential Management, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> The City of Jersey City, the City of Jersey City Rent Leveling Board, and the City of Jersey City Bureau of Rent Leveling <br><br> Defendants, and <br><br> Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michele Hirsch, <br><br> Defendant-Intervenors. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 2:23-cv-22291-MCA-JRA <br><br> Judge Madeline Cox Arleo <br> Magistrate Judge Jose R. Almonte |

**PLAINTIFFS' LIMITED RESPONSE TO**
**DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY**

Plaintiffs The Towers at Portside Urban Renewal Company, L.L.C. and Equity Residential Management, LLC (together, "Portside") respectfully submit this response to Defendants' Motion for Leave to File a Sur-Reply (Dkt. 175).

Portside does not believe Defendants' proposed sur-reply meets the standard for leave to file a sur-reply under this District's practice. (Dkt. 175-1 at 2.) However, in the interest of judicial efficiency and to allow adjudication of Portside's pending Motion for Partial Summary Judgment (Dkt. 171) to proceed without further delay, Portside takes no position on Defendants' Motion for Leave to File a Sur-Reply.

If the Court permits Defendants to file their sur-reply, Portside respectfully requests that the Court consider the following response to the sur-reply:

The sur-reply references Plaintiffs' contention in their opening brief that, when the Board issued its Decision in 2023, the 100 Warren Exemption was about to expire.[1] (Dkt. 175-1 at 2 (citing Dkt. 171-1 at 7 ("Now, on the eve of the exemption's natural expiration, the Jersey City Rent Leveling Board … has upended this status quo by purporting to strip Portside of its rent-control exemption on the basis of alleged administrative defects from the 1990s.").) That assertion is consistent with Plaintiffs' contention that the 100 Warren Exemption expired in 2025. (*See* Dkt. 174 at 12 n.15.)

In all events, the relevant date for calculating the expiration of the Exemption should not be conflated with the relevant date for providing notice. For a building constructed as condominiums and converted to multi-family use, the relevant date for giving notice could only be following the conversion to multi-family use because there would be no reason or eligibility to provide notice any earlier. And in no event is such notice a precondition to the Exemption.

Indeed, if, as Defendants contend, the Exemption period was conditioned on giving notice prior to an initial certificate of occupancy, that statutory interpretation would effectively make the Exemption unavailable for a building constructed for a non-exempt use that is later converted to multi-family use (by conditioning the Exemption on the giving of notice when the Exemption was neither available nor foreseeable). But contrary to that interpretation, the Exemption Statute expressly provides for application of the Exemption following a conversion from a non-exempt use to an exempt use. N.J.S.A. §2A:42-84.1(b).

---

[1] Capitalized terms have the meaning ascribed in Portside's Motion for Partial Summary Judgment.

Dated: June 5, 2026                    Respectfully submitted,

The Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC

By: /s/ Derek D. Reed

*Attorney for Plaintiffs The Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC*

Derek D. Reed, Esq. (Attorney ID #038062003)
Jeffrey Plaza, Esq.
EHRLICH, PETRIELLO, GUDIN, PLAZA & REED
A Professional Corporation
60 Park Place, 18th Floor
Newark, New Jersey 07102
(973) 643-0040

Terri L. Mascherin (pro hac vice)
Andrew W. Vail (pro hac vice)
Daniel J. Weiss (pro hac vice)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Attorneys for Plaintiffs*