EHRLICH PETRIELLO GUDIN PLAZA & REED P.C.
ATTORNEYS AT LAW

***Derek Reed | Partner***
direct: (973) 854-6710
dreed@EPGPRlaw.com

October 12, 2026

**Via ECF**
Hon. Madeline Cox Arleo, U.S.D.J.
Chambers of Madeline Cox Arleo
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re: *The Towers at Portside Urban Renewal Company L.L.C., et al. v. The City of Jersey City, et al.* Case No. 2:23-cv-22291-MCA-JRA & *Botelho, et al v. The Towers at Portside Urban Renewal Company, LLC, et al.* Case No. 2:26-cv-03932-MCA-JRA

Dear Judge Arleo:

Pursuant to this Court's September 28, 2026 order, Plaintiffs (collectively, "Portside"), Defendants (collectively, the "City"), and Defendant-Intervenors (collectively, "Tenants") submit the following joint report on appropriate next steps and resolution of this action:

**Portside's Position**:

Portside conferred with both the City and Tenants, including proposing that all claims, disputes, and issues pending before this Court could be resolved through a global settlement consistent with this Court's Opinion and Order (Dkt. Nos. 187-88). In an effort to resolve all disputes through global settlement, Portside proposed to walk away from its claims that the City violated Portside's rights under the United States and New Jersey constitutions and the attendant significant damages in exchange for the City and the Tenants agreeing to entry of a final judgment on the basis of the Court's Opinion and Order, without appeal. Both the City and Tenants maintain this Court erred in its recent Opinion and Order and intend to appeal that decision.

Given the City's and Tenants' refusal to entertain proposals to bring this matter to final resolution, Portside intends to prosecute its remaining claims against the City. Both the City and Tenants have filed answers to Portside's remaining allegations and constitutional claims (Dkt. Nos. 72 & 84), and accordingly, Portside proposes that this matter move forward swiftly, including an immediate lift of the stay of those claims, along with a case schedule that includes a close of fact discovery in the first quarter of 2027 and trial before the end of 2027.

Portside further proposes that the amended complaint that the related tenant plaintiffs filed alleging class action claims in Case No. 2:26-cv-03932-MCA-JRA, should be voluntarily

dismissed with prejudice given this Court's Opinion and Order in this matter, as the Court's Opinion and Order leaves no legal basis for those claims. If those related tenant plaintiffs will not agree to do so, Portside requests that the Court maintain jurisdiction over that matter and grant leave for Portside to file a dispositive motion based on the Court's Opinion and Order.

Portside disagrees with the positions inserted by the Tenants and City, however does not believe that this status report should be used to argue or reargue those positions. To the extent a status conference would be helpful to the Court, Portside will be available.

**City's and Tenants' Position**:

Tenants and the City intend to appeal the Opinion and Order. The most efficient course is for the Court to certify the Opinion and Order for interlocutory appeal under 28 U.S.C. § 1292(b), and to stay this matter pending appeal. The City and Tenants intend to file a motion seeking that relief this week. The Opinion and Order turns on a purely legal question: whether N.J.S.A. 2A:42-84.4 requires the owner of a newly constructed multiple dwelling to timely file the prescribed written claim of exemption as a prerequisite to obtaining the rent-control exemption provided by N.J.S.A. 2A:42-84.2.

An immediate appeal will also materially advance the ultimate termination of this litigation. Portside's remaining claims depend on whether the Portside Towers were exempt from rent control and on the legal effect of Section 84.4. Litigating those claims under an interpretation the Third Circuit or the New Jersey Supreme Court[1] may reject risks renewed motion practice and a second round of merits proceedings. Portside's own proposal confirms the point: Portside offers to abandon its remaining claims only if the City and Tenants forgo appeal. Tenants therefore ask the Court to certify the question above, keep the stay of Portside's remaining claims in place, and stay the effect and implementation of the Opinion and Order pending appellate review. Without a stay, Portside may impose exemption-based rent increases before the Third Circuit acts. Some tenants may be unable to absorb those increases and may be forced to leave their homes. A later refund cannot restore a lost home. Portside, by contrast, faces only delay in collecting disputed rent, and an accounting or escrow can protect that interest.

**Tenants' Additional Position**:

Portside's settlement proposal does not change that analysis, and it makes no sense as to Tenants. Portside asserts no claims against Tenants. The only claims Portside offers to abandon are its constitutional and damages claims against the City. Portside thus asks Tenants to waive their appellate rights as intervenors and gives them nothing in exchange. Tenants will not surrender their right to appeal the Court's Opinion and Order (Dkt. Nos. 187-88) for a concession that runs solely to the City.

---

[1] Tenant Intervenors and the City intend to ask the Third Circuit Court of Appeals to certify the question for review by the New Jersey Supreme Court. *See* 3d Cir. L.A.R. Misc. 110.1.

Finally, Portside's statements about the class action claims asserted in a different action, *Botelho, et al. v. The Towers at Portside Urban Renewal Company, LLC, et al.*, Case No. 2:26-cv-03932-MCA-JRA, are irrelevant to the next steps in this action. The *Botelho* plaintiffs filed their complaint in the Superior Court of New Jersey, Hudson County, and Portside removed it to this Court under the Class Action Fairness Act. Portside's own lease agreements require all disputes to be brought in Hudson County. The *Botelho* plaintiffs moved to remand on April 17, 2026, and that motion is fully briefed. *Botelho*, Dkt. No. 4. The Court should rule on the motion to remand and return *Botelho* to state court, where it belongs. Portside's request that the Court retain that matter and entertain a dispositive motion skips the threshold forum question that the remand motion presents.

**City's Additional Position**:

In addition to the above, the City is prepared to defend Portside's remaining claims against the City, including testing the validity of those claims via a Fed. R. Civ. P. 12(c), motion for judgment on the pleadings. In the event that this case is not stayed pending appeal, given the complexity of the factual and legal questions presented, and upcoming transition in leadership of the City's Law Department and litigation team, the City respectfully requests a case schedule including a close of fact discovery date no sooner than the second quarter of 2027.

Dated: October 12, 2026 Respectfully submitted,

| | |
|---|---|
| By: /s/ Derek D. Reed<br><br>Derek D. Reed, Esq.<br>Ehrlich, Petriello, Gudin<br>Plaza & Reed<br>A Professional Corporation<br>60 Park Place, 18th Floor<br>Newark, New Jersey 07102<br>(973) 643-0040<br><br>Terri L. Mascherin<br>Andrew W. Vail<br>Daniel J. Weiss<br>Jenner & Block LLC<br>353 Norh Clark Street<br>354 Chicago, Illinois 60654<br>Phone: (312) 222-9350<br>Facsimile: (312) 840-7375<br><br>*Attorneys for Plaintiffs the Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC*<br><br>By: /s/<br><br>*Attorney for Interveners Portside Towers East Tenant Association, Portside Towers West Tenant Association, Kevin Weller, Jessica Brann, Joel Rothfus, and Michele Hirsch*<br><br>cc: All counsel (via ECF) | By: /s/ Sarah Michael Levine<br><br>Sarah Michael Levine<br>Jersey City Law Department<br>City Hall – 280 Grove Street<br>Jersey City, New Jersey 07302<br>(201) 547-4810<br><br>*Attorney for Defendants, City of Jersey City and City of Jersey City Rent Leveling Board* |